J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for Safari Club International and
Safari Club International Foundation

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### (OAKLAND DIVISION)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, *et al.* ) <br> ) <br> Defendants, ) <br> ) <br> SAFARI CLUB INTERNATIONAL, SAFARI ) <br> CLUB INTERNATIONAL FOUNDATION ) <br> ) <br> Amici Movants. ) <br> _____) | Case No. 08-cv-1339 (CW) <br><br> **MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AMICI STATUS BY SAFARI CLUB INTERNATIONAL AND SAFARI CLUB INTERNATIONAL FOUNDATION AND UNOPPOSED REQUEST THAT NO HEARING BE HELD PER LOCAL RULE 7.1(b)** <br><br> **Shortened Briefing Requested by Unopposed Motion per Local Rule 6.3** <br><br> **Conditional Hearing Information** <br> **Date:** May 29, 2008 <br> **Time:** 2:00 p.m. <br> **Judge:** Honorable Claudia Wilken <br> **Courtroom:** Courtroom 2, 4th Floor |

1

# NOTICE OF MOTION

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7.1 Safari Club International and Safari Club International Foundation ("SCI and SCIF"), by and through counsel, move in this case for *amici* status. Pursuant to Local Rule 7.1, SCI and SCIF request that this motion be determined without oral argument. If that request is denied, the conditional hearing information provided in the caption would apply. This Motion is accompanied by the Memorandum in Support that follows (and supporting declaration), a proposed *Amici Curiae* Brief of Safari Club International and Safari Club International Foundation, a proposed Order, and a FRCP Rule 7.1 Certificate.

For the reasons provided below, SCI and SCIF request that the Court decide this motion without a hearing and grant them *amici* status and deem their *Amici Curiae* Brief filed as of the date of the Order granting SCI and SCIF *amici* status. Counsel for SCI and SCIF contacted counsel for the Federal Defendants and for the Plaintiffs. Federal Defendants do not oppose this motion or the request to decide it without a hearing. The Plaintiffs take no position on the Motion for Amicus Status until they have reviewed the papers. Plaintiffs do <u>not</u> oppose the request to decide the motion without a hearing.

SCI and SCIF intended to file the two motions they are filing today on April 17, 2008, the date the Federal Defendants' response to the Plaintiffs' motion for summary judgment was due. Unforeseen problems with formatting these documents prevented filing that day. SCI and SCIF regret this delay.

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

Safari Club International and Safari Club International Foundation ("SCI and SCIF"), by and through counsel, move in this case for *amici* status and for their accompanying *amici* brief to be deemed filed. SCI and SCIF are international hunting and conservation organizations that have long been involved in polar bear issues. In the current listing process, SCI and SCIF have filed three separate sets of comments (April 2006, April 2007, and October 2007). Members of SCI have hunted polar bear in Canada and imported their trophies into the United States and many have plans to do so in the future (so long as they are legally permitted to continue doing so). Declaration of Kevin Anderson, ¶ 9, Exhibit 1.

Although this case involves a procedural challenge to a missed deadline for a listing decision, the remedy that Plaintiffs seek implicates the interests of SCI and SCIF in a listing decision that could adversely affect SCI and SCIF's and SCI members' interests. SCI and SCIF could be severely harmed, in their interest and advocacy of sustainable use polar bear conservation, if the FWS are forced to issue a hasty and insufficiently considered listing decision. In short, SCI and SCIF argue that the U.S. Fish and Wildlife Service ("FWS") should be given sufficient time to conclude this complex decision-making process.

SCI and SCIF also wish to inform the Court of relevant statutory authority that bears on the Court's consideration of what, if any, remedy is appropriate here. By participating as amici, SCI and SCIF would have a meaningful voice in this case of high public importance. Their participation will enhance the Court's review of the case but will not unduly burden the Court or other parties. To expedite the Court's consideration of this Motion, SCI and SCIF request that the Court not hold a hearing on this motion. No party opposes this request.

## II.     INTERESTS OF SCI AND SCIF

SCI is a nonprofit corporation incorporated in the State of Arizona, operating under § 501(c)(4) of the Internal Revenue Code, with principal offices and place of business in Tucson, Arizona. Its membership includes approximately 53,000 individuals from the United States and many of the countries around the world. Anderson Decl., ¶ 3. Its missions are the conservation of wildlife, protection of the hunter, and education of the public concerning hunting and its use as a conservation tool. *Id.*

SCI carries out its conservation mission through its sister organization, Safari Club International Foundation. SCIF is a non-profit corporation, incorporated in the State of Nevada, operating under § 501(c)(3) of the Internal Revenue Code, with principal offices and place of business in Tucson, Arizona. Its missions are conservation of wildlife, education of the public concerning hunting and its use as a conservation tool, and humanitarian services. The conservation mission of SCIF is: (a) to support the conservation of the various species and populations of game animals and other wildlife and the habitats on which they depend, and (b) to demonstrate the importance of hunting as a conservation and management tool in the development, funding and operation of wildlife conservation programs. See Anderson Decl., ¶¶ 3-6.

