J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for Safari Club International and
Safari Club International Foundation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# (OAKLAND DIVISION)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* | Case No. 08-cv-1339 (CW) |
| Plaintiffs, | **DECLARATION OF DOUGLAS S. BURDIN** |
| v. | |
| DIRK KEMPTHORNE, *et al.* | |
| Defendants, | |
| SAFARI CLUB INTERNATIONAL, SAFARI CLUB INTERNATIONAL FOUNDATION | |
| Amici Movants. | |

1

1. I am Litigation Counsel for Safari Club International and responsible for preparing motion papers and an *amici curiae* brief for this organization and its sister organization, Safari Club International Foundation in the above captioned case.

2. I provide this declaration in support of Safari Club International and Safari Club International Foundation's "Unopposed Motion and Memorandum of Points and Authorities in Support by Safari Club International et al. to Shorten Time to Consider Concurrently Filed 'Motion for Amici Status' Under Local Rule 6.3." The contents of this declaration provide the information required by Local Rule 6.3(a).

3. The purpose of this request is so that the Court can make a ruling on the Motion for Amici Status and, if the Court grants that motion, have the benefit of the *Amici Curiae* Brief accompanying that motion prior to the hearing currently scheduled for May 8, 2008. Under the usual time deadlines, a hearing would have to be noticed 35 days from the filing of this Motion, with oppositions and replies due after the May 8, 2008 hearing.

4. As Plaintiffs are seeking an order requesting action from the Federal Defendants within one week of the May 8, 2008 hearing, it is at least possible that the Court will issue a decision at the hearing. SCI and SCIF's *amici* brief addresses the remedy issue, so SCI and SCIF want the motion for amici status briefed by the parties and considered by the Court as much in advance of that hearing as possible. Only in this manner is it possible for the Court to have before it SCI and SCIF's *amici* brief before the hearing on the merits.

5. On April 15, 2008, at approximately 5:00 pm eastern time, I sent an e-mail to counsel for the Plaintiffs and for the Federal Defendants "(1) to ask [their] consent (or nonopposition) to such a motion [for amici status]; and (2) to ask [their] consent to a separate stipulation that the motion for amici status be determined on a shortened time, pursuant to Local Rule 6-2, so that the Court can consider the motion and the amici brief (if amici status is granted) prior

to the May 8, 2008 hearing." Federal Defendants sent an e-mail a short time later stating that they "would not oppose either the motion or the stipulation to determine it on a shortened time." I left a voice mail for Brendan Cummings, counsel for Plaintiffs, at approximately 7:00 p.m. eastern time on July 15, 2007. On Wednesday, April 16, 2008, I received a response from Mr. Cummings stating that, as pertinent to this declaration, "We do not oppose a motion to shorten time on your motion for leave to file an amicus brief. So you can characterize that motion as 'unopposed'."

6. As both parties were unopposed, I immediately provided counsel for both parties a draft "Stipulation" to be filed pursuant to Local Rule 6.2. I also included a draft of the declaration that I intended to sign and submit with the Stipulation in compliance with Local Rule 6.2(a)(1)-(3). Counsel for the Federal Defendants immediately responded that the Stipulation was acceptable and counsel for SCI and SCIF could sign for her. On Wednesday night, Mr. Cummings sent a response reiterating that Plaintiffs were not opposed to the request for a shortened time, but that "we do not wish to stipulate to this, as signing a stipulation necessitates our agreeing with the specific language of the stipulation, the contents of any accompanying declaration, the rationale for it, etc. My clients are not prepared to do this at this time." Unable to obtain a stipulation of all parties, I prepared this request as a motion under Local Rule 6.3.

7. The substantial harm or prejudice that SCI and SCIF will suffer if this motion to shorten time is not granted is that their *amici curiae* brief on the remedy phase of this case will not officially be before this Court for consideration in advance of the May 8, 2008 hearing.

8. The listing of the polar bear is an issue in which SCI and SCIF have long been involved. They advocated in the mid-1990's for a provision in the Marine Mammal Protection Act allowing the import of sport hunted polar bear trophies from certain approved populations in

Canada under certain circumstances.  The Fish and Wildlife Service has indicated that if it lists any approved populations, imports will not longer be allowed from those populations.  SCI filed substantive comments in April 2006, April 2007, and October 2007 on this listing proposal and testified in May 2007.  On their own behalf and on behalf of SCI's 53,0000 members, SCI and SCIF desire to continue to have their voice heard in this matter of great importance to hunters and conservationists.

9. Local Rule 37-1(a), pertaining to discovery disputes, is not relevant to this motion.

10.  I am unaware of any previous time modifications in this case, whether by stipulation or Court order and my review of the Docket of this case on PACER indicates there are none.

11.  The requested shortening of time to brief and consider SCI and SCIF's Motion for Amici Status would have no effect on the schedule for the case.  SCI and SCIF is seeking the shortening of time to coincide with other response times – Plaintiffs' filing of a reply brief on their motion for summary judgment – and with the hearing currently scheduled for May 8, 2008.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 17th day of April, 2008, at Washington D.C.

By:  _/s/ Douglas S. Burdin_
DOUGLAS S. BURDIN

Pursuant to General Order 45, Electronic Case Filing, Section X.B., I attest that concurrence in the filing of this document has been obtained from the signatory by the undersigned.  I also hereby

4

1 attest that I have on file all holograph (ink) signatures for any signatures indicated by a "conformed"
2 signature (/S/) within this efiled document.
3
4  In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true
5 and correct.
6 Dated this 18th day of April, 2008, at Sacramento, California.
7                         By: __/s/ J. Jeffries Goodwin_____
8                              J. Jeffries Goodwin