J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin
Admitted Pro Hac Vice
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for Safari Club International and
Safari Club International Foundation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# (OAKLAND DIVISION)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* | Case No. 08-cv-1339 (CW) |
| Plaintiffs, | **DECLARATION OF JAMES R. MARTELL** |
| v. | |
| DIRK KEMPTHORNE, *et al.* | |
| Defendants, | |
| SAFARI CLUB INTERNATIONAL, SAFARI CLUB INTERNATIONAL FOUNDATION | |
| Amici Movants. | |

1

1. I, James R. Martell, am a life member of Safari Club International ("SCI").

2. In 2007, I began to make plans to travel to Canada to hunt a polar bear.

3. In March, 2008, I traveled to Canada for the purpose of hunting polar bear in the Northern Beaufort Sea, Northwest Territories, Canada.

4. In total, I paid approximately $ 45,000.00 for this hunt, including outfitting fees, travel, lodging, food, equipment purchased specially for this trip, and other expenses. A great deal of the outfitting, equipment, lodging, and food costs ended up in the local native community from which I hunted and my guides came. This income is very important to these native communities, which appear to be highly dependent on this income.

5. I was successful in my hunt and harvested a polar bear. I considered this a once in a lifetime type event. The hunt was extremely challenging as we traveled by dog sled in harsh conditions. We hunted in minus forty degree weather and fought frostbite and exhaustion constantly.

6. I seek to bring my polar bear trophy back into the United States as a reminder of my hunt and to honor the animal I hunted.

7. I believe my polar bear hunting contributes to the sound management and conservation of this species through indirectly and directly supporting research and management, including through making the species even more valuable to the local native people (encouraging them to properly manage the species) and payment of $1,000 for research purposes to the U.S. government upon issuance of my import permit.

8. I also understand that my harvest did not increase overall polar bear mortality because if I (or some other foreign hunter) did not use the "tag" under which I hunted, the native

community would have used the same tag for subsistence purposes. The tag comes out of the same quota, regardless of who takes the animal.

9. The meat and other parts other than the hide and head of the bear I hunted were left with the native community for subsistence purposes.

10. I have made all arrangements in Canada for the import of my polar bear trophy, including applying for the appropriate permits and authorizations from Canadian authorities, preparation of the trophy, and shipping.

11. I applied for an import permit from the U.S. Fish and Wildlife Service on March 25th, 2008. My application number is PRT-179699. On April 23rd, 2008, the Fish and Wildlife Service published in the Federal Register notice of my permit application.

12. During the time that I planned my polar bear hunt, conducted the actual hunt, and filed my import permit application, the polar bear was not listed under the Endangered Species Act. I expected and hoped that if the population of polar bears from which I hunted my bear became listed, I would have sufficient time to import my trophy before that listing became effective.

13. I believe that if the effective date of any listing that affects me is extended at least 30 days by the U.S. Fish and Wildlife Service, I will have sufficient time to obtain all needed permits and import my trophy into the United States.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of May, 2008, at Glenns Ferry, Idaho.

By: __/s/ James R. Martell___
      James R. Martell

1 Pursuant to General Order 45, Electronic Case Filing, Section X.B., I attest that concurrence in the
2 filing of this document has been obtained from the signatory by the undersigned.  I also hereby
3 attest that I have on file all holograph (ink) signatures for any signatures indicated by a "conformed"
4 signature (/S/) within this efiled document.

6  In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true
7 and correct.

9 Dated this 6th day of May, 2008, at Washington, D.C..

                                By:   /s/ Douglas S. Burdin

                                     Douglas S. Burdin, admitted *pro hac vice*