Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone:   (760) 366-2232; Facsimile: (760) 366-2669
Email:  bcummings@biologicaldiversity.org
        ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email:  miyoko@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085
Phone:  (614) 840-0891; Facsimile (415) 875-6161
Email:  awetzler@nrdc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>    Defendants. | CASE NO.:  C-08-1339-CW<br><br>PLAINTIFFS' COMBINED RESPONSE TO SAFARI CLUB INTERNATIONAL ET AL's MOTION TO SHORTEN TIME AND RENEWED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AMICI STATUS, AND TO CONSERVATION FORCE, INC's MOTION TO SHORTEN TIME AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

PLAINTIFFS' COMBINED RESPONSE
TO MOTIONS OF SAFARI CLUB AND
CONSERVATION FORCE                                                                      C-08-1339-CW

**INTRODUCTION**

On April 28, 2008 this Court issued an order granting Plaintiffs' Motion for Summary Judgment, finding Defendants in violation of the Endangered Species Act, 16 U.S.C. § 1531 et seq. ("ESA"), for failing to publish a final listing decision for the polar bear by January 9, 2008. Order Granting Plaintiffs' Motion for Summary Judgment and Injunction (April 28, 2008, Dkt # 35, hereinafter ("April 28 Order")). The Court ordered Defendants to publish a final listing determination for the polar bear by May 15, 2008, and to make any final regulation effective upon publication pursuant to 5 U.S.C. § 553(d)(3). Id. at 10. The Court also denied as moot motions from several organizations representing trophy hunters, the Safari Club International, *et al.*, and Conservation Force, Inc., to file an amicus brief and intervene in the case, respectively. April 28 Order at 10.

Unhappy with the Court's ruling, yet armed with no new arguments, information, or authority not already considered by the Court, these organizations have filed motions seeking reconsideration of the April 28 Order. See Dkt ## 39 (Motion to File Amicus Brief (Renewed) and for Amici Status and for Reconsideration of April 30 [sic] Order, and for No Hearing by Safari Club International, *et al.*); Dkt ## 56, 61 (Motion for Leave to File Motion for Reconsideration of April 28, 2008 Order by Conservation Force, Inc.). Both entities have also filed concurrent motions to shorten time so that their motions can be decided before the May 15, 2008 deadline for a final listing determination for the polar bear. See Dkt # 49 (Motion to Shorten Time by Safari Club International, *et al.*); Dkt ## 53, 60 (Motion to Shorten Time by Conservation Force, Inc.). These motions are procedurally improper and substantively deficient. Plaintiffs oppose these motions and request that they be denied.[1]

---

[1] While both Safari Club and Conservation Force seek reconsideration of the April 28 Order for essentially the same reasons, they have followed different procedural pathways in attempts to have the Court hear and rule upon their arguments prior to May 15, 2008. Safari Club styles their primary motion as one for leave to file an amicus brief on the "issue of reconsideration," while Conservation Force styles theirs explicitly as a motion for leave to file a motion for reconsideration. Plaintiffs submit this consolidated response brief in an effort to avoid redundancy and obviate the need for multiple responses and replies to the various motions by Safari Club and Conservation Force now pending, as the grounds for denial of these motions overlap considerably. While Plaintiffs believe that these motions can be summarily denied without further briefing or argument, and in any event will likely be moot as of May 15, 2008, Plaintiffs do not object to the Court considering any of these motions on a shortened timeframe, with a schedule set for additional briefing, if any, as appropriate.

**ARGUMENT**

Both Safari Club and Conservation Force seek reconsideration of the April 28 Order for the same reason: they hope to delay the effective date of a final listing rule for the polar bear until after their members who shot polar bears this March and April in Canada receive the necessary permits to import their trophies into the United States. Each of these individuals was on notice that the listing rule was required by law to be finalized no later than January 9, 2008 and would be effective not later than thirty days thereafter. Once these deadlines were missed, any subsequent reliance they placed on Defendants' continued violation of the law was simply unreasonable, and does not provide grounds to justify further delay in finalizing the long-overdue listing determination for the polar bear or delaying its effective date. Moreover, the arguments that Safari Club and Conservation Force now attempt to once again put before the Court were fully briefed by Plaintiffs and Defendants, raised in Conservation Force's previous briefs, and considered and rejected by this Court. Movants do not meet any of the standards, procedural or substantive, for the relief they seek.

