J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin
Admitted Pro Hac Vice
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for Safari Club International and
Safari Club International Foundation

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, *et al.* ) <br> ) <br> Defendants, ) <br> ) <br> SAFARI CLUB INTERNATIONAL, SAFARI ) <br> CLUB INTERNATIONAL FOUNDATION ) <br> ) <br> Amici Movants. ) <br> ) <br> ) <br> _____ ) | Case No. 08-cv-1339 (CW) <br><br> **REPLY TO OPPOSITION TO RENEWED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AMICI STATUS BY SAFARI CLUB INTERNATIONAL AND SAFARI CLUB INTERNATIONAL FOUNDATION; MOTION TO RECONSIDER PART OF REMEDY ORDER; AND REQUEST THAT NO HEARING BE HELD PER LOCAL RULE 7.1(b)** <br> (Shortened time requested) <br> **Conditional Hearing Information** <br> **Date:** June 12, 2008 <br> **Time:** 2:00 p.m. <br> **Judge:** Honorable Claudia Wilken <br> **Courtroom:** Courtroom 2, 4th Floor |

1

In their renewed motion and second *amici* brief, filed May 5, 2008 (Dkt. 39, 42), Safari Club International and Safari Club International Foundation ("SCI and SCIF") made very clear that they were asking the Court to reconsider only one part of its remedy Order (April 28, 2008 (Dkt. 35). That part required the U.S. Fish and Wildlife Service ("FWS") to make any listing decision "effective immediately." SCI and SCIF based this request on the undisputable principle that the Court must consider, *sua sponte* and at all stages of a proceeding, its jurisdiction to take action. *See, e.g., Swan v. Peterson,* 6 F.3d 1373, 1383 (9th Cir. 1993). SCI and SCIF do not need to be parties to ask the Court to question its jurisdiction. By raising procedural challenges to SCI and SCIF's motion, Plaintiffs are attempting to divert the Court away from its duty to consider its own jurisdiction. SCI and SCIF have properly raised this issue. On the merits, Plaintiffs fail to refute that the Court lacked jurisdiction to order the "effective immediately" remedy.[1]

Plaintiffs fundamentally misunderstand SCI and SCIF's argument on jurisdiction. SCI and SCIF demonstrated that under 16 U.S.C. § 1533(d) and the relevant case law, the ***Court*** lacks jurisdiction to make the "good cause" determination itself or order the FWS to make a particular decision when making this determination. As SCI and SCIF explained, by ordering the FWS to make any listing decision effective immediately, the Court has (1) usurped the FWS's duties and responsibility under the ESA, (2) failed to defer to the agency's decision, and (3) contravened the statute governing this issue. Second *Amici* Brief at 5-10 (Dkt. 42). The Court's broad equitable powers do not go so far as to allow the Court to ignore a statutory delegation of power to the agency in the first instance.[2] Plaintiffs ignore these points.

---

[1] SCI and SCIF do not and did not dispute that the Court had jurisdiction to order the FWS to issue a final listing determination by a date certain and do not request reconsideration of that part of the Order.

[2] SCI and SCIF also do not dispute that the Court could judicially review an agency's "good cause" determination (or even a failure to make a good cause determination), but the Court must wait until ***after*** the agency makes that decision before reviewing it.

Instead, Plaintiffs try to justify the Court's "effective immediately" remedy by stating that "a finding that good cause to make a final listing rule effective upon publication has been made by [sic] previously *by Defendants* on numerous occasions, …." Pls. Oppos. at 5 (Dkt. 62) (emphasis added). That is precisely SCI and SCIF's point. The *FWS* has made this decision on numerous occasions, but here it is the Court, not the agency charged with implementing the ESA, that is making the good cause determination.

Plaintiffs also point out that the "ESA authorizes district courts 'to order *the Secretary* to perform' his duties." *Id.* (emphasis added). In this situation, it is the Secretary's duty, not the Court's, to make the "good cause" determination in the first instance. If the Court has concluded that there is only one possible way that the FWS can decide the good cause determination when it is ripe (*i.e.,* when the listing decision is published), then the Court has issued a prohibited advisory opinion on an action that has not yet occurred. Such a ruling raises separation of powers concerns.

Finally, Plaintiffs argue that the citizen suit provision of the ESA and the broad goals of the ESA allow the Court to exceed its jurisdictional limits. The citizen suit provision merely gives private citizens the right to seek relief in the courts (*i.e.,* it waives sovereign immunity), it does not authorize remedies not otherwise within the court's jurisdiction. Here, the Court's order to publish a listing decision by May 15, 2008 remedies the violation that occurred. This sufficiently serves the interests of the ESA. Notably in this regard, although now claiming that an emergency exists to warrant an immediately effective listing decision, Plaintiffs never sought (1) a waiver of the 60-day notice period, 16 U.S.C. § 1540(g)(2)(C) (citizen suit can be brought immediately in emergency); (2) emergency injunctive relief in this Court; or (3) to shorten the time for consideration of their summary judgment motion under Local Rule 6-2 or 6-3 (effectively letting 15 weeks slip by

between January 9 and the Court's April 28 Order). In short, the "effective immediately" part of the Order was not needed and addressed an action and a violation that has not, and may never, occur.[3]

For all the reasons demonstrated in their papers, SCI and SCIF respectfully request that this Court grant their Renewed Motion to Participate as Amici Curiae, consider SCI and SCIF's motion for reconsideration and amici briefs, and reverse the "effective immediately" part of the April 28, 2008 Order on remedy.

Dated: May 11, 2008.

Respectfully Submitted,

/s/ J. Jeffries Goodwin
J. Jeffries Goodwin
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

/s/ Douglas S. Burdin
Douglas S. Burdin
Admitted Pro Hac Vice
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for
Safari Club International and
Safari Club International Foundation

---

[3] Although not strictly relevant to the jurisdictional arguments at issue in SCI and SCIF's motion, SCI and SCIF stand by their position (as reflected in all their papers, including in declarations filed with their Second *Amici* Brief) that (1) any listing decision does not need to be made effective immediately, (2) such an order severely harms members of SCI who legally hunted polar bear in Canada and wish to import their trophy, and (3) the FWS is best equipped to balance these interests in the first instance.