RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief
KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. | Case No. C-08-1339 (CW) <br><br> Date: July 24, 2008 <br> Time: 2:00 p.m. <br> Judge: Hon. Claudia Wilken <br> Courtroom: Courtroom 2, 4th Floor |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' FIRST AMENDED COMPLAINT**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT, on July 24, 2008, at 2:00 p.m., before the Honorable Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, in Courtroom 2 on the 4th Floor, Defendants, by and through their undersigned attorney and pursuant to Fed. R. Civ. P. 60(b), will move this Court to strike Plaintiffs' First Amended Complaint for Declaratory Judgment and Injunctive Relief, Dkt. No. 76 ("Amended Complaint").

However, simultaneously with the filing of this Motion Defendants are filing a Stipulation to Shorten Time and Waive Oral Argument that would condense the briefing schedule for this motion and waive oral argument, thus vacating the July 24 hearing.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, the Court should strike Plaintiffs' Amended Complaint because Plaintiffs failed to seek leave of Court to file a supplemental pleading. Further, any request to supplement the pleadings in this case should be denied because the Court has already granted summary judgment, Defendants have fully complied with the Court's order, and the Court has stated that entry of judgment in Plaintiffs' favor is appropriate. Plaintiffs should not be permitted to supplement their pleadings to bring a new cause of action at this late stage of the case.

Counsel for Defendants contacted counsel for Plaintiffs, Intervenors, and Amici regarding this motion. Counsel for Plaintiffs stated that Plaintiffs will oppose this motion. Counsel for Amici and Intervenors stated that they will not oppose this motion.

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

On May 16, 2008, Plaintiffs filed a Notice Re Filing Of First Amended Complaint, Dkt. No. 75 ("Plaintiffs' Notice"), and a First Amended Complaint for Declaratory Judgment and Injunctive Relief, Dkt. No. 76 ("Amended Complaint"). Plaintiffs may not amend their complaint as a matter of course in order to challenge the final listing determination for the polar bear. Rather, Plaintiffs must seek leave of Court to file a supplemental pleading. Further, the Court should deny any motion to supplement the pleadings in this case where the Court has already granted summary judgment, Defendants have fully complied with the Court's order, and the Court has stated that entry of judgment in Plaintiffs' favor is appropriate. Thus, the Court should strike Plaintiffs' Amended Complaint.

## **BACKGROUND**

In its April 28, 2008 Order Granting Plaintiffs' Motion for Summary Judgment and Injunction, Dkt. No. 35 ("Summary Judgment Order"), the Court found that Defendants violated the Endangered Species Act ("ESA") by failing to act on the proposed listing determination for the polar bear within one year of publication of the January 9, 2007 proposed rule and granted summary judgment in Plaintiffs' favor. See Summary Judgment Order at 4-5. The Court granted Plaintiffs' requested injunction and ordered Defendants to publish the final listing determination by May 15, 2008. Id. at 5-8. The Court ordered that "[o]n May 15, 2008, the parties shall notify the Court if the final listing determination has been published and, if so, judgment for Plaintiffs will be entered, with costs awarded to Plaintiffs." Id. at 10. On May 15, Defendants notified the Court and the parties that the final listing rule had been published in the

Federal Register.  See Defendants' Notice of Publication of Final Listing Determination for the Polar Bear, Dkt. No. 74.  See also 73 Fed. Reg. 28212 (May 15, 2008).

**ARGUMENT**

**I.  PLAINTIFFS MUST MOVE TO FILE A SUPPLEMENTAL PLEADING.**

Motions to amend or supplement pleadings are governed by Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 15(a) provides that "a party may amend its pleading once as a matter of course . . . before being served with a responsive pleading. . . ."  By contrast, a supplemental pleading requires leave of court.  Rule 15(d) states that:

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15(d).  Plaintiffs seek to amend their complaint to challenge the May 15, 2008 final rule listing the polar bear as a threatened species under the ESA.  The final rule is clearly an "occurrence or event that happened after the date" of Plaintiffs' March 10, 2008 complaint, Dkt. No. 1.  See Wright & Miller, 6A Fed. Prac. & Proc. Civ.2d § 1504 ("Amended and supplemental pleadings differ in two respects.  The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings.").  Thus, Plaintiffs may not amend their pleading as a matter of course under Rule 15(a), but must instead seek leave to supplement under Rule 15(d).

The district court's decision to grant or deny a request to supplement a complaint is reviewed for abuse of discretion.  See Planned Parenthood v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  See also Wright & Miller, 6A Fed. Prac. & Proc. Civ.2d § 1504 ("[T]he discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on

a motion for leave to file a supplemental pleading. . . ."). Although leave to supplement is "favored," parties may not use a supplemental pleading as a vehicle to "introduce a 'separate, distinct, and new cause of action.'" Planned Parenthood, 130 F.3d at 402, quoting Berssenbrugge v. Luce Mfg. Co., 30 F. Supp. 101 (D. Mo. 1939).

