Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: (760) 366-2232; Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org
       ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email: miyoko@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
101 N. Wacker Drive, Suite 609
Chicago, IL 60606
Phone: (312) 780-7429; Facsimile: (312) 663-9920
Email: awetzler@nrdc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants, and<br><br>CONSERVATION FORCE,<br><br>Intervenor-Defendant. | CASE NO.: C-08-1339-CW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND IN THE ALTERNATIVE CROSS-MOTION FOR LEAVE TO FILE AMENDED OR SUPPLEMENTAL COMPLAINT UNDER F.R.Civ.P., RULE 15** |

PLS.' OPP. TO DEFS.' MOT. TO STRIKE & CROSS-MOT. FOR LEAVE TO FILE SUPPLEMENTAL COMPL.
Case No. C-08-1339-CW

**INTRODUCTION**

Defendants' Motion to Strike Plaintiffs' First Amended Complaint should be rejected. A responsive pleading has not been filed in this action and no final judgment has been entered; Plaintiffs are therefore entitled to file an amended complaint as a matter of right under Rule 15(a) of the Federal Rule of Civil Procedure. Nor should the Court accept the Defendants' argument--offered here without support of case law and in contravention of the plain text of Rule 15(a)--that the claims in an amended complaint cannot be based on facts which occurred after the original complaint was filed. Indeed, as the D.C. Circuit has recognized, in the absence of a responsive pleading or final judgment, a Plaintiffs right to amend its complaint is "absolute." *James v. Hurson Assocs. v. Glickman*, 229 F.3d 277, 282-283 (D.C. Cir. 2000).

In the event, however, that the Court finds that Plaintiffs were required to seek leave to file an amended complaint under Rule 15(a) or a supplemental complaint under Rule 15(d), the Court should exercise its discretion and grant Plaintiffs' Cross-Motion for Leave to File an Amended or Supplemental Complaint. Granting Plaintiffs' cross-motion will promote judicial economy and allow for the swift and orderly adjudication of additional claims concerning the same subject matter as the claims raised in Plaintiffs' original complaint. The claims in Plaintiffs' First Amended Complaint are inextricably intertwined with, and flow directly from, the claims in Plaintiffs' original complaint. At their core, both complaints concern the survival of the polar bear and the protection of the species under the Endangered Species Act ("ESA"). Defendants do not, and cannot, demonstrate any prejudice from the granting of Plaintiffs' Cross-Motion. Rule 15 and the interests of justice require that Plaintiffs be allowed to amend and/or supplement their complaint in the ongoing case to fully adjudicate these issues.

**ARGUMENT**

**I. PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT AS A MATTER OF RIGHT BECAUSE DEFENDANTS HAVE NOT YET FILED A RESPONSIVE PLEADING.**

Plaintiffs are entitled to file an amended complaint as a matter of right because no responsive pleading has yet been filed in this action. Rule 15(a) of the Federal Rules of Civil Procedure is clear that a party may amend its pleading once as "a matter of course" anytime before a responsive pleading

is filed. Fed. R. Civ. Pro. § 15(a)(1)(A). Because Defendants have not filed an answer or other responsive pleading in this case,[1] the amended complaint filed by Plaintiffs falls squarely within the permissible confines of Rule 15(a).

The Court's April 28th Order granting Plaintiffs' Motion for Summary Judgment does not affect Plaintiffs' right to file an amended complaint because, as the Ninth Circuit has made clear, "[n]either the filing nor granting of [a motion to dismiss] before answer terminates the right to amend." *Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995). Rather, Plaintiffs' right to amend when no responsive pleading has been filed only terminates "[w]here a final judgment has been entered following dismissal of an action." *Jarvis v. Regan*, 833 F.2d 149, 154-55 (9th Cir. 1987) (amended complaint could not be filed as a matter of right where judgment entered two days earlier). Here, final judgment has not been entered. To the contrary, the Court has ordered additional briefing on "the issue of whether provision may be made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008." Amended Order dated May 13, 2008, Dkt. # 69. This case thus remains very much alive.

