1  RONALD J. TENPAS
   Assistant Attorney General
2  United States Department of Justice
   Environment & Natural Resources Division
3  JEAN E. WILLIAMS, Chief
   LISA LYNNE RUSSELL, Assistant Chief
4  KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
   United States Department of Justice
5  Environment & Natural Resources Division
   Wildlife and Marine Resources Section
6  Benjamin Franklin Station, P.O. Box 7369
   Washington, DC 20044-7369
7  Telephone: (202) 305-0340
   Facsimile: (202) 305-0275
8  Kristen.Floom@usdoj.gov

9  Attorneys for Defendants

10

11              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                   OAKLAND DIVISION

13  CENTER FOR BIOLOGICAL          )  Case No. C-08-1339 (CW)
    DIVERSITY, et al.,             )
14                                 )
          Plaintiffs,              )
15                                 )
       vs.                         )
16                                 )
    DIRK KEMPTHORNE, United States )
17  Secretary of the Interior, and UNITED )
    STATES FISH AND WILDLIFE       )
18  SERVICE,                       )
                                   )
19        Defendants.              )
    _____)

20

21          DEFENDANTS' SUPPLEMENTAL BRIEF ON
            IMPORTATION OF POLAR BEAR TROPHIES

22       Pursuant to the Court's May 13, 2008 Order, Dkt. No. 69, Defendants hereby submit this

23  brief on the issue of "whether provision may be made under the Endangered Species Act for the

24  import of trophies from bears that were killed and for which an import permit application had

25  already been filed as of April 28, 2008, the date of the Court's order granting summary judgment

26  in this case." Id. at 2.  The Court specified that Defendants should address "whether the

27  government may grant special permission for these imports." Id.  These issues arose as a result

28

of arguments raised by third parties Safari Club International and Safari Club International

Foundation ("Amici") in their amicus brief, and Conservation Force ("Intervenor") in their

motion for reconsideration of the Court's order denying its motion to intervene. See id. at 1.

The impacts of which Amici and Intervenor complain flow from the species now being a

"depleted species" as a matter of law under the Marine Mammal Protection Act ("MMPA").  A

species or stock is "depleted" if it is listed as an endangered species or threatened species under

the Endangered Species Act ("ESA").  See 16 U.S.C. § 1362(1)(C).  As a result of the polar

bear's depleted status under the MMPA, no importation of polar bear trophies from Canada is

permitted.  This results from operation of the MMPA, not the ESA, and there is nothing

Defendants can do to alter the requirements of the MMPA.  Any lack of notice to persons such

as those represented by Amici and Intervenor is the result of the immediate effective date for the

final listing rule, which was ordered by the Court and with which Defendants complied.

## ARGUMENT

The Court should decline to order Defendants to grant special permission for the import

of polar bear trophies for several reasons.  First, the Court lacks jurisdiction to address this issue

in the context of the present case.  Second, Defendants are precluded by the MMPA from

granting permission for the importation of polar bear trophies as a result of the listing of the

species as threatened under the ESA.  Third, such relief is inappropriate at this stage of the

proceedings where Defendants, in full compliance with the Court's summary judgment order,

have already issued the final listing rule with an immediate effective date.

## I.    THE COURT LACKS JURISDICTION TO REACH THE ISSUE OF TROPHY IMPORTATION IN THIS CASE.

The Court lacks jurisdiction to reach the issue of whether Defendants may lawfully

permit the import of polar bear trophies in this ESA citizen suit.  For suits against the Secretary

2

of the Interior for an alleged failure to perform a nondiscretionary duty under Section 4 of the ESA, the citizen suit provision gives the district courts jurisdiction only "to order the Secretary to perform" the nondiscretionary act. 16 U.S.C. § 1540(g). Here, the nondiscretionary act required by Section 4 was to act on the January 9, 2007 proposed listing rule within one year of the date of its publication by promulgating a final rule, withdrawing the proposed rule, or extending the one-year period for not more than six months. Id. at § 1533(b)(6). Thus, the permissible relief in this case was limited to an order requiring the Secretary to issue the final listing determination. Granting a remedy other than the one authorized by Congress in the ESA would contravene sovereign immunity and statutory construction principles. See Lane v. Pena, 518 U.S. 187, 193, 196-97 (1996) (waiver of sovereign immunity as to a particular remedy must be unequivocally expressed and will not be implied); Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 453 U.S. 1, 14-15 (1981) (internal quotations omitted) (it is "an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it").

