RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief
KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <u>et al.</u>, <br><br> Plaintiffs, <br><br> vs. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. | Case No. C-08-1339 (CW) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR LEAVE TO FILE AMENDED OR SUPPLEMENTAL COMPLAINT UNDER F.R.CIV.P., RULE 15**

Plaintiffs cannot dispute that they are seeking to introduce new claims into this case that is already in its final stages. The Court granted summary judgment in Plaintiffs' favor and ordered Defendants to publish a final listing determination for the polar bear by a date certain, and Defendants fully complied with the Court's Order. Whether styled as an amended complaint

Def. Reply in Support of Mot. To Strike and Opp.
To Pl. Cross-Mot. For Leave to File Suppl. Compl.
Case No. 08-1339 (CW)

or a motion to file a supplemental complaint, the Court should deny Plaintiffs' request to inject additional causes of action into this case that has already been resolved based on Plaintiffs' motion for summary judgment.

**ARGUMENT**

The Court should decline to permit supplementation of Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief, Dkt. No. 1 ("Complaint"). Plaintiffs' Complaint raised only one claim: an alleged violation of the Endangered Species Act ("ESA") based on Defendants' failure to make a final listing determination for the polar bear. See id. at 15. On April 28, 2008, the Court resolved the claim, granting summary judgment in favor of Plaintiffs and ordering Defendants to publish a final listing determination by May 15, 2008 and to make any final rule effective immediately. April 28, 2008 Order, Dkt. No. 35. On May 15, 2008 Defendants satisfied the Court's order by publishing a final rule listing the polar bear as a threatened species throughout all of its range, with an immediate effective date. See 73 Fed. Reg. 28212 (May 15, 2008).

### A. Plaintiffs' Claim Has Been Resolved, And The Court Should Enter Judgment In Plaintiffs' Favor And Dismiss Their Complaint.

The proceedings in this case are now complete, with the exception of narrow additional briefing on an issue raised by third parties. See May 13, 2008 Order, Dkt. No. 69 (ordering parties to submit briefing on issue of "whether the government may grant special permission" for importation of polar bear trophies from sport hunts in Canada). Plaintiffs cannot rely on the Court's May 13, 2008 Order to bolster their argument that an amended or supplemental complaint is appropriate. The Court's inquiry into this limited issue relates to that aspect of the Court's summary judgment order requiring Defendants to make the final listing determination

effective immediately. It does not open the door to a wholesale amendment of the case to raise new claims challenging a separate agency action: the Section 4(d) rule, which was published concurrently with the final listing determination and provides measures for conservation of the species. See Plaintiffs' First Amended Complaint for Declaratory Judgment and Injunctive Relief, Dkt. No. 76 ("Amended Complaint") at 20-21.[1]

Plaintiffs argue that because the parties are briefing the issue of polar bear trophy imports, if required to bring a new action Plaintiffs would have to "simultaneously litigate the same issues in two separate cases." Plaintiffs' Opposition to Defendants' Motion to Strike First Amended Complaint and in the Alternative Cross-Motion for Leave to File Amended or Supplemental Complaint Under F.R.Civ.P., Rule 15, Dkt. No. 80 ("Pl. Opp.") at 6. It is unclear how Plaintiffs would be litigating the "same issues," as their new claims do not relate to the issue of polar bear trophy imports. In fact, briefing on the issue of how the immediate effective date of the final listing rule impacts trophy imports will be completed by June 3, 2008. Thus the issue will be resolved promptly, long before substantive proceedings would commence in any other action brought by Plaintiffs.

Further, the Court expressly stated that the additional briefing had no impact on the Court's April 28, 2008 summary judgment order. May 13, 2008 Order at 2. Plaintiffs' sole claim – alleging a violation of the ESA for failure to make a final listing determination for the polar bear – has been resolved. See Complaint at 15. As this Court recognized, entry of judgment is now appropriate. See April 28, 2008 Order at 10.

---

[1] Plaintiffs also note that they plan to challenge the substance of the final determination itself, but recognize that they must wait until the statutory 60-day notice period runs, pursuant to 16 U.S.C. § 1540(g). See Plaintiffs' Notice Re Filing of First Amended Complaint, Dkt. No. 75, at 3.

### B. Plaintiffs' Requested Amendment Should Properly Be Characterized As A Supplemental Pleading.

Although amendment of pleadings is liberally permitted, Fed. R. Civ. P. 15 is clear that the new claims that Plaintiffs seek to add are properly the subject of a supplemental, rather than amended pleading. Fed. R. Civ. P. 15(d) (supplemental pleading sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). Any other reading would render Section 15(d) superfluous. Boise Cascade Corp. v. EPA, 942 F.2d 1427, 1432 (9th Cir. 1991) (Courts generally "interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). While Rule 15(a) applies broadly to "amendments before trial," Fed. R. Civ. P. 15(a), the more specific provision of Rule 15(d) trumps where a party seeks to supplement its pleading with claims related to events that post-date the original complaint. See United States v. Wenner, 351 F.3d 969, 975 (9th Cir. 2003) (it is a "fundamental principle of statutory construction that the specific trumps the general").

The Ninth Circuit has recognized that a supplemental pleading is the appropriate vehicle for raising new claims. See, e.g., Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) ("clear weight of authority. . . permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy") (emphasis added); LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986) ("Federal Rule of Civil Procedure 15(d) allows the addition of post-complaint allegations."). Since Plaintiffs seek to raise wholly new causes of action distinct from their missed deadline claim, they are required to

Def. Reply in Support of Mot. To Strike and Opp.
To Pl. Cross-Mot. For Leave to File Suppl. Compl.
Case No. 08-1339 (CW)                    4

move for leave to supplement their complaint. Such leave is to be liberally granted in the absence of prejudice to the opposing party. See id.

