J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone: (916) 929-6000
Facsimile: (916) 929-5137
jjg@goodwinlawcorp.com

Douglas S. Burdin
Admitted Pro Hac Vice
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for Safari Club International and
Safari Club International Foundation

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* ) | Case No. 08-cv-1339 (CW) |
| ) | |
| Plaintiffs, ) | **RESPONSE AND CLARIFICATION** |
| ) | **OF SAFARI CLUB INTERNATIONAL** |
| v. ) | **ET AL. TO BRIEFS ON** |
| ) | **IMPORTATION OF POLAR BEAR** |
| DIRK KEMPTHORNE, *et al.* ) | **TROPHIES** |
| ) | |
| Defendants, ) | |
| ) | |
| SAFARI CLUB INTERNATIONAL, SAFARI ) | |
| CLUB INTERNATIONAL FOUNDATION ) | |
| ) | |
| Amici Curiae. ) | |
| ) | |
| _____ ) | |

Safari Club International and Safari Club International Foundation ("SCI and SCIF"), by and through counsel, submit this brief response and clarification to the Federal Defendants' and Plaintiffs' briefs on "the issue of whether provision may be made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008." Order of May 13, 2008, page 2, Dkt. 69. In their briefs. both the Federal Defendants and Plaintiffs indicate that the Court's request for briefing arose in part from a request by SCI and SCIF for this relief. Fed. Def. Response at 2, Dkt. 81; Pls. Response at 1, 3, Dkt. 86. This is not accurate. SCI and SCIF did not raise this issue or ask for this relief. Only intervenor Conservation Force asked for this relief. As provided by the law of this Circuit and longstanding Supreme Court precedent, SCI and SCIF, as non-party *amici* who are not litigating this issue, will not be bound by any ruling of the Court on this issue.

In their two *amici* briefs, SCI and SCIF raised issues different than that presently before the Court. SCI and SCIF's first brief supported the Federal Defendants' request that the Court give them until June 30, 2008 to issue a final decision.

SCI and SCIF's second *amici* brief addressed whether the Court had jurisdiction to order the Federal Defendants to make any listing determination effective immediately. As part of this second brief, SCI and SCIF included the declarations of SCI members who had applications before the U.S. Fish and Wildlife Service for polar bear imports. These declarations proved that SCI and SCIF and these members had strong interests in the Court reconsidering, *sua sponte,* whether it had jurisdiction to order the Federal Defendants to make any listing determination effective immediately. This was SCI and SCIF's only interest in including these declarations and discussing the import permit issue.

The Court's May 13, 2008 Order makes clear that the Court was only responding to the request from Conservation Force to provide relief to members of the public who had hunted polar bear and had submitted, or wanted to submit, applications for import permits. "***Conservation Force*** may intervene in this action for the limited purpose of resolving the issue of whether provision may be made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008 …. ***Conservation Force*** may file a reply of up to five pages within one week of the government's response to this order." May 13 Order, page 2 (emphasis added).

SCI and SCIF want to make it clear that any ruling by this Court on the issue of whether the MMPA currently allows the import of such trophies, an issue raised only by Federal Defendants and Plaintiffs in response to Intervenor Conservation Force's motion for reconsideration, will not be binding on SCI and SCIF in any future litigation on this issue. As mentioned above, SCI and SCIF did not raise this issue and has not litigated it here. Nonparties are not bound (*e.g.,* under res judicata, estoppel, or law of the case principles) by rulings in a case in which they participate only as amici curiae *Munoz v. County of Imperial*, 667 F.2d 811, 816 (9th Cir. 1982) ("the filing of an amicus brief has never been enough to bind a non-party to the result of a proceeding"); *Stryker v. Crane,* 123 U.S. 527, 539-40, 8 S.Ct. 203 (1887) (filing of a brief by a non-party does not bind the non-party to the decree or estop the non-party from raising the same issue in another case). SCI and SCIF are raising related issues in another proceeding, which should not be affected by any ruling issued by this Court.

Dated:  June 3, 2008.

Respectfully Submitted,

/s/ J. Jeffries Goodwin
J. Jeffries Goodwin, CASBN 099310
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
Telephone:  (916) 929-6000
Facsimile:  (916) 929-5137
jjg@goodwinlawcorp.com

/s/ Douglas S. Burdin
Douglas S. Burdin
Admitted Pro Hac Vice
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C.  20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
dburdin@safariclub.org

Counsel for
Safari Club International and
Safari Club International Foundation

4