Richard Joseph Finn (CA Bar No. 99659)
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612
Phone: (510) 835-6821
Fax: (510) 835-6666
Email: rfinn@burnhambrown.com

Michael A. Oropallo, Pro Hac Vice
Ellen K. Eagen (CA Bar. No. 230802)
Hiscock & Barclay LLP
300 South State Street
Syracuse, New York 13202-2078
Phone: (315) 425-2831
Fax: (315) 703-7367
Email: moropallo@hiscockbarclay.com
Email: eeagen@hiscockbarclay.com

John J. Jackson
Conservation Force
3240 S I-10 Service Road W.
Suite 200
Metairie, LA 70001
Phone: (504) 837-1233
Fax: (504) 837-1145
Email: jjj@conservationforce.org

Attorneys for Intervenors

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, A NON-PROFIT CORPORATION, NATURAL RESOURCES DEFENSE COUNCIL, A NON-PROFIT CORPORATION, AND GREENPEACE, INC., A NON-PROFIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, UNITED STATES SECRETARY OF THE INTERIOR AND UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants,<br><br>v. | No. C-08-1339-CW<br><br>**REPLY OF INTERVENOR CONSERVATION FORCE IN SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES**<br><br>Complaint Filed: March 10, 2008 |

1

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN
SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR
BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

NO. C-08-1339-CW

628142v1

1  SAFARI CLUB INTERNATIONAL
   FOUNDATION
2

3                    Third-Party Defendant,

4  v.

5  SAFARI CLUB INTERNATIONAL AND
   SAFARI CLUB INTERNATIONAL
6  FOUNDATION

7                    Amicus,

8  CONSERVATION FORCE, INC.

9                    Intervenor.

10

11      Conservation Force's sole purpose for intervening and moving this Court for

12  reconsideration of its April 28, 2008 Order was to protect its constituents' Constitutional

13  (property and due process) and statutory-protected rights (as delineated in the Administrative

14  Procedure Act, Endangered Species Act, Marine Mammal Protection Act): that is, to protect

15  their right to reasonable notice before any listing under the ESA became effective.[1]  Intervenors

16  were denied those rights when this Court waived the notice period and ordered that the listing be

17  effective immediately.

18

19      In its May 13, 2008 Order, this Court asked the parties to address whether the

20  government may grant special permission for the import of trophies of bears that were taken and

21  for which an import permit application had already been filed before the bear was listed as an

22  endangered species.  While Plaintiffs do not oppose the importation of the taken polar bears,

23

24  _____

25  [1] Conservation Force's motion to intervene was precautionary as it did not know that the bear was to be listed.
    Despite the fact that Intervenor had participated in every phase of the process, it did not feel the listing was
26  probable.  It is the first listing of its kind where the overall population is at an all-time high, many populations are
    robust and growing substantially, and the listing rests upon untestable hypotheses and projections decades in the
27  future.  It is equally unprecedented for those that have provided the conservation base and funding for the species
    not to be given reasonable opportunity to import their trophies that have already been taken.

28
                                                                    2

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN         NO. C-08-1339-CW
SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR
BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

628142v1

they argue that Intervenor may have other recourses under the law. While Intervenor may have other recourses under the law, Intervenor should not be required to take a gamble and risk loss of those rights that they were unlawfully denied. While Defendants acknowledge that this Court's April 28 Order denied the government the opportunity to defer the effective date of the listing to allow for trophy importation, they take the position that this Court cannot reinstate this right based on the feeble reason that modifying the rule at this point would be too much extra work.

For the following reasons, Intervenor, Conservation Force, responds that not only may the government grant special permission for the importation of trophies of bears already taken but this Court should order the government to do so in order to prevent further injustice.

As Plaintiffs correctly state, the ESA has a provision for granting permits for the importation of a threatened species. 16 USC 1528 (c)(2). Nevertheless, after invoking the ESA, Plaintiffs argue (as do Defendants) that the ESA listing triggers a provision in the MMPA that prohibits import of trophies of "depleted" marine mammals which is defined as any marine mammal listed as threatened or endangered under the ESA, thus preempting the ESA's permissible importation. *See* 16 USC 1371(a)(3)(B). Intervenor submits that this provision of the MMPA is not relevant to the instant case. Specifically, the MMPA states "no permit may be issued <u>for the taking of any marine mammal</u> which has been designated by the Secretary as depleted, and no importation may be made of any such mammal." *Id.* (emphasis added). This provision is not relevant because the species was *not* considered "depleted" when the particular bears, in question, were taken. The subsequent language that "no importation may be made of any such mammal," clearly relates back to a mammal that was considered "depleted" *when taken*; here, the bear was not listed when the taking took place. Thus, it stands that the ESA has a provision for granting permits for importation of trophies of bears taken before the listing.

Along these lines, rather than require Intervenors to enter in protracted litigation under

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

NO. C-08-1339-CW

628142v1

1
2
3

the ESA as Plaintiffs would like to suggest, this Court should fashion an order that requires the government to grant permits for the importation of those polar bear trophies already taken and for whom applications have been submitted prior to May 15.[2]

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Alternatively, this Court could, as Defendants suggest, order Defendants to publish a new final rule with a delayed effective date for the import of trophies of bears who were taken prior to May 15. Apparently, Defendant's sole argument against the Court doing so is that it would be too much work for the Defendants to modify the rule. This is nonsensical. First, no change in the Rule is required. Certainly no public comment is called for. The Court does not need public comment to change its own Order and Defendants need only comply by processing the applications to completion. Second, Defendants are behind the very exigent circumstances that led to the Order that eliminated the notice period — Defendants have misled the hunting community by leading them to believe that the listing would not stop the import of trophies and did not advise them that the trophies already taken would no longer be importable assets. In essence, the Defendants favor penalizing the hunters $40,000 to $50,000 because Defendants, themselves, missed the nondiscretionary deadlines. In sum, a ruling favoring the Defendants over the law-abiding sport hunters would be the epitome of injustice.

