1  SETH D. HILTON (SB #181899)
2  ANDREW F. BRIMMER (SB #179146)
   STOEL RIVES LLP
3  980 Ninth Street, Suite 1900
   Sacramento CA 95814
4  Telephone: (916) 447-0700
5  Facsimile: (916) 447-4781

6  Attorney for Proposed Intervenor-Defendant
   Alaska Oil and Gas Association
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DIVISION

11 CENTER FOR BIOLOGICAL DIVERSITY, A    Case No. 08-1339-CW
   non-profit corporation, NATURAL
12 RESOURCES DEFENSE COUNCIL, a non-      **NOTICE OF MOTION AND MOTION**
   profit corporation, and GREENPEACE, INC., a  **OF THE ALASKA OIL AND GAS**
13 nonprofit corporation;                 **ASSOCIATION FOR LEAVE TO**
                                          **INTERVENE; MEMORANDUM OF**
14          Plaintiffs,                    **POINTS OF AUTHORITIES IN**
                                          **SUPPORT THEREOF**
15      v.
                                          Date:    July 17, 2008
16 DIRK KEMPTHORNE, Secretary of the      Time:    2:00 p.m.
   Interior, and UNITED STATES FISH AND   Dept:    Courtroom 2, 4th Floor
17 WILDLIFE SERVICE,                       Judge:   Hon. Claudia Wilken

18          Defendants.

19

20      PLEASE TAKE NOTICE THAT, on July 17, 2008, at 2:00 p.m., before the Honorable

21 Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, in

22 Courtroom 2 on the 4th Floor, the Alaska Oil and Gas Association ("AOGA"), by and through

23 their undersigned attorney and pursuant to Fed. R. Civ. P. 24, will move and hereby does move

24 this Court to for leave to intervene as a defendant in the above captioned matter.

25      For the reasons set forth in the attached Memorandum of Points and Authorities and the

26 accompanying Declaration of Marilyn Crockett, AOGA and its members have a direct interest in

27 the "4(d) Rule" promulgated by Defendants on May 15, 2008, and now challenged by Plaintiffs in

28

---

AOGA'S NOTICE OF MOTION AND                    -1-                              08-1339 CW
MOTION TO INTERVENE

1   their First Amended Complaint (Dkt. No. 76).  AOGA's Motion seeks an order pursuant to Fed.

2   R. Civ. P. 24, granting it status as an intervenor-defendant to protect that interest.

3

4           DATED:  June 6, 2008.

5                                                  STOEL RIVES LLP

6

7                                                  By: /S/ SETH D. HILTON, ESQ.

8                                                       SETH D. HILTON (SB #181899)
                                                        Attorneys for Intervenor-Defendant

9                                                       Alaska Oil and Gas Association

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE                     -2-                              08-1339 CW

Seattle-3421856.1 0010627-00013

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| 2 | **I. INTRODUCTION** |
| 3 | The Alaska Oil and Gas Association ("AOGA") is a private, non-profit trade association |
| 4 | whose 17 member companies represent the majority of oil and gas exploration, production, |
| 5 | transportation, refining, and marketing activities in Alaska, including activities within the |
| 6 | Beaufort and Chukchi Seas and adjacent coastal areas.  Where such activities may result in |
| 7 | interactions with polar bears, AOGA members obtain either an Incidental Harassment |
| 8 | Authorization ("IHA") or a Letter of Authorization ("LOA") from the U.S. Fish and Wildlife |
| 9 | Service ("USFWS") authorizing the incidental take of polar bears under the Marine Mammal |
| 10 | Protection Act ("MMPA").  These IHAs and LOAs allow the nonlethal incidental take of small |
| 11 | numbers of polar bears that may result from lawful oil and gas exploration, development, and |
| 12 | production activities. |
| 13 | On May 15 2008, USFWS issued a final rule listing the polar bear (*Ursus maritimus*) as a |
| 14 | "threatened" species under the Endangered Species Act ("ESA").  73 Fed. Reg. 28211-28303 |
| 15 | (May 15, 2008).  In a companion decision, under authority of Section 4(d) of the ESA, USFWS |
| 16 | issued an interim final rule adopting the existing conservation regulatory requirements of the |
| 17 | MMPA (as well as the Convention on International Trade in Endangered Species of Wild Fauna |
| 18 | and Flora ("CITES")) as the appropriate regulatory provisions for polar bears under certain |
| 19 | circumstances.  73 Fed. Reg. 28305-28318 (May 15, 2008).  Under the interim final 4(d) rule, if |
| 20 | incidental take has been authorized under the MMPA, either by issuance of an IHA or an LOA, |
| 21 | USFWS will not require a separate incidental take permit for polar bears issued under the ESA. |
| 22 | The Center for Biological Diversity ("CBD"), Greenpeace and the Natural Resources |
| 23 | Defense Council (collectively CBD or "Plaintiffs") originally filed this action seeking to compel |
| 24 | USFWS to issue its decision regarding listing of the polar bear under the ESA.  However, CBD |
| 25 | has recently filed a First Amended Complaint for Declaratory Judgment and Injunctive Relief that |
| 26 | asserts three entirely new and different claims.  CBD's First Amended Complaint challenges the |
| 27 | validity of the 4(d) rule, including related NEPA documentation, under the ESA, the |
| 28 | Administrative Procedure Act ("APA"), and NEPA.  AOGA now seeks to intervene in this action |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE                    -1-                    08-1339 CW

Seattle-3421856.1 0010627-00013

1    to defend the 4(d) rule, which is of direct, unique and significant application to the activities of

2    AOGA's members.

3                                    **II. BACKGROUND**

4    **A.    Polar Bear ESA Listing and 4(d) Rule**

5            In 2005, CBD petitioned USFWS to list the polar bear as a threatened species under the

6    ESA on the basis of habitat loss linked by CBD to emissions of greenhouse gases ("GHGs") and

7    resulting global climate change.  In early 2006, in response to the listing petition, USFWS

8    undertook a status review of the species.  A proposed listing of the polar bear as threatened was

9    issued in late 2006.  When USFWS did not timely issue its final decision in early 2008, CBD

10   sued and obtained from this Court an order mandating issuance of an immediately effective

11   listing decision by May 15, 2008.  On May 15, 2008, in compliance with this Court's mandate,

12   USFWS issued its final listing decision on the basis "that polar bear habitat – principally sea ice –

13   is declining throughout the species' range" and is expected to continue to do so for the

14   foreseeable future.  73 Fed. Reg. at 28212.

