RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief
KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Case No. C-08-1339 (CW) |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| vs. | |
| DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

Defendants Dirk Kempthorne, Secretary of the United States Department of the Interior,

and the United States Fish and Wildlife Service ("Service"), by and through their undersigned

counsel, hereby answer and assert defenses to the claims and allegations made by Plaintiffs

Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace, Inc.

(collectively "Plaintiffs") in their First Amended Complaint For Declaratory Judgment and

Injunctive Relief:

**INTRODUCTION**

1.      The allegations in paragraph 1 contain characterizations of Plaintiffs' case and conclusions of law to which no response is required.

2.      In response to the allegations in the first sentence of paragraph 2, Defendants admit that polar bears live in areas of the Arctic where there is sea ice for a portion of the year and that they depend on sea-ice habitat for their survival, but otherwise deny the allegations. In response to the allegations in the second sentence of paragraph 2, Defendants admit that the sea ice on which polar bears rely is declining and that polar bears are likely to become an endangered species within the foreseeable future, but otherwise deny the allegations.  The allegations in the third sentence of paragraph 2 assume facts not pled and are vague.  Thus, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 2 and on that basis deny the allegations.

3.      In response to the allegations in the first sentence of paragraph 3, Defendants admit that sea ice is rapidly diminishing throughout the Arctic, but otherwise deny the allegations. Defendants admit the allegations in the second sentence of paragraph 3.  In response to the third sentence of paragraph 3, Defendants admit that there was less ice in the Arctic in 2007 than more than half of the models projected for mid-century, but deny the remaining allegations. Defendants admit the allegations in the fourth sentence of paragraph 3.

4.      In response to the allegations in the first sentence of paragraph 4, Defendants admit that some polar bear populations are declining and that ongoing and projected loss of crucial sea ice habitat threatens the species throughout all of its range, but otherwise deny the allegations.  In response to the allegations in the second sentence of paragraph 4, Defendants admit that drowned, starved, or cannibalized polar bears have been reported, but otherwise deny the

allegations.  The allegations in the third and fourth sentences of paragraph 4 purport to

characterize U.S. Geological Survey ("USGS") reports on polar bear research that were provided

to the Service in September 2007, documents that speak for themselves and are the best evidence

of their contents.  Any allegations that are inconsistent with the plain language and meaning of

the 2007 USGS reports are denied.

5.    Defendants deny the allegations in paragraph 5.

6.    In response to the allegations in paragraph 6, Defendants admit that Plaintiffs filed a

complaint in this Court on March 10, 2008, Dkt. No. 1.  To the extent the allegations in

paragraph 6 purport to characterize Plaintiffs' Complaint, that document speaks for itself and is

the best evidence of its contents.  Any allegations inconsistent with the plain language and

meaning of the Complaint are denied.

7.    In response to the allegations in paragraph 7, Defendants admit that the Court issued an

order dated April 28, 2008, Dkt. No. 35.  The remaining allegations in paragraph 7 purport to

characterize the April 28, 2008 Order, which speaks for itself and is the best evidence of its

contents.  Any allegations inconsistent with the plain language and meaning of the April 28,

2008 Order are denied.

8.    Defendants admit the allegations in paragraph 8.

9.    The allegations in paragraph 9 purport to characterize the Service's special rule for the

polar bear, 73 Fed. Reg. 28306 (May 15, 2008) ("special rule"), which speaks for itself and is the

best evidence of its contents.  Any allegations inconsistent with the plain language and meaning

of the special rule are denied.

10.    The allegations in paragraph 10 consist of conclusions of law to which no response is

required.

11.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11, and on that basis deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 11.

12.    The allegations in the first and second sentences of paragraph 12 consist of characterizations of Plaintiffs' case to which no response is required.  The allegations in the first, second, third, and fourth sentences of the footnote to paragraph 12 consist of conclusions of law to which no response is required.  Defendants admit the allegations in the fifth sentence of the footnote to paragraph 12.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the sixth sentence of the footnote to paragraph 12, and on that basis deny the allegations.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

13.    The allegations in paragraph 13 consist of conclusions of law to which no response is required.

14.    The allegations in paragraph 14 consist of conclusions of law to which no response is required.

15.    The allegations in paragraph 15 consist of conclusions of law to which no response is required.

16.    In response to the allegations in the first sentence of paragraph 16, Defendants admit that written notice was received from Plaintiffs on January 9, 2008, setting forth the alleged violations later set forth in their Complaint of March 10, 2008.  The remaining allegations in the first sentence of paragraph 16 consist of conclusions of law to which no response is required.  In response to the allegations in the second sentence of paragraph 16, Defendants admit that written

notice was received from Plaintiffs on May 15, 2008, setting forth alleged violations of the Endangered Species Act ("ESA"). The remaining allegations in the second sentence of paragraph 16 consist of conclusions of law to which no response is required.

