IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

    Plaintiffs,

v.

DIRK KEMPTHORNE, et al,

    Defendants..

No. C-08-1339-CW

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil L.R. 16-9, Plaintiffs and Defendants in the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. <u>Jurisdiction and Service</u>

The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

All parties have been served.

2. <u>Facts</u>

On March 10, 2008, Plaintiffs Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace, Inc. filed a Complaint against Defendants Dirk Kempthorne, United States Secretary of the Interior and the United States Fish And Wildlife Service (collectively "the Secretary") to compel the Secretary to comply with the non-discretionary listing provisions of the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"), with regard to the listing of the polar bear. On April

1  28, 2008 this Court issued an order granting Plaintiffs' Motion for Summary Judgment. (Docket # 35).
2  The Court ordered Defendants to publish a final listing determination for the polar bear by May 15,
3  2008, and to make any final regulation effective upon publication pursuant to 5 U.S.C. § 553(d)(3).
4  　　　　On May 15, 2008 the Secretary published a final listing determination for the polar bear.
5  Endangered and Threatened Wildlife and Plants, Determination of Threatened Status for the Polar Bear
6  (Ursus maritimus) Throughout its Range ("Final Listing Rule"). 73 Fed. Reg. 28212.   Concurrently
7  with publishing the Final Listing Rule, the Secretary also published an interim final rule pursuant to
8  section 4(d) of the ESA, 16 U.S.C. § 1533(d).  73 Fed. Reg. 28306-28318 (Endangered and Threatened
9  Wildlife and Plants, Special Rule for the Polar Bear) (May 15, 2008) ("4(d) Rule").
10  　　　　On May 16, 2008, Plaintiffs filed a First Amended Complaint challenging the 4(d) Rule, alleging
11  that the Secretary violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., by
12  promulgating the 4(d) Rule without providing for public notice and comment, and the National
13  Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., by failing to comply with NEPA's
14  environmental review provisions.
15  　　　　Plaintiffs also filed with the Secretary on May 15, 2008 a notice of intent to sue pursuant to the
16  citizen suit provisions of the ESA, 16 U.S.C. § 1540(g).  Plaintiffs' notice letter alleges that the
17  Secretary violated the ESA by (1) failing to use the best available science in determining that polar bears
18  were "threatened" rather than "endangered" in all or parts of their range; (2) failing to designate critical
19  habitat for the polar bear concurrently with the Final Listing Rule, 16 U.S.C. § 1533(a)(3)(A)(i); and
20  (3) issuing the 4(d) Rule in contravention of the requirements of the ESA, 16 U.S.C. § 1533(d).
21  Plaintiffs will seek to amend their Complaint to include these claims following the running of the 60-day
22  notice period.
23  　　　　Defendants contend that the 4(d) Rule was lawfully promulgated in accordance with the APA,
24  and that NEPA is not applicable to actions taken under section 4 of the ESA.  Defendants also refute
25  all of the claims in Plaintiffs' 60-day notice letter.
26  　　　　No factual issues are in dispute.
27  3.　　Legal Issues
28  　　　　The parties dispute whether Defendants complied with 5 U.S.C. § 553 in promulgating the 4(d)

1 Rule. The parties also dispute whether compliance with the environmental review procedures of NEPA, 42 U.S.C. § 4321 et seq., was required when promulgating the 4(d) Rule. The parties also dispute whether Defendants violated the ESA in (1) determining that polar bears were only "threatened" rather than "endangered" in all or parts of their range; (2) finding that designation of critical habitat was "not determinable" at the time of the Final Listing Rule; and (3) issuing the 4(d) Rule.

4.  Motions

On May 13, 2008, the Court issued an amended order granting in part motions to intervene and to file amicus briefs by Conservation Force and Safari Club, et al., respectively. (Docket # 69). The Court required additional briefing from the parties regarding the implications of the listing of the polar bear under the ESA on the ability of individuals to import sport-hunted polar bear trophies from Canada. Briefing on this issue is complete.

On May 20, 2008 Defendants filed a Motion to Strike Plaintiffs' First Amended Complaint. (Docket # 77). Plaintiffs filed an opposition, and, in the alternative, a cross-motion for leave to file an amended or supplemental complaint. (Docket # 80). Briefing on this issue is complete.

On June 6, 2008 the Alaska Oil and Gas Association filed a Motion for Leave to Intervene as a defendant in this case. (Docket # 96). Neither Defendants nor Plaintiffs have yet filed a response to this motion.

The parties anticipate that this case will be resolved on motions for summary judgment.

Plaintiffs may file a motion for preliminary injunction regarding the 4(d) Rule.

Defendants reserve the right to move for transfer of this case to another appropriate judicial district.

No other motions are anticipated.

5.  Amendment of Pleadings

As described above, Plaintiffs filed a 60-day notice of intent to sue regarding claims brought pursuant to the citizen suit provision of the ESA. The parties agree that Plaintiffs will file a Second Amended Complaint no later than July 25, 2008. Plaintiffs may seek leave to further amend their complaint following receipt and review of the administrative record.

