Richard Joseph Finn (CA Bar No. 99659)
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612
Phone: (510) 835-6821
Fax: (510) 835-6666
Email: rfinn@burnhambrown.com

Michael A. Oropallo, Pro Hac Vice
Ellen K. Eagen (CA Bar. No. 230802)
Hiscock & Barclay LLP
300 South State Street
Syracuse, New York 13202-2078
Phone: (315) 425-2831
Fax: (315) 703-7367
Email: moropallo@hiscockbarclay.com
Email: eeagen@hiscockbarclay.com

John J. Jackson
Conservation Force
3240 S I-10 Service Road W.
Suite 200
Metairie, LA 70001
Phone: (504) 837-1233
Fax: (504) 837-1145
Email: jjj@conservationforce.org

Attorneys for Intervenors

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, A NON-PROFIT CORPORATION, NATURAL RESOURCES DEFENSE COUNCIL, A NON-PROFIT CORPORATION, AND GREENPEACE, INC., A NON-PROFIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, UNITED STATES SECRETARY OF THE INTERIOR AND UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants, | No. C-08-1339-CW<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS TAKEN PRIOR TO LISTING**<br><br>Complaint Filed: March 10, 2008 |

1

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

v.

SAFARI CLUB INTERNATIONAL FOUNDATION

Third-Party Defendant,

v.

SAFARI CLUB INTERNATIONAL AND SAFARI CLUB INTERNATIONAL FOUNDATION

Amicus,

CONSERVATION FORCE, INC.

Intervenor.

Conservation Force submits this brief in response to Defendants' supplemental brief addressing the issue of whether this Court can order Defendants to allow importation of sport-hunted trophies.[1] Not only does this Court have jurisdiction to amend its own order and order Defendants to allow importation of sport-hunted polar bear trophies that were taken prior to the effective date of the listing, but it should do so in order to prevent injustice. An adequate legal basis exists under both the Marine Mammal Protection Act ("MMPA") and the Endangered Species Act ("ESA") to import polar bears taken *before* the effective date of the ESA listing, and *before* the polar bear was designated as "depleted" under the MMPA.

---

[1] Defendants inaccurately phrase the narrow relief that Conservation Force requests. Conservation Force asks this Court to allow importation of trophies of polar bears *taken before* the listing, and *before* the species arguably became "depleted."

2

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

## I. The Court Has Jurisdiction to Order Defendants to Continue Processing Permit Applications for the Import of Trophies of Polar Bears Taken Prior to the Effective Listing Date.

It is a fundamental principal of federal jurisprudence that a court has continuing jurisdiction over its own order until a party has filed an appeal -- inherent jurisdiction which extends to amending or withdrawing its previous order. Jurisdiction is also proper under Federal Rule of Civil Procedure 60(b)(6), which provides a court may "relieve a party . . . from final judgment . . . for . . . any reason justifying [such] relief from the operation of judgment." Fed. R. Civ. Proc. 60(b)(6).

Having jurisdiction to modify its April 28, 2008 Order, the Court should exercise its equitable powers to prevent an injustice to the Constitutional and statutory-protected rights of the constituents of Conservation Force. In its April 28, 2008 Order, the Court ordered Defendants (1) to publish the final listing determination by May 15, 2008, and (2) to waive the statutory notice period under Section 553(d) of the Administrative Procedure Act.[2] Thus this Court has jurisdiction to amend that part of its Order that made the listing immediately effective, by extending the effectiveness of the listing for a very limited purpose -- to allow for completion of the import permit application processing of bears that were taken prior to the listing date of May 15.

---

[2] It is to be noted that providing such notice is not a discretionary act. The APA provides that only the Government has discretion to waive this mandatory notice period. 5 U.S.C. § 553(d)(3). Of significance, Defendants, themselves, previously advocated to postpone the listing and its effective date, in part, to prevent injustice to innocent third parties. *See* Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, Doc. 11, filed 4/17/08, p. 10. While arguably, under 16 U.S.C. § 1540(g), this Court had no jurisdiction to order the Secretary to perform this discretionary act, now, by exercising its legal and equitable powers, this Court can sever this Gordian knot with the sword of equity, amend its order for a very limited purpose, and allow the importation of trophies taken before the listing and before the species was deemed "depleted." The Court can do this by simply extending the effective date of the listing as set forth in its April 28, 2008 Order for the limited purpose of allowing

3

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

In the alternative, the Court can declare that the polar bears taken *before* the effective date of the listing *are not* of a "depleted" species, and their importation is lawful.[3] 50 CFR 18.30 (MMPA regulations) (allowing the importation of sport-hunted polar bear trophies). *See also* 50 CFR 17.8 (allowing importation of "threatened," "CITES Appendix II" wildlife[4]).

II. **The Court Should Order Defendants to Continue Processing Permits Applications for the Import of Trophies of Polar Bears Taken Prior to the Date of the Listing.**

A. **The plain language of the ESA and the MMPA supports the continued processing of importation permit applications of bears taken prior to listing date.**

The MMPA prohibition on taking only applies to a species that is "depleted" at the time of taking. It is undisputed that the polar bear was not deemed a "depleted" species until May 15, 2008, the date the species was listed as "threatened" under the ESA. Therefore, pursuant to the express language of the MMPA and the ESA, this Court has grounds to order Defendants to continue to process importation permit applications of bears taken prior to the listing date and when these bears were not yet designated as "depleted."

B. **The waiver provision of the MMPA permits Defendants to continue processing importation permit applications of bears taken prior to listing date.**

Defendants go to great pains in their Second Supplemental Brief to establish that any such waiver under the MMPA must be consistent with the MMPA and that the fundamental purpose of the MMPA is to maintain species at their optimum sustainable population. (*See* Defendants' Second Supplemental Brief, pgs. 6-7.) What Defendants fail to point out is that the

---

Defendants to process the permit applications for those bears taken before May 15, 2008.
[3] Just as pre-Act wildlife is exempt from provisions of the ESA and MMPA. 50 CFR 17.4, 18.14.
[4] The polar bear is listed under Appendix II of CITES.

4
SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION   NO. C-08-1339-CW
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

628142v1

importation of the trophies of these bears *that have already been taken* has zero effect on the optimum sustainable population of the bear. The trophies in question are of bears already taken – in other words, these bears are dead and were dead prior to the effective date of the listing. Therefore, whether or not their trophies are imported will neither replenish nor diminish the population of bears.

     Defendants' final point that this Court should not order importation of the bear trophies because such an order would sidestep notice requirements is troubling to Conservation Force. Ironically, it is the lack of such a notice period for the effective date of the polar bear listing that is the very reason Conservation Force is in front of the Court today. In response to this point, Conservation Force points out that its constituents are each at a different place in the importation application process. By way of example, some are in the middle of publishing notice of their permit application, while others have finished the notice period and have received import permits. Conservation Force has no issue with satisfying all of the procedural requirements of Section 1374(c)(5), including publishing notice of the permit. Simply, Conservation Force does not want to halt the importation permit process altogether for the trophies of those bears taken prior to the listing date; thus, it asks this Court to allow those who have been caught in the middle of this litigation and who had begun processing their permits prior to the date of the listing of the bear to be able to continue that process through to completion.

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

### III. Conclusion.

Thus for foregoing reasons, the Court has jurisdiction to order Defendants to allow for the continued processing of permit applications for importation of trophies of bears taken before May 15. Not only may Defendants grant permits for the importation of trophies of bears already taken, but this Court should order Defendants to do so in order to prevent further injustice.

DATE:     June 26, 2008                    Respectfully Submitted,

By: s/Michael A. Oropallo

Michael A. Oropallo, Pro Hac Vice
Ellen K. Eagen (CA Bar. No. 230802)
Hiscock & Barclay LLP
300 South State Street
Syracuse, New York 13202-2078
Phone: (315) 425-2831
Fax: (315) 703-7367
Email: moropallo@hiscockbarclay.com
Email: eeagen@hiscockbarclay.com

Richard Joseph Finn (CA Bar No. 99659)
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612
Phone: (510) 835-6821
Fax: (510) 835-6666
Email: rfinn@burnhambrown.com

John J. Jackson
Conservation Force
3240 S I-10 Service Road W.
Suite 200
Metairie, LA 70001
Phone: (504) 837-1233
Fax: (504) 837-1145
Email: jjj@conservationforce.org

Attorneys for Intervenors

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

## CERTIFICATE OF SERVICE

I certify that on June 26, 2008, I filed the foregoing Reply of Intervenor Conservation Force in Support of its Motion to Extend the Effective Date of the Polar Bear Listing for the Limited Purpose of Importing Trophies with the Clerk of the Court through the CM/ECF system which provided automatic notice to the following:

**Kassia Rhoades Siegel**
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: 760-366-2232
Fax: 760-366-2669
Email: ksiegel@biologicaldiversity.org

**Andrew E. Wetzler**
Natural Resources Defense Council, Inc.
544 White Oak Place
Worthington, OH 43085
614-840-0891, Fax: 415-875-6161

**Brendan R. Cummings**
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
760-366-2232
Fax: 760-366-2669
Email: bcummings@biologicaldiversity.org

**Miyoko Sakashita**
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103
415-436-9682
Fax: 415-436-9683
Email: miyoko@biologicaldiversity.org

**ATTORNEYS FOR PLAINTIFFS**

7
SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1

**Kristen Byrnes Floom**
United States Department of Justice
P.O. Box 7369
Washington, DC 20044-736
202-305-0340
Email: Kristen.Floom@usdoj.gov

Jean E. Williams
Department of Justice
Benjamin Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
202-305-0275
Email: jean.williams@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

**James Jeffries Goodwin**
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
916-929-6000
Fax: 916-929-5137
Email: jeffriesgoodwin@gmail.com

**Douglas S. Burdin**
500 Indiana Avenue., NW #6000
Washington, DC 20001
Email dburdin@safariclub.org

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AND AMICUS**

                           s/Michael A. Oropallo
                         MICHAEL A. OROPALLO

8

SUPPLEMENTAL BRIEF IN SUPPORT OF INTERVENOR CONSERVATION
FORCE'S MOTION TO EXTEND THE EFFECTIVE DATE OF THE POLAR BEAR
LISTING FOR THE LIMITED PURPOSE OF IMPORTING TROPHIES OF BEARS
TAKEN PRIOR TO LISTING

NO. C-08-1339-CW

628142v1