Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: (760) 366-2232; Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org
       ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email: miyoko@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085
Phone: (614) 840-0891; Facsimile (415) 875-6161
Email: awetzler@nrdc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants. | CASE NO.: C-08-1339-CW<br><br>**PLAINTIFFS' RESPONSE TO ALASKA OIL AND GAS ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS** |

# I. INTRODUCTION

Through this case, Plaintiffs Center for Biological Diversity, Natural Resources Defense Council and Greenpeace, Inc., seek protection for the polar bear (*Ursus maritmus*), an imperiled mammal dependent on Arctic sea ice for survival. On May 15, 2008, pursuant this Court's order, the United States Fish and Wildlife Service ("FWS") issued a final rule listing the polar bear as a "threatened" species under the Endangered Species Act ("ESA"). 73 Fed. Reg. 28211-28303 (May 15, 2008). At the same time, the FWS also issued an interim final rule pursuant to Section 4(d) of the ESA. 73 Fed. Reg. 28306-28318 (May 15, 2008). This 4(d) Rule exempts any activity harming, harassing, or killing a polar bear from the take prohibitions of the ESA so long as the activity is permitted under the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361 et seq. In addition, the 4(d) Rule purports to exempt federal agencies approving major sources of greenhouse gas emissions from Section 7 consultation under the ESA. 73 Fed. Reg. 28312-28313. In short, the 4(d) Rule severely limits the protections available to the polar bear under the ESA.

On May 16, 2008, Plaintiffs filed their First Amended Complaint, challenging the 4(d) Rule based on the FWS's violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. and the National Environmental Protection Act ("NEPA"), 42 U.S.C. § 4321 et seq. In promulgating the 4(d) Rule without proper notice and comment or prior environmental review of the rule's impact, the FWS ignored its statutory duties under these laws. See 5 U.S.C. §§ 553(b)-(c), 706(2); 42 U.S.C. § 4321 et seq.

The Alaska Oil and Gas Association ("AOGA") now seeks to intervene as of right to defend the 4(d) Rule. It also seeks to intervene as of right in the remedy phase of Plaintiffs' NEPA claim. In passing, it asks that this Court, in the alternative, grant it permissive intervention.

In the Ninth Circuit, proposed intervenors with purely economic interests such as AOGA have frequently been denied intervention as of right in similar cases. Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 309 (upholding lower court's decision that private parties asserting purely economic interests cannot intervene as of right in an action seeking compliance with NEPA, but recognizing that they could ask that court's permission to submit amicus briefing); Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 n.11 (holding that appellant intervenors could not "claim any interest that relates to

1  the issue of the Forest Service's liability under NEPA and [the National Forest Management Act]");
2  Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1114 (9th Cir. 2000)
3  (same).
4      Nevertheless, Plaintiffs are not fundamentally opposed to AOGA's participation in this case, but
5  have a strong interest in the expeditious resolution of the merits of this case and preventing any delay or
6  prejudice which might be caused by intervenors. Plaintiffs therefore would not object to AOGA's
7  participation in the case if it were conditioned such that AOGA's participation were limited to briefing
8  the cross-motions for summary judgment of this case as set forth in this Court's June 17, 2008
9  scheduling order (Dkt # 111), and, if such briefing becomes necessary, any issues relating to remedy.
10 Additionally, AOGA must be strictly bound by the schedule in that order for filing briefs by Defendants
11 and should not be allowed to disrupt or delay this case through the filing of other motions.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 provides for the intervention of non-parties in a pending action. Under Rule 24(a) an applicant shall be permitted to intervene as of right in an action if "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a).

The Ninth Circuit employs a four-part test to evaluate applications to intervene as of right:

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. United States Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir. 1993). All four requirements of Rule 24(a) must be met before intervention of right will be allowed. NAACP v. New York, 413 U.S. 345, 369 (1973).

In addition, Rule 24 provides for permissive intervention when "an applicant's claim or defense

and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).  In such circumstances, the Court "may" permit intervention. Id.  Finally, if a court determines that a party does not meet rule 24(a)'s test, but grants permissive intervention, it must consider whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2); Kootenai Tribe of Idaho v. United States Forest Serv., 313 F.3d 1094, 1111 n.10 (9th Cir. 2002).

### III. ARGUMENT

The Ninth Circuit has held that in a suit to compel compliance with NEPA, the "only proper defendant" is the federal government. Churchill County v. Babbitt, 150 F.3d 1072, 1082 (9th Cir. 1998) (upholding the lower court's decision denying a local utility company from intervening on the merits of the claim that the government's action violated NEPA); Kootenai, 313 F.3d at 1108; Wetlands, 222 F.3d at 1114 (ruling that a private party could not intervene as of right on the merits of a claim alleging that the U.S. Army Corps of Engineers violated NEPA in granting the party a federal permit); see also Forest Conservation Council, 66 F.3d at 1499 & n.11 (9th Cir. 1995) (agreeing with the rule that in a lawsuit to compel compliance with NEPA, "no one but the federal government can be a defendant," quoting Sierra Club v. United States Envtl. Protection Agency, 995 F.2d 1478, 1485 (9th Cir. 1993)); Portland Audubon Soc'y, 866 F.2d at 309.  This rule is based on the rationale that because a private party cannot violate NEPA's requirements, it cannot be a defendant in a NEPA compliance action. Churchill County, 150 F.3d at 1082; see also Kootenai, 313 F.3d at 1108; Wetlands, 222 F.3d at 114.  That is, since only the government can comply with NEPA, only the government can be liable and, as such, a private party has no significant protectable interest in the government's noncompliance. Churchill County, 150 F.3d at 1083 ("A private party cannot 'comply' with NEPA, and, therefore, a private party cannot be a defendant in a NEPA compliance action," citing Sierra Club, 995 F.2d at 1485.; see also Portland Audubon Soc'y, 866 F.3d at 309; Kootenai, 313 F.3d at 1104.

A similar rule limiting intervention of as of right of entities with purely economic interests to the remedy phase has been applied beyond NEPA to other claims against the government brought pursuant to the APA, Forest Conservation Council, 66 F.3d at 1499 & n.11 (strictly limiting the parties' right to intervene in a case challenging government action under NEPA and the National Forests Management

Act to the remedy phase), and the ESA, <u>Southwest Ctr. for Biological Diversity v. U.S. Forest Service</u>, 82 F.Supp.2d 1070, 1074 (D. Ariz. 2000) (so holding with respect to Section 7 of the ESA and collecting cases supporting the above proposition).[1]

Accordingly, under Ninth Circuit law this Court may deny or limit AOGA's intervention. Plaintiffs, however, are not opposed to AOGA's participation in the merits of this case, but have a strong interest in its prompt resolution. Because time is of the essence in all efforts to save endangered species, and particularly with regard to the polar bear, the equities weigh strongly in favor of preventing any delay or prejudice to Plaintiffs' case from AOGA's intervention. Plaintiffs request that should this Court choose to grant AOGA's intervention motion, that it condition that intervention so as to avoid any prejudice or delay. Plaintiffs request that the Court limit AOGA's intervention to briefing the cross-motions for summary judgment of this case pursuant to the Court's scheduling order issued June 17, 2008, and, if such briefing becomes necessary, any issues relating to remedy.

## IV. CONCLUSION

For all of the foregoing reasons, AOGA's participation in this case should be limited to ensure that its participation does not unduly delay or prejudice Plaintiffs' adjudication of their claims, and if this Court chooses to grant AOGA intervention, AOGA should be bound by the existing briefing and hearing schedule.

---

[1] Pursuant to this Court's June 17, 2008 Minute Order and the Parties' June 26, 2008 Stipulation Re: Filing of Second Amended Complaint (Docket # 113), Plaintiffs will file a Second Amended Complaint on July 16, 2008 challenging Defendants' violations of the ESA including the Secretary's decision to list the polar bear as a threatened rather than endangered species, failure to designate the polar bear's critical habitat, and promulgation of the 4(d) Rule. Courts have regularly limited intervention of entities with purely economic interests in a federal action to the remedy phase of ESA cases. <u>See</u>, e.g. <u>Southwest Ctr. for Biological Diversity v. U.S. Forest Service</u>, 82 F.Supp.2d 1070, 1074 (D. Ariz. 2000) ("following clear Ninth Circuit precedent . . . structuring limited intervention [to the remedial aspects of the case] makes great practical sense."); <u>cf.</u> <u>Idaho Farm Bureau Fed'n v. Babbitt</u>, 58 F.3d 1392 (9th Cir. 1995)(Allowing intervention as a right in ESA listing case to environmental entities that had advocated for the listing of the species at issue).

1  DATE: June 26, 2008

Respectfully Submitted,

By: /s/ Kassia Siegel

Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone:  (760) 366-2232; Facsimile: (760) 366-2669
Email:  bcummings@biologicaldiversity.org
        ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
Phone:  (415) 436-9682; Facsimile: (415) 436-9683
Email:  miyoko@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
544 White Oak Place
Worthington, OH 43085
Phone:  (614) 840-0891; Facsimile (415) 875-6161
Email:  awetzler@nrdc.org

Attorneys for Plaintiffs

PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE  5                                    C-08-1339-CW

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants. | CASE NO.: C-08-1339-CW<br><br>**[PROPOSED] ORDER REGARDING INTERVENTION** |

After considering the Motion for Leave to Intervene and supporting papers filed by Applicant Alaska Oil and Gas Association (AOGA) and the Center for Biological Diversity (Center), Natural Resources Defense Council (NRDC) and Greenpeace (Greenpeace), Inc.'s response thereto, it is hereby ordered that the Motion is GRANTED IN PART.

It is hereby ORDERED that AOGA's participation is limited as follows:

AOGA may file briefs regarding the cross motions for summary judgment pursuant to the schedule for Defendants' briefs as set forth in the Court's June 17, 2008 minute order.

AOGA may participate fully in the remedy phase of this case.

AOGA may not file any other motions without leave of the Court.

IT IS SO ORDERED.

DATED this _____ day of _____, 2008

_____
Hon. Claudia Wilken
United States District Judge