René P. Tatro (SBN 78383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, California 90071
Telephone:    (213) 225-7171
Facsimile:    (213) 225-7151
E-mail:    renetatro@ttslaw.com
           jmarkowitz@ttslaw.com

Jeffrey M. Feldman (AK Bar #7605029)
Kevin M. Cuddy (MA Bar #647799)
*Pro hac vice applications pending*
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:    feldman@frozenlaw.com
          cuddy@frozenlaw.com

*Attorneys for Proposed Intervenor-Defendant
Arctic Slope Regional Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>DIRK KEMPTHORNE, et al.,<br><br><br>　　　　　　　Defendants. | Case No. C-08-1339-CW<br><br>**[PROPOSED] ANSWER IN INTERVENTION OF ARCTIC SLOPE REGIONAL CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><br>Honorable Claudia Wilkin |

Applicant Arctic Slope Regional Corporation ("ASRC") answers plaintiffs' First Amended Complaint as follows:

## I.     INTRODUCTION

1.     This paragraph states plaintiffs' characterization of their lawsuit and, therefore, does not require a response.

2.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 2 and, therefore, denies the same.

3.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 and, therefore, denies the same.

4.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 and, therefore, denies the same.

5.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 and, therefore, denies the same.

6.     ASRC admits the allegations stated in ¶ 6 of plaintiffs' First Amended Complaint, except that captioned defendant is Kempthorne, not Norton.

7.     ASRC admits the allegations stated in ¶ 7 of plaintiffs' First Amended Complaint, except that captioned defendant is Kempthorne, not Norton.

8.     ASRC admits the allegations stated in ¶ 8 of plaintiffs' First Amended Complaint.

9.     In response to ¶ 9, ASRC admits that in conjunction with issuance of a final listing rule on the polar bear, the Secretary of Interior issued separate regulations, pursuant to § 4(d) of the ESA, that were published on May 15, 2008 at 73 Fed. Reg. 28305-28318. ASRC denies the remaining allegations stated in ¶ 9 of plaintiffs' First Amended Complaint.

10.     Paragraph 10 contains plaintiffs' characterization of the law for which no response is required.  To the extent a response is deemed required, the allegations are denied.

11.     The first sentence of ¶ 11 states plaintiffs' characterization of its intentions in petitioning to have the polar bear species listed under the ESA and, therefore, no response is

**[PROPOSED] ANSWER IN INTERVENTION OF**
**ARCTIC SLOPE REGIONAL CORPORATION TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**C-08-1339-CW**

1  required.  ASRC denies the remaining allegations stated in ¶ 11 of plaintiffs' First Amended
2  Complaint.

3      12.    Paragraph 12 characterizes the relief plaintiffs seek in this litigation and,
4  therefore, no response is required.  Nevertheless, ASRC denies that plaintiffs are entitled to
5  any of the relief they seek.  In addition, footnote 1 to ¶ 12 characterizes additional claims and
6  allegations that are not asserted in the First Amended Complaint, but which plaintiffs allege
7  they intend to assert in the future.  No response to footnote 1 is required; nevertheless, ASRC
8  denies that such additional claims are now ripe, or will have merit if and when plaintiffs may
9  assert them in a valid pleading.

10  **II.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

11      13.    In response to ¶ 13, ASRC states that the court's jurisdiction is a matter of law
12  that does not require a response, and further states that the cited federal laws speak for
13  themselves.

14      14.    Paragraph 10 contains plaintiffs' characterization of the law for which no
15  response is required.  To the extent a response is deemed required, the allegations are denied.

16      15.    In response to ¶ 15, ASRC states that if venue were proper in the Northern
17  District of California, which ASRC denies, then the allegations stated in ¶ 15 of plaintiffs'
18  First Amended Complaint would be true.

19      16.    ASRC is without knowledge or information sufficient to form a belief as to the
20  truth of the allegations contained in ¶ 16 and, therefore, denies the same.

21      17.    Paragraph 17 contains plaintiffs' characterization of the law for which no
22  response is required.  To the extent a response is deemed required, the allegations are denied.

23      18.    Paragraph 18 contains plaintiffs' characterization of the law for which no
24  response is required.  To the extent a response is deemed required, the allegations are denied.

25      19.    Paragraph 19 contains plaintiffs' characterization of the law for which no
26  response is required.  To the extent a response is deemed required, the allegations are denied.

27
28

20.    In response to ¶ 20, ASRC states that the application of sovereign immunity is a matter of law that does not require a response, and further states that the cited laws speak for themselves.

## III.    PARTIES

21.    ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 and, therefore, denies the same.

22.    ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 and, therefore, denies the same.

23.    ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 and, therefore, denies the same.

24.    ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 and, therefore, denies the same.

25.    In response to ¶ 25, ASRC admits that Dirk Kempthorne is the Secretary of the United States Department of Interior.  Other than as expressly admitted, ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 and, therefore, denies the same.

26.    In response to ¶ 26, ASRC admits that the United States Fish & Wildlife Service is a federal agency within the U.S. Department of Interior with responsibility for administering certain provisions of the Endangered Species Act in certain situations as defined by law.  Other than as expressly admitted, ASRC is without knowledge or information sufficient to form a belief as the truth of the allegations contained in ¶ 26 and, therefore, denies the same.

## IV.    LEGAL BACKGROUND

27.    Paragraph 27 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

–3–

28.    Paragraph 28 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

29.    Paragraph 29 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

30.    Paragraph 30 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

31.    Paragraph 31 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

32.    Paragraph 32 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

33.    Paragraph 33 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

34.    Paragraph 34 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

35.    Paragraph 35 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

36.    Paragraph 36 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37.     Paragraph 37 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

38.     Paragraph 38 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

39.     Paragraph 39 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

40.     Paragraph 40 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

41.     Paragraph 41 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

42.     Paragraph 42 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

43.     Paragraph 43 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

44.     Paragraph 44 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

45.     Paragraph 45 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

46.     Paragraph 46 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

47.     Paragraph 47 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

48.     Paragraph 48 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

49.     Paragraph 49 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

50.     Paragraph 50 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

51.     Paragraph 51 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

52.     Paragraph 52 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

53.     Paragraph 53 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

54.     Paragraph 54 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

55.     Paragraph 55 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

## V.    FACTUAL BACKGROUND

56.     ASRC admits the allegations stated in ¶ 56 of plaintiffs' First Amended Complaint.

57.     ASRC admits that polar bears are marine mammals and are largely dependent upon Arctic sea ice for survival.  ASRC admits that polar bears need sea ice to hunt seals and that sea ice is helpful for more efficient migration.  ASRC admits the allegations contained in the third sentence of ¶ 57 of plaintiffs' First Amended Complaint.  ASRC admits that denning polar bears generally fast.  ASRC is without knowledge of information sufficient to form a belief as to the truth of all remaining allegations in ¶ 57 and, therefore, denies the same.

58.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 58 and, therefore, denies the same.

59.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 59 and, therefore, denies the same.

60.     ASRC admits that climate change, among other factors, is causing Arctic sea ice to decrease relatively rapidly.  ASRC admits that Arctic sea ice hit a new record minimum in 2007, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of either the second sentence or the entirety of the third sentence of ¶ 60 and, therefore, denies the same.  ASRC admits the allegation contained in the last sentence of ¶ 60.

61.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 and, therefore, denies the same.

62.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 and, therefore, denies the same.

63.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 and, therefore, denies the same.

64.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 and, therefore, denies the same.

65.     ASRC denies the allegations stated in the first sentence ¶ 65 of plaintiffs' First Amended Complaint.  The remaining allegations stated in ¶ 65 contain plaintiffs' characterization of a USGS report, which is a document the content of which speaks for itself.  ASRC denies the allegations contained in ¶ 65 fully, fairly or accurately summarize or characterize the referenced USGS report.

66.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 and, therefore, denies the same.

67.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 and, therefore, denies the same.

68.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of ¶ 68 and, therefore, denies the same. The second sentence of ¶ 68 contains plaintiffs' characterization of its polar bear listing petition, which is a document the content of which speaks for itself.  ASRC denies that plaintiffs' allegations contained in ¶ 68 fully, fairly or accurately summarize or characterize the listing petition.

69.     Paragraph 69 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

70.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 70 and, therefore, denies the same.

71.     ASRC admits the allegations contained in ¶ 71 of plaintiffs' First Amended Complaint.

72.     ASRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 72 and, therefore, denies the same.

73.     ASRC admits the allegations contained in ¶ 73 of plaintiffs' First Amended Complaint.

74.     ASRC admits the allegations contained in ¶ 74 of plaintiffs' First Amended Complaint.

75.     ASRC admits the allegations contained in ¶ 75 of plaintiffs' First Amended Complaint.

76.     In response to ¶ 76, ASRC admits that the Secretary of Interior issued an interim final regulation under § 4(d) of the ESA, and published the rule at 73 Fed. Reg. 28306-28318.  Other than expressly admitted, ¶ 76 contains plaintiffs' characterization of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself, and federal regulations, the content of which also speak for themselves.  ASRC denies that plaintiffs' allegations contained in ¶ 76 fully, fairly or accurately summarize or characterize the interim final 4(d) rule or federal regulations.

77.     Paragraph 77 contains plaintiffs' characterizations of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that plaintiffs' allegations contained in ¶ 77 fully, fairly or accurately summarize or characterize the interim final 4(d) rule.

78.     Paragraph 78 contains plaintiffs' characterizations of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

79.     ASRC denies the allegations contained in ¶ 79 of plaintiffs' First Amended Complaint.

80.     Paragraph 80 contains plaintiffs' characterizations of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that plaintiffs' allegations contained in ¶ 80 fully, fairly or accurately summarize or characterize the interim final 4(d) rule.

81.     Paragraph 81 contains plaintiffs' characterizations of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that

1  plaintiffs' allegations contained in ¶ 81 fully, fairly or accurately summarize or characterize
2  the interim final 4(d) rule.

3      82.    Paragraph 82 contains plaintiffs' characterizations of the polar bear interim
4  final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that
5  plaintiffs' allegations contained in ¶ 82 fully, fairly or accurately summarize or characterize
6  the interim final 4(d) rule.

7      83.    Paragraph 83 contains plaintiffs' characterizations of the polar bear interim
8  final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that
9  plaintiffs' allegations contained in ¶ 83 fully, fairly or accurately summarize or characterize
10  the interim final 4(d) rule.

11      84.    Paragraph 84 contains plaintiffs' characterizations of the polar bear interim
12  final 4(d) rule, which is a document the content of which speaks for itself.  ASRC denies that
13  plaintiffs' allegations contained in ¶ 84 fully, fairly or accurately summarize or characterize
14  the interim final 4(d) rule.

15      85.    Paragraph 85 contains plaintiffs' characterization of the law for which no
16  response is required.  To the extent any response is deemed required, the allegations are
17  denied.

18      86.    Paragraph 86 contains plaintiffs' characterization of the law for which no
19  response is required.  To the extent any response is deemed required, the allegations are
20  denied.

21  **VI.    CLAIMS FOR RELIEF**

22  **First Claim**

23      87.    ASRC realleges and incorporates by reference ¶¶ 1 through 86 of this Answer.

24      88.    In response to the allegations contained in ¶ 88, ASRC alleges, as do plaintiffs
25  in their First Amended Complaint, that a final listing determination for the polar bear was
26  made by the Secretary of Interior on or about May 15, 2008.  Accordingly, ASRC denies the
27  allegations contained in First Amended Complaint.

28

**[PROPOSED] ANSWER IN INTERVENTION OF**                                           **C-08-1339-CW**
**ARCTIC SLOPE REGIONAL CORPORATION TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Second Claim**

89.    ASRC realleges and incorporates by reference ¶¶ 1 through 88 of this Answer.

90.    Paragraph 90 contains plaintiffs' characterizations of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, ASRC denies the same.

91.    Paragraph 91 contains plaintiffs' characterization of the law for which no response is required.  To the extent any response is deemed required, the allegations are denied.

92.    Paragraph 92 contains plaintiffs' characterization of the law for which no response is required.  To the extent any response is deemed required, the allegations are denied.

**Third Claim**

93.    ASRC realleges and incorporates by reference ¶¶ 1 through 92 of this Answer.

94.    ASRC denies the allegations contained in ¶ 94 of plaintiffs' First Amended Complaint.

95.    Paragraph 85 contains plaintiffs' characterization of the law for which no response is required.  To the extent any response is deemed required, the allegations are denied.

96.    Paragraph 85 contains plaintiffs' characterization of the law for which no response is required.  To the extent any response is deemed required, the allegations are denied.

97.    Paragraph 85 contains plaintiffs' characterization of the law for which no response is required.  To the extent any response is deemed required, the allegations are denied.

**VII.    PRAYER FOR RELIEF**

98.    Paragraphs 1 through 6 of the Prayer for Relief characterize plaintiffs' requests for relief should it prevail on its claims.  To the extent a response is required, ASRC denies that plaintiffs are legally or equitably entitled to any of the relief they seek.

## VIII.  AFFIRMATIVE DEFENSES

ASRC further answers the First Amended Complaint by asserting the following defenses:

1.    Plaintiffs have failed to state a claim for which relief may be granted;

2.    Plaintiffs lack standing to bring their claims;

3.    Venue is improper and/or inconvenient;

4.    Plaintiffs' first claim is moot;

5.    Some or all of plaintiffs' claims are barred by the doctrines of ripeness, primary jurisdiction and exhaustion of administrative remedies.

6.    ASRC reserves the right to amend and/or supplement these affirmative defenses as appropriate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, applicant for intervention ASRC, having fully answered the allegations contained in the First Amended Complaint, requests judgment granting the following relief:

1.    Judgment dismissing the First Amended Complaint with prejudice;

2.    Judgment awarding such other and further relief as the court deems just and proper under the circumstances.

DATED:        July 2, 2008                Respectfully submitted,

TATRO TEKOSKY SADWICK LLP


By:    ___/s/ *René P. Tatro*_____
            René P. Tatro
            Attorneys for Intervenor Defendant Arctic
            Slope Regional Corporation


FELDMAN ORLANSKY & SANDERS


By:    ___/s/ *Jeffrey M. Feldman*_____
            Jeffrey M. Feldman
            *Pro hac vice application pending*
            Attorneys for Intervenor Defendant Arctic
            Slope Regional Corporation

-12-

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles and my business address is 333 S. Grand Avenue, Suite 4270, Los Angeles, CA 90071.

On July 3, 2008, I electronically served a copy of the foregoing:

**[PROPOSED] ANSWER IN INTERVENTION OF ARCTIC SLOPE REGIONAL CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

On the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 3, 2008, at Los Angeles, California.


_____/s/ Karen L. Roberts_____

Karen L. Roberts