IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; and GREENPEACE, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants.<br>_____/ | No. C 08-1339 CW<br><br>ORDER CONCERNING THE IMPORTATION OF POLAR BEAR TROPHIES |

On May 13, 2008, the Court issued an order permitting Conservation Force to "intervene in this action for the limited purpose of resolving the issue of whether provision may be made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed as of April 28, 2008, the date of the Court's order granting summary judgment in this case." The Court ordered Defendants to file a brief addressing this issue and gave Plaintiffs an opportunity to submit their views as well. Plaintiffs and Defendants each filed a brief, and Conservation

Force filed a reply.[1] At the case management conference on June 17, 2008, the Court requested additional briefing on the matter. Defendants and Conservation Force each filed a supplemental brief.

The parties dispute whether, as a consequence of the Fish and Wildlife Service's decision to list the polar bear as a threatened species under the Endangered Species Act (ESA), the importation of trophies from polar bears that were killed prior to the rule's effective date is prohibited by the Marine Mammal Protection Act (MMPA). The MMPA classifies a species as "depleted" if it is listed either as an endangered species or as a threatened species under the ESA. See 16 U.S.C. § 1362(1)(C). The MMPA provides:

> Except for scientific research purposes, photography for educational or commercial purposes, or enhancing the survival or recovery of a species . . . no permit may be issued for the taking of any marine mammal which has been designated by the Secretary as depleted, and no importation may be made of any such mammal.

16 U.S.C. § 1371(a)(3)(B).

The MMPA's approach to the importation of threatened species is stricter than that of the ESA, which provides:

> Any importation into the United States of fish or wildlife shall, if --
>
>   (A) such fish or wildlife is not an endangered species listed pursuant to section 1533 of this title but is listed in Appendix II to the Convention [on International Trade in Endangered and Threatened Species],
>
>   (B) the taking and exportation of such fish or wildlife is not contrary to the provisions of the Convention and all other applicable requirements of

---

[1] Conservation Force's reply purports to be in support of a "motion to extend the effective date of the polar bear listing for the limited purpose of importing trophies." No such motion is pending before the Court.

2

>               the Convention have been satisfied,
>
>               (C) the applicable requirements of subsections (d),
>               (e), and (f) of this section have been satisfied,
>               and
>
>               (D) such importation is not made in the course of a
>               commercial activity,
>
>     be presumed to be an importation not in violation of any
>     provision of this chapter or any regulation issued
>     pursuant to this chapter.

16 U.S.C. § 1538(c)(2).

The MMPA contains a waiver provision pursuant to which, subject to certain provisos,

> [t]he Secretary, on the basis of the best scientific
> evidence available and in consultation with the Marine
> Mammal Commission, is authorized and directed, from time
> to time, having due regard to the distribution,
> abundance, breeding habits, and times and lines of
> migratory movements of such marine mammals, to determine
> when, to what extent, if at all, and by what means, it is
> compatible with this chapter to waive the requirements of
> this section [imposing a moratorium on taking and
> importing marine mammals] so as to allow taking, or
> importing of any marine mammal, or any marine mammal
> product, and to adopt suitable regulations, issue
> permits, and make determinations in accordance with
> sections 1372, 1373, 1374, and 1381 of this title
> permitting and governing such taking and importing, in
> accordance with such determinations.

16 U.S.C. § 1371(a)(3)(A). Defendants, however, dispute that this provision allows the Secretary to permit the importation of polar bear trophies, because § 1371(a)(3)(B) specifically prohibits the importation of any marine mammal belonging to a depleted species, regardless of whether the species had been designated as depleted at the time the mammal was killed.

In any event, this case was brought pursuant to the ESA's "citizen suit" provision, 16 U.S.C. § 1540(g). The Court's jurisdiction is thus limited by that provision, which, in relevant

3

1 part, authorizes the Court to order Defendants to fulfill their
2 nondiscretionary duty to issue a final listing determination.
3 Neither the ESA nor the MMPA gives the Court the authority, in
4 connection with this action, to order Defendants to permit the
5 importation of polar bear trophies.[2]  The relief Conservation Force
6 requests is therefore unavailable in this lawsuit.

7 The Court notes that the importation of trophies from polar
8 bears that were killed before Defendants issued their listing
9 determination would not appear to affect the species' population.
10 Nonetheless, the fact remains that Conservation Force has been on
11 notice since the publication of the proposed rule in January, 2007
12 that polar bears were likely to be listed as a threatened species
13 and that such listing could potentially take effect immediately.
14 Conservation Force has provided no support for its assertion that
15 Defendants "misled the hunting community by leading them to believe
16 that the listing would not stop the import of trophies," Reply Br.
17 at 4, and none can be found in the notice of proposed rulemaking.
18 Particularly with respect to hunts that would take place after the
19 nondiscretionary deadline for the Fish and Wildlife Service to
20 issue its final determination in January, 2008, Conservation
21 Force's members assumed the risk that they would be unable to
22 import their trophies.

23 The Court cannot order Defendants to permit the importation of
24 polar bear trophies.  Nor will it require Defendants to publish a

---

[2] The MMPA contains a provision allowing an applicant for a marine mammal import permit to obtain judicial review of any decision by the Secretary denying such a permit.  16 U.S.C. § 1374(d)(6).

4

new rule to take effect after thirty days.  The Court considered the competing interests when it granted summary judgment and ordered that Defendants' rule would take effect immediately. Conservation Force may petition the Secretary of the Interior for a waiver of the MMPA's requirements so that its members may import their trophies, or it may seek judicial review in a separate action of any administrative decision to deny its members' applications for import permits.

   IT IS SO ORDERED.

Dated: 7/11/08

CLAUDIA WILKEN
United States District Judge