Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone:  (760) 366-2232; Facsimile: (760) 366-2669
Email:  bcummings@biologicaldiversity.org
        ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Melissa Thrailkill (CA Bar No. 256674)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email:  miyoko@biologicaldiversity.org
        mthrailkill@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
101 N. Wacker Drive, Suite 609
Chicago, IL 60606
Phone:  (312) 780-7429; Facsimile: (312) 663-9920
Email:  awetzler@nrdc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants. | CASE NO.:  C-08-1339-CW<br><br>**PLAINTIFFS' RESPONSE TO ARCTIC SLOPE REGIONAL CORPORATION'S MOTION FOR LEAVE TO INTERVENE** |

1    On July 3, 2008 the Arctic Slope Regional Corporation ("ASRC") filed a motion for leave to
2 intervene as a defendant in this case. As set forth below, Plaintiffs do not object to ASRC's limited
3 intervention in this case so long as ASRC's participation is conditioned such that the timely resolution
4 of Plaintiffs' claims is not compromised.

5 **I.     Background**

6    On May 15, 2008, pursuant this Court's order, the United States Fish and Wildlife Service
7 ("FWS") issued a final rule listing the polar bear as a "threatened" species under the Endangered
8 Species Act ("ESA"). Determination of Threatened Status for the Polar Bear (Ursus maritimus)
9 Throughout Its Range, 73 Fed. Reg. 28211-28303 (May 15, 2008). At the same time, the FWS also
10 issued an interim final rule pursuant to Section 4(d) of the ESA. Special Rule for the Polar Bear, 73
11 Fed. Reg. 28306-28318 (May 15, 2008). This 4(d) Rule exempts any activity harming, harassing, or
12 killing a polar bear in Alaska from the take prohibitions of the ESA so long as the activity is authorized
13 pursuant to the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361 et seq. In addition, the
14 4(d) Rule exempts all activities occurring outside of Alaska, including activities in federal waters of the
15 Beaufort and Chukchi Seas, from the take prohibitions of the ESA regardless of whether the activities
16 are consistent with the MMPA. Finally, the 4(d) Rule purports to exempt federal agencies approving
17 major sources of greenhouse gas emissions from Section 7 consultation under the ESA.

18    On May 16, 2008, Plaintiffs filed their First Amended Complaint, challenging the 4(d) Rule
19 based on the FWS's violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.
20 and the National Environmental Protection Act ("NEPA"), 42 U.S.C. § 4321 et seq. In promulgating
21 the 4(d) Rule without proper notice and comment or prior environmental review of the rule's impact,
22 the FWS ignored its statutory duties under these laws. See 5 U.S.C. §§ 553(b)-(c), 706(2); 42 U.S.C. §
23 4321 et seq. On July 16, 2008, pursuant to this Court's June 17, 2008 scheduling order (Dkt # 111),
24 Plaintiffs filed their Second Amended Complaint, challenging, inter alia, the 4(d) Rule on the additional
25 grounds that it does not provide for the conservation of the polar bear as required by the ESA.

26    On June 6, 2008, the Alaska Oil and Gas Association ("AOGA") moved to intervene as a
27 defendant to defend the legality of the 4(d) Rule. While Plaintiffs believe that Ninth Circuit precedent
28 provides ample grounds for this Court to reject AOGA's intervention in its entirety, Plaintiffs did not

1  object to AOGA's intervention in the case so long as AOGA's participation as an intervenor was
2  limited to briefing the cross-motions for summary judgment as set forth in the scheduling order, and, if
3  such briefing becomes necessary, any issues relating to remedy. See Plaintiffs' Response to Alaska Oil
4  and Gas Association's Motion to Intervene as Defendants. (Dkt # 114)

5  Now ASRC also seeks to intervene as a defendant to defend the 4(d) Rule. (Dkt # 117) ASRC
6  is a corporation set up as a result of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601.
7  ASRC has several wholly owned subsidiary corporations, including ASRC Energy Services, which, in
8  its own words, is "one of Alaska's largest private employers and the largest oilfield services employer
   in the state." See ASRC Energy Services – About Us, www.asrcenergy.com/aboutus/. At least one
9  ASRC company, Petro Star Inc., is also a member of intervenor-applicant AOGA. Compare
10 Declaration of Marilyn Crockett (Dkt # 97) (listing AOGA member companies) with ASRC Companies
11 (available at http://www.asrc.com/companies/companies.asp.) (listing ASRC owned companies).

12 **II.    Standards for Intervention**

13 Federal Rule of Civil Procedure 24 provides for the intervention of non-parties in a pending
14 action. Under Rule 24(a) an applicant shall be permitted to intervene as of right in an action if "the
15 applicant claims an interest relating to the property or transaction which is the subject of the action and
16 the applicant is so situated that the disposition of the action may as a practical matter impair or impede
17 the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by
18 existing parties." Fed. R. Civ. P. 24(a)(2).

19 The Ninth Circuit employs a four-part test to evaluate applications to intervene as of right:
20 (1) the motion must be timely; (2) the applicant must claim a "significantly protectable"
21 interest relating to the property or transaction which is the subject of the action; (3) the
22 applicant must be so situated that the disposition of the action may as a practical matter
23 impair or impede its ability to protect that interest; and (4) the applicant's interest must be
24 inadequately represented by the parties to the action.

25 Sierra Club v. United States Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir. 1993). All four
26 requirements of Rule 24(a) must be met before intervention of right will be allowed. NAACP v. New
27 York, 413 U.S. 345, 369 (1973).

28 In addition, Rule 24 provides for permissive intervention when an applicant "has a claim or

PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE  2                                                    C-08-1339-CW

1  defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2).
2  In such circumstances, the Court "may" permit intervention. Id. Finally, if a court determines that a
3  party does not meet rule 24(a)'s test, but grants permissive intervention, it must consider whether the
4  intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." Fed.
5  R. Civ. P. 24(b)(3); Kootenai Tribe of Idaho v. United States Forest Serv., 313 F.3d 1094, 1111 n.10
6  (9th Cir. 2002).

7   In the Ninth Circuit, proposed intervenors with purely economic interests have frequently been
8  denied intervention as of right in NEPA cases. Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 309
9  (9th Cir. 1988) (upholding lower court's decision that private parties asserting purely economic
10 interests cannot intervene as of right in an action seeking compliance with NEPA, but recognizing that
11 they could ask that court's permission to submit amicus briefing); Churchill County v. Babbitt, 150
12 F.3d 1072, 1082 (9th Cir. 1998) (upholding the lower court's decision denying a local utility company
13 from intervening on the merits of the claim that the government's action violated NEPA); Wetlands
14 Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1114 (9th Cir. 2000) (same).
15 This rule is based on the rationale that because a private party cannot violate NEPA's requirements, it
16 cannot be a defendant in a NEPA compliance action. Churchill County, 150 F.3d at 1082; see also
17 Wetlands, 222 F.3d at 114. That is, since only the government can comply with NEPA, only the
18 government can be liable and, as such, a private party has no significant protectable interest in the
19 government's noncompliance. Churchill County, 150 F.3d at 1083 ("A private party cannot 'comply'
20 with NEPA, and, therefore, a private party cannot be a defendant in a NEPA compliance action.")

21  A similar rule limiting intervention as of right of entities with purely economic interests to the
22 remedy phase has been applied beyond NEPA to other claims against the government brought pursuant
23 to the APA. See Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1499 n.11
24 (9th Cir. 1995) (holding that appellant intervenors could not "claim any interest that relates to the issue
25 of the Forest Service's liability under NEPA and [the National Forest Management Act]"). This rule
26 has also been applied to claims brought under the ESA. Southwest Ctr. for Biological Diversity v.
27 United States Forest Service, 82 F. Supp. 2d 1070, 1074 (D. Ariz. 2000) (so holding with respect to
28 Section 7 of the ESA and collecting cases supporting the above proposition) ("[f]ollowing clear Ninth

1  Circuit precedent . . . structuring limited intervention [to the remedial aspects of the case] makes great
2  practical sense.")
3      Finally, the Court may limit an intervenor's participation "subject to appropriate conditions or
4  restrictions responsive among other things to the requirements of the efficient conduct of the
5  proceedings." Fed. R. Civ. P. 24(a) (advisory committee's note to 1966 amendments); Stringfellow v.
6  Concerned Neighbors in Action, 480 U.S. 370, 383 n.2 (1987); Forest Conservation Council, 66 F.3d at
7  1496.

**III.    ASRC's Intervention Should be Limited**

ASRC's intervention motion focuses primarily on the purported harm that its shareholders and the polar bear will experience if the 4(d) Rule is vacated. See ASRC brief at 7-8. Specifically, ASRC argues that the take exemptions allowing for non-lethal harassment of polar bears to protect private property under the MMPA are broader than those under the ESA. Id. at 8. While the statutory schemes of the MMPA and ESA differ somewhat with regard to non-lethal harassment, Plaintiffs believe that the purported benefits of the 4(d) Rule to polar bears and people are illusory. See Plaintiffs Second Amended Complaint at ¶¶ 128-134. Nevertheless, Plaintiffs do not oppose ASRC's limited intervention to address this aspect of the 4(d) Rule.

ASRC has not asserted in its motion any interest, protectable or otherwise, in the 4(d) Rule's blanket exemption of all activities outside of Alaska from the ESA's take prohibitions or in its purported exemption of greenhouse gas emissions from the reach of Section 7 of the ESA. Nor can ASRC claim any protectable interest in FWS's violations of the APA and NEPA in promulgating the 4(d) Rule without proper notice and comment or environmental review. See, e.g. Forest Conservation Council, 66 F.3d at 1499 n.11. As such, ASRC's intervention should be limited with regard to these aspects of the 4(d) Rule.[1]

---

[1] While ASRC has framed its intervention motion as an effort primarily to protect the subsistence rights of its shareholders (ASRC Brief at 4), it must be noted that ASRC is by its own account the largest oil services corporation based in Alaska. It is also, through at least one of its wholly-owned subsidiaries, a member of Intervenor-Applicant AOGA. As such, ASRC would be hard pressed to assert that AOGA does not adequately represent its interests with regard to the 4(d) Rule and oil development activities in polar bear habitat.

1    In sum, under Ninth Circuit law and the Federal Rules of Civil Procedure this Court may deny
2 or limit ASRC's intervention. Plaintiffs, however, are not opposed to ASRC's limited participation in
3 this case. Plaintiffs' primary interest is in the prompt resolution of their claims. Because time is of the
4 essence in all efforts to save endangered species, and particularly with regard to the polar bear, the
5 equities weigh strongly in favor of preventing any delay or prejudice to Plaintiffs' case from ASRC's
6 intervention. Plaintiffs therefore request that should this Court choose to grant ASRC's intervention
7 motion, that it condition that intervention so as to avoid any prejudice or delay. Plaintiffs request that
8 the Court limit ASRC's intervention to briefing the legality of the 4(d) Rule pursuant to the Court's
9 scheduling order issued June 17, 2008, and, if such briefing becomes necessary, any issues relating to
10 remedy regarding the 4(d) Rule.

## IV. CONCLUSION

For all of the foregoing reasons, ASRC's participation in this case should be limited to ensure that its participation does not unduly delay or prejudice Plaintiffs' adjudication of their claims, and if this Court chooses to grant ASRC intervention, ASRC should be bound by the existing briefing and hearing schedule.

DATE: July 24, 2008

Respectfully Submitted,

By: /s/ Brendan Cummings

Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: (760) 366-2232; Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org
       ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Melissa Thrailkill (CA Bar No. 256674)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682; Facsimile: (415) 436-9683

PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE  5                                                C-08-1339-CW

1                 Email:  miyoko@biologicaldiversity.org
                       mthrailkill@biologicaldiversity.org

2

3 Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
101 N. Wacker Drive, Suite 609

4 Chicago, IL 60606
Phone:  (312) 780-7429; Facsimile: (312) 663-9920

5 Email:  awetzler@nrdc.org

6  Attorneys for Plaintiffs

7

8

...

28

PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE  6                     C-08-1339-CW

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>    Defendants. | CASE NO.:  C-08-1339-CW<br><br>**[PROPOSED] ORDER GRANTING LIMITED INTERVENTION** |

After considering the Motion for Leave to Intervene and supporting papers filed by Applicant Arctic Slope Regional Corporation (ASRC), and the Plaintiffs' response thereto, it is hereby ordered that the Motion is GRANTED IN PART.

It is hereby ORDERED that ASRC's participation is limited as follows:

    ASRC may file briefs regarding the legality of the Section 4(d) Rule pursuant to the schedule for Defendants' briefs on the cross motions for summary judgment as set forth in the Court's June 17, 2008 minute order.

    ASRC may participate in the remedy phase of this case with regard to the Section 4(d) Rule.

    ASRC may not file any other motions without leave of the Court.

IT IS SO ORDERED.

    DATED this _____ day of _____, 2008

                                                                                                  _____
                                                                                                  Hon. Claudia Wilken
                                                                                                  United States District Judge