1   Richard Joseph Finn (CA Bar No. 99659)
    Burnham Brown
2   1901 Harrison Street, 11th Floor
    Oakland, CA 94612
3   Phone: (510) 835-6821
    Fax: (510) 835-6666
4   Email: rfinn@burnhambrown.com

5   Michael A. Oropallo, Pro Hac Vice
    Ellen K. Eagen (CA Bar. No. 230802)
6   Hiscock & Barclay LLP
    One Park Place
7   300 South State Street
    Syracuse, New York 13202-2078
8   Phone: (315) 425-2831
    Fax: (315) 703-7367
9   Email: moropallo@hiscockbarclay.com
    Email: eeagen@hiscockbarclay.com
10
    John J. Jackson
11  Conservation Force
    3240 S I-10 Service Road W.
12  Suite 200
    Metairie, LA 70001
13  Phone: (504) 837-1233
    Fax: (504) 837-1145
14  Email: jjj@conservationforce.org

15  Attorneys for Prospective Intervenor

16
                **IN THE UNITED STATES DISTRICT COURT**
17
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
18
                        **OAKLAND DIVISION**
19

20  CENTER FOR BIOLOGICAL DIVERSITY;
    NATURAL RESOURCES DEFENSE
21  COUNCIL; and GREENPEACE, INC.,

22          Plaintiffs,                      No. C-08-1339-CW

23  v.                                       Complaint Filed: March 10, 2008

24  DIRK KEMPTHORNE, United States           **NOTICE OF APPEAL TO THE UNITED**
    Secretary of the Interior; and UNITED    **STATES COURT OF APPEALS FOR**
25  STATES FISH AND WILDLIFE SERVICE,        **THE NINTH CIRCUIT**

26          Defendants.

27

28          Notice is hereby given that Intervenor, Conservation Force, in the above-named case,

                                              1

INTERVENOR'S NOTICE OF APPEAL                                          NO. C-08-1339-CW
SYLIB01\6232449

1  hereby appeals to the United States Court of Appeals for the Ninth Circuit from the ORDER

2  CONCERNING THE IMPORTATION OF THE POLAR BEAR TROPHIES, filed and entered

3  on July 11, 2008 (Docket No. 125), and all Orders giving rise to this Order, including but not

4  limited to the following:

| Exhibit | Date | Document Number | Description |
|---|---|---|---|
| Exhibit A | 04/28/2008 | 35 | ORDER by Judge Claudia Wilken granting Plaintiffs' Motion for Summary Judgment and Injunction (Filed on 4/28/2008) (Entered: 04/28/2008) |
| Exhibit B | 05/12/2008 | 65 | ORDER by Judge Claudia Wilken granting Motions to Shorten Time and granting for Limited Purposes Conservation Force's Motion to Intervene (Filed on 5/12/2008) (Entered: 05/12/2008) |
| Exhibit C | 05/13/2008 | 69 | AMENDED ORDER by Judge Claudia Wilken granting Motions to Shorten Time and granting for Limited Purposes Conservation Force's Motion to Intervene (Filed on 5/13/2008) (Entered: 05/13/2008) |
| Exhibit D | 05/14/2008 | 70 | ORDER by Judge Claudia Wilken denying Motion to Stay (Filed on 5/14/2008) (Entered: 05/14/2008) |
| Exhibit E | 06/17/2008 | 111 | Minute Order: Initial Case Management Conference held on 6/17/2008 before Claudia Wilken (Date Filed: 6/17/2008) (Entered: 06/25/2008) |
| Exhibit F | 07/11/2008 | 125 | ORDER Concerning the Importation of Polar Bear Trophies by Judge Claudia Wilken (Filed on 7/11/2008) (Entered: 07/11/2008) |

1    DATE:    July 25, 2008                 Respectfully submitted,

2                                           By: _____

3                                           Richard Joseph Finn (CA Bar No. 99659)
4                                           Burnham Brown
                                            1901 Harrison Street, 11th Floor
5                                           Oakland, CA 94612
                                            Phone: (510) 835-6821
6                                           Fax: (510) 835-6666
                                            Email: rfinn@burnhambrown.com
7
                                            Michael A. Oropallo, *Pro Hac Vice*
8                                           Ellen K. Eagen (CA 230802)
                                            Hiscock & Barclay LLP
9                                           One Park Place
                                            300 South State Street
10                                          Syracuse, New York 13202-2078
                                            Phone: (315) 425-2831
11                                          Fax: (315) 703-7367
                                            Email: moropallo@hiscockbarclay.com
12                                          Email: eeagen@hiscockbarclay.com

13                                          John J. Jackson
                                            Conservation Force
14                                          3240 S I-10 Service Road W.
                                            Suite 200
15                                          Metairie, LA 70001
                                            Phone: (504) 837-1233
16                                          Fax: (504) 837-1145
                                            Email: jjj@conservationforce.org
17
                                            *Attorneys for Intervenor*
18
19                      **CERTIFICATE OF SERVICE**

20    I certify that on July _____, 2008, a true and correct copy of the foregoing **Notice of Appeal**

21    was served by Overnight Delivery, Electronic Delivery and/or Facsimile Transmission on the

22    counsel of record for all parties to the action below in this matter as follows:

23    **Kassia Rhoades Siegel**
      Center for Biological Diversity
24    P.O. Box 549
      Joshua Tree, CA 92252
25    Phone: 760-366-2232
26    Fax: 760-366-2669
      Email: ksiegel@biologicaldiversity.org
27

28

                                      3

INTERVENOR'S NOTICE OF APPEAL                              NO. C-08-1339-CW
SYLIB01\623244\2

1    **Andrew E. Wetzler**
     Natural Resources Defense Council, Inc.
2    544 White Oak Place
     Worthington, OH 43085
3    614-840-0891, Fax: 415-875-6161
     Email: awetzler@nrdc.org
4
     **Brendan R. Cummings**
5    Center for Biological Diversity
     P.O. Box 549
6    Joshua Tree, CA 92252
     760-366-2232
7    Fax: 760-366-2669
     Email: bcummings@biologicaldiversity.org
8
9    **Miyoko Sakashita**
     Center for Biological Diversity
10   351 California Street, Suite 600
     San Francisco, CA 94104
11   415-436-9682
     Fax: 415-436-9683
12   Email: miyoko@biologicaldiversity.org
13
14   **ATTORNEYS FOR PLAINTIFFS**

15   **Kristen Byrnes Floom**
     United States Department of Justice
16   P.O. Box 7369
     Washington, DC 20044-736
17   202-305-0340
18   Email: Kristen.Floom@usdoj.gov

19   Jean E. Williams
     Department of Justice
20   Benjamin Franklin Station
     P.O. Box 7369
21   Washington, DC 20044-7369
22   202-305-0275
     Email: jean.williams@usdoj.gov
23
24   **ATTORNEYS FOR DEFENDANTS**

25   **James Jeffries Goodwin**
     Goodwin Law Corporation
26   2300 Bell Executive Lane
     Sacramento, CA 95825
27   916-929-6000
     Fax: 916-929-5137
28   Email: jeffriesgoodwin@gmail.com

4

1
2
3
4
5

**Douglas Scott. Burdin**
Sarfari Club International
501 Second Street, NE
Washington, DC 20001
202-543-8733
Fax: 202-543-1205
Email: dburdin@safariclub.org

6
7

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT AND AMICUS**

8
9
10
11

**Jason T. Morgan**
Stoel Rives, LLP
600 University Street, #3600
Seattle, WA 98101
206-624-0900
Fax: 206-386-7500
Email: jtmorgan@stoel.com

12
13
14
15
16

**Jeffrey W. Leppo**
Stoel Rives, LLP
600 University Street, #3600
Seattle, WA 98101
206-624-0900
Fax: 206-386-7500
Email: jwleppo@stoel.com

17
18
19
20

**Seth D. Hilton**
Stoel Rives, LLP
600 University Street, #3600
Seattle, WA 98101
206-624-0900
Fax: 206-386-7500
Email: sdhilton@stoel.com

21
22

**ATTORNEYS FOR INTEVENOR DEFENDANT
ALASKA OIL AND GAS ASSOCIATION**

23
24
25
26
27

**Rene Pierro Tatro**
Tatro Tekosky Sadwick LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
213-225-7171
Fax: 213-225-7151
Email: renetatro@ttsmlaw.com

28

5

**Jeffrey M. Feldman**
Feldman Orlansky & Sanders
500 L Street, suite 400
Anchorage, AK 99501
907-272-3538
Fax: 907-274-0819
Email:

**Kevin M. Cuddy**
Feldman Orlansky & Sanders
500 L Street, suite 400
Anchorage, AK 99501
907-272-3538
Fax: 907-274-0819
Email:

**ATTORNEYS FOR INTEVENOR
DEFENDANT ARCTIC SLOPE
REGIONAL CORPORATION**



_____
Richard Joseph Finn

6

# Exhibit A

United States District Court
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                     No. C 08-1339 CW
9  CENTER FOR BIOLOGICAL DIVERSITY;
   NATURAL RESOURCES DEFENSE COUNCIL;    ORDER GRANTING
10 and GREENPEACE, INC.,                 PLAINTIFFS' MOTION
                                         FOR SUMMARY JUDGMENT
11          Plaintiffs,                  AND INJUNCTION

12     v.

13 DIRK KEMPTHORNE, United States
   Secretary of the Interior; and UNITED
14 STATES FISH AND WILDLIFE SERVICE,

15          Defendants.
   _____/
16

17     Plaintiffs seek to compel Defendants to perform their

18 mandatory duty under the Endangered Species Act (ESA) timely to

19 publish a final listing determination for the polar bear.

20 Plaintiffs have filed a summary judgment motion seeking an

21 injunction and declaratory judgment.  Defendants oppose this

22 motion.  The Court has considered all of the papers filed by the

23 parties.  Because timeliness is essential, the issues are not

24 complex and the parties are generally in agreement, the Court

25 decides this motion without oral argument.  The Court GRANTS

26 Plaintiffs' motion.

27                    BACKGROUND

28     On February 17, 2005, Defendants received from Plaintiff

1  Center for Biological Diversity (CBD) a petition to list the polar

2  bear as an endangered species under the ESA.[1]  On June 5, 2006, the

3  federal district court granted the parties' stipulated settlement

4  agreement.  On January 9, 2007, pursuant to that agreement,

5  Defendants published in the <u>Federal Register</u> a proposed rule to

6  list the polar bear[2] as a threatened species.[3]

7      Following publication, the public comment period was open for

8  three months and public hearings were held in Alaska and

9  Washington, D.C.  (Laverty Decl. ¶ 4.)  In September, 2007, at

10 Defendants' request, the United State Geological Survey (USGS)

11 completed reports pertaining to polar bear habitat, polar bear

12 population numbers, and data on arctic climate and sea ice trends.

13 (<u>Id.</u> ¶ 5.)  To allow public comment on the reports, Defendants then

14 reopened the comment period until October 22, 2007.  (<u>Id.</u> ¶ 6.)

15     On December 14, 2007, Defendant FWS's Alaska Regional Office

16

17     [1]The ESA provides "a means whereby the ecosystems upon which
endangered species and threatened species depend may be conserved,"
and "a program for the conservation of such endangered species and
18 threatened species."  16 U.S.C. § 1531(b).

19     [2]The proposed rule explained that polar bears, or <u>Ursus
maritimus</u>, are the "largest of the living bear species," and are
20 "evolutionarily adapted to life on sea ice."  72 Fed. Reg. 1064,
1066 (Jan. 9, 2007).  Polar bears are distributed throughout the
21 circumpolar Arctic, including areas of Alaska, and rely on sea ice
as their primary habitat for feeding, breeding and denning.  <u>Id.</u> at
22 1067.  Defendants determined that the polar bear population could
be grouped into nineteen distinct population segments, but that
23 "the entire species meets the definition of a threatened species
under the Act."  <u>Id.</u> at 1071.
24

25     [3]An "endangered" species is "any species which is in danger of
extinction throughout all or a significant portion of its range,
26 whereas a "threatened" species is "any species which is likely to
become an endangered species within the foreseeable future
27 throughout all or a significant portion of its range."  16 U.S.C.
§ 1532(6), (20).

28                                   2

United States District Court
For the Northern District of California

1  forwarded a draft final report to its Washington, D.C. office.

2  (Id. ¶ 7.)  On January 7, 2008, Defendants publicly announced that

3  the final listing would occur in thirty days.  (Id. ¶ 6.)  On

4  February 22, 2008, Defendants prepared a new draft final listing,

5  including input from a working group of staff from the Office of

6  the Solicitor.  (Id. ¶¶ 9-10.)  On April 16, 2008, Defendants asked

7  the Solicitor to ensure that the listing determination met all

8  statutory and regulatory guidelines.  (Id. ¶ 11.)

9       Plaintiffs' action arises from Defendants' failure to issue a

10  final listing determination and critical habitat designation by

11  January 9, 2008--within one year of publication of the proposed

12  rule--as required by 16 U.S.C. § 1533(b)(6).

13      On January 9, 2008, Plaintiffs sent Defendants a sixty-day

14  notice of intent to sue, pursuant to the ESA.

15      On March 10, 2008, Plaintiffs filed a complaint against

16  Defendants, seeking a declaratory judgment and injunctive relief.

17  On April 2, 2008, Plaintiffs filed a motion for summary judgment.

18  On April 17, 2008, Defendants filed an opposition.[4]

19                          LEGAL STANDARD

20      Summary judgment is properly granted when no genuine and

21  disputed issues of material fact remain, and when, viewing the

22  evidence most favorably to the non-moving party, the movant is

23  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

24  56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The

25  moving party bears the burden of showing that there is no material

26  _____

27  [4]On April 17, 2008, Applicant Conservation Force also filed a
    motion to intervene.  Plaintiffs oppose this motion.

28                               3

1   factual dispute.  Therefore, the court must regard as true the

2   opposing party's evidence, if supported by affidavits or other

3   evidentiary material.  <u>Id.</u> at 324.  The court must draw all

4   reasonable inferences in favor of the party against whom summary

5   judgment is sought.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>

6   <u>Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident &</u>

7   <u>Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).  Material facts

8   which would preclude entry of summary judgment are those which,

9   under applicable substantive law, may affect the outcome of the

10  case.  The substantive law will identify which facts are material.

11  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

                            DISCUSSION

13      All parties agree that summary judgment is appropriate.

14  However, they disagree regarding the date on which the rule should

15  be ordered published in the <u>Federal Register</u>, and on whether the

16  rule should be effective immediately upon publication or after a

17  thirty-day notice period.

18  I.   Summary Judgment

19      Both Plaintiffs and Defendants agree that Defendants were

20  required to issue a decision by January 9, 2008, but that they

21  failed to do so.

22      Section Four of the ESA sets out the process for listing a

23  threatened or endangered species.  It provides that, after

24  publication of a notice and proposed rule in the <u>Federal Register</u>,

25  the Secretary of the Interior must act on the rule within one year

26  of the date of its publication by promulgating a final rule,

27  withdrawing the proposed rule, or extending the one-year time

28                              4

**United States District Court**
For the Northern District of California

1    period for not more than six months.  16 U.S.C. § 1533(b)(6).

2    "This is a mandatory, nondiscretionary duty which may be enforced

3    by citizen suit."  <u>Envtl. Def. Ctr. v. Babbitt</u>, 73 F.3d 867, 871

4    (9th Cir. 1995).

5        The parties agree that Defendants missed this non-

6    discretionary deadline.  Therefore, because there is no dispute of

7    material fact, Plaintiffs' motion for summary judgment is GRANTED.

8    II.   Issuance of an Injunction

9        The parties also agree that the Court is required to issue an

10   injunction.  However, they diverge in their requests for when the

11   injunction should take effect.

12       In recognition that "timeliness in the listing process is

13   essential," Congress developed mandatory deadlines for listing

14   endangered and threatened species under the ESA.  <u>Ctr. for</u>

15   <u>Biological Diversity v. Norton</u>, 254 F.3d 833, 839 (9th Cir. 2001).

16   "The language of the ESA regarding the deadlines for action could

17   hardly be more clear."  <u>Or. Natural Res. Council, Inc. v. Kantor</u>,

18   99 F.3d 334, 338-39 (9th Cir. 1996).  Therefore, "traditional

19   preliminary injunction analysis does not apply to injunctions

20   issued pursuant to the ESA."  <u>Nat'l Wildlife Fed'n v. Nat'l Marine</u>

21   <u>Fisheries Serv.</u>, 422 F.3d 782, 793-94 (9th Cir. 2005).  Once a suit

22   is brought against the Secretary for violating a non-discretionary

23   deadline under the ESA, a district court must issue an injunction.

24   <u>Biodiversity Legal Found. v. Badgley</u>, 309 F.3d 1166, 1175 (9th Cir.

25   2002) (citing <u>TVA v. Hill</u>, 437 U.S. 153, 193-95 (1978)).

26       Plaintiffs request that the Court order Defendants to publish

27   a final listing determination for the polar bear by May 15, 2008.

28                                    5

1  Plaintiffs cite <u>Marbled Murrelet v. Lujan</u>, 1992 U.S. Dist. LEXIS

2  14645 (W.D. Wash.), in which a district court judge ordered a

3  species listing rule published three days after the order was

4  issued.   In <u>Marbled Murrelet</u>, the court found that the Secretary of

5  the Interior had unlawfully delayed the listing of a species under

6  the ESA by filing an insufficient notice of six-month extension.[5]

7  The instant case does not pertain to a notice of extension.

8  However, the court's decision to order the listing promptly was

9  based, in part, on the fact that the FWS field office had already

10 drafted a final rule.   Here, too, Defendants had a final rule,

11 produced by the FWS field office, in December, 2007, and a second

12 "final draft," in February, 2008.

13      The Ninth Circuit decision in <u>Environmental Defense Center v.</u>

14 <u>Babbitt</u>, 73 F.3d 867 (9th Cir. 1995), and the cases that have

15 followed it, indicate that the time frame for issuing an injunction

16 should be based on a standard of reasonableness.   <u>See, e.g.</u>, <u>Ctr.</u>

17 <u>for Biological Diversity v. Norton</u>, 304 F. Supp. 2d 1174, 1184 (D.

18 Ariz. 2003) ("In setting a timetable for agency action, the Ninth

19 Circuit has instructed courts to follow a standard of

20 reasonableness.").   A judge in this district determined that "the

21 ESA does not divest the Court of its equitable discretion to

22 fashion a reasonable remedy." <u>Ctr. for Biological Diversity v.</u>

23 <u>Norton</u>, 208 F. Supp. 2d 1044, 1050-51 (N.D. Cal. 2002).   In <u>Forest</u>

24 <u>Guardians v. Babbitt</u>, 174 F.3d 1178 (10th Cir. 1999), the Tenth

---

[5]In order to extend the one-year listing deadline, the
Secretary must establish the existence of "substantial disagreement
regarding the sufficiency or accuracy of the available data
relevant to the determination."   16 U.S.C. § 1533(b)(6)(B)(i).

United States District Court
For the Northern District of California

1  Circuit directed district courts to refer to <u>Environmental Defense</u>
2  <u>Center</u> as guidance for determining deadlines for compliance with
3  the ESA.   The court clarified that such orders "must consider what
4  work is necessary to publish the final rule and how quickly that
5  can be accomplished."   <u>Id.</u> at 1193.

6      Defendants request that they have until June 30, 2008 to
7  publish the final listing determination for the polar bear.   They
8  argue that, given the legal and factual complexity of the rule, the
9  number and variety of public comments that they received, and the
10 amount of internal review required, this is a reasonable schedule.
11 By December 14, 2007, Defendant FWS's Alaska Regional Office had
12 prepared a draft final report.   On January 9, 2008, Defendants were
13 put on notice that they were in violation of the law and that
14 Plaintiffs would be filing suit.   However, Defendants did not file
15 a notice in the <u>Federal Register</u> seeking an extension of time.
16 Instead, Defendants publicly announced that the rule would be
17 published by February 7, 2008.   On February 22, 2008 Defendants
18 completed a final draft that incorporated the results of internal
19 review and comments from the Solicitor's office.   On March 10,
20 2008, Defendants received notice that Plaintiff CBD had filed the
21 instant action, including a request for an injunction to take
22 effect on approximately May 15, 2008.   Defendants have been in
23 violation of the law requiring them to publish the listing
24 determination for nearly 120 days.   Other than the general
25 complexity of finalizing the rule, Defendants offer no specific
26 facts that would justify the existing delay, much less further
27 delay.   To allow Defendants more time would violate the mandated
28

United States District Court
For the Northern District of California

7

1  listing deadlines under the ESA and congressional intent that time

2  is of the essence in listing threatened species.

3      Thus, the Court GRANTS Plaintiffs' request for an injunction,

4  and orders Defendants to publish the final listing determination

5  for the polar bear on or before May 15, 2008.

6  III. Thirty-Day Notice Period

7      Plaintiffs also request that the Court order Defendants to

8  effectuate the rule immediately upon publication in the <u>Federal</u>

9  <u>Register</u>,[6] rather than allowing the thirty-day notice period

10  required under the Administrative Procedures Act.   The Act

11  specifies that "publication or service of a substantive rule shall

12  be made not less than 30 days before its effective date."  5 U.S.C.

13  § 553(d).   However, this thirty-day delay can be abrogated if

14  "otherwise provided by the agency for good cause found and

15  published with the rule."  5 U.S.C. § 553(d)(3).

16      Defendants argue that the thirty-day waiting period is

17  necessary to permit any affected entities to become familiar with

18  the substance of the final rule and adjust their behavior

19  accordingly.  <u>Riverbend Farms, Inc. v. Madigan</u>, 958 F.2d 1479, 1485

20  (9th Cir. 1992).  Regarding the polar bear, affected parties have

21  been on notice since January 9, 2007 that a final determination on

22  the proposed rule would be published within one year.   During that

23  year, parties were given two opportunities to submit comments.  On

24  January 7, 2008, Defendants publicly announced that the listing

---

25

26      [6]The <u>Federal Register</u> is the official daily publication for
    rules, proposed rules, and notices of federal agencies.   It is
27  updated daily by 6:00 am and is published Monday through Friday,
    except federal holidays.

28                                    8

1 | determination would be published no later than February 7, 2008.
2 | Thus, when the final determination is published between now and May
3 | 15, 2008, affected parties will have had adequate notice that
4 | publication was forthcoming.  Further, Defendants have waived the
5 | notice period on several occasions, in order to effectuate an ESA
6 | listing immediately.  <u>See, e.g.</u>, 63 Fed. Reg. 13134, 13149 (March
7 | 18, 1988) ("Because of the immediate threat posed by [existing and
8 | pending development projects], the Service finds that good cause
9 | exists for this rule to take effect immediately upon publication in
10 | accordance with 5 U.S.C. § 553(d)(3).").

11 | Defendants contend that the thirty-day waiting period does not
12 | pose a threat and will have a negligible effect on the status of
13 | the polar bear, because the species is already protected under the
14 | Marine Mammal Protection Act (MMPA).  The MMPA, like the ESA,
15 | prohibits any killing, including incidental take, unless exempted
16 | or authorized under the statute.  (Laverty Decl. ¶ 13.)  However,
17 | the protections afforded under the ESA far surpass those provided
18 | by the MMPA, because the ESA also protects species' habitat.[7]
19 | Also, under the ESA, all federal agencies are required to confer
20 | with the Secretary of the Interior prior to authorizing, funding,
21 | or carrying out any action that might destroy or adversely modify
22 | the critical habitat, or otherwise jeopardize the existence, of a
23 | species listed under the ESA.  16 U.S.C. § 1536(a).  Plaintiffs
24 | point out a specific agency action--a proposed rule that would
25 | exempt oil industry operations in the Chukchi Sea from the MMPA

26 |

27 | [7]The ESA, unlike the MMPA, also allows citizens to bring suit, such as the instant action, in order to enforce the statute.

28 |

United States District Court
For the Northern District of California

9

1  prohibitions against the incidental take of polar bears--that could
2  jeopardize the continued existence of the species if it is not
3  listed under the ESA.   72 Fed. Reg. 30670 (June 1, 2007).
4  Defendants fail to show that the thirty-day waiting period will not
5  pose a threat to the polar bear.

6       For the foregoing reasons, the Court GRANTS Plaintiffs'
7  request to order Defendants to waive the thirty-day notice period.

8                              CONCLUSION

9       The Court GRANTS Plaintiffs' motion for summary judgment.   The
10  Court orders Defendants to publish in the <u>Federal Register</u> the
11  final listing determination for the polar bear on or before May 15,
12  2008.   The Court orders Defendants to waive the thirty-day notice
13  period, pursuant to 5 U.S.C. § 553(d)(3).   Therefore, the published
14  rule will take effect immediately upon publication of the final
15  listing determination.   The motions to intervene and to file an
16  amicus brief are denied as moot.

17       On May 15, 2008, the parties shall notify the Court if the
18  final listing determination has been published and, if so, judgment
19  for Plaintiffs will be entered, with costs awarded to Plaintiffs.
20  Otherwise, the parties shall appear for a case management
21  conference on May 15, 2008 at 2:00 p.m.

22       IT IS SO ORDERED.

23

24  Dated: 4/28/08

                                    CLAUDIA WILKEN
25                                  United States District Judge
26
27
28                              10

United States District Court
For the Northern District of California

# Exhibit B

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, and GREENPEACE, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>        Defendants.<br>_____/ | No. C 08-1339 CW<br><br>ORDER GRANTING MOTIONS TO SHORTEN TIME (Docket Nos. 49 and 60), GRANTING SAFARI CLUB'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF (Docket No. 39) AND GRANTING FOR LIMITED PURPOSES CONSERVATION FORCE'S MOTION TO INTERVENE (Docket No. 61) |

Third parties Safari Club International and Safari Club International Foundation have filed a renewed motion for leave to file an amicus brief. Third party Conservation Force has moved for leave to file a motion for reconsideration of the Court's order denying its motion to intervene. Conservation Force also asks the Court to reconsider its order requiring Defendants' final rule, which is to be published in the Federal Register by May 15, 2008, to take effect immediately. These parties also move to shorten the time for consideration of the above-referenced motions. Plaintiffs oppose the substantive motions but do not oppose the motions to shorten time. The Court GRANTS the motions to shorten time and

United States District Court
For the Northern District of California

1 | rules on the underlying motions as follows.

2 |     The Safari Club may file its amicus brief.  Conservation Force

3 | may intervene in this action for the limited purpose of resolving

4 | the issue of whether provision may be made under the Endangered

5 | Species Act for the import of trophies from bears that were killed

6 | and for which an import permit application had already been filed

7 | as of April 17, 2008, the date of the Court's order granting

8 | summary judgment in this case.  Within two weeks, the government

9 | shall file a brief of no longer than ten pages addressing this

10 | issue.  The brief should discuss, for example, whether the

11 | government may grant special permission for these imports.  If they

12 | wish, Plaintiffs may also file within two weeks a brief of up to

13 | ten pages addressing this issue.  Conservation Force may file a

14 | reply of up to five pages within one week of the government's

15 | response to this order.

16 |     This order has no effect on the Court's previous order

17 | requiring that Defendants publish their listing decision by May 15,

18 | 2008 and that the rule take effect immediately.

19 |     IT IS SO ORDERED.

20 |

21 | Dated: 5/12/08

                          _Claudia Wilken_

22 |                       CLAUDIA WILKEN

                      United States District Judge

2

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, and GREENPEACE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. | No. C 08-1339 CW <br><br> AMENDED ORDER GRANTING MOTIONS TO SHORTEN TIME (Docket Nos. 49 and 60), GRANTING SAFARI CLUB'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF (Docket No. 39) AND GRANTING FOR LIMITED PURPOSES CONSERVATION FORCE'S MOTION TO INTERVENE (Docket No. 61) |

Third parties Safari Club International and Safari Club International Foundation have filed a renewed motion for leave to file an amicus brief. Third party Conservation Force has moved for leave to file a motion for reconsideration of the Court's order denying its motion to intervene. Conservation Force also asks the Court to reconsider its order requiring Defendants' final rule, which is to be published in the Federal Register by May 15, 2008, to take effect immediately. These parties also move to shorten the time for consideration of the above-referenced motions. Plaintiffs oppose the substantive motions but do not oppose the motions to shorten time. The Court GRANTS the motions to shorten time and

United States District Court
For the Northern District of California

1  rules on the underlying motions as follows.

2      The Safari Club may file its amicus brief.  Conservation Force

3  may intervene in this action for the limited purpose of resolving

4  the issue of whether provision may be made under the Endangered

5  Species Act for the import of trophies from bears that were killed

6  and for which an import permit application had already been filed

7  as of April 28, 2008, the date of the Court's order granting

8  summary judgment in this case.  Within two weeks, the government

9  shall file a brief of no longer than ten pages addressing this

10  issue.  The brief should discuss, for example, whether the

11  government may grant special permission for these imports.  If they

12  wish, Plaintiffs may also file within two weeks a brief of up to

13  ten pages addressing this issue.  Conservation Force may file a

14  reply of up to five pages within one week of the government's

15  response to this order.

16      This order has no effect on the Court's previous order

17  requiring that Defendants publish their listing decision by May 15,

18  2008 and that the rule take effect immediately.

19      IT IS SO ORDERED.

20

21  Dated: 5/13/08                    _Claudia Wilken_____

22                                    CLAUDIA WILKEN
                                      United States District Judge
23

24

25

26

27

28
                                    2

Exhibit  D

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    CENTER FOR BIOLOGICAL DIVERSITY,
     NATURAL RESOURCES DEFENSE COUNCIL,
10   and GREENPEACE, INC.,                      No. C 08-1339 CW

11             Plaintiffs,
                                                ORDER DENYING
12        v.                                    MOTION FOR STAY

13   DIRK KEMPTHORNE, United States
     Secretary of the Interior, and UNITED
14   STATES FISH AND WILDLIFE SERVICE,

15             Defendants.

16   _____/

17
          Limited Intervenor Conservation Force has moved for a stay of
18
     the Court's order requiring that the U.S. Fish and Wildlife
19
     Service's final determination concerning the threatened status of
20
     the polar bear take effect immediately upon its publication on May
21
     15, 2008.  Conservation Force argues that the interests of its
22
     members will be harmed if the order goes into effect immediately
23
     because they will be unable to import trophies of polar bears that
24
     have already been legally killed.
25
          The Court notes that it has expressed no opinion on the issue
26
     of whether the importation of polar bear trophies would be
27
     permissible if the Service determines to list the polar bear as a
28

United States District Court
For the Northern District of California

1  threatened species.  In addition, the Court has directed the

2  government to address whether provision may be made under the

3  Endangered Species Act for the importation of trophies from bears

4  that were killed and for which an import permit application had

5  already been filed as of April 28, 2008, the date of the Court's

6  order granting summary judgment in this case.  Nonetheless, any

7  interest Conservation Force's members have in importing their

8  trophies is offset by the public's interest in having the rule,

9  which is now overdue by more than four months, take effect

10  immediately.  Accordingly, Conservation Force's motion is DENIED.

11      IT IS SO ORDERED.

12

13  Dated: 5/14/08

14                                        CLAUDIA WILKEN
                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                2

# Exhibit  E

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

      Plaintiff,

    v.

DIRK KEMPTHORNE,

      Defendant.

NO. 08-01339CW

**MINUTE ORDER**
Date: 6/17/08

**The Honorable Claudia Wilken, Presiding**
**Clerk: Sheilah Cahill    Court Reporter:** Starr Wilson, pro tem

**Appearances for Plaintiff:**
Kassie Siegel

**Appearances for Defendant:**
Kristen Floom by phone

### Case Management Conference Held?: Yes

Notes:  Court will allow amended complaint to be filed; Defendant has already answered.  A related case has been filed in D.C.; Plaintiff has filed a motion to intervene in that case; Defendant to consider filing motion to transfer that case here.  Plaintiff will need stipulation or motion to file second amended complaint. Defendant will have administrative record ready 60 days after plaintiff files second amended complaint.  **Plaintiff to file by 10/16/08 motion for summary judgment and notice for hearing on 1/8/09 at 2:00 p.m.**  Defendant's opposition and any cross motion (contained within a single brief) due 11/26/08; Plaintiff's reply/opposition to cross-motion (contained within a single brief) due 12/11/08; Defendant's surreply due 12/18/08. Defendant to file further supplemental brief re polar bear trophies and included whether Secretary of the Interior cannot waive requirement one week from today.

Copies to:  Chambers

# Exhibit  F

United States District Court
For the Northern District of California

1

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CENTER FOR BIOLOGICAL DIVERSITY;
    NATURAL RESOURCES DEFENSE COUNCIL;          No. C 08-1339 CW
    and GREENPEACE, INC.,

12

13            Plaintiffs,                       ORDER CONCERNING THE
                                                IMPORTATION OF POLAR
14        v.                                    BEAR TROPHIES

15  DIRK KEMPTHORNE, United States
    Secretary of the Interior; and UNITED
16  STATES FISH AND WILDLIFE SERVICE,

17            Defendants.

18  _____/

19       On May 13, 2008, the Court issued an order permitting

20  Conservation Force to "intervene in this action for the limited

21  purpose of resolving the issue of whether provision may be made

22  under the Endangered Species Act for the import of trophies from

23  bears that were killed and for which an import permit application

24  had already been filed as of April 28, 2008, the date of the

25  Court's order granting summary judgment in this case." The Court

26  ordered Defendants to file a brief addressing this issue and gave

27  Plaintiffs an opportunity to submit their views as well.

28  Plaintiffs and Defendants each filed a brief, and Conservation

1  Force filed a reply.[1]  At the case management conference on June

2  17, 2008, the Court requested additional briefing on the matter.

3  Defendants and Conservation Force each filed a supplemental brief.

4      The parties dispute whether, as a consequence of the Fish and

5  Wildlife Service's decision to list the polar bear as a threatened

6  species under the Endangered Species Act (ESA), the importation of

7  trophies from polar bears that were killed prior to the rule's

8  effective date is prohibited by the Marine Mammal Protection Act

9  (MMPA).  The MMPA classifies a species as "depleted" if it is

10 listed either as an endangered species or as a threatened species

11 under the ESA.  See 16 U.S.C. § 1362(1)(C).  The MMPA provides:

12      Except for scientific research purposes, photography for
        educational or commercial purposes, or enhancing the
13      survival or recovery of a species . . . no permit may be
        issued for the taking of any marine mammal which has been
14      designated by the Secretary as depleted, and no
        importation may be made of any such mammal.
15
   16 U.S.C. § 1371(a)(3)(B).
16
        The MMPA's approach to the importation of threatened species
17
   is stricter than that of the ESA, which provides:
18
        Any importation into the United States of fish or
19      wildlife shall, if --

20          (A) such fish or wildlife is not an endangered
            species listed pursuant to section 1533 of this
21          title but is listed in Appendix II to the Convention
            [on International Trade in Endangered and Threatened
22          Species],

23          (B) the taking and exportation of such fish or
            wildlife is not contrary to the provisions of the
24          Convention and all other applicable requirements of

25  _____

26      [1]Conservation Force's reply purports to be in support of a
    "motion to extend the effective date of the polar bear listing for
    the limited purpose of importing trophies."  No such motion is
27  pending before the Court.

28                                    2

**United States District Court**
**For the Northern District of California**

1    the Convention have been satisfied,

2    (C) the applicable requirements of subsections (d),
     (e), and (f) of this section have been satisfied,
3    and

4    (D) such importation is not made in the course of a
     commercial activity,
5
     be presumed to be an importation not in violation of any
6    provision of this chapter or any regulation issued
     pursuant to this chapter.
7
8    16 U.S.C. § 1538(c)(2).

9    The MMPA contains a waiver provision pursuant to which,

10   subject to certain provisos,

11   [t]he Secretary, on the basis of the best scientific
     evidence available and in consultation with the Marine
12   Mammal Commission, is authorized and directed, from time
     to time, having due regard to the distribution,
13   abundance, breeding habits, and times and lines of
     migratory movements of such marine mammals, to determine
14   when, to what extent, if at all, and by what means, it is
     compatible with this chapter to waive the requirements of
15   this section [imposing a moratorium on taking and
     importing marine mammals] so as to allow taking, or
16   importing of any marine mammal, or any marine mammal
     product, and to adopt suitable regulations, issue
17   permits, and make determinations in accordance with
     sections 1372, 1373, 1374, and 1381 of this title
18   permitting and governing such taking and importing, in
     accordance with such determinations.

19   16 U.S.C. § 1371(a)(3)(A).  Defendants, however, dispute that this

20   provision allows the Secretary to permit the importation of polar

21   bear trophies, because § 1371(a)(3)(B) specifically prohibits the

22   importation of any marine mammal belonging to a depleted species,

23   regardless of whether the species had been designated as depleted

24   at the time the mammal was killed.

25   In any event, this case was brought pursuant to the ESA's

26   "citizen suit" provision, 16 U.S.C. § 1540(g).  The Court's

27   jurisdiction is thus limited by that provision, which, in relevant

28                                      3

1    part, authorizes the Court to order Defendants to fulfill their

2    nondiscretionary duty to issue a final listing determination.

3    Neither the ESA nor the MMPA gives the Court the authority, in

4    connection with this action, to order Defendants to permit the

5    importation of polar bear trophies.[2]    The relief Conservation Force

6    requests is therefore unavailable in this lawsuit.

7        The Court notes that the importation of trophies from polar

8    bears that were killed before Defendants issued their listing

9    determination would not appear to affect the species' population.

10   Nonetheless, the fact remains that Conservation Force has been on

11   notice since the publication of the proposed rule in January, 2007

12   that polar bears were likely to be listed as a threatened species

13   and that such listing could potentially take effect immediately.

14   Conservation Force has provided no support for its assertion that

15   Defendants "misled the hunting community by leading them to believe

16   that the listing would not stop the import of trophies," Reply Br.

17   at 4, and none can be found in the notice of proposed rulemaking.

18   Particularly with respect to hunts that would take place after the

19   nondiscretionary deadline for the Fish and Wildlife Service to

20   issue its final determination in January, 2008, Conservation

21   Force's members assumed the risk that they would be unable to

22   import their trophies.

23       The Court cannot order Defendants to permit the importation of

24   polar bear trophies.    Nor will it require Defendants to publish a

25   ――――――――――――――――――――

26       [2]The MMPA contains a provision allowing an applicant for a
     marine mammal import permit to obtain judicial review of any
27   decision by the Secretary denying such a permit.    16 U.S.C.
     § 1374(d)(6).

28                                        4

1   new rule to take effect after thirty days.  The Court considered

2   the competing interests when it granted summary judgment and

3   ordered that Defendants' rule would take effect immediately.

4   Conservation Force may petition the Secretary of the Interior for a

5   waiver of the MMPA's requirements so that its members may import

6   their trophies, or it may seek judicial review in a separate action

7   of any administrative decision to deny its members' applications

8   for import permits.

9        IT IS SO ORDERED.

10

11   Dated: 7/11/08

     _____
     CLAUDIA WILKEN
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28