IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; and GREENPEACE, INC., <br><br>  Plaintiffs, <br><br>    v. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br>  Defendants. | No. C 08-1339 CW <br><br> ORDER GRANTING IN PART MOTIONS FOR LEAVE TO INTERVENE BY ALASKA OIL AND GAS ASSOCIATION AND ARCTIC SLOPE REGIONAL CORPORATION |

The Alaska Oil and Gas Association (AOGA) and the Arctic Slope Regional Corporation (ASRC) each move separately for leave to intervene in these proceedings. Plaintiffs do not oppose AOGA's involvement, but request that, except with respect to the remedies phase, AOGA be limited to filing briefs in connection with the parties' cross-motions for summary judgment. Similarly, Plaintiffs do not oppose ASRC's involvement, but ask that such involvement be limited in an unspecified way so as to avoid any delay of the resolution of their claims. Defendants have not filed a response to either AOGA's or ASRC's motion. The matters were taken under

submission on the papers. Having considered all of the papers filed by the parties, the Court grants the motions in part.

## BACKGROUND

Plaintiffs filed this action on March 10, 2008, charging Defendants with failing to comply with the Endangered Species Act's (ESA) deadline to issue a determination on whether the polar bear should be listed as a threatened species. On April 2, 2008, Plaintiffs moved for summary judgment. Defendants opposed this motion, conceding that they had failed to meet the deadline but arguing that the relief Plaintiffs sought was unjustified.

On April 28, 2008, the Court granted Plaintiffs' motion and ordered Defendants to publish their listing determination by May 15, 2008. Defendants complied with this order and published a final rule designating the polar bear as threatened. In addition, Defendants promulgated a special rule under section 4(d) of the ESA, which permits the Fish and Wildlife Service to specify prohibitions and authorizations that are tailored to the specific conservation needs of a particular species. The special rule here allows certain activities that might otherwise be prohibited under the ESA or its associated regulations.

On May 16, 2008, Plaintiffs filed an amended complaint adding two claims. The first new claim charged Defendants with violating the Administrative Procedures Act (APA) by promulgating the section 4(d) rule without first publishing a notice of proposed rule-making and giving interested persons an opportunity to comment. The second new claim charged Defendants with violating the National Environmental Policy Act (NEPA) by promulgating the section 4(d) rule without first conducting an environmental impact statement or

2

an environmental assessment.

On July 16, 2008, Plaintiffs filed a second amended complaint adding four new claims. All four claims are brought pursuant to the APA and are based on Defendants' alleged failure to comply with either the ESA or the Marine Mammals Protection Act (MMPA). The first challenges the decision to classify the polar bear under the ESA as a threatened, rather than an endangered, species. The second challenges the substance of the section 4(d) rule as contrary to the ESA. The third charges Defendants with violating the ESA by failing to designate critical habitat for the polar bear. The fourth alleges that Defendants violated the MMPA by failing to publish a list of guidelines for safely deterring polar bears through the use of non-lethal methods.

AOGA is a trade association whose member companies are responsible for the majority of commercial oil and gas activity in Alaska. It asserts that its members' economic interests would be harmed if Plaintiffs' challenge to the section 4(d) rule were successful. Specifically, it claims that its members' commercial activities in the Beaufort Sea region unavoidably result in the occasional nonlethal incidental take of polar bears. If the section 4(d) rule were invalidated, AOGA states, its members would no longer be able to petition the Fish and Wildlife Service to obtain authorization for the incidental take of polar bears, and thus would no longer be able to operate in the Beaufort Sea region.

ASRC is an Alaska Native Regional Corporation established pursuant to the Alaska Native Claims Settlement Act. It represents the economic interests of the Iñupiaq, a group of Native Alaskans living on the North Slope of the State. The corporation has

3

approximately 9,600 shareholders, who include almost every Iñupiaq living in or with historical ties to the North Slope. ASRC asserts that its shareholders' way of life would be threatened if the section 4(d) rule were overturned. In particular, ASRC claims that, if Plaintiffs' challenge were successful, the Iñupiaq would be forced to end their practice of using non-lethal methods to deter polar bears from damaging property that is necessary for their livelihood. ASRC also maintains that, without the section 4(d) rule, it would be prevented from effectively managing the North Slope's natural resources, including oil. ASRC owns a number of subsidiary corporations that are involved in the business of producing and refining oil. One of these subsidiaries is a member of AOGA.

## DISCUSSION

To intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Procedure, an applicant must claim an interest the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). The Ninth Circuit applies a four-part test to motions under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately protected by the parties to the action.

Id. (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993)).

The Ninth Circuit interprets Rule 24(a)(2) broadly in favor of intervention. Id. In evaluating a motion to intervene under Rule 24(a)(2), a district court is required "to take all well-pleaded, nonconclusory allegations in the motion . . . as true absent sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

Alternatively, a court may, in its discretion, permit intervention under Rule 24(b)(1)(B) by anyone who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, a court should "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Ninth Circuit has developed a special approach to intervention in actions brought under NEPA. The approach involves dividing NEPA actions into two phases: a merits phase, during which the court determines whether the government was required to comply with NEPA and whether it failed to do so; and a remedial phase, during which the court determines the appropriate remedy for any violation. See, e.g., Wetlands Action Network v. Babbitt, 222 F.3d 1105, 1113-14 (9th Cir. 2000). The Ninth Circuit has repeatedly held that private parties do not have a "significantly protectable interest" in resolving the issue of whether the government has complied with NEPA's procedural requirements, and thus may not intervene as defendants in the merits phase of this type of action. See id.; Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002); Churchill County v. Babbitt, 150 F.3d 1072, 1082-83 (9th Cir. 1998); Forest Conservation Council, 66 F.3d at 1499;

Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 309 (9th Cir. 1989). However, because private interests can be impaired by injunctions ordering governmental compliance with NEPA, the Ninth Circuit has held that private parties may intervene as of right in the remedial phase of NEPA actions, provided the applicants otherwise meet the requirements of Rule 24(a)(2).  See, e.g., Wetlands Action Network, 222 F.3d at 1114.

The Ninth Circuit's special approach to intervention in NEPA cases does not extend to claims alleging violations of other environmental laws, at least where the claims challenge the substance of a decision made under the laws rather than the government's failure to take an action mandated by the laws.  See Sw. Ctr. for Biological Diversity, 268 F.3d at 817-24; Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397-98 & n.3 (9th Cir. 1995).  Instead, the proposed intervenor may satisfy the "significantly protectable interest" requirement by showing that "the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon [its] legally protectable interest."  Sw. Ctr. for Biological Diversity, 268 F.3d at 818 (quoting Forest Conservation Council, 66 F.3d at 1494).

The Court finds that AOGA and ASRC have satisfied the four-factor test for intervention as a matter of right with respect to Plaintiffs' claims under the ESA and MMPA.  AOGA's members and ASRC's shareholders have a protectable economic interest in continuing to perform certain activities that result in the occasional non-lethal take of polar bears.  Because those activities are currently permitted by the section 4(d) rule, and because the disposition of Plaintiffs' claims may result in changes

6

to or the revocation of the rule, AOGA and ASRC have a direct stake in the litigation. They moved for leave to intervene shortly after Plaintiffs amended their original complaint to add their first challenge to the section 4(d) rule, and thus their motions are timely. Finally, their interests are disparate from those of the government -- and from each other's -- such that those interests are not likely to be adequately protected by any other party if they are not allowed to intervene.

The Court therefore finds that AOGA and ASRC may intervene as a matter of right in connection with the adjudication of Plaintiffs' ESA and MMPA claims. However, under Ninth Circuit precedent, AOGA and ASRC do not have a protectable interest relating to the merits of Plaintiffs' NEPA claim, which simply asserts that Defendants failed to comply with a statutory procedural requirement. For the same reason, AOGA and ASRC do not have a protectable interest relating to the merits of Plaintiffs' stand-alone APA claim, which similarly challenges Defendants' failure to adhere to a statutory procedural requirement -- in this case, to provide notice and an opportunity for comment before promulgating the section 4(d) rule. See Forest Conservation Counsel, 66 F.3d at 1499 n.11. AOGA and ASRC thus may not intervene in connection with the merits phase of these claims; they may intervene during the remedies phase.

In addition, the Court will only permit AOGA and ASRC to intervene in connection with Plaintiffs' ESA and MMPA claims to the extent they have a concrete interest in the issues being adjudicated. See Forest Conservation Council, 66 F.3d at 1495 (citing United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704,

7

707 & n.4 (11th Cir. 1991), for the proposition that "[a] nonparty may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly"); see also Fed. R. Civ. P. 24(a) advisory committee's notes to 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). Neither AOGA nor ASRC has demonstrated that it has a significantly protectable interest in the portion of the section 4(d) rule that exempts all activities outside of Alaska from the ESA's take prohibitions, nor in the portion of the rule that exempts greenhouse gas emissions from section 7 of the ESA. Accordingly, AOGA and ASRC may not defend these aspects of the section 4(d) rule.[1]

## CONCLUSION

For the foregoing reasons, AOGA's motion for leave to intervene (Docket No. 96) and ASRC's motion for leave to intervene (Docket No. 117) are GRANTED IN PART. AOGA and ASRC may intervene in connection with Plaintiffs' ESA and MMPA claims, but their participation is limited to issues in which they have a concrete interest. Accordingly, they may not defend the portion of the section 4(d) rule that exempts all activities outside of Alaska from the ESA's take prohibitions or the portion of the rule that exempts greenhouse gas emissions from section 7 of the ESA. AOGA

---

[1] Plaintiffs have not cited any precedent in which a court has limited an intervenor's participation to submitting briefs in connection with dispositive motions. Limiting AOGA's participation in this way would amount to giving it amicus status rather than permitting it to intervene as a matter of right.

and ASRC may intervene in the remedial phase, but not the merits phase, of Plaintiffs' NEPA claim and their stand-alone APA claim.

The case management order is hereby amended as follows. Defendants must file their answer to the Second Amended Complaint by September 15, 2008 and must file the administrative record by September 29, 2008. Plaintiffs must file their motion for summary judgment in a brief of up to forty-five pages by October 30, 2008, noticed for hearing on January 8, 2009 at 2:00 p.m. Defendants' opposition and any cross-motion must be contained in a single brief of up to forty-five pages filed by November 26, 2008. AOGA and ASRC must file their own oppositions and any cross-motion by December 4, 2008. They must not repeat any of the arguments made by Defendants, and must confer prior to filing their papers so that their submissions are not unnecessarily duplicative of each other. Their briefs are limited to fifteen pages. Plaintiffs' reply in support of their motion and their opposition to any cross-motion must be contained within a single brief of no more than twenty-five pages filed by December 11, 2008. Defendants' reply in support of any cross-motion must be filed by December 18, 2008 and is limited to twenty-five pages. AOGA's and ASRC's replies in support of any cross-motion must also be filed by December 18, 2008, and are limited to ten pages.

IT IS SO ORDERED.

Dated: 8/13/08

_____
CLAUDIA WILKEN
United States District Judge

9