1   SETH D. HILTON (SB #181899)
    sdhilton@stoel.com
2   ANDREW F. BRIMMER (SB#179146)
    afbrimmer@stoel.com
3   STOEL RIVES LLP
    980 Ninth Street, 19th Floor
4   Sacramento, CA  95814
    Telephone:  (916) 447-0700
5   Facsimile:  (916) 447-4781

6   JEFFREY W. LEPPO (*Pro Hac Vice*)
    jwleppo@stoel.com
7   JASON T. MORGAN (*Pro Hac Vice*)
    jtmorgan@stoel.com
8   STOEL RIVES LLP
    600 University Street, Suite 3600
9   Seattle, WA  98101
    Telephone:  (206) 624-0900
10  Facsimile:  (206) 386-7500

11  Attorneys for Intervenor-Defendant
    Alaska Oil and Gas Association

12

13          UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15              OAKLAND DIVISION

16  CENTER FOR BIOLOGICAL DIVERSITY, a          Case No. 08-1339 CW
    non-profit corporation, NATURAL
17  RESOURCES DEFENSE COUNCIL, a non-           **NOTICE OF MOTION AND MOTION**
    profit corporation, and GREENPEACE, INC., a **OF INTERVENOR-DEFENDANT**
18  non-profit corporation;                     **ALASKA OIL AND GAS**
                                                **ASSOCIATION FOR LEAVE TO FILE**
19              Plaintiffs,                      **A MOTION FOR**
                                                **RECONSIDERATION OF AUGUST 13,**
20          v.                                  **2008 ORDER ON INTERVENTION**

21  DIRK KEMPTHORNE, United States
    Secretary of the Interior, and UNITED
22  STATES FISH AND WILDLIFE SERVICE,           Judge:  Hon. Claudia Wilken

23              Defendants,

24  and

25  ALASKA OIL AND GAS ASSOCIATION;
    and ARCTIC SLOPE REGIONAL
26  CORPORATION,

27              Intervenors-Defendants.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**MOTION FOR LEAVE TO FILE A**
**MOTION FOR RECONSIDERATION**        -1-                08-1339 CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT intervenor-defendant Alaska Oil and Gas Association ("AOGA"), by and through the undersigned attorney and pursuant to Local Rule 7-9, moves this Court for leave to file an expedited motion for reconsideration of this Court's August 13, 2008 "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation" ("Order").[1]

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

AOGA seeks leave to file a motion for reconsideration of the Order to address (1) an important aspect of its original motion that the Court did not resolve, and (2) other matters not addressed in the parties' briefing, but raised and resolved by the Court *sua sponte* in the Order. *See* Local Rule 7-9(b)(1), (3).  Copies of the motion for reconsideration and supporting declarations that AOGA seeks to file are attached as Exhibits 1, 2, and 3 to this motion.

### II.    POINTS AND AUTHORITIES

As more fully explained in Exhibits 1 through 3, AOGA seeks leave to file a motion for reconsideration to address the following:

1.    Pursuant the Federal Rules of Civil Procedure, AOGA's original motion seeks:  (i) intervention as of right in Plaintiffs' non-National Environmental Policy Act ("NEPA") claims and in the remedy phase of Plaintiffs' NEPA claim under Rule 24(a); and (ii) both in addition and in the alternative, permissive intervention under Rule 24(b) in all claims, including the merits of Plaintiffs' NEPA claim.  *See* Docket 96 at §§ III.A (intervention as of right), III.B (permissive intervention). The Order does not address AOGA's request for permissive intervention.  AOGA seeks reconsideration so that the Court may consider AOGA's Rule 24(b) grounds for permissive intervention.

---

[1] Concurrently, AOGA is filing a motion to shorten the time for the Court's consideration of this motion, pursuant to Local Rule 6-3.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION**    -2-    08-1339 CW

Seattle-3440627.1 0010627-00013

2.     Although neither Plaintiffs nor Defendants opposed AOGA's intervention on the merits of any claim, the Court *sua sponte* denied AOGA intervention on the merits of Plaintiffs' Administrative Procedure Act ("APA") claim.   In doing so, the Court erroneously extended application of Ninth Circuit case law that is *only* applicable to NEPA claims.  In respect to this issue, the Order is contrary to controlling Ninth Circuit authority.  AOGA seeks reconsideration to address this issue.

3.     Although it is well-established that the Ninth Circuit applies a liberal policy in favor of intervention, and although neither Plaintiffs nor Defendants opposed AOGA's intervention on the merits of *any* claim, the Court *sua sponte* denied AOGA intervention on aspects of Plaintiffs' claims concerning greenhouse gas ("GHG") emissions and related consultation under § 7 of the Endangered Species Act ("ESA").  AOGA, whose seventeen oil and gas company members include the four largest oil and gas companies operating throughout the United States and the world, seeks reconsideration to demonstrate its interest in these issues.  Insofar as the record is deficient, AOGA seeks leave to supplement the record to demonstrate that AOGA's members are emitters of greenhouse gases with a direct and certain interest in both § 7 consultation as to polar bears and such emissions, and application of the Interim Final 4(d) Rule within and outside of Alaska.

4.     Although intervenors as of right have the status of full participants in a lawsuit, although no party sought to limit AOGA's full participation in the merits briefing, and although the local rules provide page limits for dispositive motions briefing, the Court *sua sponte* and without explanation limited AOGA to a 15-page opening brief and a 10-page reply brief.  These page limits are significantly less than the page limits provided by local rule and one-third of the page limits accorded the original parties to this litigation.  AOGA seeks leave to address this issue, which was not raised in the parties' briefing, because, respectfully, given the novelty of the legal issues, the sure-to-be enormous administrative record, and the number

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**MOTION FOR LEAVE TO FILE A**
**MOTION FOR RECONSIDERATION**          -3-                    08-1339 CW

Seattle-3440627.1 0010627-00013

1    and complexity of Plaintiffs' claims, the imposed page limits are an unfair and

2    unreasonable constraint on AOGA's rights of full participation.

3    The above constitute allowable grounds for reconsideration pursuant to Local Rule 7-

4    9(b)(1) and (b)(3).  As to permissive intervention, the Court has not addressed a material issue

5    raised in AOGA's original motion.  All the other issues addressed by this motion were raised *sua*

6    *sponte* in the Order for the first time, contrary to the non-opposition of both Plaintiffs and

7    Defendants.  As to the latter issues – the most important of which is a fair opportunity to be heard

8    on the merits of Plaintiffs' novel claims in this complex record review case – unless AOGA is

9    granted leave to file its motion for reconsideration, it will have had no opportunity to address

10   issues directly and significantly affecting the scope and extent of its intervention in this litigation.

11   ### III.    CONCLUSION

12   For the foregoing reasons, AOGA respectfully requests leave to file its motion for

13   reconsideration (Exhibit 1) and its supporting declarations (Exhibits 2 and 3), as well as a related

14   proposed form of order.  For the reasons detailed in AOGA's accompanying motion to shorten

15   time, AOGA also requests an expedited schedule and hearing on its motion for reconsideration.

16   *See* [Proposed] Order Granting Alaska Oil and Gas Association's Motion to File Motion for

17   Reconsideration.

18   DATED this 21st day of August, 2008.

19

20   STOEL RIVES LLP

21

22   By: /s/ Jeffrey W. Leppo
         JEFFREY W. LEPPO, *pro hac vice*
23       SETH D. HILTON (SB #181899)
         Attorneys for Proposed
24       Intervenor-Defendant
         Alaska Oil and Gas Association

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION**            -4-                                    08-1339 CW

Seattle-3440627.1 0010627-00013

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Motion and Motion of Intervenor-Defendant Alaska Oil and Gas Association for Leave to File a Motion for Reconsideration of August 13, 2008 Order on Intervention; [Proposed] Order Granting Alaska Oil and Gas Association's Motion for Leave to File Motion for Reconsideration; Exhibit 1 – [Proposed] Notice for Motion and Motion of Intervenor-Defendant Alaska Oil and Gas Association for Reconsideration of August 13, 2008 Order on Intervention; Exhibit 2 – [Proposed] Declaration of Jeffrey W. Leppo in Support of Motion for Reconsideration; and Exhibit 3 – [Proposed] Supplemental Declaration of Marilyn Crockett* were filed electronically with the Court and consequently was served electronically on the following:

Douglas Scott Burdin (dburdin@safariclub.org)

Kevin M. Cuddy (cuddy@frozenlaw.com)

Brendan R. Cummings (bcummings@biologicaldiversity.org)

Jeffrey M. Feldman (Feldman@frozenlaw.com)

Richard J. Finn (rfinn@furnhambrown.com)

Kristen Byrnes Floom (Kristen.Floom@usdoj.gov)

James Jeffries Goodwin (jeffriesgoodwin@gmail.com)

Juliet A. Markowitz (jmarkowitz@ttsmlaw.com)

Andrew McAleer Hawley (ahawley@defenders.org)

Michael A. Oropallo (moropallo@hiscockbarclay.com)

Miyoko Sakashita (miyoko@biologicaldiversity.org)

Kassia Rhoades Siegel (ksiegel@biologicaldiversity.org)

Rene Pierre Tatro (renetatro@ttsmlaw.com)

Andrew Elsas Wetzler (awetzler@nrdc.org)

Jean Williams (jean.williams@usdoj.gov)

I further certify that on the 21st day of August, 2008, a copy of the foregoing document was sent via first-class mail, postage prepaid to:

1    John J. Jackson, III
     Conservation Force
2    3240 S I-10 Service Road W.
     Suite 200
3    Metairie, LA 70001

4

5                                          /s/Jeffrey W. Leppo
                                           Jeffrey W. Leppo
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**                -2-                          08-1339 CW

1  SETH D. HILTON (SB #181899)
   sdhilton@stoel.com
2  ANDREW F. BRIMMER (SB#179146)
   afbrimmer@stoel.com
3  sdhilton@stoel.com
   STOEL RIVES LLP
4  980 Ninth Street, 19th Floor
   Sacramento, CA  95814
5  Telephone:  (916) 447-0700
   Facsimile:  (916) 447-4781
6
   JEFFREY W. LEPPO (*Pro Hac Vice*)
7  jwleppo@stoel.com
   JASON T. MORGAN (*Pro Hac Vice*)
8  jtmorgan@stoel.com
   STOEL RIVES LLP
9  600 University Street, Suite 3600
   Seattle, WA  98101
10 Telephone:  (206) 624-0900
   Facsimile:  (206) 386-7500
11
   Attorneys for Intervenor-Defendant
12 Alaska Oil and Gas Association

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                            OAKLAND DIVISION

16
   CENTER FOR BIOLOGICAL DIVERSITY, a          Case No. 08-1339 CW
17 non-profit corporation, NATURAL
   RESOURCES DEFENSE COUNCIL, a non-           **[PROPOSED] ORDER GRANTING**
18 profit corporation, and GREENPEACE, INC., a **ALASKA OIL AND GAS**
   non-profit corporation;                     **ASSOCIATION'S MOTION FOR**
19                                             **LEAVE TO FILE MOTION FOR**
                    Plaintiffs,                **RECONSIDERATION**
20
              v.
21
   DIRK KEMPTHORNE, United States
22 Secretary of the Interior, and UNITED
   STATES FISH AND WILDLIFE SERVICE,
23
                    Defendants,
24 and

25 ALASKA OIL AND GAS ASSOCIATION;
   and ARCTIC SLOPE REGIONAL
26 CORPORATION,

27                    Intervenors-Defendants.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] ORDER GRANTING
AOGA'S MOTION FOR LEAVE**          -1-          08-1339 CW

Seattle-3440782.1 0010627-00013

1      Having considered the motion for leave to file a motion for reconsideration and supporting

2  papers filed by Intervenor-Defendant Alaska Oil and Gas Association ("AOGA"), and any

3  responses and replies thereto, it is hereby ordered that the motion is GRANTED.

4      AOGA is hereby granted leave to file its motion for reconsideration of this Court's

5  August 13, 2008 "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas

6  Association and Arctic Slope Regional Corporation," as well as its supporting declarations.

7      In addition, the following schedule is established regarding the motion for

8  reconsideration:  responses to the motion for reconsideration must be filed no later than seven (7)

9  days from the date of this order; AOGA may file a reply brief no later than nine (9) days from the

10  date of this order; a hearing on AOGA's motion will be held on _____, 2008, at ____,

11  Courtroom 2 on the 4th Floor, 1301 Clay Street, Oakland, California.

12      IT IS SO ORDERED.

13

14      DATED this _____day of _____, 2008.

15

16                                                    _____

17                                                    Hon. Claudia Wilken
                                                       United States District Judge

18

19  Presented by:

20  STOEL RIVES LLP

21

22  /s/ Jeffrey W. Leppo_____
    JEFFREY W. LEPPO, *pro hac vice*
23  SETH D. HILTON (SB #181899)
    Attorneys for
24  Intervenor-Defendant
    Alaska Oil and Gas Association

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] ORDER GRANTING
AOGA'S MOTION FOR LEAVE**                -2-                                08-1339 CW

Seattle-3440782.1 0010627-00013

# EXHIBIT 1

1   SETH D. HILTON (SB #181899)
    sdhilton@stoel.com
2   ANDREW F. BRIMMER (SB#179146)
    afbrimmer@stoel.com
3   STOEL RIVES LLP
    980 Ninth Street, 19th Floor
4   Sacramento, CA  95814
    Telephone:  (916) 447-0700
5   Facsimile:  (916) 447-4781

6   JEFFREY W. LEPPO (*Pro Hac Vice*)
    jwleppo@stoel.com
7   JASON T. MORGAN (*Pro Hac Vice*)
    jtmorgan@stoel.com
8   STOEL RIVES LLP
    600 University Street, Suite 3600
9   Seattle, WA  98101
    Telephone:  (206) 624-0900
10  Facsimile:  (206) 386-7500

11  Attorneys for Intervenor-Defendant
    Alaska Oil and Gas Association

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                    OAKLAND DIVISION

16  CENTER FOR BIOLOGICAL DIVERSITY, a          Case No. 08-1339 CW
    non-profit corporation, NATURAL
17  RESOURCES DEFENSE COUNCIL, a non-           **[PROPOSED] NOTICE FOR MOTION**
    profit corporation, and GREENPEACE, INC., a **AND MOTION OF INTERVENOR-**
18  non-profit corporation;                     **DEFENDANT ALASKA OIL AND GAS**
                                                **ASSOCIATION FOR**
19              Plaintiffs,                      **RECONSIDERATION OF AUGUST 13,**
                                                **2008 ORDER ON INTERVENTION**
20        v.
                                                Date:
21  DIRK KEMPTHORNE, United States              Time:
    Secretary of the Interior, and UNITED       Dept:
22  STATES FISH AND WILDLIFE SERVICE,           Judge:     Hon. Claudia Wilken

23              Defendants,

24  and

25  ALASKA OIL AND GAS ASSOCIATION;
    and ARCTIC SLOPE REGIONAL
26  CORPORATION,

27              Intervenors-Defendants.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -1-                        08-1339 CW

Seattle-3440620.2 0010627-00013

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on _____, at _____, before the Honorable Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, in Courtroom 2 on the 4th Floor, Intervenor-Defendant Alaska Oil and Gas Association ("AOGA"), will move and hereby does move this Court for reconsideration of this Court's August 13, 2008 "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation" ("Order").

## MOTION AND MEMORANDUM IN
## SUPPORT OF MOTION FOR RECONSIDERATION

### I.    INTRODUCTION

The polar bear has developed iconic status as a symbol of the unresolved debate over the science and public policy implications of global climate change and emissions of greenhouse gases ("GHGs").  Pursuant to this Court's order, on May 15, 2008, the U.S. Fish & Wildlife Service ("Service") issued lengthy decisions that both listed the polar bear as a "threatened" species under § 4 of the Endangered Species Act ("ESA"), and that determined pursuant to § 4(d) of the ESA the circumstances under which the "take" prohibition in § 9 of the ESA does and does not apply to the polar bear species (the "Interim 4(d) Rule").  In particular, as authorized by § 4(d), the Interim 4(d) Rule limits application of the take prohibition:  (1) in its local application on the North Slope of Alaska, where interactions between polar bears, local communities, and the oil and gas industry have important human and bear safety implications that are successfully regulated under the Marine Mammal Protection Act ("MMPA"); and (2) in its national application as an indirect means of establishing the ESA as a GHG emissions control regime.

Plaintiffs' ("CBD's") Second Amended Complaint in this litigation raises seven complex and genuinely novel claims intended to invalidate or undermine the Interim 4(d) Rule.  Initially, CBD challenges the "threatened" status of the polar bears, arguing that the polar bear species qualifies as an "endangered" species.  An "endangered" listing would necessarily invalidate the Interim 4(d) Rule because ESA § 4(d) does not apply to "endangered" species.  In

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -2-                                08-1339 CW

Seattle-3440620.2 0010627-00013

1    addition, CBD has asserted five other claims that challenge the take limits established in the

2    Interim 4(d) Rule either on the basis that these limitations are contrary to the ESA, or that the

3    Service violated the requirements of the Administrative Procedure Act ("APA") and the National

4    Environmental Policy Act ("NEPA") in adopting the regulation.  Finally, CBD asserts a claim

5    under the MMPA and the APA intended to undermine those aspects of the Interim 4(d) Rule that

6    relate to enforcement of the MMPA.

7         In mid-July, shortly after CBD filed its First Amended Complaint challenging the Interim

8    4(d) Rule, and before CBD filed its present Second Amended Complaint, AOGA moved for

9    intervention as of right and, alternatively, permissive intervention.  *See* Docket 96.  Pursuant to

10   well-established policy of the Department of Justice, the Federal Defendants neither objected to

11   nor supported AOGA's application for intervention.  CBD expressly stated that it did not oppose

12   AOGA's intervention on the merits of all its claims.[1]  *See* Docket 114 at 4.  On August 13, 2008,

13   this Court entered its Order resolving AOGA's motion.[2]  The Order granted in part AOGA's

14   motion for intervention as of right in CBD's claims, however, the scope of AOGA's intervention

15   was limited in several very significant respects.  AOGA was denied intervention as to the merits

16   of CBD's NEPA and APA claim (Sixth Claim), denied intervention as to the merits of CBD's

17   APA claim (Fifth Claim), and denied intervention as to CBD's ESA claims insofar as those

18   claims related to either ESA § 7 consultation regarding GHG emissions, or limitation of the § 9

19   take prohibition outside of Alaska (Fourth Claim).  In addition, as to those claims AOGA was

20   granted intervention as of right, the Court ordered that AOGA must limit its dispositive motion on

21   the merits to no more than 15 pages, and its reply brief to no more than 10 pages.  These page

22   limits are significantly less than those established by local rule, and one-third the length of the

23   page limits established for the original parties in this case.

24   _____

25        [1] The only objections raised by CBD were to AOGA's potential participation in non-
     merits issues.  Seeking to preclude AOGA from raising the appropriateness of venue, CBD
26   argued that AOGA's involvement should be confined to the merits of its claims.  The Court
     addressed and rejected this argument in a footnote.  *See* Order at 8, n.1.

27        [2] The Order also resolved the separate motion of the Arctic Slope Regional Corporation
28   ("ASRC") to intervene as a defendant in this litigation.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                              -3-                        08-1339 CW

Seattle-3440620.2 0010627-00013

1      In this motion, AOGA respectfully requests reconsideration of four aspects of the Order:

2      1.    Whether, pursuant to Rule 24(b), AOGA should be granted permissive

3      intervention on the merits of those claims for which the Court has denied

4      intervention as of right, particularly CBD's NEPA claim.

5      2.    Whether AOGA should be granted intervention as of right or permissive

6      intervention with respect to CBD's APA claim.

7      3.    Whether AOGA should be granted intervention as of right, or permissive

8      intervention, with respect to all the aspects of CBD's ESA claims challenging the

9      Interim 4(d) Rule and § 7 consultation regarding GHG emissions.

10      4.    Whether the page limits imposed on AOGA should be rescinded because they

11      unreasonably restrain AOGA's rights of "full" and fair participation.

12  Reconsideration is appropriate regarding its original request for permissive intervention (Item 1

13  above) because the Order does not address or resolve permissive intervention.  Reconsideration is

14  appropriate regarding other limits to the scope of AOGA's intervention and AOGA's rights of

15  participation (Items 2-4 above) because these restrictions were raised by the Court *sua sponte* and

16  have been resolved in the Order without an opportunity for AOGA to address them.

17      For the reasons set forth below and in the accompanying declarations, AOGA requests

18  that this Court reconsider its order and grant AOGA leave to intervene on the merits of *all* aspects

19  of Plaintiffs' claims.  AOGA also requests that this Court withdraw the restrictions it has imposed

20  on briefing page limits so that AOGA may meaningfully participate in the merits of this case.

21          **II.    ARGUMENT**

22  **A.    AOGA Should Be Granted Permissive Intervention**

23      AOGA's original motion acknowledged the minority rule of the Ninth Circuit limiting

24  intervention as of right in NEPA claims to the remedy phase.  *See* Docket 98 at 4, n.1.

25  Accordingly, AOGA expressly sought permissive intervention as to the merits of CBD's NEPA

26  claim pursuant to Rule 24(b).  *See id.* ("consistent with the Ninth Circuit Rule, AOGA seeks

27  intervention as of right with regard to the remedy phase of plaintiffs' NEPA claims and

28  permissive intervention on the merits" (citations omitted)); Docket 119 at 3.  In addition, in the

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION     -4-    08-1339 CW

Seattle-3440620.2 0010627-00013

1    alternative to Rule 24(a) intervention as of right, AOGA's original motion requested permissive

2    intervention pursuant to Rule 24(b) as to all of CBD's claims. *See* Docket 98 at 8-9 (addressing

3    permissive intervention).

4         AOGA seeks reconsideration regarding permissive intervention on the grounds that the

5    Order does not address the issue. For the reasons and on the authorities previously addressed in

6    AOGA's opening and reply briefs, permissive intervention in the merits of CBD's NEPA claim

7    and other claims is appropriate here. *See also* Leppo Declaration. Indeed, the Court's denial of

8    permissive intervention despite CBD's express consent to intervention on the merits of all claims

9    cannot be squared with the Ninth Circuit's "liberal policy in favor of intervention." *United States*

10   *v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002); *see* Docket 114 at 4 ("Plaintiffs,

11   however, are not opposed to AOGA's participation in the merits of this case."); Docket 114-2

12   (CBD's proposed order granting AOGA intervention on the merits of all claims).

13       **B.      AOGA Should Be Granted Intervention As Of Right In CBD's APA Claim**

14            Although CBD did not oppose AOGA's request for intervention on the merits of its APA

15   claim, the Court denied intervention on the basis of inapplicable legal authority. The Court's

16   denial of intervention on the merits of CBD's APA claim reflects a manifest error in light of

17   contrary controlling legal authority.

18            In denying intervention on the merits of Plaintiffs' APA claim, the Court extended the

19   Ninth Circuit rule that restricts intervention as of right to only the merits phase of a NEPA claim.

20   However, the cited supporting authority for this extension, *Forest Conservation Council v. U.S.*

21   *Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995), provides no basis for such an extension because the

22   court in *Forest Conservation Council* was not presented with an APA claim. Indeed, there is no

23   Ninth Circuit case law that extends the limits on intervention as of right in the merits of NEPA

24   cases to APA claims. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397-98 & n.3 (9th

25   Cir. 1995) (upholding intervention in all substantive *and procedural* ESA and APA claims in

26   lawsuit challenging an ESA listing decision under § 4 of the ESA).

27            Moreover, as addressed above, in the alternative, AOGA's request for permissive

28   intervention should be granted. AOGA's long-standing and well-established direct interests, the

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -5-                                08-1339 CW

Seattle-3440620.2 0010627-00013

1    Ninth Circuit's liberal policy favoring intervention, and CBD's consent provide a compelling

2    basis for permissive intervention in this instance.

3    **C.    AOGA Should Be Granted Intervention In All Aspects Of CBD's ESA Claim
         Challenging The Interim 4(d) Rule**

4

5        One of the more novel and controversial aspects of both the Interim 4(d) Rule and CBD's

6    Fourth Claim (alleging ESA and APA violations) concerns application of the ESA to regulation

7    of GHG emissions.  However, contrary to CBD's consent to AOGA's intervention as of right in

8    all aspects of the merits of this claim, the Order excludes AOGA from any participation in CBD's

9    claims regarding the GHG emssions issues on the grounds that AOGA has not demonstrated a

10   significantly protectable interest in these issues.   However, as addressed below, AOGA and its

11   members do have significant and protectable interests in the first impression GHG emission

12   issues addressed in this litigation.  Insofar as AOGA's original motion omitted facts sufficient to

13   demonstrate an interest in these issues, AOGA seeks leave to supplement its evidence in support

14   of intervention at this still early stage of the proceedings.[3]

15       It is well-established that whether a proposed intervenor has a significant protectable

16   interest is a "practical, threshold inquiry" for which "[n]o specific legal or equitable interest need

17   be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd by Greene v.

18   Babbitt*, 64 F.3d 1266 (9th Cir. 1995).  Accordingly, the interest requirement is "primarily a

19   practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

20   compatible with efficiency and due process." *United States v. City of Los Angeles*, 288 F.3d 391,

21   398 (9th Cir. 2002) (relationship requirement is met where "'resolution of plaintiff's claim

22   actually will affect the applicant'").

23   _____

24   [3] AOGA's intervention on these issues now is still timely.  In determining the timeliness
     of a motion to intervene, the Ninth Circuit considers:  (1) the stage of the proceedings; (2) the
25   prejudice to the other parties; and (3) the reasons for and the length of the delay, if any. *State of
     Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 2007).  Plaintiffs' recent
26   filing of their Second Amended Complaint, as well as Defenders of Wildlife's still pending
     motion to intervene (and, if granted, the associated filing of another complaint) represent a "new
27   stage" of the litigation.  In addition, this litigation is still in its preliminary stages.  The Federal
     Defendants have not filed their answer to the Second Amended Complaint, nor has the
28   administrative record been lodged with the Court.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                     -6-                          08-1339 CW

Seattle-3440620.2 0010627-00013

1    Here, AOGA does have a significantly protectable interest in the GHG issues addressed in

2    the Interim 4(d) Rule and challenged by CBD. *See* Supplemental Declaration of Marilyn

3    Crockett. AOGA's members are the oil and gas industry in Alaska. *Id.* ¶ 3. With seventeen oil

4    and gas company members, including the four largest oil and gas companies operating in the

5    United States and in the world, AOGA's membership owns and operates a very substantial

6    portion of all oil and gas industrial operations within the United States, both within and outside of

7    Alaska. *Id.* ¶¶ 5-6. AOGA's members emit GHGs in Alaska and in the United States outside of

8    Alaska, through a wide range of federally-permitted exploration, development, production,

9    transportation and refining activities. *Id.* ¶¶ 6-7.

10    With respect to the significant industrial operations conducted within the Alaska range of

11    the polar bear, AOGA's members are directly subject to § 7 ESA consultation regarding polar

12    bears. *Id.* ¶¶ 7-8. Moreover, AOGA and its members have been very active in the polar bear

13    listing decision and Interim 4(d) Rule administrative processes on the full spectrum of issues,

14    including regulation of GHGs under the ESA, both within and outside of Alaska. *Id.* ¶¶ 9-11.

15    AOGA's members have an interest in defending the GHG aspects of the Interim 4(d) Rule

16    because of its broad implications for GHG regulation under the ESA for the oil and gas industry

17    in general, of which AOGA's members are among the most substantial members. *Id.* Given the

18    breadth of their activities throughout the United States, and in Alaska, and their emission of

19    GHGs, AOGA and its members have an obvious, direct, significant, protectable and practical

20    stake in the issues of first impression raised in the Service's Interim 4(d) Rule and challenged by

21    CBD in its ESA claims. *Id.* Indeed, it is difficult to imagine either an industry, or individual

22    companies, with a greater interest in these subjects. *See California ex rel. Lockyer v. U.S.*, 450

23    F.3d 436, 441 (9th Cir. 2006) (an applicant "has a sufficient interest for intervention purposes if it

24    will suffer a practical impairment of its interests as a result of the pending litigation.").

25    Finally, AOGA again observes that CBD has consented to intervention on the merits of

26    these issues, and that AOGA has sought both intervention as of right and permissive intervention.

27    Given these circumstances and the Ninth Circuit's liberal policy on intervention, AOGA

28    respectfully requests reconsideration of it motion to intervene on all issues raised in CBD's ESA

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -7-                    08-1339 CW

Seattle-3440620.2 0010627-00013

1    claims challenging the Interim 4(d) Rule.

2    **D.    The Page Limits Imposed On AOGA Are An Unfair And**
         **Unreasonable Restraint On AOGA's Rights Of Participation In This Case**
3

4          AOGA agrees that it makes good sense for its briefing to follow the briefing of the

5    Federal Defendants and for AOGA to act in good faith to avoid unnecessary repetition of the

6    arguments made by Federal Defendants or other parties.  *See Natural Resources Defense Council*

7    *v. Norton*, No. 1:05CV01207, 2006 WL 39094,*12 (E.D. Cal. 2006) (court imposed intervention

8    condition requiring parties to coordinate briefing (but did not impose a page limit restriction)).

9    AOGA will certainly ensure that its briefing is efficient, targeted, and avoids arguments

10   sufficiently covered by other parties.  However, respectfully, AOGA requests reconsideration of

11   this Court's *sua sponte* imposition of page restrictions that are significantly less than that

12   provided by local rule and one-third of what the Court has authorized for CBD and the Federal

13   Defendants.  Given the nature of this litigation, the imposed page limitations preclude AOGA's

14   meaningful participation in this case.  *See U.S. v. City and County of Honolulu*, No. 07-

15   00235DAE, 2007 WL 4800670, *2 (D. Hawaii 2007) (while a court may impose restrictions on a

16   party's right to intervene as of right, the court's discretion to do so "is not without limitation" and

17   "[t]he conditions imposed by the Court must be reasonable and of a housekeeping nature"); *see*

18   *also County of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 (D.D.C. 2007) (allowing

19   intervention and declining to impose one-half the standard page limits authorized by the local

20   rules for Court filings).

21          It is an understatement to say that this is a complex case.  This case involves the review of

22   two complicated and technical administrative rules, totaling over 100 pages in length.  The

23   administrative record supporting the agency decisions is sure to be enormous.  In challenging the

24   Service's two decisions, CBD has asserted six multi-faceted claims.  *See* Docket 126 (CBD's 40-

25   page Second Amended Complaint with 185 separate allegations).  Defenders of Wildlife's motion

26   to add additional claims is pending.  Moreover, if there is a "standard" ESA challenge, this case is

27   surely not one of them.  The Service's decisions and CBD's claims present not only novel,

28   controversial, and complex legal issues under the ESA, but also unique and complicated technical

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -8-                          08-1339 CW

Seattle-3440620.2 0010627-00013

1   matters that pervade the listing decision and Interim 4(d) Rule. In addition, many of CBD's

2   claims have significant and unique consequences for Alaska that will not be adequately addressed

3   by CBD or the Federal Defendants. AOGA (and ASRC) are the only parties in this case that have

4   a long history of significant involvement in Alaska, and specifically in areas occupied by polar

5   bears. AOGA therefore brings a practical and valuable perspective to this case, and adds a

6   context not presented by any of the other parties. *See* Docket 96 at 3-4.

7          Under the circumstances of this case, it is unreasonable to limit AOGA to a 15-page

8   opening brief and a 10-page reply brief to address the factual context of this matter from its

9   unique perspective, distill related portions of the administrative record, brief the complex legal

10  issues surrounding the ESA listing decision, and brief the issues presented by all the other claims

11  in this case (which, too, are highly complex). This page limit is significantly less than that

12  allowed for "normal" summary judgment briefs and is 10 pages less than that allowed for *any*

13  brief filed under this Court's local rules. *See* Local Rule 7-4(b) (briefs on all motions limited to

14  25 pages). In marked contrast, the page limits for the other parties in this case were *extended* to

15  45 pages.

16          The disparate treatment of AOGA substantially diminishes the participation of the only

17  representative of industry interests in this litigation and the only industry actively engaged in

18  polar bear habitat. AOGA's perspective is certainly as important as those offered by CBD and

19  the Federal Defendants. *See Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (citing

20  *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)) (whether the intervenor

21  offers a necessary element to the proceedings that would be neglected should be considered in

22  assessing the right to intervene); *see also Forest Conservation Council*, 66 F.3d at 1497, n.9 (one

23  benefit of intervention is to bring "to the court's attention valuable information not available to or

24  provided by the [original] parties."). Moreover, as this Court has already determined, AOGA's

25  interest in the matters presented will not be adequately represented by the Federal Defendants.

26  *See Forest Conservation Council*, 66 F.3d at 1497 (the government's role is to present the broad

27  public interest, not to defend industry interests).

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION          -9-                        08-1339 CW

Seattle-3440620.2 0010627-00013

1    Finally, upon intervention as of right, a party should be treated as an original party. *U.S.*

2    *v. State of Oregon*, 657 F.2d 1009, 1014 (9th Cir. 1981) ("Intervenors under Fed.R.Civ.P. 24(a)(2)

3    … enter the suit with the status of original parties"); *District of Columbia v. Merit Systems*

4    *Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) ("Intervenors under Rule 24(a)(2) assume the

5    status of full participants in a lawsuit and are normally treated as if they were original parties once

6    intervention is granted."). While a Court may reasonably condition the rights of participation of

7    both intervenors and original parties, such conditions should in fairness affect the parties equally.

8    AOGA requests that it be treated as a party with interests equal to those of the other parties in this

9    case.

10    In sum, the *sua sponte* limitations imposed by the Order on AOGA's participation in the

11    merits of this case deny AOGA equal footing to the original parties. In the context of this

12    complex case, the page limits imposed on the merits briefing constrain AOGA to the point that it

13    cannot fairly or reasonably defend its interests.

### III. CONCLUSION

15    For the reasons stated above, AOGA respectfully requests that the Court reconsider four

16    aspects of the Order. AOGA requests permissive intervention on the merits of CBD's NEPA

17    claim, intervention as of right or, alternatively, permissive intervention in CBD's APA claim, and

18    intervention as of right or, alternatively, permissive intervention in all the aspects of CBD's ESA

19    claims concerning the Interim 4(d) Rule. AOGA also requests that this Court set fair and

20    reasonable briefing page limits that allow AOGA to effectively participate in this case to the same

21    extent as the original parties.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                    -10-                    08-1339 CW

Seattle-3440620.2 0010627-00013

1    DATED:  August 21, 2008

2                                            STOEL RIVES LLP

3

4

5                                   By: /s/ Jeffrey W. Leppo
                                          JEFFREY W. LEPPO, *pro hac vice*
                                          SETH D. HILTON (SB #181899)
6                                         Attorneys for Proposed
                                          Intervenor-Defendant
7                                         Alaska Oil and Gas Association

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] MOTION FOR
RECONSIDERATION                          -11-                          08-1339 CW

Seattle-3440620.2 0010627-00013

# EXHIBIT 2

1    SETH D. HILTON (SB #181899)
     sdhilton@stoel.com
2    ANDREW F. BRIMMER (SB#179146)
     afbrimmer@stoel.com
3    sdhilton@stoel.com
     STOEL RIVES LLP
4    980 Ninth Street, 19th Floor
     Sacramento, CA  95814
5    Telephone:  (916) 447-0700
     Facsimile:  (916) 447-4781
6
     JEFFREY W. LEPPO (*Pro Hac Vice*)
7    jwleppo@stoel.com
     Jason T. Morgan (*Pro Hac Vice*)
8    jtmorgan@stoel.com
     STOEL RIVES LLP
9    600 University Street, Suite 3600
     Seattle, WA  98101
10   Telephone:  (206) 624-0900
     Facsimile:  (206) 386-7500
11
     Attorneys for Proposed Intervenor-Defendant
12   Alaska Oil and Gas Association

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         OAKLAND DIVISION

17   CENTER FOR BIOLOGICAL DIVERSITY, a      Case No. 08-1339 CW
     non-profit corporation, NATURAL
18   RESOURCES DEFENSE COUNCIL, a non-       **[PROPOSED] DECLARATION OF**
     profit corporation, and GREENPEACE, INC., a   **JEFFREY W. LEPPO IN SUPPORT OF**
19   non-profit corporation;                 **MOTION FOR RECONSIDERATION**

20             Plaintiffs,
                                             Judge:      Hon. Claudia Wilken
21        v.

22   DIRK KEMPTHORNE, United States
     Secretary of the Interior, and UNITED
23   STATES FISH AND WILDLIFE SERVICE,

24             Defendants,
     and
25
     ALASKA OIL AND GAS ASSOCIATION;
26   and ARCTIC SLOPE REGIONAL
     CORPORATION,

27             Intervenor-Defendants.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] DECLARATION OF**          -1-                    08-1339 CW
**JEFFREY W. LEPPO**
Seattle-3441527.1 0010627-00013

## DECLARATION OF JEFFREY W. LEPPO

1.    My name is Jeffrey W. Leppo.   I am the lead counsel for Intervenor-Defendant Alaska Oil and Gas Association ("AOGA") in this litigation.  I make this declaration on the basis of personal knowledge and am competent to testify to the matters stated herein, which are true and correct to the best of my knowledge, information, and belief.

2.    Plaintiff Center for Biological Diversity ("CBD") is a national conservation advocacy group that engages in regulatory proceedings and litigation as a means of promoting its policy objectives.  CBD's policy objectives include establishing the Endangered Species Act ("ESA") as a mechanism for the regulation of green house gas ("GHG") emissions.  Its objectives also include opposing oil and gas development in Alaska, particularly in the Outer Continental Shelf ("OCS").

3.    CBD is pursuing its policy objectives through, among other things, a well-coordinated series of lawsuits that are designed to impede or enjoin oil and gas activities in Alaska premised upon claims brought pursuant to the ESA, the Marine Mammal Protection Act ("MMPA"), the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA").  Including this litigation, there are now eight related lawsuits brought by the CBD. The other related lawsuits are:

> a.    *Center for Biological Diversity v. Kempthorne*, No. 3:07-cv-00141-RRB (D.Alaska)(filed Feb. 2007), *appeal pending*, No. 08-35402 (9th Cir.). (challenge to MMPA incidental take regulations for polar bear and walrus asserting MMPA, NEPA and APA claims);

> b.    *North Slope Borough, et al. v. Minerals Management Service, et al.*, No. 3:07-cv-00045-RRB (D.Alaska)(filed Feb. 2007), *appeal pending*, No. 08-35180 (9th Cir.) (challenge to Beaufort Lease Sale 202 asserting NEPA and APA claims);

> c.    *Native Village of Point Hope, et al. v. Kempthorne, et al.*, No. 1:08-cv-00004-RRB (D.Alaska)(filed Jan. 2008) (challenge to Chukchi Sea Lease Sale 193 asserting NEPA, ESA and APA claims);

1                 OCS oil and gas leasing asserting Outer Continental Shelf Lands Act

2                 ("OCSLA"), NEPA, ESA and APA claims);

3     e.     *Alaska Wilderness League, et al. v. Kempthorne, et al.*, Nos. 07-71457, 07-71989, 07-72183 (9th Cir.)(filed April 2007) (challenge to Shell Beaufort

4                 Sea OCS Exploration Plan asserting OCSLA, NEPA and APA claims);

5     f.     *Native Village of Point Hope, et al. v. Minerals Management Service, et al.*, No. 1:08-cv-00011-RRB (filed May 2008), *appeal pending*, No. 08-

6                 35571 (9th Cir.)(filed July 2008) (challenge to federally-authorized seismic

7                 activity in the Beaufort and Chukchi Seas asserting MMPA, NEPA and APA claims);

8

9     g.     *Center for Biological Diversity, et al. v. Kempthorne, et al.*, No. 3:08-cv-00159-RRB (D.Alaska)(filed July 2008) (challenge to Chukchi Sea MMPA

10                 incidental take regulation for polar bear and walrus asserting MMPA, ESA, NEPA and APA claims).

11   The merits of three of these cases have been resolved (items a, b and f above).  In these cases, the

12 challenged federal agency decisions and procedures were sustained and plaintiffs' claims were

13 dismissed.

14      4.       AOGA, or one or more of AOGA's members, has successfully intervened in the

15 merits of *all* claims in all of these lawsuits except two.  In the *North Slope* litigation (item b

16 above), the merits were quickly resolved against plaintiffs on a motion for preliminary injunction

17 before any intervention could be sought.  In *CBD v. Kempthorne* (item g above), intervention by

18 AOGA or its members is very likely, however, the lawsuit was only recently filed.

19      5.       In no instance, has AOGA or its members been denied permissive intervention on

20 the merits of any of CBD's NEPA claims.  Nor have AOGA or its members been denied

21 intervention as of right in any of CBD's APA, ESA, MMPA or other claims.  As in the present

22 litigation, in no instance has any party sought to limit the full participation rights of AOGA or its

23 members by establishing page limits that are a fraction of those allowed for the original parties,

24 and in no instance has any court imposed such limits *sua sponte*.

25      6.       The *CBD v. Kempthorne* (item 1 above) is a particularly relevant example of

26 intervention by AOGA.  CBD filed this litigation in the federal district court for Northern District

27 of California (No. C-07-0894).  CBD's complaint challenged incidental take regulations issued by

28 the U.S. Fish & Wildlife Service pursuant to the MMPA for the nonlethal take of small numbers

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] DECLARATION OF     -3-             08-1339 CW
JEFFREY W. LEPPO

Seattle-3441527.1 0010627-00013

6.    The *CBD v. Kempthorne* (item 1 above) is a particularly relevant example of intervention by AOGA.  CBD filed this litigation in the federal district court for Northern District of California (No. C-07-0894).  CBD's complaint challenged incidental take regulations issued by the U.S. Fish & Wildlife Service pursuant to the MMPA for the nonlethal take of small numbers of polar bear and walrus during routine oil and gas activity in and near the Beaufort Sea, Alaska.  CBD asserted claims pursuant to the MMPA, NEPA and the APA.  Upon AOGA's motion, and the non-opposition of plaintiffs and the Federal Defendants, AOGA was granted intervention on the merits of all claims, subject to reasonable conditions that AOGA abide by the existing case management schedule and that to the extent practicable AOGA coordinate its briefing with the Federal Defendants to avoid duplication.  *See* Ex. A (order of Magistrate Judge Laporte granting AOGA intervention).[1]  The resolution of intervention in this matter is essentially identical to the manner in which intervention has been addressed in each of the other lawsuits.

I swear under penalty of perjury under the laws of the United States that the foregoing information is true and correct to the best of my knowledge, information, and belief.

DATED this 21st day of August, 2008, Seattle, Washington.

Jeffrey W. Leppo

---

[1] After AOGA's intervention, on the motion of the Federal Defendants, joined in by AOGA, venue of this lawsuit was transferred to the U.S. district court for Alaska.

**[PROPOSED] DECLARATION OF JEFFREY W. LEPPO**                 -4-                 08-1339 CW

# EXHIBIT A

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

CENTER FOR BIOLOGICAL DIVERSITY and
PACIFIC ENVIRONMENT,

No. C-07-0894 EDL

12

Plaintiffs,

**ORDER GRANTING ALASKA OIL AND
GAS ASSOCIATION'S UNOPPOSED
MOTION TO INTERVENE PURSUANT
TO AGREED UPON STIPULATION AND
DENYING AS MOOT PLAINTIFFS'
UNOPPOSED MOTION TO EXTEND
TIME**

13
14

v.

15

DIRK KEMPTHORNE. Secretary of the Interior,
and UNITED STATES FISH AND WILDLIFE
SERVICE,

16
17

Defendants.
_____/

18
19

On April 27, 2007, the Alaska Oil and Gas Association ("AOGA") filed a motion for leave to

20

intervene as a defendant in all of the claims asserted by Plaintiffs in this litigation. AOGA's motion

21

is currently scheduled for hearing on June 6, 2007. AOGA and Plaintiffs, by and through their

22

respective counsel, have conferred regarding AOGA's motion and have submitted to the Court an

23

agreed upon Stipulation and Order regarding AOGA's motion to intervene. Subject to the

24

conditions identified in this Stipulation and Order, Plaintiffs consent to AOGA's intervention as a

25

defendant in this case. On May 30, 2007, Defendants Dirk Kempthorne and the United States Fish

26

and Wildlife Service have also indicated their non-opposition to AOGA's intervention as a

27

defendant in this case.

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1     Accordingly, subject to the following conditions and pursuant to Fed. R. Civ. P. 24(b), the Court

2  hereby grants AOGA's motion to intervene as a defendant in this action:

3         a.  Subject to the orders of this Court, AOGA will abide by all the provisions of the Case

4              Management Statement filed May 15, 2007.

5         b.  AOGA agrees to file its briefs on the merits of the Plaintiffs' claims according to the

6              same deadlines established by the Case Management Statement or by Court order for the

7              Federal Defendants. To the extent practicable, AOGA will coordinate with the Federal

8              Defendants to avoid duplication.

9         c.  AOGA may seek to supplement the administrative record produced by the Federal

10            Defendants on the same schedule provided for Plaintiffs in the Case Management

11            Statement, or as otherwise may be ordered by the Court.

12        d.  AOGA agrees that the only dispositive motion it will file regarding the claims asserted by

13            Plaintiffs in their Complaint is the motion provided for in paragraph b. above.

14        e.  Plaintiffs stipulate to the admission *pro hac vice* of AOGA's legal counsel, Jeffrey W.

15  Leppo and Laurie K. Beale, whose applications are to be separately filed.

16     This Order disposes of AOGA's motion and, therefore, the hearing set for June 6, 2007 on

17  AOGA's motion to intervene is hereby VACATED. Plaintiffs' Unopposed Motion to Extend Time

18  to Respond to Motion to Intervene is hereby DENIED as moot.

19

20  IT IS SO ORDERED.

21  Dated: May 31, 2007                              *Elizabeth D. Laporte*
                                                  _____
22                                                ELIZABETH D. LAPORTE
                                                  United States Magistrate Judge
23

24

25

26

27

28

2

# EXHIBIT 3

1   SETH D. HILTON (SB #181899)
    sdhilton@stoel.com
2   ANDREW F. BRIMMER (SB#179146)
    afbrimmer@stoel.com
3   sdhilton@stoel.com
    STOEL RIVES LLP
4   980 Ninth Street, 19th Floor
    Sacramento, CA 95814
5   Telephone: (916) 447-0700
    Facsimile: (916) 447-4781
6
    JEFFREY W. LEPPO (*Pro Hac Vice*)
7   jwleppo@stoel.com
    Jason T. Morgan (*Pro Hac Vice*)
8   jtmorgan@stoel.com
    STOEL RIVES LLP
9   600 University Street, Suite 3600
    Seattle, WA 98101
10  Telephone: (206) 624-0900
    Facsimile: (206) 386-7500
11
    Attorneys for Proposed Intervenor-Defendant
12  Alaska Oil and Gas Association

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16
    CENTER FOR BIOLOGICAL DIVERSITY, a        Case No. 08-1339 CW
17  non-profit corporation, NATURAL
    RESOURCES DEFENSE COUNCIL, a non-         **[PROPOSED] SUPPLEMENTAL**
18  profit corporation, and GREENPEACE, INC., a   **DECLARATION OF MARILYN**
    non-profit corporation;                   **CROCKETT**
19
                    Plaintiffs,
20                                            Judge:      Hon. Claudia Wilken
21          v.

22  DIRK KEMPTHORNE, United States
    Secretary of the Interior, and UNITED
23  STATES FISH AND WILDLIFE SERVICE,

24                  Defendants,

    and
25
    ALASKA OIL AND GAS ASSOCIATION;
26  and ARCTIC SLOPE REGIONAL
    CORPORATION,
27
                    Intervenors-Defendants.
28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] SUPPLEMENTAL                    -1-                    08-1339 CW
DECLARATION OF MARILYN CROCKETT
Seattle-3440622.1 0010627-00013

## SUPPLEMENTAL DECLARATION OF MARILYN CROCKETT

1.       My name is Marilyn Crockett.   I make this declaration on the basis of personal knowledge and am competent to testify to the matters stated herein, which are true and correct to the best of my knowledge, information, and belief. This declaration supplements my previous declaration that was filed in this matter on June 6, 2008 (Docket No. 97).

2.       I am the Executive Director of the Alaska Oil and Gas Association ("AOGA").

3.       AOGA is a private, non-profit trade association whose 17-member companies represent the majority of oil and gas exploration, production, transportation, refining and marketing activities in Alaska. AOGA's current membership includes the following companies:

| | |
|---|---|
| Agrium Kenai Nitrogen Operations | Marathon Oil Company |
| Alyeska Pipeline Service Company | Pacific Energy Resources Ltd. |
| Anadarko Petroleum Corporation | Petro-Canada (Alaska) Inc. |
| BP Exploration (Alaska) Inc. | Petro Star Inc. |
| Chevron | Pioneer Natural Resources Alaska, Inc. |
| Eni Petroleum | Shell Exploration & Production Company |
| ExxonMobil Production Company | StatoilHydro |
| Flint Hills Resources, Alaska | Tesoro Alaska Company |
| | XTO Energy, Inc |

4.       Oil and gas operations necessarily result in the emission of greenhouse gases ("GHGs").

5.       All of AOGA's members have significant oil and gas operations and interests in Alaska. Accordingly, the operations of AOGA's members in Alaska on the North Slope, in offshore areas of the Outer Continental Shelf ("OCS"), in Cook Inlet, and on the Kenai Peninsula generate GHGs.

6.       AOGA's members are also among the largest oil and gas companies located and operating in the United States outside of Alaska. AOGA members include the four largest oil and gas companies world-wide and within the United States. Each of these leading companies, and a majority of the seventeen members of AOGA, have extensive oil and gas operations within the United States but outside of Alaska. As with their Alaska oil and gas operations, the oil and gas operations of AOGA's members outside of Alaska result in the generation of GHGs.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] SUPPLEMENTAL
DECLARATION OF MARILYN CROCKETT**
Seattle-3440622.1 0010627-00013

-2-

08-1339 CW

1        7.    AOGA's members conduct substantial federally-permitted oil and gas operations

2    on the North Slope of Alaska and in the adjacent OCS within the Alaska range of the polar bear.

3    Because the polar bear has been listed by the U.S. Fish and Wildlife Service (the "Service") as a

4    threatened species under the Endangered Species Act ("ESA"), the federally-permitted activities

5    of AOGA's members within the range of the polar bear are now subject to a consultation

6    requirement under Section 7 of the ESA.  In fact, AOGA's members are the major federally-

7    approved activity occurring within the Alaska range of the polar bear and, accordingly, the

8    predominant applicant for federal approvals subject to the ESA Section 7 consultation

9    requirements for polar bears.

10        8.    Because AOGA's members' oil and gas activities are now subject to Section 7

11    consultation for polar bears, and because AOGA's members' activities also generate GHGs,

12    AOGA and its members have a direct, concrete, significant, and protectable interest in whether

13    ESA consultations require consideration of GHG emissions.  Accordingly, insofar as the plaintiffs

14    in this litigation have challenged the Service's Interim 4(d) Rule or its polar bear listing decision

15    on the basis that Section 7 consultation for polar bears must address GHG emissions, AOGA's

16    members and AOGA have a direct stake in the outcome.

17        9.    On behalf of its members, AOGA takes an active role in monitoring, commenting

18    on, participating in national issues concerning oil and gas exploration, development, production,

19    marketing, and transportation.  The polar bear listing and the related Interim 4(d) Rule are

20    examples of regulatory matters of great importance to AOGA and its membership both because of

21    the impacts on operations in Alaska, and because of the effects and implications on a national

22    scale.  Among the nationally significant issues raised by the polar bear listing, the Interim 4(d)

23    Rule, and plaintiffs' claims in this litigation, are the extent to which the ESA may be

24    appropriately used as a mechanism for regulating GHGs in Alaska and outside of Alaska.  AOGA

25    has taken a direct and active interest in this issue on behalf of its members because of their

26    extensive operations throughout the United States and the potential implications of this issue for

27    the oil and gas industry on a broad scale.  AOGA's public comments submitted in connection

28    with plaintiffs' petition to list the polar bear, in connection with the Service's proposed listing of

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] SUPPLEMENTAL
DECLARATION OF MARILYN CROCKETT**

-3-

08-1339 CW

Seattle-3440622.1 0010627-00013

1    the polar bear, and in connection with the Service's most recent public comment period on the

2    Interim 4(d) Rule, all directly address the issue of whether GHG emissions of its members may be

3    causally linked to global climate change and the threat to polar bears posed by sea ice recession.

4    AOGA's public comments also address whether, as a matter of law, science, and policy it is

5    lawful and appropriate to regulate GHG emissions through the ESA Section 9 take and Section 7

6    consultation processes.

7         10.    AOGA and its members are among the strongest supporters of the Interim 4(d)

8    Rule insofar as it limits application of the take prohibition in Section 9 of the ESA so that it does

9    not apply outside of Alaska. The purpose of this limitation is to ensure that individual projects

10    and activities that are located outside of the Alaska range of the polar bear are not unnecessarily

11    and unproductively burdened with either Section 7 consultation requirements or Section 9

12    litigation on the basis of GHG emissions that have no causal connection to global climate change

13    and Arctic sea ice recession. On behalf of its members, AOGA has also advocated extension of

14    this limitation to areas within Alaska that are outside the range of the polar bear. Indeed, most of

15    Alaska, and many of AOGA's members' oil and gas operations are located outside of the range of

16    the polar bear.

17         11.    The provisions of the Interim 4(d) Rule that apply limits to GHG emissions

18    outside of Alaska have a direct, significant, protectable, and practical impact on the extensive

19    operations of AOGA's members outside of Alaska. Moreover, the Interim 4(d) Rule establishes a

20    policy regarding application of the ESA to regulation of GHGs which has direct, significant,

21    practical, and protectable impacts to AOGA's members, and which AOGA has publicly

22    commented upon and supported. Accordingly, insofar as the plaintiffs in this litigation have

23    challenged the Service's Interim 4(d) Rule or its polar bear listing decision on the basis that the

24    limitation on application of the Section 9 take prohibition to GHG emissions outside of Alaska is

25    unlawful, AOGA's members and AOGA have a direct stake in the outcome. In fact, because

26    AOGA's members are among the largest operators of oil and gas activities in the United States,

27    and among the largest producers of oil and gas in the United States, AOGA interests and its

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**[PROPOSED] SUPPLEMENTAL**
**DECLARATION OF MARILYN CROCKETT**
Seattle-3440622.1 0010627-00013

-4-

08-1339 CW

1    members are certainly among the most directly and significantly affected by all aspects of the

2    Interim 4(d) Rule and plaintiffs' challenges to this agency decision.

3         I swear under penalty of perjury under the laws of the United States that the foregoing

4    information is true and correct to the best of my knowledge, information, and belief.

5         DATED this 21st day of August, 2008, Anchorage, Alaska.

6

7                                                *Marilyn Crockett*

8                                        _____
                                         Marilyn Crockett

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] SUPPLEMENTAL
DECLARATION OF MARILYN CROCKETT**

-5-

08-1339 CW

Seattle-3440622.1 0010627-00013