SCI and SCIF are organizations that promote the principle and practice of sustainable use conservation. Anderson Decl. ¶ 4. Further information about SCI and SCIF's conservation activities is found in the Anderson Declaration, ¶¶ 5-8. SCI and SCIF's and SCI members' interests include the sound management and conservation of polar bears and SCI members' ability to hunt polar bears and import trophies into the United States from Canada, as is currently allowed under the law. SCI and SCIF possess sufficient interests in the subject matter of this litigation to gain *amici* status.

### III. ARGUMENT

#### A. The Court has Authority to Allow *Amici* Participation

Although no Federal Rule of Civil Procedure governs participation by *amicus curiae*, the Court has inherent discretionary authority to grant *amicus* status. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (District Court *sua sponte* appointed *amicus*); *Funbus Systems, Inc. v. State of California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986). As is the case with SCI and SCIF, an *amicus* need not be impartial to the outcome of the case. *Hoptowit,* 682 F.2d at 1260.

An *amicus* need not demonstrate any particular formal prerequisites. Instead, courts often welcome the participation of an *amicus* who will offer information that is both timely and useful, including information that will aid the court's understanding of the case and the potential ramifications of the resolution of the case. *Amicus* also can help the court by "assisting in a case of general public interest, supplementing the efforts of counsel and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems,* 801 F.2d at 1125.

A case from the Second Circuit, authored by then-Judge, now-Justice Samuel Alito, extensively analyzed the *amicus* issue. *Neonatology Associates, P.A. v. Comm'r IRS,* 293 F.3d 128, 132 (3rd Cir. 2002) (single judge). The Court outlined some of the benefits *amicus curiae* can provide, including presenting background or factual information, offering special expertise, briefing points not emphasized by existing parties, and explaining the potential impact of a decision on a group. *Id.* at 132. Justice Alito adopted a "broad" reading of *amicus* participation by following what he considered to be the "predominant practice in the courts of appeal." *Id.* at 133. He rejected "a small body of judicial opinions that look with disfavor on motions for leave to file amicus briefs." *Id.*

5

Finally, he discussed safeguards the Court can employ to ensure that an *amicus curiae* does not unduly burden the court and other parties. He explained that the Court should grant *amicus* status, noting that if the *amicus* brief turns out to be unhelpful or duplicative, the court may simply disregard it. *Id.* Consistent with Ninth Circuit precedent and Justice Alito's reasoning, this Court should exercise its discretion to allow SCI and SCIF to participate as *amici*.

### B.    SCI and SCIF Will Assist in the Resolution of this Case and Will not Unduly Burden the Court or Parties

This is a case of significant public interest. SCI and SCIF have extensive knowledge of the issues of this case, having participated in the polar bear listing process (by submitting written and oral comments) and having litigated numerous ESA cases. They expect to brief at least one point not emphasized by the Federal Defendants – the impact of an ESA provision that provides the FWS an additional six months to make a final listing decision. SCI and SCIF will also explain the potential impact of a decision on their interests and the interests of SCI members, who wish to continue to import polar bear trophies from Canada.

SCI and SCIF *amici* brief can assist this Court in its resolution of this matter, and in particular the remedy to apply, if the Court deems any remedy necessary. SCI and SCIF intend that their brief will supplement and complement the Federal Defendants' defense of this case. SCI and SCIF have no interest in submitting a brief that simply echoes the arguments made by others. As entities long involved in the sustainable use of wildlife, SCI and SCIF offer their knowledge and perspective to aid the Court in the proper resolution of this case.

SCI and SCIF's participation as amici will not unduly prejudice any party to this action. So as to minimize the burden on the Court and all the parties, SCI and SCIF file this motion and attached brief on the date that the Federal Defendants' opposition to summary judgment is due. SCI and SCIF will abide by any restrictions the Court deems necessary.

## IV. CONCLUSION

SCI and SCIF have demonstrated their significant interests in this case. SCI and SCIF participated in the administrative process leading to this litigation and have long been involved in ESA issues as they relate to hunting and sustainable use conservation. As the direct foils of the Plaintiffs here, SCI and SCIF wish to continue to stay involved here for the limited purpose of addressing the remedy issue.

On behalf of their approximately 53,000 members around the world, SCI and SCIF respectfully request that this Court grant their Motion to Participate as Amici Curiae.

Dated: April 18 2008.

        Respectfully Submitted,

/s/ J. Jeffries Goodwin
J. Jeffries Goodwin
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin*
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Anna M. Seidman
(D.C. Bar # 417091)
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
aseidman@safariclub.org

|  |  |
|--|--|
| 1 | Counsel for |
| 2 | Safari Club International and Safari Club International Foundation |

3  *Pro Hac Vice Motion to be submitted.