**I.   Safari Club's and Conservation Force's Motions are Infirm**

While Safari Club and Conservation Force have collectively filed numerous documents associated with their various motions (see Dkt ## 39-58, 60, 61), the volume of their filings cannot overcome their deficiencies. As a threshold matter, neither the Safari Club nor Conservation Force are parties to this action, and neither, therefore, may seek reconsideration of the Court's order at this time. See Civil Local Rule 7-9 ("Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration")(emphasis added). While Conservation Force sought to intervene in this action, their motion was denied as moot, and they are therefore, clearly, not presently a party. Safari Club made a strategic decision not to seek intervention as a defendant, but rather to only seek leave to file a brief as *amicus curiae*.[2] Amicus status comes without the risks and responsibilities, but also without the rights, of party status. Miller-Wohl Co. v. Commissioner of Labor & Industry, 694 F.2d 203, 204 (9th Cir. 1982) see also Manual of Federal

---

[2] Plaintiffs did not object to Safari Club's initial filing of its amicus brief so long as their participation in this case was limited to that one brief. See Plaintiffs' Reply in Support of Summary Judgment at 11, fn 4. As their current filings indicate, Safari Club has now chosen to assert a role in this case in a manner far beyond that acceded to by Plaintiffs.

Practice 5th § 3.143. Just as an amicus may not appeal the court's decision, Moten v. Bricklayers Int'l Union, 543 F.2d 224, 227 (D.C. Cir. 1976), neither should an amicus be allowed to seek reconsideration and modification of the April 28 Order. As such, both the Safari Club's and Conservation Force's current motions are improper and should be denied due to their non-party status.

Safari Club attempts to circumvent any limitation on their participation by asserting that since their concerns relate to the scope of the Court's jurisdiction, the Court has a responsibility to consider the issues they raise *sua sponte*. See Safari Club Brief (Dkt # 42) at 2. As discussed below, and in the April 28 Order itself, this Court clearly had jurisdiction to issue all aspects of its April 28 Order, including finding good cause for a waiver of the thirty-day delay in the effective date of the final rule. As such, to the degree Safari Club's motion is viewed as a request for reconsideration of the remedy aspect of the April 28 Order, it must be denied. To the degree that Safari Club is simply seeking leave to have the Court consider another amicus brief containing arguments already addressed by the Court, it is untimely, unhelpful, and unwarranted, and should be rejected. See, e.g. United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1994) (quoting Northern Sec. Co. v. United States, 191 U.S. 555 (1903)). (filing an amicus brief is a "privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.).

**II.     Safari Club and Conservation Force Fail to Meet Applicable Standards for Reconsideration**

Even if Safari Club and Conservation Force's motions for reconsideration could be considered properly before this Court, they still fail to meet the requirements for reconsideration as set out in the Federal Rules of Civil Procedure and the Civil Local Rules of this District. A motion for reconsideration in this District is governed by Civil Local Rule 7-9[3] Conservation Force attempts to

---

[3] Civil Local Rule 7-9(a) provides that a motion for leave to file a motion for reconsideration can only be made "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." While the April 28 Order squarely addressed "all of the claims and the rights and liabilities of all the parties" in this case, the Court withheld entry of final judgment pending Defendants' compliance with the Court's order. April 28 Order at 10. As such, for the purposes of this response, Plaintiffs accept that such a motion is properly brought under Civ. L.R. 7-9, rather than as a motion to alter or amend judgment under F.R.C.P. 59(e) or as a motion for relief from judgment under F.R.C.P. 60(b). In any event, the standards are similar under each of these provisions and are not met by movants.

1  shoehorn its argument into this framework. Conservation Force Brief (Dkt # 56) at 3-4. Safari Club
2  titles its brief as one addressing the "issue of reconsideration" but does not even attempt to argue that
3  the standards for reconsideration set out in Civil Local Rule 7-9 are met. Specifically, the rule requires
4  that the movant must show either:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b)(1)-(3).

Prongs 1 and 2 of this standard are clearly inapplicable to Conservation Force's motion.[4] Conservation Force asserts that the Court both failed to consider material facts and dispositive legal arguments and therefore reconsideration under 7-9(b)(3) is appropriate. Conservation Force Brief at 4-9. This argument is misplaced. As an initial matter, Conservation Force acknowledges that Civil Local Rule 7-9(c) prohibits the repetition of arguments previously made (Conservation Force Brief at 4),[5] but then completely ignores this requirement and repeats the arguments of its previous brief. Cf Conservation Force Intervention Brief (Dkt # 13 at 3-4, 7).

Conservation Force claims that the "material fact" that the Court failed to consider was the interests of its members who have already killed polar bears in the past two months but have yet to

---

[4] Safari Club failed in its initial amicus brief to argue against the waiver of the thirty-day delay in the effective date of a final listing rule, notwithstanding the fact that Plaintiffs explicitly requested such waiver in their opening brief. See Plaintiffs MPA in Support of Summary Judgment (Dkt # 6) at 16. Safari Club therefore runs afoul of the requirement of Civ. L.R. 7-9(b)(1) that the "party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order."

[5] See Civ. L.R. 7-9(c) ("Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.").

PLAINTIFFS' COMBINED RESPONSE
TO MOTIONS OF SAFARI CLUB AND
CONSERVATION FORCE

4

C-08-1339-CW

receive permits to import the dead animals into the United States as trophies. However, this argument was explicitly addressed in Plaintiffs' Reply Memorandum in Support of Summary Judgment (Dkt # 33) at 12. As such, to the degree the permit status of Conservation Force's members is material or relevant, it was clearly considered by the Court prior to the issuance of the April 28 Order and therefore provides no basis for a motion for reconsideration.

Conservation Force's assertion that there was a "manifest failure" of the Court to consider "dispositive legal arguments" is similarly unavailing. Again both Plaintiffs and Defendants briefed the issue of whether the Court could and should make a finding that good cause existed to waive the thirty-day delay in effectiveness of the final listing rule. The Court examined this issue, the arguments, authorities, and examples provided by the parties, and properly concluded that such a waiver was appropriate. April 28 Order at 8-10. This is hardly a "manifest failure" to consider "dispositive legal arguments." The requirements for reconsideration as set out by Civil Local Rule 7-9 are simply not present in the instant case.

**III. This Court had Jurisdiction to Require Defendants to Make the Final Listing Rule Effective upon Publication**

While neither Safari Club nor Conservation Force meets the procedural or substantive standards such that this Court need consider relief under Civil Local Rule 7-9, the crux of their arguments is that this Court lacked jurisdiction to order Defendants to make a final listing rule for the polar bear effective upon publication. Tellingly, Defendants themselves made no such argument. See Defendants Opposition to Plaintiffs Motion for Summary Judgment (Dkt 11) at 9-10. As pointed out by Plaintiffs and cited in the April 28 Order, a finding that good cause to make a final listing rule effective upon publication has been made by previously by Defendants on numerous occasions, and was required, in at least one other instance, by a district court. April 28 Order at 9; Marbled Murrelet v. Lujan, 1992 U.S. Dist. LEXIS 14645 (W. D. Wash. 1992).

This Court need look no further than the plain language of the citizen suit provision of the ESA to find jurisdiction for such relief. The ESA authorizes district courts "to order the Secretary to perform" his duties. 16 U.S.C. § 1540(g)(1)(C). Congress also explicitly reserved the traditional common law authority of the district courts to craft appropriate injunctive and equitable relief.

Specifically, the citizen suit provision provides that the "injunctive relief provided by this subsection shall not restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief (including relief against the Secretary or a State agency)." Id. at 1540(g)(5). "Accordingly, not only did Congress not intend to limit the remedies available under the citizen suit provision, but it expressly reserved the courts' traditional equitable authority." Defenders of Wildlife v. Norton, 239 F. Supp. 2d 9, 23 (D.D.C. 2002). Moreover, "[l]imiting the Court's authority to craft appropriate injunctive relief in the face of this prolonged failure to comply with a nondiscretionary duty would be directly contrary to the clearly expressed intent of Congress." Id.; see also Wash. Toxics Coalition v. EPA, 413 F.3d 1024, 1034-35 (9th Cir. 2005)(upholding broad grant of authority under the citizen suit provision to fashion appropriate injunctive relief).

Issuing an Order requiring Defendants to make any final listing rule effective upon publication was fully within the Court's jurisdiction, wholly appropriate under the circumstance, and necessary to effectuate Congress' intent that endangered species be afforded "the highest of priorities." T.V.A. v. Hill, 437 U.S. 153, 174 (1978). The April 28 Order should not be disturbed.

## CONCLUSION

For all of the forgoing reasons, the motions of Safari Club and Conservation Force which seek to have this Court reconsider and amend its April 28 Order, and delay the effective date for the long-overdue protection of the polar bear under the ESA, must be denied.

DATE: May 9, 2008                              Respectfully Submitted,

                                                       By: __/s/Brendan Cummings_____

                                                       Brendan Cummings (CA Bar No. 193952)
                                                       Kassia Siegel (CA Bar No. 209497)
                                                       Attorneys for Plaintiffs