## II. THE COURT SHOULD DENY ANY MOTION TO SUPPLEMENT THE PLEADINGS AT THIS ADVANCED STAGE OF THE CASE.

Even if Plaintiffs properly raise their new claims by seeking leave to file a supplemental pleading, the Court should deny supplementation in this case. Plaintiffs' March 10, 2008 complaint sought a declaratory judgment that Defendants violated their non-discretionary duty under the ESA to make a final listing determination for the polar bear, and injunctive relief requiring Defendants to publish a final listing determination by a date certain. Complaint, Dkt. No. 1, at 15. The Amended Complaint retains the ESA claim and factual allegations contained in the March 10, 2008 Complaint, and adds two new claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. See Amended Complaint, Dkt. No. 76, at 20-21. Plaintiffs also filed a notice of intent to sue under the ESA citizen suit provision, 16 U.S.C. § 1540(g), and they plan to seek leave to further amend their complaint to add additional ESA claims upon expiration of the statutory 60-day notice period. See Plaintiffs' Notice at 3, Dkt. No. 75. See also id. at Exhibit A, Dkt. No. 75-2 (60-day notice letter).

Thus, Plaintiffs recognize that their new claims are sufficiently distinct from the missed deadline claim in their March 10, 2008 Complaint that a new 60-day notice letter is required under the ESA. While the original complaint related solely to a missed deadline for the final listing determination, the claims that Plaintiffs raise in their Amended Complaint relate to a new

agency action, the final listing determination. Plaintiffs also seek to challenge the special rule under ESA Section 4(d) providing measures for conservation of the polar bear. See 73 Fed. Reg. 28306 (May 15, 2008). These decisions will be reviewed on the basis of an administrative record that will be compiled by the agency. Thus, there would be little time or effort saved by the Court in permitting Plaintiffs to supplement their complaint because their claims relate to entirely new decisions that will be reviewed on the basis of an administrative record that was not before this Court. See Planned Parenthood, 130 F.3d at 402 ("the goal of Rule 15(d)" is to "promote judicial efficiency"). These claims raise a new cause of action, and are properly the subject of a separate lawsuit rather than a supplemental pleading.

Moreover, the Court has already recognized that entry of judgment is appropriate. The Court's April 28, 2008 summary judgment order stated that, provided Defendants published the final listing determination by May 15, 2008, judgment would be entered for Plaintiffs. See Summary Judgment Order at 10. Defendants fully complied with the Court's order. Although the Court ordered further briefing on a limited issue, the Court noted that the subsequent order had no effect on the Court's April 28 Order. See May 13, 2008 Order, Dkt. No. 69 at 2 (requiring briefing on issue of "whether provision may be made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008, the date of the Court's order granting summary judgment in this case"). Thus, judgment should be entered on Plaintiffs' ESA claim, and no supplemental pleading should be permitted.

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' Amended Complaint.

4

Respectfully submitted this 20th day of May, 2008.

        RONALD J. TENPAS
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division
        JEAN E. WILLIAMS, Chief
        LISA LYNNE RUSSELL, Assistant Chief

        <u>/s/ Kristen Byrnes Floom</u>
        KRISTEN BYRNES FLOOM, Trial Attorney
        DC Bar No. 469615
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife and Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, DC 20044-7369
        Telephone: (202) 305-0340
        Facsimile: (202) 305-0275
        Kristen.Floom@usdoj.gov

        Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Motion to Strike Plaintiffs' First Amended Complaint was submitted to the Court electronically on this 20th day of May, 2008 for filing and service on the following parties:

Kassia Siegel
ksiegel@biologicaldiversity.org

Brendan Cummings
bcummings@biologicaldiversity.org

Miyoko Sakashita
miyoko@biologicaldiversity.org

Attorneys for Plaintiffs

I further certify that, on this 20th day of May, 2008, a copy of Defendants' Motion to Strike Plaintiffs' First Amended Complaint was sent via first-class mail, postage prepaid, to:

Andrew E. Wetzler
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085

Attorney for Plaintiffs

>                                        /s/ Kristen Byrnes Floom
>                                        Kristen Byrnes Floom

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Case No. C-08-1339 (CW) |
| Plaintiffs, | [PROPOSED] ORDER |
| vs. | |
| DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

This Court, having considered Defendants' Motion to Strike Plaintiffs' First Amended Complaint, hereby GRANTS the motion and ORDERS that Plaintiffs First Amended Complaint, Dkt. No. 76, is stricken.

Dated: _____    _____
Hon. Claudia Wilken
United States District Judge