Defendants nonetheless assert that Plaintiffs cannot avail themselves of Rule 15(a) because some of the facts alleged in the amended complaint arose after the original complaint was filed, and therefore only a supplemental complaint under Rule 15(d) is proper. This argument must be flatly rejected. There is simply nothing in the text of Rule 15(a) that limits the claims that may be asserted in an amended complaint to those facts that occurred before the original complaint was filed.[2] Defendants fail to cite a single case to support their theory, instead attempting to manufacture a limitation on the scope of Rule 15(a) out of whole cloth. Any such limitation is directly at odds with precedent which has consistently found that a plaintiffs' ability to amend its complaint as of right once before a

---

[1] Summary judgment motions and motions to dismiss are not "responsive pleadings" within the meaning of Rule 15. *See, e.g., Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 n. 3 (9th Cir. 2000).

[2] In point of fact, Defendants were working on the polar bear rules challenged in Plaintiffs' First Amended Complaint prior to the filing of this action on March 10, 2008. Declaration of Lyle Laverty, Dkt. #11-2. The legal infirmities challenged in Plaintiffs' First Amended Complaint are thus based in part on Defendants' actions and inactions prior to March 10, 2008.

responsive pleading is filed is "absolute." *James*, 229 F.3d at 283.

The distinction Defendants attempt to draw between an amended complaint, which they contend can only be based on facts that occurred prior to the original complaint being filed, and a supplemental complaint, which they concede may be built around facts that occur later in time, is simply too fine. There is no such bright line rule in the Ninth Circuit. See, e.g. *La Salvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. Ariz. 1986) (Overturning denial of leave to "amend their complaint" to allege "post-complaint injury.")  Indeed, even if Defendants' argument were correct, courts have consistently held that any mischaracterization of a new pleading as an amended, as opposed to a supplemental complaint, is "immaterial." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998); see also *Tenakee Springs v. Clough*, 750 F. Supp. 1406, 1411 (D. Alaska 1990) (Reversed on other grounds by *Tenakee Springs v. Clough*, 915 F.2d 1308, 1990 U.S. App. LEXIS 17282 (9th Cir. 1990) (Plaintiffs' filing of amended complaint to challenge a supplemental environmental impact statement not in existence at the time of the original lawsuit "deemed well taken.")

In short, while Plaintiffs had the option of moving to file a supplemental complaint under Rule 15(d), because no responsive pleading was filed in this case, Plaintiffs were equally entitled to file an amended complaint under Rule 15(a).  Defendants' Motion to Strike must be denied, and Plaintiffs' challenge to Defendants continued denial of legally-mandated protections for the polar bear should be allowed to proceed.

## II.  IN THE EVENT THE COURT DETERMINES PLAINTIFFS ARE REQUIRED TO MOVE TO FILE A SUPPLEMENTAL COMPLAINT, PLAINTIFFS' CROSS-MOTION FOR LEAVE TO FILE AN AMENDED OR SUPPLEMENTAL COMPLAINT SHOULD BE GRANTED.

While Plaintiffs believe that their First Amended Complaint was properly filed, in the event that the Court were to deem otherwise, Plaintiffs respectfully request that the Court exercise its discretion and grant Plaintiffs' motion for leave to file an amended complaint or a supplemental complaint.

The purpose of Rule 15, which is consistent with the "liberal pleading practices" of the Federal Rules of Civil Procedure, is to "minimize technical obstacles to a determination of the controversy on its merits." *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1502 (9th Cir. 1994) (citing *United*

*States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963). Plaintiffs' cross-motion to amend or supplement can thus be properly considered and granted under *either* Rule 15(a), which governs amending complaints, or Rule 15(d), which governs supplemental complaints.[3]

First, the Court may grant Plaintiffs leave to file an amended complaint. The purpose of Rule 15(a) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities," *United States v. Hicks*, 283 F.3d 380, 386-387 (D.C. Cir. 2002) (quoting 6 Wright & Miller § 1471 at 505-506 and noting that courts follow a "permissive approach" to amendments under Rule 15(a)). Second, the Court may allow Plaintiffs to file a supplemental complaint. Like Rule 15(a), Rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

> Rule 15(d) of the Federal Rules of Civil Procedure. . . is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*Id.* (*citing New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964).

It is well settled that Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit . . . . Such amendments are well within the basic aim of the rules to make pleadings an orderly and fair administration of justice." *Griffin v. County School Board*, 377 U.S. 218, 226-27 (1964). All Rule 15(d) requires is that "some relationship must exist between the newly alleged matters and the subject of the original action." *Keith*, 858 F.2d at 474. Application of Rule 15(d) is favored, with leave to supplement granted under much the same liberal standard as leave to amend under Rule 15(a). *Keith*, 858 F.2d at 475. "In fact, supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed 'as a

---

[3] Plaintiffs request that the Court consider their cross-motion on the same schedule as that of Defendants' Motion to Strike, outlined in the Court's May 21, 2008 Order (Dkt. # 79). In the interest resolving this issue as quickly as possible, Plaintiffs will not file a reply brief on their cross motion unless requested to do so by the Court.

matter of course.'" *Pratt v. Rowland*, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991) (citation omitted). For that reason, motions for leave to file supplemental pleadings must be granted unless "unless undue prejudice to the opposing party will result." *La Salvia*, 804 F.2d at 1119 (citation omitted).

Granting Plaintiffs' Cross-Motion for leave to file an amended or supplemental complaint under Rule 15 will promote judicial economy and the interests of justice. *Keith*, 858 F.2d at 473 (finding that "[t]he clear weight of authority . . . permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy.") (citations omitted) .

As noted above, the parties are *still litigating* the issue of protection for the polar bear under the ESA. Indeed, the parties are currently briefing the question of the import of "trophy" polar bear carcasses through previously filed permit applications. May 13, 2008 Order. It would make absolutely no sense to require Plaintiffs to bring a new action and simultaneously litigate the same issues in two separate cases.

The claims raised in Plaintiffs' original and First Amended Complaints are inextricably linked and intertwined with each other in many other respects, as well, and with the claims Plaintiffs will seek leave to add following the running of their 60-day notice letter of intent to sue. See Plaintiffs' Notice Re Filing of First Amended Complaint, Dkt. #75. All of Plaintiffs' original and new claims concern the timely application of the required legal protections provided by Section 4 of the ESA, 16 U.S.C. § 1533, to the polar bear. Plaintiffs' original complaint sought to force Defendants to make an overdue final listing determination for the polar bear under Section 4 of the ESA, 16 U.S.C. § 1533. While Defendants issued a rule designating the species "threatened" under the ESA, they have yet to afford the species the full protections of the law to which it is entitled upon listing. Specifically, Defendants failed to use the best available science in determining that polar bears were "threatened" rather than "endangered" in all or parts of their range; failed to designate critical habitat for the polar bear concurrently with the final listing rule, 16 U.S.C. § 1533(a)(3)(A)(i); and issued a rule under Section 4(d) of the ESA, 16 U.S.C. § 1533(d), that fails to provide for the conservation of the polar bear as required by the statute. Plaintiffs' First Amended Complaint also alleges that Defendants violated the procedural requirement of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, when they promulgated the

special rule under Section 4(d) of the ESA.

Allowing Plaintiffs to amend or supplement their complaint will thus provide for the speedy disposition of the instant controversy surrounding the polar bear's listing. This Court is well familiar with the procedural history of this case and it would be contrary to the interests of judicial economy to require Plaintiffs to begin a separate action, related to the same subject matter and springing out of the same procedural history, anew. As this Court stressed in its order granting Plaintiffs' Motion for Summary Judgment, time is of the essence in protecting threatened and endangered species. April 28 Order at 1, 5, 8. Further, at the time of the Court's ruling, Defendants had already missed the deadline for issuing a final listing determination for the polar bear by nearly 120 days. *Id.* at 7. Requiring Plaintiffs to file a new action to continue to adjudicate the lawfulness of the scope of Defendants' protection of the polar bear will only result further delay in fully protecting the species, in direct contravention of both the letter and spirit of the ESA.

Nor, contrary to Defendants' assertion, does the fact that Plaintiffs' amended claims are brought under the APA and NEPA change this analysis. (Defendants' Motion to Strike at 4.) Defendants' reliance on *Planned Parenthood v. Neely*, 130 F.3d 400 (9th Cir. 1997), here is misplaced. In *Planned Parenthood,* plaintiffs sought to file a supplemental complaint challenging a different statute than the original suit *four years* after final judgment had been rendered in the original action. *Id.* at 402. The Ninth Circuit subsequently limited the holding in *Planned Parenthood* to situations where (unlike here) "the original action between the parties has reached a final resolution and the district court does not retain jurisdiction." *Cabrera*, 159 F.3d at 382 n.11. In this case, final judgment has not yet been issued, the Court obviously still has jurisdiction, and in fact the parties are still litigating issues arising from Plaintiffs' original complaint. Indeed, while Defendants have finally listed the polar bear as a threatened species under the ESA, the 4(d) Rule and other actions and inactions associated with this listing raise connected questions as to Defendants' compliance with the ESA and the sufficiency of federal action to protect the polar bear from extinction. Thus, this case is far more analogous to *Keith v. Volpe*, where the Ninth Circuit affirmed the district court's decision to allow a supplemental complaint where "[t]he concerns in the original action . . . and the supplemental complaint are the same." 858 F.2d at 474.

Finally, and perhaps most importantly, Defendants simply elide the fact that a motion to amend or supplement must normally be granted "unless undue prejudice to the opposing party will result." *La Salvia*, 804 F.2d at 1119. Defendants do not, and cannot, point to any prejudice that would result from this Court accepting Plaintiffs' First Amended Complaint, either as is, or by redesignating it a supplemental complaint.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Strike Plaintiffs' First Amended Complaint should be denied. In the alternative, Plaintiffs' Cross-Motion to for Leave to File an Amended or Supplemental Complaint should be granted. In the event the Court finds that Plaintiffs' new pleading should properly be styled a supplemental complaint, Plaintiffs request that the Court order that Plaintiffs' First Amended Complaint, Dkt. #76, be deemed filed as of May 16, 2008 as a supplemental complaint.

DATE: May 23, 2008                    Respectfully Submitted,


                                      By:  /s/ Kassia Siegel

                                      Brendan Cummings (CA Bar No. 193952)
                                      Kassia Siegel (CA Bar No. 209497)
                                      Attorneys for Plaintiffs

1  **UNITED STATES DISTRICT COURT FOR THE**
2  **NORTHERN DISTRICT OF CALIFORNIA**
3  **OAKLAND DIVISION**

4  CENTER FOR BIOLOGICAL DIVERSITY, et al.;   CASE NO.:  C-08-1339-CW
5     Plaintiffs,
6     v.   **[PROPOSED] ORDER**
7  DIRK KEMPTHORNE, et al.;
8     Defendants, and
9  CONSERVATION FORCE,
10     Intervenor-Defendant.

12  Having considered Defendants' Motion to Strike Plaintiffs' First Amended Complaint,
13  Plaintiffs' Opposition to Defendants' Motion to Strike and Cross-Motion for Leave to File an Amended
14  or Supplemental Complaint, the pleadings and file in this case, the Court ORDERS as follows:

16  It is ORDERED that Defendants' Motion to Strike Plaintiffs' First Amended Complaint is
17  DENIED;
18  It is FURTHER ORDERED that Defendants shall file an answer to Plaintiffs' First Amended
19  Complaint by June 2, 2008.

21  IN THE ALTERNATIVE,
22  It is ORDERED that Plaintiffs' Cross-Motion for Leave to File an Amended or Supplemental
23  Complaint is GRANTED;
24  It is FURTHER ORDERED that Plaintiffs' First Amended Complaint, Dkt. # 76, be deemed
25  filed as of May 16, 2008 as a supplemental complaint.
26  It is FURTHER ORDERED that Defendants shall file an answer to Plaintiffs First Amended
27  Complaint by June 2, 2008.
28

[PROPOSED] ORDER                                                                                       C-08-1339-CW

1     IT IS SO ORDERED.

4 DATED this_____day of _____ 2008

                                     _____
                                     Honorable Claudia Wilken
                                   United States District Court Judge