In its April 28, 2008 Order Granting Plaintiffs' Motion for Summary Judgment and Injunction, Dkt. No. 35 ("Summary Judgment Order"), the Court found that Defendants violated their mandatory duty under the ESA by failing to act on the proposed listing determination for the polar bear within one year of publication of the January 9, 2007 proposed rule. See Summary Judgment Order at 4-5. The Court granted Plaintiffs' requested injunction and ordered Defendants to publish the final listing determination by May 15, 2008. Id. at 5-8. The Court further ordered Defendants to waive the notice period under Section 553(d) of the Administrative Procedure Act ("APA"). Id. at 10. On May 15, 2008, Defendants published the final determination: a final rule listing the polar bear as a threatened species throughout all of its

range.  <u>See</u> 73 Fed. Reg. 28212 (May 15, 2008).  Thus, Defendants complied fully with the

Court's order, including making the listing immediately effective as of May 15.  No further relief

is appropriate under the ESA.  <u>See</u> 16 U. S. C. § 1540(g)(1)(C).[1]

## II.    THE MMPA PRECLUDES IMPORTATION OF POLAR BEAR TROPHIES.

Even if the Court could properly reach this issue, Defendants have no ability to grant

authorization for importation or allow importation of polar bear trophies sport-hunted in Canada

because such importation is precluded by the MMPA.[2]  In 1972, the MMPA established a

moratorium on the taking and importation into the United States of marine mammals and marine

mammal products unless a specified exception applies.  16 U.S.C. § 1371(a)(1).  One such

exception allowed the Secretary of the Interior to issue permits for importation into the United

States of polar bear parts taken in sport hunts in Canada, provided that specific requirements are

met.  <u>Id.</u> § 1374(c)(5).

However, the MMPA further restricts the purposes for which permits may be issued and

importation may be allowed if the species is "depleted":

> Except for scientific research purposes, photography for educational or
> commercial purposes, or enhancing the survival or recovery of a species or stock

---

[1] Further, any consideration of these issues is moot because, with publication of the
final listing rule by the deadline ordered by the Court, the sole claim for relief in Plaintiffs'
Complaint was satisfied.  <u>See</u> Complaint for Declaratory Judgment and Injunctive Relief, Dkt.
No. 1, at 15 (alleging violation of ESA for failure to make final listing determination for polar
bear).  Thus, there is no remaining case or controversy before the Court.  <u>See</u> <u>Feldman v. Bomar</u>,
518 F.3d 637, 642 (9th Cir. 2008) ("'The basic question in determining mootness is whether
there is a present controversy as to which effective relief can be granted.'"), citing <u>N.W. Envtl.</u>
<u>Def. Ctr. v. Gordon</u>, 849 F.2d 1241, 1244 (9th Cir. 1988).  Publication of the final listing rule
rendered Plaintiffs' ESA claim moot, and there is no further claim as to which effective relief can be
granted.

[2] The MMPA applies to species that qualify as "marine mammals," and the statutory definition of
"mammal" specifically references polar bears.  <u>See</u> 16 U.S.C. § 1362(6).

> as provided for in paragraph (1) of this subsection, or as provided for under paragraph (5) of this subsection, during the moratorium no permit may be issued for the taking of any marine mammal which has been designated by the Secretary as depleted, <u>and no importation may be made of any such mammal</u>.[3/]

Id. § 1371(a)(3)(B) (emphasis added).  A species or stock is "depleted" if, <u>inter alia</u>, it is listed as an endangered species or threatened species under the ESA.  <u>See id.</u> § 1362(1)(C).  Therefore, when Defendants issued the final rule listing the polar bear as threatened under the ESA with an immediate effective date, the polar bear automatically gained depleted status under the MMPA as of May 15, 2008.  Because the polar bear now has depleted status under the MMPA, the statute specifically precludes importation of polar bears or polar bear parts except for scientific research purposes, photography for educational or commercial purposes, or enhancing the survival or recovery of the species.  <u>See id.</u> § 1371(a)(3)(B).  Importation of sport-hunted trophies under Section 1374(c)(5) is not included in the list of allowable exceptions.

In addition to the moratorium on taking and importation established under 16 U.S.C. § 1371, the MMPA also contains a list of "Prohibitions" that now apply to preclude importation of polar bear trophies.  <u>See id.</u> § 1372.  Section 1372 expressly exempts the authorizations available under certain specified sections, including the permitting provisions described above.  <u>See id.</u> § 1372(a).  However, the section contains additional restrictions on importation if the marine mammal is from a species or stock that has been designated as depleted:

> <u>Except pursuant to a permit for scientific research, or for enhancing the survival or recovery of a species or stock</u>..., it is unlawful to import into the United States any marine mammal if such mammal was –
>
> (1) pregnant at the time of taking;

---

[3/] "Marine mammal" is defined to include any part of a marine mammal, including "its raw, dressed, or dyed fur or skin."  <u>See id.</u> § 1362(6).

5

(2) nursing at the time of taking, or less than eight months old, whichever occurs later;

(3) <u>taken from a species or population stock which the Secretary has, by regulation published in the Federal Register, designated as a depleted species or stock</u>; or

(4) taken in a manner deemed inhumane by the Secretary.

Notwithstanding the provisions of paragraphs (1) and (2), the Secretary may issue a permit for the importation of a marine mammal, if the Secretary determines that such importation is necessary for the protection or welfare of the animal.

See <u>id.</u> § 1372(b) (emphasis added).  Thus, if the marine mammal originates from a species or stock that has depleted status, Section 1372(b) permits importation only for purposes of scientific research or enhancement of the survival or recovery of the species or stock.  Because the polar bear is now a depleted species and importation of polar bear parts taken during sport hunts in Canada does not fall within these specified exceptions, the MMPA is clear that Defendants cannot issue an authorization for such importations and any importation of such trophies is prohibited under the MMPA.  There is nothing that Defendants can do under the ESA to override Congress' restrictions under the MMPA.  In fact, Section 17 of the ESA is clear that "[e]xcept as otherwise provided in this chapter, no provision of this chapter shall take precedence over any more restrictive conflicting provision of the [MMPA]."  16 U.S.C. § 1543.

## III.    THE COURT SHOULD DECLINE TO ORDER THE RELIEF REQUESTED BY INTERVENOR AT THIS STAGE OF THE PROCEEDINGS.

Because Defendants could not legally allow the importation of sport hunted polar bear trophies from Canada, the Court should decline to order such relief.  Further, such relief would be inappropriate at this stage of the proceedings.  Defendants, as ordered by this Court, have already issued the final listing rule with an immediate effective date.  73 Fed. Reg. 28212.  Thus, any exception permitting importation of sport-hunted polar bear trophies would require

withdrawal of the final listing rule and publication of a new rule. Defendants worked diligently to finalize and publish the final rule in a timely manner in full compliance with the Court's summary judgment order, and it would be inequitable to require Defendants to withdraw and modify the rule.

If the Court were to modify its April 28, 2008 summary judgment order to require Defendants to publish a new final rule with a delayed effective date, Defendants would have to formally withdraw the final rule published on May 15, 2008. Pursuant to the APA, Defendants would have to take notice and comment on a new proposed rule, and then issue a new final rule. See 5 U.S.C. § 553. Defendants would also have to process applications for importation of polar bear trophies, publish notice thereof in the Federal Register, and provide a 30-day public comment period, as required for all permit applications under 16 U.S.C. § 1374(d). This would be burdensome for Defendants, and confusing for the regulated community. Defendants would have to expend resources undertaking a new rulemaking, despite having fully complied with the Court's summary judgment order. And the final listing determination for the polar bear would be further delayed, contrary to the Court's intent. See Summary Judgment Order at 7-8.

Further, the Court's May 13, 2008 Order specifically refers to polar bear trophies "for which an import permit application had already been filed as of April 28, 2008." Dkt. No. 69 at 2. However, if Defendants had an opportunity to exercise their discretion to defer the effective date of the listing rule to allow trophy importation, they might have fashioned an effective date that would have allowed them to process permit applicants submitted after April 28, 2008. If the Court were to order Defendants to withdraw the final listing rule and issue a new rule with a delayed effective date to allow for importation of polar bear trophies, the Court should decline to constrain Defendants' discretion by restricting its effect to applications filed on or before April

28, 2008, because it is Defendants' province to determine whether to modify the effective date for good cause.  See 5 U.S.C. § 553(d).

## CONCLUSION

Thus, the Court should decline to order Defendants to grant special permission for the import of polar bear trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008.


Respectfully submitted this 27th day of May, 2008.


<div style="margin-left: 40%;">

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief

/s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM, Trial Attorney
DC Bar No. 469615
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants

</div>

8

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Supplemental Brief on Importation of Polar Bear Trophies was submitted to the Court electronically on this 27th day of May, 2008 for filing and service on the following parties:

Kassie Siegel
ksiegel@biologicaldiversity.org

Brendan Cummings
bcummings@biologicaldiversity.org

Miyoko Sakashita
miyoko@biologicaldiversity.org

Attorneys for Plaintiffs

I further certify that, on this 27th day of May, 2008, a copy of Defendants' Supplemental Brief on Importation of Polar Bear Trophies was sent via first-class mail, postage prepaid, to:

Andrew E. Wetzler
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085

Attorney for Plaintiffs

/s/ Kristen Byrnes Floom
Kristen Byrnes Floom