### C. The Court Should Deny Plaintiffs' Cross-Motion To Amend Or Supplement Their Complaint Or, In The Alternative, Should Permit Defendants To Have 60 Days To File Their Responsive Pleading.

Plaintiffs' Complaint in this case raised only a straightforward claim regarding a missed deadline for the final listing determination for the polar bear. See Defendants' Memorandum in Support of Motion to Strike Plaintiffs' First Amended Complaint, Dkt. No. 77 ("Def. Mem."), at 3. Plaintiffs now seek to take advantage of the fact that the Court has not yet entered final judgment to raise claims related to the Section 4(d) rule. See Amended Complaint at 20-21. The Court should deny Plaintiffs' cross-motion to amend or supplement their complaint because it would result in prejudice to Defendants. Nor would supplementation of their complaint further judicial economy in this case. However, should the Court grant Plaintiffs' cross-motion, the Court should permit Defendants to have 60 days to respond to Plaintiffs' supplemental complaint.

Plaintiffs' argument that the Court "is well familiar with the procedural history of this case," is unavailing. Pl. Opp. at 7. The procedural history of the listing determination for the polar bear, while relevant to Plaintiffs' missed deadline claim, is not directly relevant to their substantive claims challenging the Section 4(d) rule, or any claims that they may raise in the future regarding the substance of the final listing rule. Plaintiffs' new claims will be reviewed on the basis of administrative records for the Section 4(d) rule and the final listing rule that have not yet been compiled and which were not before this Court. See Def. Mem. at 4. Thus, there

would be no measurable benefit in terms of judicial economy if this Court were to adjudicate Plaintiffs' new claims.

The Court should further deny leave to amend or supplement because Defendants would be prejudiced. Contra Pl. Mem. at 7. By styling their revised pleading as an Amended Complaint under Rule 15(a), Plaintiffs have created a situation where Defendants must respond to their Amended Complaint within ten days of service, or June 2, 2008. See Fed. R. Civ. P. 15(a)(3). If, however, the revised pleading is a supplemental complaint, "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). By contrast, if Plaintiffs had raised their new claims in a separate lawsuit, Defendants would have 60 days to file a responsive pleading. See Fed. R. Civ. P. 12(a)(2).

Here Plaintiffs seek not merely to amend their Complaint, but have added two distinct claims based on different statutes. Defendants are prejudiced by having to respond to these new allegations in a compressed time frame. Thus, Defendants respectfully request that, should the Court grant Plaintiffs' cross-motion to supplement their complaint, the Court also order that Defendants' responsive pleading is due on or before July 15, 2008. Defendants are submitting herewith a proposed order to that effect.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to strike Plaintiffs' Amended Complaint. In the alternative, if the Court grants Plaintiffs' cross-motion to amend or supplement their Complaint, Defendants request that the Court order Defendants to file a responsive pleading on or before July 15, 2008.

Respectfully submitted this 28th day of May, 2008.

        RONALD J. TENPAS
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division
        JEAN E. WILLIAMS, Chief
        LISA LYNNE RUSSELL, Assistant Chief

        <u>/s/ Kristen Byrnes Floom</u>
        KRISTEN BYRNES FLOOM, Trial Attorney
        DC Bar No. 469615
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife and Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, DC 20044-7369
        Telephone: (202) 305-0340
        Facsimile: (202) 305-0275
        Kristen.Floom@usdoj.gov

        Attorneys for Defendants

Def. Reply in Support of Mot. To Strike and Opp.
To Pl. Cross-Mot. For Leave to File Suppl. Compl.
Case No. 08-1339 (CW)        7

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Defendants' Reply in Support of Motion to Strike Plaintiffs' First Amended Complaint and Opposition to Plaintiffs' Cross-Motion for Leave to File Amended or Supplemental Complaint Under F.R.Civ.P., Rule 15 was submitted to the Court electronically on this 28th day of May, 2008 for filing and service on the following parties:

Kassia Siegel
ksiegel@biologicaldiversity.org

Brendan Cummings
bcummings@biologicaldiversity.org

Miyoko Sakashita
miyoko@biologicaldiversity.org

Attorneys for Plaintiffs

    I further certify that, on this 28th day of May, 2008, a copy of Defendants' Reply in Support of Motion to Strike Plaintiffs' First Amended Complaint and Opposition to Plaintiffs' Cross-Motion for Leave to File Amended or Supplemental Complaint Under F.R.Civ.P., Rule 15 was sent via first-class mail, postage prepaid, to:

Andrew E. Wetzler
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085

Attorney for Plaintiffs

                                              /s/ Kristen Byrnes Floom
                                              Kristen Byrnes Floom

Def. Reply in Support of Mot. To Strike and Opp.
To Pl. Cross-Mot. For Leave to File Suppl. Compl.
Case No. 08-1339 (CW)        8

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ) Case No. C-08-1339 (CW) |
| Plaintiffs, | ) |
| vs. | ) **[PROPOSED] ORDER** |
| DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, | ) |
| Defendants. | ) |

This Court, having considered Defendants' Motion to Strike Plaintiffs' First Amended Complaint and Plaintiffs' Cross-Motion for Leave to File Amended or Supplemental Complaint Under F.R.Civ.P., Rule 15, hereby:

DENIES Defendants' Motion to Strike Plaintiffs' First Amended Complaint;

GRANTS Plaintiffs' Motion for Leave to File Amended or Supplemental Complaint; and

ORDERS that Defendants shall file a response to Plaintiffs' First Amended Complaint on or before July 15, 2008.


Dated: _____                    _____
                                             Hon. Claudia Wilken
                                             United States District Judge