19
20
21
22
23

The cumbersome and lengthy permitting process for the trophies demands the statutory allowance of notice. Even Defendants admit that "if Defendants had an opportunity to exercise their discretion to defer the effective date of the listing to allow trophy importations, they might have fashioned an effective date that would have allowed them to process permit applications

24
25
26
27

---

[2] Plaintiffs cite another remote possibility that some trophies may be importable under a separate provision, application form and process if "enhancement" is proven in a particular instance. There is a problem with that. It has never been done successfully in the history of the MMPA. In the 20 years since permits for enhancement were first authorized by Congress, the Marine Mammal Commission has not adopted any implementing regulations. Thus, Plaintiffs suggestion is futile.

28

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

NO. C-08-1339-CW

628142v1

1    submitted after April 28, 2008." More correctly put, it would have been arbitrary and capricious

2    of the Defendants not to have given sufficient notice to all those who had taken bear before the

3    date of the listing, giving adequate time for importation. After all, as stated above, the bear was

4    not depleted at the time they were taken. Intervenor is only seeking to import the bear taken

5    before the listing.

6          It is important for this Court to be aware that as Intervenor has stated in previous

7    pleadings there are at least sixty individuals denied of their due process and property rights as a

8    result of the immediacy of the effectiveness of the listing. Without relief from the Order,

9    attempted import of their trophies is a serious criminal offense and the trophies will be seized

10   and destroyed. If given an opportunity, Intervenors could present this Court with multiple

11   affidavits stating the specifics of their irreparable loss.[3] We ask that this Court will do right by

12   them all.

13

14   DATE:    June 5, 2008                    Respectfully Submitted,

15

16                                           By: s/Michael A. Oropallo

17                                           Michael A. Oropallo, Pro Hac Vice
                                             Ellen K. Eagen (CA Bar. No. 230802)
18                                           Hiscock & Barclay LLP
                                             300 South State Street
19                                           Syracuse, New York 13202-2078
                                             Phone: (315) 425-2831
20                                           Fax: (315) 703-7367
                                             Email: moropallo@hiscockbarclay.com
21                                           Email: eeagen@hiscockbarclay.com

22   _____

23   [3] For example, at least one of the hunters received his permit before the listing date of May 15, but did not have
     time to transport it before the May 15. Another hunter is a military officer serving in Iraq who took his bear while
24   on leave in early May. He was already on his hunt on the 28th of April when the Court Order was issued. There
     were many hunters in the Arctic North by dogsled on April 28th that only learned of the Order in issue too late and
25   all after they had paid and were obligated. Most would have been refunded their money had the Defendants
     rendered the Final Rule timely in January. Finally, there are at least two hunters that took their bear several years
26   ago, but are having taxidermy services performed in Canada, who now can't import their bear. Every permit
     applicant is entitled to have his citizenship rights and property interests protected and to be treated equitably by his
27   government whether it be an administrative agency or the judiciary.

                                             5
28   INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN              NO. C-08-1339-CW
     SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR
     BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

     628142v1

Richard Joseph Finn (CA Bar No. 99659)
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612
Phone:  (510) 835-6821
Fax:  (510) 835-6666
Email:  rfinn@burnhambrown.com

John J. Jackson
Conservation Force
3240 S I-10 Service Road W.
Suite 200
Metairie, LA 70001
Phone:  (504) 837-1233
Fax:  (504) 837-1145
Email:  jjj@conservationforce.org

Attorneys for Intervenors

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2008, I filed the foregoing Reply of Intervenor Conservation Force in Support of its Motion to Extend the Effective Date of the Polar Bear Listing for the Limited Purpose of Importing Trophies with the Clerk of the Court through the CM/ECF system which provided automatic notice to the following:

**Kassia Rhoades Siegel**
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: 760-366-2232
Fax: 760-366-2669
Email: ksiegel@biologicaldiversity.org

**Andrew E. Wetzler**
Natural Resources Defense Council, Inc.
544 White Oak Place
Worthington, OH 43085
614-840-0891, Fax: 415-875-6161

**Brendan R. Cummings**
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
760-366-2232
Fax: 760-366-2669
Email: bcummings@biologicaldiversity.org

6

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

NO. C-08-1339-CW

628142v1

**Miyoko Sakashita**
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103
415-436-9682
Fax: 415-436-9683
Email: miyoko@biologicaldiversity.org

**ATTORNEYS FOR PLAINTIFFS**

**Kristen Byrnes Floom**
United States Department of Justice
P.O. Box 7369
Washington, DC 20044-736
202-305-0340
Email: Kristen.Floom@usdoj.gov

Jean E. Williams
Department of Justice
Benjamin Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
202-305-0275
Email: jean.williams@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

**James Jeffries Goodwin**
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
916-929-6000
Fax: 916-929-5137
Email: jeffriesgoodwin@gmail.com

**Douglas S. Burdin**
500 Indiana Avenue., NW #6000
Washington, DC 20001
Email: dburdin@safariclub.org

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT AND AMICUS**

s/Michael A. Oropallo
_____
MICHAEL A. OROPALLO

INTERVENORS' REPLY OF INTERVENOR CONSERVATION FORCE IN
SUPPORT OF ITS MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR
BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES

NO. C-08-1339-CW

628142v1