15           The distinction between different categories of ESA listings – threatened and endangered

16   – is one obvious and important aspect of the statutory framework established by Congress in the

17   ESA.  *See* 16 U.S.C. §§ 1532(6), (20), 1533.  Among other differences linked to these categories,

18   the broad prohibition on the unauthorized "take" of a listed species only applies to species

19   classified as endangered.  16 U.S.C. § 1538.  However, under Section 4(d), UWFWS has adopted

20   a regulation that applies the take prohibitions of the ESA to species listed as threatened, subject to

21   exceptions adopted by the agency on a species-by-species, case-by-case, basis.  50 C.F.R.

22   § 17.31(a).  Exceptions adopted by USFWS to the regulatory application of the ESA take

23   prohibition to a threatened species are commonly referred to as a "4(d) rule."

24           On May 15, 2008, in conjunction with the listing of the polar bear as a threatened species,

25   USFWS issued an interim final 4(d) rule pertaining to the take of polar bears.  73 Fed. Reg.

26   28305-28318.  Under this rule, no separate take authorization is required under the ESA for the

27   narrow classes of take authorized or exempted under the MMPA or CITES.  *Id.* at 28306.  The

28   primary classes of activity to which the 4(d) rule has application are those located on or near

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE
Seattle-3421856.1 0010627-00013                    -2-                           08-1339 CW

1   northern Alaska shorelines and adjacent offshore waters (i.e., activities of Alaska Natives and

2   their communities, North Slope nearshore and offshore oil and gas industry activities, and

3   government and military activities).

4   **B.     The Alaska Oil and Gas Association's Interest**

5          AOGA is a private, non-profit trade association whose 17 member companies represent

6   the majority of oil and gas exploration, production, transportation, refining, and marketing

7   activities in Alaska. *See* Crockett Decl. ¶ 3. AOGA's members have a long-standing interest and

8   involvement in oil and gas exploration and development in Alaska, including associated

9   conservation and management of associated Alaskan ecosystems and wildlife. *Id.*

10         As part of their oil and gas development, exploration, and production activities in the

11  Beaufort Sea region, AOGA members engage in activities that may result in the incidental take of

12  polar bear. *Id.* ¶ 4. AOGA's members expend considerable effort attempting to avoid contacts

13  with all marine mammals. *Id.* However, the proximity of polar bear habitat to suitable oil and

14  gas development locations in Alaska makes it impossible to completely eliminate the potential for

15  some interactions. *Id.* ¶¶ 4-5.

16         Because of the potential for interactions with these species, AOGA has repeatedly

17  petitioned USFWS, and successfully obtained, regulations issued pursuant to MMPA § 101(a)(5)

18  authorizing the take of polar bear incidental to oil and gas exploration, development and

19  production related activities in the region. *Id.* at 4. AOGA's members have applied for and

20  obtained LOAs pursuant to these regulations. *Id.* Moreover, AOGA's members regularly obtain

21  individual IHA's to authorize the incidental take of polar bear in connection with specific

22  activities not otherwise addressed by MMPA regulations. *Id.* Because of the efforts of AOGA's

23  members, and the minimization and mitigation measures imposed in MMPA regulations, LOAs

24  and IHAs, it has been well-documented over a period of decades that oil and gas activities in

25  Alaska have had no adverse effect on survival or recruitment of polar bear populations. *See, e.g.,*

26  73 Fed. Reg. at 28284 (ESA listing finding "that oil and gas industry activities have not affected

27  the rates of recruitment or survival for the polar bear populations over the period of the [MMPA]

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE
Seattle-3421856.1 0010627-00013

-3-

08-1339 CW

1   regulations."), 28266 (ESA listing finding that oil and gas activities in Alaska "do not threaten the

2   [polar bear] species throughout all or a significant portion of its range").

3         Because AOGA's members unavoidably operate in the only polar bear habitat located

4   within the United States, AOGA has been an active participant in the public comment process

5   associated with CBD's polar bear listing petition and the related decisions by USFWS. *See*

6   Crockett Decl. ¶ 4. Among other actions, AOGA submitted public comments on CBD's original

7   petition and on the proposed listing of the polar bear as a threatened species. *Id.*

8         CBD's First Amended Complaint challenges the polar bear 4(d) rule and the supporting

9   NEPA documentation prepared by USFWS. AOGA and its members have a concrete and

10  immediate interest in the polar bear 4(d) rule. *See* Crockett Decl. ¶¶ 4-5 . Along with the Native

11  communities located on Alaska's North Slope, AOGA's members are the principal human

12  occupants in polar bear habitat in Alaska, and the primary recipients of MMPA incidental take

13  authorizations to which the 4(d) rule applies. *Id.* As the one industry that unavoidably operates

14  in polar bear habitat on the North Slope of Alaska and in adjacent offshore waters of the Beaufort

15  and Chukchi Seas, the effects of  polar bear listing decision and 4(d) rule, and the implications of

16  litigation challenging these decisions, are direct, immediate, unique and long-term. Accordingly,

17  AOGA and its members have a direct stake in the outcome of this litigation. *Id.*

18                  **III. ARGUMENT**

19  **A.**    **The AOGA Is Entitled to Intervention as of Right**

20        Pursuant to Rule 24(a), the AOGA is entitled to intervention as of right to defend its direct

21  interests in the polar bear 4(d) rule. In addition, the AOGA is entitled to intervention as of right

22  in the remedy phase of CBD's NEPA claim.[1]

23        [1] AOGA acknowledges the Ninth Circuit rule limiting intervention as of right in NEPA
actions to the remedy or injunctive phase, but respectfully disagrees for the reasons articulated by

24  other circuits. *See, e.g., Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir.
2002) (stating Ninth Circuit rule); *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 971-72 (3d Cir.

25  1998) (rejecting Ninth Circuit rule on the grounds that it "contravenes a major premise of
intervention—the protection of third parties affected by pending litigation" and acknowledging

26  that NEPA actions often have immediate and deleterious effects on entities and individuals other
than the plaintiffs). In any event, consistent with the Ninth Circuit rule, AOGA seeks

27  intervention as of right with regard to the remedy phase of plaintiffs NEPA claims and permissive
intervention on the merits. *Kootenai*, 33 F.3d at 1108-10 (granting permissive intervention to

28  third parties on merits of NEPA claim); *Wetlands Action Network*, 222 F.3d at 1114 (developer

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE

-4-

08-1339 CW

Seattle-3421856.1 0010627-00013

1        The Ninth Circuit has adopted a four-part test to determine whether a party should be

2    permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a

3    "significantly protectable" interest relating to the property or transaction which is the subject of

4    the action; (3) the movant must be so situated that the disposition of the action may, as a practical

5    matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest

6    must not be adequately represented by the existing parties to the action.  *Smith v. Marsh*, 194 F.3d

7    1045, 1049 (9th Cir. 1999); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297,

8    1302 (9th Cir. 1997); *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir.

9    1996).  The Ninth Circuit applies this test broadly in favor of intervention.  *United States v. City*

10    *of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) ("'A liberal policy in favor of intervention

11    services both efficient resolution of issues and broad access to the courts.'") (citations omitted);

12    *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).  As

13    discussed below, the AOGA meets each of these requirements.

14        First, AOGA's motion is timely.  In evaluating the timeliness of a motion to intervene,

15    courts in the Ninth Circuit consider three factors:  (1) the stage of the proceedings; (2) the

16    prejudice to the other parties; and (3) the reasons for and length of the delay, if any.  *State of*

17    *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 2007).  A motion to

18    intervene may still be timely where the "litigation has entered a new stage, where the would-be

19    intervenor's rights would be jeopardized."  *See Natural Resources Defense Council v. Gutierrez*,

20    Slip Copy,  2007 WL 1518359, 14 (N.D.Cal.,2007) (citing  *United States v. Oregon,* 745 F.2d

21    550, 552 (9th Cir.1984)).  The amended complaint recently filed by Plaintiffs certainly represents

22    a "new stage" in the litigation, where CBD asserts for the first time new claims well beyond the

23    scope of the original complaint.  Insofar as this action may now address the new claims asserted

24    in CBD's First Amended Complaint, this litigation is still in its preliminary stages.  The

25    administrative record has not been lodged; nor have the Federal Defendants filed an answer to

26

27    allowed to intervene as of right in remedial stage of NEPA claims); *Churchill County v. Babbitt*,
150 F.3d 1072, 1083 (9th Cir. 1998), *amended*, 158 F.3d 491 (9th Cir. 1998) (granting power

28    company intervention as of right on remedy stage of NEPA claims).  AOGA's argument for
permissive intervention is set forth, *infra*, at Section III.B.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE    -5-    08-1339 CW

Seattle-3421856.1 0010627-00013

1  CBD's claims.  AOGA has submitted a proposed answer to the amended complaint along with

2  this motion to avoid any possible delay.  Therefore, no prejudice, delay or inefficiency will result.

3       Second, AOGA has a significant protectable interest in the challenged agency decisions.

4  Whether the moving party demonstrates sufficient interest to intervene is a "practical, threshold

5  inquiry" for which "[n]o specific legal or equitable interest need be established." *Greene v.*

6  *United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd by Greene v. Babbitt*, 64 F.3d 1266 (9th

7  Cir. 1995).  As noted by the court in *City of Los Angeles,*

8  
9       A liberal policy in favor of intervention serves both efficient
        resolution of issues and broad access to the courts.  By allowing
        parties with a *practical* interest in the outcome of a particular case
10      to intervene, we often prevent or simplify future litigation involving
        related issues; at the same time we allow an additional interested
11      party to express its views before the court.

12  288 F.3d at 397-98 (internal quotations and citations omitted).  Consequently, the interest

13  requirement is "primarily a practical guide to disposing of lawsuits by involving as many

14  apparently concerned persons as is compatible with efficiency and due process." *Id.* at 398;

15  *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).[2]  Here, AOGA's interests in the polar bear

16  4(d) rule are evident.  AOGA's members are the primary applicants for and recipients of MMPA

17  take authorizations to which the 4(d) rule directly applies.  AOGA's members are the principal

18  industrial activity that occurs within the polar bears' Alaska range and, accordingly, AOGA's

19  members engage in one of the classes of activities most directly and immediately affected by the

20  polar bear ESA listing and regulated under the 4(d) rule.  *See* Crockett Decl. ¶¶ 4-5.

21       Third, disposition of the case in CBD's favor would harm AOGA's interest.  Intervention

22  as of right is particularly appropriate where, as here, the relief sought is injunctive.  *See City of*

23  

24       [2] A protectable interest sufficient to support intervention exists where the interest asserted is protectable under some law, and where there is a relationship between the protected interest and the claims at issue.  *City of Los Angeles*, 288 F.3d at 398 (relationship requirement is met
25  where "'resolution of plaintiff's claim actually will affect the applicant'"); *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (determination of interest is a
26  "'practical, threshold inquiry.  No specific legal or equitable interest need be established'"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (intervenor's interest need
27  not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim).  The AOGA's members clearly have a protectable interest in the polar bear 4(d) rule
28  because they are among the few classes of persons to which the 4(d) rule applies.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE          -6-                                08-1339 CW

Seattle-3421856.1 0010627-00013

1  *Los Angeles*, 288 F.3d at 399; *Sagebrush Rebellion*, 713 F.2d at 528 (where relief sought by

2  plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable

3  interests, the party satisfies the "interest" test), *aff'd by Sagebrush Rebellion, Inc. v. Hodel*, 790

4  F.2d 760 (9th Cir. 1986).  Here, the purpose of Plaintiffs' amended claims is to invalidate the 4(d)

5  rule, which exempts from the ESA take prohibition takings of polar bear approved through the

6  rigorous IHA and LOA processes under the MMPA.  Thus, the 4(d) rule pertains directly and

7  uniquely to the lawful activities of AOGA's members.  If CBD is successful in its claims, the

8  complex statutory and regulatory scheme under which AOGA's members now operate would be

9  invalidated with substantial resulting uncertainty and prejudice.  *See* Crocket Decl. ¶¶ 4-5.

10       Fourth, and finally, AOGA's interests are sufficiently different from those of the USFWS,

11  or any other interested party, to warrant intervention.  The burden of demonstrating inadequate

12  representation is minimal; the AOGA need only show that its interests are sufficiently different

13  from the existing parties such that their representation "may be" inadequate.  *Trbovich v. United*

14  *Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Berg*, 268 F.3d at 823; *Nuesse*, 385 F.2d at

15  703.  The Court must consider:

16         (1) whether the interest of a present party is such that it will
           undoubtedly make all the intervenor's arguments; (2) whether the
17         present party is capable and willing to make such arguments; and (3)
           whether the would-be intervenor would offer any necessary elements to
18         the proceedings that other parties would neglect.

19  *City of Los Angeles*, 288 F.3d at 398 (citing *Northwest Forest Resource Council*, 82 F.3d at 838).

20  Here, the interests of AOGA and its members as private parties with a direct economic stake in

21  this controversy, are very different from the interests of USFWS as the federal regulatory and

22  decision agency.  When parties, such as AOGA, have private interests, as opposed to the

23  government's "public" interests, this difference is sufficient to justify intervention.  *Sierra Club v.*

24  *Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th

25  1980); *National Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).[3]

---

26  [3] Similarly, AOGA's interests are entirely distinct from those of Intervenor Conservation
    Force or *amicus* Safari Club International.  These groups represent persons engaged or interested
27  in the import of sport-hunted polar bear "trophies."  *See, e.g.*, Dkt. No. 65 (Order granting
    Conservation Force intervention only for the "limited purpose of resolving the issue of whether
28  provision may be made under the Endangered Species Act for the import of trophies from bears

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND          -7-                    08-1339 CW
MOTION TO INTERVENE

Seattle-3421856.1 0010627-00013

**B.     AOGA Should Be Granted Permissive Intervention on the Merits of Plaintiffs' NEPA and, Alternatively, on All Claims**

While the Ninth Circuit has held that third parties are not entitled to intervention as of right on the merits of NEPA claims, district courts may grant permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. *See Kootenai*, 313 F.3d at 1108. As with intervention as of right, motions for permissive intervention are construed liberally in favor of the moving party. Permissive intervention should be allowed under Rule 24(b) as long as the applicant seeking intervention establishes that: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *See Donnelly v. Glickman*, 159 F.3d 405, 411-12 (9th Cir. 1998). Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action need be shown. *Kootenai*, 313 F.3d at 1108; Wright et al., Federal Practice and Procedure: Civil 2d § 1911.

AOGA meets the requirements of permissive intervention as to CBD's NEPA claims as well as to all other claims in this case. Because AOGA seeks to uphold the polar bear 4(d) rule challenged by CBD, which are in turn supported by the challenged USFWS Environmental Assessment, AOGA's interests present issues of law or fact common to the main action. AOGA's members have a strong interest in ensuring the continued viability of oil and gas exploration, development and production in the Beaufort and Chukchi Seas region consistent with sound science. *See* Crockett Decl. ¶¶ 3, 4-5. Moreover, AOGA and its members have significant knowledge and technical expertise regarding the effects of their activities on the polar bear. Thus, AOGA's intervention would aid the Court in clarifying the issues raised in this lawsuit. Finally, as noted above, AOGA's application for intervention is timely and will not prejudice the existing parties. Therefore, permissive intervention on the merits of CBD's NEPA claim should be granted. *See generally Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993) (granting

---

that were killed and for which an import permit application had already been filed"). This issue has nothing to do with the validity of the current 4(d) rule. *See* 73 Fed. Reg. at 28308 (May 15, 2008) (FWS finding that ESA section 4(d) and the polar bear 4(d) rule do not authorize import of sport-hunted polar bear trophies).

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE                    -8-                    08-1339 CW

Seattle-3421856.1 0010627-00013

1  intervention to third parties and stating: "Our adversary process requires that we hear from both

2  sides before the interests of one side are impaired by a judgment"); *Kleissler*, 157 F.3d at 971

3  (intervention allows entities and individuals affected by NEPA actions to present their positions

4  to the court); *City of Los Angeles*, 288 F.3d at 397-98 (liberal policy in favor of intervention

5  allows interested parties to express their views before the court). Additionally, should the Court

6  deny intervention as of right as requested above, AOGA respectfully requests permissive

7  intervention on all claims. *Id.*

8  **IV. CONCLUSION**

9  For the reasons stated above, the AOGA respectfully requests that the Court grant it leave to

10  intervene as of right pursuant to Fed. R. Civ. P. 24(a) with respect to CBD's challenge to the

11  polar bear 4(d) rule and to any remedy phase regarding CBD's NEPA claims. In addition, AOGA

12  seeks leave to intervene permissively on the merits of CBD's NEPA claims. In the alternative,

13  AOGA requests that it be granted permissive intervention pursuant to Fed. R. Civ. P. 24(b) with

14  respect to all of CBD's claims.

15

16  DATED:  June 6, 2008.                                    STOEL RIVES LLP

17

18                                                    By: /s/ SETH D. HILTON. ESQ.

19                                                         Seth D. Hilton (SB #181899)
                                                          Attorneys for Proposed Intervenor-
20                                                         Defendant
                                                          Alaska Oil and Gas Association

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND          -9-                              08-1339 CW
MOTION TO INTERVENE

Seattle-3421856.1 0010627-00013

1    **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

2    I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years

3    and not a party to this action.  I am employed in the County of Sacramento and my business

4    address is 980 Ninth Street, Suite 1900, Sacramento, California 95814.

5    On June 6, 2008, I electronically served a copy of the foregoing

6    **NOTICE OF MOTION AND MOTION OF THE ALASKA OIL AND GAS
     ASSOCIATION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS OF
7    AUTHORITIES IN SUPPORT THEREOF**

8    on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case

9    File website of the Northern District of California.

10    I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct.

12    Executed June 6, 2008, at Sacramento, California.

13

14    _____
                        Pamela Spring

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

AOGA'S NOTICE OF MOTION AND
MOTION TO INTERVENE                    -10-                    08-1339 CW

Seattle-3421856.1 0010627-00013

# EXHIBIT A

1   SETH D. HILTON (SB #181899)
    ANDREW F. BRIMMER (SB #179146)
2   STOEL RIVES LLP
    980 Ninth Street, Suite 1900
3   Sacramento CA 95814
    Telephone: (916) 447-0700
4   Facsimile: (916) 447-4781

5   Attorney for Proposed Intervenor-Defendant
    Alaska Oil and Gas Association

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11  CENTER FOR BIOLOGICAL DIVERSITY, a        Case No. 08-1339-CW
    non-profit corporation, NATURAL
12  RESOURCES DEFENSE COUNCIL, a non-         **[PROPOSED] ANSWER IN**
    profit corporation, and GREENPEACE, INC., a   **INTERVENTION OF THE ALASKA**
13  nonprofit corporation;                    **OIL AND GAS ASSOCIATION TO**
                                              **PLAINTIFFS' FIRST AMENDED**
14              Plaintiffs,                    **COMPLAINT**

15      v.                                    Date:    July 17, 2008
                                              Time:    2:00 p.m.
16  DIRK KEMPTHORNE, Secretary of the         Dept:    Courtroom 2, 4th Floor
    Interior, and UNITED STATES FISH AND      Judge:   Hon. Claudia Wilken
17  WILDLIFE SERVICE,

18              Defendants.

19

20          Applicant for Intervention, the Alaska Oil and Gas Association ("AOGA") answers

21  plaintiffs' First Amended Complaint as follows:

22                           **I. INTRODUCTION**

23          1.      This paragraph states plaintiffs' characterization of their lawsuit and, therefore,

24  does not require a response.

25          2.      AOGA denies the allegations stated in paragraph 2 of plaintiffs First Amended

26  Complaint.

27          3.      AOGA denies the allegations stated in paragraph 3 of plaintiffs First Amended

28  Complaint.

[PROPOSED] ANSWER OF AOGA              -1-                          08-1339 CW

1      4.      AOGA denies the allegations stated in paragraph 4 of plaintiffs First Amended
2  Complaint.

3      5.      AOGA denies the allegations stated in paragraph 5 of plaintiffs First Amended
4  Complaint.

5      6.      AOGA admits the allegations stated in paragraph 6 of plaintiffs' First Amended
6  Complaint.

7      7.      AOGA admits the allegations stated in paragraph 7 of plaintiffs' First Amended
8  Complaint.

9      8.      AOGA admits the allegations stated in paragraph 8 of the plaintiffs' First
10 Amended Complaint.

11     9.      In response to paragraph 9, AOGA admits that in conjunction with issuance of a
12 final listing rule on the polar bear, the Secretary of Interior issued separate regulations, pursuant
13 to Section 4(d) of the ESA, that were published on May 15, 2008 at 73 Fed. Reg. 28305-38318.
14 AOGA denies the remaining allegations stated in paragraph 9 of plaintiffs' First Amended
15 Complaint.

16     10.     AOGA denies the allegations stated in paragraph 10 of plaintiffs First Amended
17 Complaint.

18     11.     The first sentence of paragraph 11 states plaintiffs' characterization of its
19 intentions in petitioning to have the polar bear species listed under the ESA as a threatened
20 species and, therefore, no response is required.  AOGA denies the remaining allegations stated in
21 paragraph 11 of plaintiffs First Amended Complaint.

22     12.     Paragraph 12 characterizes the relief plaintiffs seek in this litigation and, therefore,
23 no response is required.  Nevertheless, AOGA denies that plaintiffs are entitled to any of the
24 relief they seek.  In addition, footnote 1 to paragraph 12 characterizes additional claims and
25 allegations that are not asserted in the First Amended Complaint, but which plaintiffs allege they
26 intend to assert in the future.  No response to footnote 1 is required; nevertheless, AOGA denies
27 that such additional claims are now ripe, or will have merit if and when plaintiffs may assert them
28 in a valid pleading.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

13.    In response to paragraph 13, AOGA states that the Court's jurisdiction is a matter of law that does not require a response, and further states that the cited federal laws speak for themselves.

14.    AOGA denies the allegations stated in paragraph 14 of plaintiffs First Amended Complaint.

15.    In response to paragraph 15, AOGA states that if venue were proper in the Northern District of California, which AOGA denies, then the allegations stated in paragraph 15 of plaintiffs' First Amended Complaint would be true.

16.    AOGA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies the same.

17.    AOGA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, denies the same.

18.    AOGA denies the allegations contained in paragraph 18 of plaintiffs' First Amended Complaint.

19.    AOGA denies the allegations contained in paragraph 19 of plaintiffs' First Amended Complaint.

20.    In response to paragraph 20, AOGA states that the application of sovereign immunity is a matter of law that does not require a response, and further states that the cited laws speak for themselves.

### III. PARTIES

21.    AOGA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies the same.

22.    AOGA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies the same.

23.    AOGA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies the same.

1    24.    AOGA is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in paragraph 24 and, therefore, denies the same.

3    25.    In response to paragraph 25, AOGA admits that Dirk Kempthorne is the Secretary

4    of the United States Department of Interior.  Other than as expressly admitted, AOGA is without

5    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

6    paragraph 25 and, therefore, denies the same.

7    26.    In response to paragraph 26, AOGA admits that the United States Fish & Wildlife

8    Service is a federal agency within the U.S. Department of Interior with responsibility for

9    administering certain provisions of the Endangered Species Act in certain situations as defined by

10    law.  Other than as expressly admitted, AOGA is without knowledge or information sufficient to

11    form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the

12    same.

13    ## IV.  LEGAL BACKGROUND

14    27.    Paragraph 27 contains plaintiffs' characterization of the law, which does not

15    require a response because the law cited speaks for itself.  To the extent plaintiffs'

16    characterization is inconsistent with the law cited, AOGA denies the same.

17    28.    Paragraph 28 contains plaintiffs' characterization of the law, which does not

18    require a response because the law cited speaks for itself.  To the extent plaintiffs'

19    characterization is inconsistent with the law cited, AOGA denies the same.

20    29.    Paragraph 29 contains plaintiffs' characterization of the law, which does not

21    require a response because the law cited speaks for itself.  To the extent plaintiffs'

22    characterization is inconsistent with the law cited, AOGA denies the same.

23    30.    Paragraph 30 contains plaintiffs' characterization of the law, which does not

24    require a response because the law cited speaks for itself.  To the extent plaintiffs'

25    characterization is inconsistent with the law cited, AOGA denies the same.

26    31.    Paragraph 31 contains plaintiffs' characterization of the law, which does not

27    require a response because the law cited speaks for itself.  To the extent plaintiffs'

28    characterization is inconsistent with the law cited, AOGA denies the same.

1     32.     Paragraph 32 contains plaintiffs' characterization of the law, which does not

2  require a response because the law cited speaks for itself.  To the extent plaintiffs'

3  characterization is inconsistent with the law cited, AOGA denies the same.

4     33.     Paragraph 33 contains plaintiffs' characterization of the law, which does not

5  require a response because the law cited speaks for itself.  To the extent plaintiffs'

6  characterization is inconsistent with the law cited, AOGA denies the same.

7     34.     Paragraph 34 contains plaintiffs' characterization of the law, which does not

8  require a response because the law cited speaks for itself.  To the extent plaintiffs'

9  characterization is inconsistent with the law cited, AOGA denies the same.

10     35.     Paragraph 35 contains plaintiffs' characterization of the law, which does not

11  require a response because the law cited speaks for itself.  To the extent plaintiffs'

12  characterization is inconsistent with the law cited, AOGA denies the same.

13     36.     Paragraph 36 contains plaintiffs' characterization of the law, which does not

14  require a response because the law cited speaks for itself.  To the extent plaintiffs'

15  characterization is inconsistent with the law cited, AOGA denies the same.

16     37.     Paragraph 37 contains plaintiffs' characterization of the law, which does not

17  require a response because the law cited speaks for itself.  To the extent plaintiffs'

18  characterization is inconsistent with the law cited, AOGA denies the same.

19     38.     Paragraph 38 contains plaintiffs' characterization of the law, which does not

20  require a response because the law cited speaks for itself.  To the extent plaintiffs'

21  characterization is inconsistent with the law cited, AOGA denies the same.

22     39.     Paragraph 39 contains plaintiffs' characterization of the law, which does not

23  require a response because the law cited speaks for itself.  To the extent plaintiffs'

24  characterization is inconsistent with the law cited, AOGA denies the same.

25     40.     Paragraph 40 contains plaintiffs' characterization of the law, which does not

26  require a response because the law cited speaks for itself.  To the extent plaintiffs'

27  characterization is inconsistent with the law cited, AOGA denies the same.

28

1    41.    Paragraph 41 contains plaintiffs' characterization of the law, which does not

2    require a response because the law cited speaks for itself.  To the extent plaintiffs'

3    characterization is inconsistent with the law cited, AOGA denies the same.

4    42.    Paragraph 42 contains plaintiffs' characterization of the law, which does not

5    require a response because the law cited speaks for itself.  To the extent plaintiffs'

6    characterization is inconsistent with the law cited, AOGA denies the same.

7    43.    Paragraph 43 contains plaintiffs' characterization of the law, which does not

8    require a response because the law cited speaks for itself.  To the extent plaintiffs'

9    characterization is inconsistent with the law cited, AOGA denies the same.

10    44.    Paragraph 44 contains plaintiffs' characterization of the law, which does not

11    require a response because the law cited speaks for itself.  To the extent plaintiffs'

12    characterization is inconsistent with the law cited, AOGA denies the same.

13    45.    Paragraph 45 contains plaintiffs' characterization of the law, which does not

14    require a response because the law cited speaks for itself.  To the extent plaintiffs'

15    characterization is inconsistent with the law cited, AOGA denies the same.

16    46.    Paragraph 46 contains plaintiffs' characterization of the law, which does not

17    require a response because the law cited speaks for itself.  To the extent plaintiffs'

18    characterization is inconsistent with the law cited, AOGA denies the same.

19    47.    Paragraph 47 contains plaintiffs' characterization of the law, which does not

20    require a response because the law cited speaks for itself.  To the extent plaintiffs'

21    characterization is inconsistent with the law cited, AOGA denies the same.

22    48.    Paragraph 48 contains plaintiffs' characterization of the law, which does not

23    require a response because the law cited speaks for itself.  To the extent plaintiffs'

24    characterization is inconsistent with the law cited, AOGA denies the same.

25    49.    Paragraph 49 contains plaintiffs' characterization of the law, which does not

26    require a response because the law cited speaks for itself.  To the extent plaintiffs'

27    characterization is inconsistent with the law cited, AOGA denies the same.

28

1       50.     Paragraph 50 contains plaintiffs' characterization of the law, which does not

2  require a response because the law cited speaks for itself. To the extent plaintiffs'

3  characterization is inconsistent with the law cited, AOGA denies the same.

4       51.     Paragraph 51 contains plaintiffs' characterization of the law, which does not

5  require a response because the law cited speaks for itself. To the extent plaintiffs'

6  characterization is inconsistent with the law cited, AOGA denies the same.

7       52.     Paragraph 52 contains plaintiffs' characterization of the law, which does not

8  require a response because the law cited speaks for itself. To the extent plaintiffs'

9  characterization is inconsistent with the law cited, AOGA denies the same.

10       53.     Paragraph 53 contains plaintiffs' characterization of the law, which does not

11  require a response because the law cited speaks for itself. To the extent plaintiffs'

12  characterization is inconsistent with the law cited, AOGA denies the same.

13       54.     Paragraph 54 contains plaintiffs' characterization of the law, which does not

14  require a response because the law cited speaks for itself. To the extent plaintiffs'

15  characterization is inconsistent with the law cited, AOGA denies the same.

16       55.     Paragraph 55 contains plaintiffs' characterization of the law, which does not

17  require a response because the law cited speaks for itself. To the extent plaintiffs'

18  characterization is inconsistent with the law cited, AOGA denies the same.

19                    **V. FACTUAL BACKGROUND**

20       56.     AOGA admits the allegations stated in paragraph 56 of plaintiffs' first Amended

21  Complaint.

22       57.     In response to paragraph 57, AOGA admits that polar bears are marine mammals.

23  Other than expressly admitted, AOGA is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations contained in paragraph 57 and, therefore, denies the same.

25       58.     AOGA is without knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in paragraph 58 and, therefore, denies the same.

27       59.     AOGA is without knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in paragraph 59 and, therefore, denies the same.

1    60.    AOGA is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in paragraph 60 and, therefore, denies the same.

3    61.    AOGA is without knowledge or information sufficient to form a belief as to the

4    truth of the allegations contained in paragraph 61 and, therefore, denies the same.

5    62.    AOGA is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations contained in paragraph 62 and, therefore, denies the same.

7    63.    AOGA is without knowledge or information sufficient to form a belief as to the

8    truth of the allegations contained in paragraph 63 and, therefore, denies the same.

9    64.    AOGA is without knowledge or information sufficient to form a belief as to the

10    truth of the allegations contained in paragraph 21 and, therefore, denies the same.

11    65.    AOGA denies the allegations stated in the first sentence of paragraph 65 of

12    plaintiffs' First Amended Complaint.  The remaining allegations stated in paragraph 65 contain

13    plaintiffs' characterization of a USGS report, which is a document the content of which speaks

14    for itself.  AOGA denies that the allegations contained in paragraph 65 fully, fairly or accurately

15    summarize or characterize the referenced USGS report.

16    66.    AOGA is without knowledge or information sufficient to form a belief as to the

17    truth of the allegations contained in paragraph 66 and, therefore, denies the same.

18    67.    AOGA denies the allegations contained in paragraph 67 of plaintiffs' First

19    Amended Complaint.

20    68.    AOGA is without knowledge or information sufficient to form a belief as to the

21    truth of the allegations contained in the first sentence of paragraph 68 and, therefore, denies the

22    same.  The second sentence of paragraph 68 contains plaintiffs' characterization of its polar bear

23    listing petition, which is a document the content of which speaks for itself.  AOGA denies that

24    plaintiffs' allegations contained in paragraph 68 fully, fairly or accurately summarize or

25    characterize the listing petition.

26    69.    Paragraph 69 contains plaintiffs' characterization of the law, which does not

27    require a response because the law cited speaks for itself.  To the extent plaintiffs'

28    characterization is inconsistent with the law cited, AOGA denies the same.

1    70.    AOGA is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in paragraph 70 and, therefore, denies the same.

3    71.    AOGA admits the allegations contained in paragraph 71 of plaintiffs' First

4    Amended Complaint.

5    72.    AOGA is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations contained in paragraph 72 and, therefore, denies the same.

7    73.    AOGA admits the allegations contained in paragraph 73 of plaintiffs' First

8    Amended Complaint.

9    74.    AOGA admits the allegations contained in paragraph 74 of plaintiffs' First

10   Amended Complaint.

11   75.    AOGA admits the allegations contained in paragraph 75 of plaintiffs' First

12   Amended Complaint.

13   76.    In response to paragraph 76, AOGA admits that the Secretary of Interior issued an

14   interim final regulation under Section 4(d) of the ESA, and published the rule at 73 Fed. Reg.

15   28306-28318. Other than as expressly admitted, paragraph 76 contains plaintiffs'

16   characterization of the polar bear interim final 4(d) rule, which is a document the content of

17   which speaks for itself, and federal regulations, the content of which also speak for themselves.

18   AOGA denies that plaintiffs' allegations contained in paragraph 76 fully, fairly or accurately

19   summarize or characterize the interim final 4(d) rule or federal regulations.

20   77.    Paragraph 77 contains plaintiffs' characterizations of the polar bear interim final

21   4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

22   plaintiffs' allegations contained in paragraph 77 fully, fairly or accurately summarize or

23   characterize the interim final 4(d) rule.

24   78.    Paragraph 78 contains plaintiffs' characterization of the law, which does not

25   require a response because the law cited speaks for itself. To the extent plaintiffs'

26   characterization is inconsistent with the law cited, AOGA denies the same.

27   79.    AOGA denies the allegations contained in paragraph 79 of plaintiffs First

28   Amended Complaint.

1    80.    Paragraph 80 contains plaintiffs' characterizations of the polar bear interim final

2    4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

3    plaintiffs' allegations contained in paragraph 80 fully, fairly or accurately summarize or

4    characterize the interim final 4(d) rule.

5    81.    Paragraph 81 contains plaintiffs' characterizations of the polar bear interim final

6    4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

7    plaintiffs' allegations contained in paragraph 81 fully, fairly or accurately summarize or

8    characterize the interim final 4(d) rule.

9    82.    Paragraph 82 contains plaintiffs' characterizations of the polar bear interim final

10    4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

11    plaintiffs' allegations contained in paragraph 82 fully, fairly or accurately summarize or

12    characterize the interim final 4(d) rule.

13    83.    Paragraph 83 contains plaintiffs' characterizations of the polar bear interim final

14    4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

15    plaintiffs' allegations contained in paragraph 83 fully, fairly or accurately summarize or

16    characterize the interim final 4(d) rule.

17    84.    Paragraph 84 contains plaintiffs' characterizations of the polar bear interim final

18    4(d) rule, which is a document the content of which speaks for itself. AOGA denies that

19    plaintiffs' allegations contained in paragraph 84 fully, fairly or accurately summarize or

20    characterize the interim final 4(d) rule.

21    85.    AOGA denies the allegations contained in paragraph 85 of plaintiffs' First

22    Amended Complaint.

23    86.    AOGA denies the allegations contained in paragraph 86 of plaintiffs' First

24    Amended Complaint.

## VI.  CLAIMS FOR RELIEF

### First Claim

27    87.    AOGA realleges and incorporates by reference paragraphs 1 through 86 of this

28    Answer.

1       88.    In response to the allegations contained in paragraph 88, AOGA alleges, as do

2    Plaintiffs in their First Amended Complaint, that a final listing determination for the polar bear

3    was made by the Secretary of Interior on or about May 15, 2008.  Accordingly, AOGA denies the

4    allegations contained in paragraph 88 of the First Amended Complaint.

5                       **Second Claim**

6       89.    AOGA realleges and incorporates by reference paragraphs 1 through 88 of this

7    Answer.

8       90.    Paragraph 90 contains plaintiffs' characterization of the law, which does not

9    require a response because the law cited speaks for itself.  To the extent plaintiffs'

10    characterization is inconsistent with the law cited, AOGA denies the same.

11       91.    AOGA denies the allegations contained in paragraph 91 of plaintiffs' First

12    Amended Complaint.

13       92.    AOGA denies the allegations contained in paragraph 92 of plaintiffs' First

14    Amended Complaint.

15                       **Third Claim**

16       93.    AOGA realleges and incorporates by reference paragraphs 1 through 92 of this

17    Answer.

18       94.    AOGA denies the allegations contained in paragraph 94 of plaintiffs' First

19    Amended Complaint.

20       95.    AOGA denies the allegations contained in paragraph 95 of plaintiffs' First

21    Amended Complaint.

22       96.    AOGA denies the allegations contained in paragraph 96 of plaintiffs' First

23    Amended Complaint.

24       97.    AOGA denies the allegations contained in paragraph 97 of plaintiffs' First

25    Amended Complaint.

26

27

28

# VII.  PRAYER FOR RELIEF

98.    Paragraphs 1 through 6 of the Prayer for Relief characterize plaintiffs' requests for relief should it prevail on its claims.  To the extent a response is required, AOGA denies that plaintiffs are legally or equitably entitled to any of the relief they seek.

# VIII.  AFFIRMATIVE DEFENSES

AOGA further answers the First Amended Complaint by asserting the following defenses:

1.    Plaintiffs have failed to state a claim for which relief may be granted.

2.    Plaintiffs lack standing to bring their claims.

3.    Venue is improper and/or inconvenient.

4.    Plaintiffs' First Claim is moot.

5.    Some or all of Plaintiffs' claims are barred by the doctrines of ripeness, primary jurisdiction and exhaustion of administrative remedies.

6.    AOGA reserves the right to amend and/or supplement these affirmative defenses as appropriate.

# IX.  PRAYER FOR RELIEF

WHEREFORE, applicant for intervention AOGA, having fully answered the allegations contained in the First Amended Complaint, requests judgment granting the following relief:

1.    Judgment dismissing the First Amended Complaint with prejudice;

2.    Judgment awarding such other and further relief as the Court deems just and proper under the circumstances.

DATED:  June 6, 2008.

STOEL RIVES LLP

By: /s/ SETH D. HILTON, ESQ.
Seth D. Hilton (SB #181899)
Attorneys for Intervenor-Defendant
Alaska Oil and Gas Association

1           **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

2           I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years

3 and not a party to this action.  I am employed in the County of Sacramento and my business

4 address is 980 Ninth Street, Suite 1900, Sacramento, California 95814.

5           On June 6, 2008, I electronically served a copy of the foregoing

6           **NOTICE OF MOTION AND MOTION OF THE ALASKA OIL AND GAS
ASSOCIATION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS OF**

7           **AUTHORITIES IN SUPPORT THEREOF**

8 on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case

9 File website of the Northern District of California.

10           I declare under penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct.

12           Executed June 6, 2008, at Sacramento, California.

13

14                                   Pamela Spring

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM OF POINTS AND
AUTHORITIES           -10-          08-1339 CW