17.     The allegations in paragraph 17 consist of conclusions of law to which no response is required.

18.     The allegations in the first sentence of paragraph 18 consist of conclusions of law to which no response is required. Defendants deny the allegations in the second and third sentences of paragraph 18.

19.     The allegations in the first and second sentences of paragraph 19 consist of conclusions of law to which no response is required. Defendants deny the allegations in the third, fourth, fifth, sixth, and seventh sentences of paragraph 19.

20.     The allegations in paragraph 20 consist of conclusions of law to which no response is required.

## PARTIES

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis deny the allegations.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis deny the allegations.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis deny the allegations.

24.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis deny the allegations.

25.     Defendants admit the allegations in paragraph 25.

26.     In response to the allegations in the first sentence of paragraph 26, Defendants admit that the Service is a federal agency within the U.S. Department of the Interior and is charged with administering certain federal laws, including the ESA, with respect to certain species, but otherwise deny the allegations.  In response to the allegations in the second sentence of paragraph 26, Defendants admit that the Director of the Service has been delegated general authority to administer the ESA, including making listing determinations and processing petitions, but otherwise deny the allegations.

**LEGAL BACKGROUND**

27.     The allegations in the first sentence of paragraph 27 purport to characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.  The allegations in the second, third, and fourth sentences of paragraph 27 purport to characterize a U.S. Supreme Court opinion, a document that speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the U.S. Supreme Court opinion are denied.

28.     The allegations in paragraph 28 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.

29.     The allegations in the first sentence of paragraph 29 purport to characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.  The allegations in the

second and third sentences of paragraph 29 consist of conclusions of law to which no response is required.

30.     The allegations in the first sentence of paragraph 30 consist of conclusions of law to which no response is required.  The allegations in the second and third sentences of paragraph 30 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.

31.     The allegations in paragraph 31 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

32.     The allegations in paragraph 32 consist of conclusions of law to which no response is required.

33.     The allegations in paragraph 33 consist of conclusions of law to which no response is required.

34.     The allegations in paragraph 34 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

35.     The allegations in paragraph 35 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Any allegations inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

36.    The allegations in the first and second sentences of paragraph 36 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the ESA or of the regulations are denied. In response to the allegations in the third sentence of paragraph 36, Defendants admit that the finding made upon completion of the status review and due within 12 months of receiving the petition is commonly known as the 12-month finding, but otherwise deny the allegations. The allegations in the fourth and fifth sentences of paragraph 36 consist of conclusions of law to which no response is required.

37.    The allegations in paragraph 37 purport to characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the ESA are denied.

38.    The allegations in paragraph 38 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the ESA are denied.

39.    The allegations in the first sentence of paragraph 39 consist of conclusions of law to which no response is required. The allegations in the second sentence of paragraph 39 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the ESA are denied.

40.     The allegations in the first, second, and sixth sentences of paragraph 40 consist of conclusions of law to which no response is required.  The allegations in the third, fourth, and fifth sentences of paragraph 40 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA or of the regulations are denied.

41.     The allegations in the first sentence of paragraph 41 purport to characterize certain provisions of the Service's ESA implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.  The allegations in the second, third, and fourth sentences of paragraph 41 consist of conclusions of law to which no response is required.

42.     The allegations in the first sentence of paragraph 42 consist of conclusions of law to which no response is required.  The allegations in the second sentence of paragraph 42 purport to characterize certain provisions of the Administrative Procedure Act ("APA"), which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the APA are denied.

43.     The allegations in paragraph 43 purport to characterize a provision of the APA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the APA are denied.

44.     The allegations in paragraph 44 purport to characterize a provision of the APA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the APA are denied.

45.     The allegations in paragraph 45 purport to characterize a provision of the APA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the APA are denied.

46.     The allegations in paragraph 46 purport to characterize a provision of the APA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the APA are denied.

47.     The allegations in paragraph 47 purport to characterize certain provisions of the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of NEPA or of the regulations are denied.

48.     The allegations in paragraph 48 purport to characterize a provision of the NEPA implementing regulations, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.

49.     The allegations in paragraph 49 purport to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of NEPA or of the regulations are denied.

50.     The allegations in the first sentence of paragraph 50 purport to characterize a provision of the NEPA implementing regulations, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.  The allegations in the second sentence of paragraph 50 consist of conclusions of law to which no response is required.

51.    The allegations in paragraph 51 purport to characterize a provision of NEPA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of NEPA are denied.

52.    The allegations in paragraph 52 purport to characterize certain provisions of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.

53.    The allegations in paragraph 53 purport to characterize certain provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of NEPA or of the regulations are denied.

54.    The allegations in paragraph 54 purport to characterize certain provisions of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.

55.    The allegations in paragraph 55 purport to characterize certain provisions of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the regulations are denied.

## FACTUAL BACKGROUND

56.    Defendants admit the allegations in paragraph 56.

57.     In response to the allegations in the first sentence of paragraph 57, Defendants admit that polar bears are considered marine mammals and that they depend on sea-ice habitat for their survival, but otherwise deny the allegations.  Defendants admit the allegations in the second, third, and fourth sentences of paragraph 57.

58.     The allegations in the first sentence of paragraph 58 assume facts not pled and are vague.  Thus, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 58, and on that basis deny the allegations.  Defendants admit the allegations in the second, third, and fourth sentences of paragraph 58.  In response to the allegations in the fifth sentence of paragraph 58, Defendants admit that some glaciers, sea ice, and land-based ice sheets have declined and that Arctic temperatures have been increasing at almost twice the rate of the rest of the world in the past 100 years, but otherwise deny the allegations.

59.     Defendants admit the allegations in the first sentence of paragraph 59.  The allegations in the second and third sentences of paragraph 59 assume facts not pled and are vague.  Thus, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 59, and on that basis deny the allegations.

60.     In response to the allegations in the first sentence of paragraph 60, Defendants admit that sea ice is rapidly diminishing throughout the Arctic and the best available evidence is that Arctic sea ice will continue to be affected by climate change, but otherwise deny the allegations.  Defendants admit the allegations in the second sentence of paragraph 60.  In response to the third sentence of paragraph 60, Defendants admit that there was less ice in the Arctic in 2007 than

more than half of the models projected for mid-century, but deny the remaining allegations.  In response to the allegations in the fourth sentence of paragraph 60, Defendants admit that some scientists believe that summer sea ice could disappear entirely by 2013, but otherwise deny the allegations.

61.    In response to the allegations in the first sentence of paragraph 61, Defendants admit that the polar bear is likely to become an endangered species within the foreseeable future throughout all of its range due to on-going and projected loss of its crucial sea-ice habitat, but otherwise deny the allegations.  Defendants admit the allegations in the second, third, and fourth sentences of paragraph 61.  The allegations in the fifth and sixth sentences of paragraph 61, the two sentences in subparagraph 61(a), the four sentences in subparagraph 61(b), the sentence in subparagraph 61(c), the sentence in subparagraph 61(d), the two sentences in subparagraph 61(e), and the three sentences in subparagraph 61(f) purport to characterize the conclusions of an unidentified study by Dr. Ian Stirling, Dr. Andrew Derocher, and their colleagues.  That study speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the study are denied.

62.    The allegations in the first sentence of paragraph 62 are vague, and thus Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis deny the allegations. Defendants admit the allegations in the second sentence of paragraph 62.  The allegations in the third sentence of paragraph 62 purport to characterize an unidentified document containing the conclusions of researchers.  That document speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the document are denied.  The allegations in the fourth sentence of

1
2
3
4
paragraph 62 assume facts not pled.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 62, and on that basis deny the allegations.

5
6
7
63.    In response to the allegations in the first sentence of paragraph 63, Defendants admit that the Southern Beaufort Sea population of polar bears is declining, but otherwise deny the allegations.  Defendants admit the allegations in the second and third sentences of paragraph 63.

8
9
10
11
12
64.    In response to the allegations in the first sentence of paragraph 64, Defendants admit that there have been observations of starved polar bears and instances of polar bear cannibalism, apparently motivated by food stress, but otherwise deny the allegations.  Defendants admit the allegations in the second, third, and fourth sentences of paragraph 64.

13
14
15
16
17
18
19
20
21
65.    In response to the allegations in the first sentence of paragraph 65, Defendants admit that the Service has issued a final rule listing the polar bear as a threatened species throughout all of its range under the ESA, but otherwise deny the allegations.  Defendants admit the allegations in the second and fifth sentences of paragraph 65.  The allegations in the third, fourth, and sixth sentences of paragraph 65 purport to characterize a USGS report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the USGS report are denied.

22
23
24
25
26
27
66.    The allegations in the first sentence of paragraph 66 purport to characterize USGS reports on polar bear research that were provided to the Service in September 2007, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the 2007 USGS reports are denied.  The allegations in the second sentence of paragraph 66 assume facts not pled and are vague.  Thus, Defendants are without

28

Def. Answer to Pl. First Am. Compl. for Decl.
and Inj. Relief., Case No. 08-1339 (CW)              14

information or knowledge sufficient to form a belief as to the truth of the allegations in the

second sentence of paragraph 66, and on that basis deny the allegations. Defendants deny the

allegations in the third sentence of paragraph 66, and aver that global climate change models are

not expected to project climate conditions on a year-to-year basis and that there was less ice in

the Arctic in 2007 than more than half of the models projected for mid-century.

67.     Defendants deny the allegations in the first and second sentences of paragraph 67. In

response to the allegations in the third sentence of paragraph 67, Defendants admit that

overharvest is occurring for some populations and that illegal take has an impact on some

populations in Russia, but otherwise deny the allegations. Defendants admit the allegations in

the fourth sentence of paragraph 67. Defendants deny the allegations in the fifth sentence of

paragraph 67.

68.     Defendants admit the allegations in the first sentence of paragraph 68. The allegations in

the second sentence of paragraph 68 purport to characterize the Plaintiffs' petition to list the

polar bear as a threatened species under the ESA, which speaks for itself and is the best evidence

of its contents. Any allegations inconsistent with the plain language and meaning of the

Plaintiffs' petition are denied.

69.     The allegations in paragraph 69 consist of conclusions of law to which no response is

required.

70.     In response to the allegations in the first sentence of paragraph 70, Defendants admit that

the Service's 90-day finding on Plaintiffs' petition to list the polar bear as a threatened species

was published in the Federal Register on February 9, 2006. The remaining allegations in the

first sentence of paragraph 70 consist of conclusions of law to which no response is required.

With respect to the allegations in the second sentence of paragraph 70, Defendants admit that Plaintiffs filed a previous action in this District on December 15, 2005 and that, as of the date the action was filed, the Service had not issued a 90-day finding.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 70, and on that basis deny the allegations.

71.    The allegations in paragraph 71 purport to characterize the Service's 90-day finding on Plaintiffs' petition to list the polar bear as a threatened species under the ESA, a Federal Register document that speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the plain language and meaning of the 90-day finding are denied.

72.    The allegations in the first sentence of paragraph 72 consist of conclusions of law to which no response is required.  In response to the allegations in the second sentence of paragraph 72, Defendants admit that under a Stipulated Settlement Agreement approved on July 5, 2006, Defendants agreed to complete a 12-month finding on Plaintiffs' petition to list the polar bear and to submit this finding to the Office of the Federal Register by December 27, 2006, but otherwise deny the allegations.

73.    Defendants admit the allegations in the first and second sentences of paragraph 73.  The allegations in the third sentence of paragraph 73 consist of conclusions of law to which no response is required.  Defendants admit the allegations in the fourth sentence of paragraph 73.  The allegations in the fifth sentence of paragraph 73 consist of characterizations of Plaintiffs' case to which no response is required.

74.     The allegations in paragraph 74 purport to characterize an the Court's April 28. 2008 Order, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the Court's order is denied.

75.     The allegations in paragraph 75 purport to characterize the Service's final rule listing the polar bear as a threatened species throughout all of its range under the ESA, 73 Fed. Reg. 28212, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the final rule are denied.

76.     To the extent the allegations in paragraph 76 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, the special rule speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied. Defendants deny the remaining allegations in paragraph 76.

77.     The allegations in paragraph 77 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

78.     The allegations in paragraph 78 purport to characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the ESA are denied.

79.     Defendants deny the allegations in paragraph 79.

80.     The allegations in paragraph 80 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

81.     The allegations in paragraph 81 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

82.    The allegations in paragraph 82 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

83.    The allegations in paragraph 83 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

84.    The allegations in paragraph 84 purport to characterize the Service's special rule for the polar bear, 73 Fed. Reg. 28306, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language and meaning of the special rule are denied.

85.    The allegations in paragraph 85 consist of conclusions of law to which no response is required.

86.    The allegations in paragraph 86 consist of characterizations of Plaintiffs' case and conclusions of law to which no response is required.

**CLAIMS FOR RELIEF**

87.    All responses to allegations in the above paragraphs are incorporated herein by reference.

88.    The allegations in paragraph 88 consist of conclusions of law to which no response is required.

89.    All responses to allegations in the above paragraphs are incorporated herein by reference.

90.    The allegations in paragraph 90 consist of conclusions of law to which no response is required.

91.    The allegations in paragraph 91 consist of conclusions of law to which no response is required.

92.    The allegations in paragraph 92 consist of conclusions of law to which no response is

required.

93.    All responses to allegations in the above paragraphs are incorporated herein by reference.

94.    The allegations in paragraph 94 consist of conclusions of law to which no response is required.

95.    The allegations in paragraph 95 consist of conclusions of law to which no response is required

96.    The allegations in paragraph 96 consist of conclusions of law to which no response is required

97.    The allegations in paragraph 97 consist of conclusions of law to which no response is required

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' First Amended Complaint for Declaratory Judgment and Injunctive Relief consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendants deny that Plaintiffs are entitled to the relief requested in their First Amended Complaint for Declaratory Judgment and Injunctive Relief or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation of the First Amended Complaint for Declaratory Judgment and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' First Amended Complaint for Declaratory Judgment and Injunctive Relief remain unanswered, Defendants deny such allegations.

1

2

3          WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to

4    any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be

5    entered for the Defendants, and that the Court order such other and further relief as the Court

6    may allow.

7    Respectfully submitted this 10th day of June, 2008.

8

9                                              RONALD J. TENPAS
                                               Assistant Attorney General
10                                             United States Department of Justice
                                               Environment & Natural Resources Division
11                                             JEAN E. WILLIAMS, Chief
                                               LISA LYNNE RUSSELL, Assistant Chief
12

13                                             /s/ Kristen Byrnes Floom
                                               KRISTEN BYRNES FLOOM, Trial Attorney
14                                             DC Bar No. 469615
                                               United States Department of Justice
15                                             Environment & Natural Resources Division
                                               Wildlife and Marine Resources Section
16                                             Benjamin Franklin Station, P.O. Box 7369
17                                             Washington, DC 20044-7369
                                               Telephone: (202) 305-0340
18                                             Facsimile: (202) 305-0275
                                               Kristen.Floom@usdoj.gov
19

20                                             Attorneys for Defendants

21

22

23

24

25

26

27

28

Def. Answer to Pl. First Am. Compl. for Decl.
and Inj. Relief., Case No. 08-1339 (CW)          20

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Answer to Plaintiffs' First Amended Complaint For Declaratory Judgment and Injunctive Relief was submitted to the Court electronically on this 10th day of June, 2008 for filing and service on the following parties:

Kassia Siegel
ksiegel@biologicaldiversity.org

Brendan Cummings
bcummings@biologicaldiversity.org

Miyoko Sakashita
miyoko@biologicaldiversity.org

Attorneys for Plaintiffs

I further certify that, on this 10th day of June, 2008, a copy of Defendants' Answer to Plaintiffs' First Amended Complaint For Declaratory Judgment and Injunctive Relief was sent via first-class mail, postage prepaid, to:

Andrew E. Wetzler
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085

Attorney for Plaintiffs

/s/ Kristen Byrnes Floom
Kristen Byrnes Floom