6.  Evidence Preservation

1       Defendants intend to prepare an administrative record for this case.

2  7.   <u>Disclosures</u>

3       The parties agree that no initial disclosures are necessary.

4  8.   <u>Discovery</u>

5       The parties agree that any claims subject to dispute will involve the preparation of an
6 administrative record or otherwise be subject to resolution via summary judgment and therefore no
7 discovery is anticipated. Any discovery will likely be subject to the record review limitations and
8 exceptions of the APA. Plaintiffs reserve the right to seek to supplement any record prepared by the
9 agency. Defendants reserve the right to object to any such supplementation or to any discovery.

10  9.   <u>Class Actions</u>

11       Not applicable.

12  10.   <u>Related Cases</u>

13       On May 23, 2008, amici in this case, Safari Club International and Safari Club International
14 Foundation, filed suit in District Court for the District of Columbia against Defendants in this case
15 challenging aspects of the Final Listing Rule as it relates to the importation of sport-hunted polar bear
16 trophies. <u>Safari Club International, et al. v. Dirk Kempthorne</u>, et al., Civ. No. 1:08-cv-00881 EGS.

17  11.   <u>Relief</u>

18       Plaintiffs' First Amended Complaint seeks a declaratory judgment that Defendants violated the
19 APA and NEPA in promulgating the 4(d) Rule, and injunctive relief vacating the 4(d) Rule.

20       Plaintiffs' Second Amended Complaint will seek a declaratory judgment that Defendants
21 violated the ESA in promulgating the 4(d) Rule, and injunctive relief vacating the 4(d) Rule. Plaintiffs
22 will also seek a declaratory judgment that Defendants' failure to list the polar bear as "endangered" in
23 all or part of its range was arbitrary and capricious and otherwise in violation of the ESA. Plaintiffs will
24 seek injunctive relief remanding the Final Listing Rule to the Secretary to properly determine if polar
25 bears warrant listing as "endangered" in all or part of their range. Finally, Plaintiffs will seek a
26 declaratory judgment that Defendants violated the ESA in failing to designate critical habitat
27 concurrently with the Final Listing Rule, and injunctive relief requiring such designation by a date
28 certain.

1    No counterclaims are presented.

2    12.   Settlement and ADR

3    The parties have not yet agreed to an ADR process. The parties have filed a Notice of Need for
4    ADR Phone Conference. The phone conference has been scheduled for June 16, 2008 at 11:30 a.m.
5    At this time the parties do not believe that this case is suitable for resolution through ADR.

6    13.   Consent to Magistrate Judge

7    No parties have consented.

8    14.   Other References

9    The parties do not believe this case is suitable for other references.

10   15.   Narrowing of Issues

11   The parties believe this case is best resolved on motions for summary judgment. Plaintiffs
12   believe that some issues in dispute are purely legal and may be resolved via motion for partial summary
13   judgment prior to the preparation of an administrative record.

14   16.   Expedited Schedule

15   Because this case concerns protection of a species under the Endangered Species Act, Plaintiffs
16   seek to resolve all claims as expeditiously as possible. Plaintiffs believe that rapid resolution of this case
17   on the merits would likely obviate the need for seeking preliminary relief.

18   17.   Scheduling

19   Defendants believe that it is premature to set a briefing schedule before the Court rules on
20   Defendants' motion to strike Plaintiffs' First Amended Complaint. In the event the Court denies
21   Defendants' motion to strike, the parties will promptly confer and propose a schedule for resolution of
22   this case.

23   18.   Trial

24   The parties do not anticipate need for trial.

25   19.   Other Interested Parties

26   There are no non-party interested entities or persons.

27   20.   Other Matters

28   None.

| | |
|---|---|
| DATED: June 10, 2008 | Respectfully submitted, |
| | s/ Brendan Cummings |
| | Brendan Cummings (CA Bar No. 193952)<br>CENTER FOR BIOLOGICAL DIVERSITY<br>P.O. Box 549<br>Joshua Tree, CA 92252<br>Phone:  (760) 366-2232<br>Facsimile: (760) 366-2669<br>Email: bcummings@biologicaldiversity.org |
| | Attorney for Plaintiffs |
| DATED: June 10, 2008 | |
| | RONALD J. TENPAS, Assistant Attorney General<br>JEAN E. WILLIAMS, Section Chief<br>LISA LYNNE RUSSELL, Assistant Section Chief |
| | */s/ Kristen Floom* |
| | Kristen Floom<br>Trial Attorney<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>Ben Franklin Station<br>P.O. Box 7369<br>Washington, DC 20044-7369<br>Phone: (202) 305-0340<br>Fax: (202) 305-0275<br>Email: kristen.floom@usdoj.gov |
| | Attorneys for Defendants |

I, Brendan Cummings, pursuant to ECF General Order 45X.B, attest that Kristen Floom has concurred in and authorized the filing of this document with this court.

/s/ Brendan Cummings
Brendan Cummings
Attorney for Plaintiffs

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE