SETH D. HILTON (SB #181899)
sdhilton@stoel.com
ANDREW F. BRIMMER (SB#179146)
afbrimmer@stoel.com
sdhilton@stoel.com
STOEL RIVES LLP
980 Ninth Street, 19th Floor
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

JEFFREY W. LEPPO (*Pro Hac Vice*)
jwleppo@stoel.com
JASON T. MORGAN (*Pro Hac Vice*)
jtmorgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

Attorneys for Proposed Intervenor-Defendant
Alaska Oil and Gas Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants,<br><br>and<br><br>ALASKA OIL AND GAS ASSOCIATION; and ARCTIC SLOPE REGIONAL CORPORATION,<br><br>Defendants/Intervenors. | Case No. 08-1339 CW<br><br>**DECLARATION OF JEFFREY W. LEPPO PURSUANT TO LR 6-3(a)**<br><br>Judge: Hon. Claudia Wilken |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**DECLARATION OF JEFFREY W. LEPPO – LR 6-3(a)**   -1-   08-1339 CW

Seattle-3441774.1 0010627-00013

I, Jeffrey W. Leppo, hereby declare as follows:

1. I am a member of the law firm of Stoel Rives LLP, which represents the Alaska Oil and Gas Association ("AOGA") in this case. I am the lead attorney representing AOGA in this litigation.

2. I am licensed to practice in the States of Washington, Alaska, Oregon and Washington, D.C., as well as in the federal district courts located within these jurisdictions, the United States Court of Appeals for the Ninth Circuit and the D.C. Circuit, and the United States Supreme Court. I have been granted admission *pro hac vice* by this Court to participate in the above-captioned litigation.

3. I make this declaration in support of AOGA's Motion to Shorten Time to Consider AOGA's Motion for Leave to File a Motion for Reconsideration of August 13, 2008 Order on Intervention. In this declaration I refer to the motion to shorten time as the "Motion to Shorten Time," the motion for leave to file a motion for reconsideration as the "Motion for Leave," the proposed motion for reconsideration of the August 13, 2008 Order on intervention as the "Proposed Motion for Reconsideration," and the August 13, 2008 Order as the "Order." This declaration provides the information required by Local Rule 6-3(a).

4. The purpose of the Motion to Shorten Time is to expedite a determination regarding the scope of participation by AOGA prior to initiation of merits briefing in this litigation. AOGA, and other parties, need sufficient time to prepare their briefing for the dispositive motions phase of this litigation without the significant distraction of arguing about what parties are in the case and on what issues. Moreover, as explained in the accompanying Motion for Leave and the Proposed Motion for Reconsideration, most of AOGA's members have substantial operations outside of Alaska within the United States. In fact, AOGA's members include the four largest oil and gas companies operating in the United States and the world. If this Court declines to reconsider its *sua sponte* exclusion of AOGA from plaintiffs' claims concerning regulation of greenhouse gas emissions outside of Alaska through Section 9 of the Endangered Species Act ("ESA") and throughout the United States through ESA Section 7 consultation concerning polar bears, it will be necessary for at least one, and likely more, of

AOGA's members to seek direct intervention in order to defend their interests in these novel, complex and important issues. Because timeliness is a factor in intervention pursuant to Civil Rule 24, it is essential that the scope of AOGA's intervention status be quickly resolved so that other parties may intervene if necessary to defend all aspects of the Interim 4(d) Rule. Finally, because of the critical importance of the issues raised in the underlying motion for reconsideration, AOGA seeks to expedite this matter in order to allow time for an emergency interlocutory appeal to the Ninth Circuit Court of Appeals, if necessary.

5. On August 20, 2008, I communicated via email with counsel for the Federal Defendants and for the Plaintiffs regarding the Motion for Leave and the Proposed Motion for Reconsideration. *See* Exhibit 1. Pursuant to LR 6-3, I requested the stipulated consent of these parties to AOGA's motion to shorten time both as to the Motion for Leave and the Proposed Motion for Reconsideration. Counsel for the Federal Defendants have responded that they consent to shortening time for consideration of both AOGA's Motion for Leave and the Proposed Motion for Reconsideration. Plaintiffs' counsel has not responded to my request for their consent.

6. As addressed in my email request for consent from the original parties, neither Plaintiffs nor the Federal Defendants should suffer any prejudice from an expedited decision. No other party is entitled to respond to AOGA's Motion for Leave and, accordingly, expedition will not impact the rights of other parties. In addition, as to the Proposed Motion for Reconsideration, the issues raised by AOGA do not address relief sought by the original parties. For example, neither Plaintiffs nor the Federal Defendants opposed AOGA's intervention in the merits of all of Plaintiffs' claims. Nor did these parties seek to limit in any way AOGA's participation in the merits of the case. Accordingly, an expedited process for the Proposed Motion for Reconsideration should have no impact on these parties, except to the extent that all parties are benefited by the earliest possible resolution of the participation rights of the parties to this litigation.

7. Although the other parties to this litigation will suffer no prejudice from expedited processing of AOGA's Motion for Leave and Proposed Motion for Reconsideration, for the

reasons stated in paragraph 4 above, AOGA and its members will be prejudiced if these motions are not quickly addressed.

8. Pursuant to LR 6-3(a)(5), AOGA is obligated to inform the Court of all previous time modifications in the case. Review of the Docket of this case on PACER indicates that:

A. On April 22, 2008, this Court issued an order granting a "Motion to Shorten Time to Consider Concurrently Filed 'Motion for Amici Status' Under Local Rule 6.3" filed by Safari Club International, Safari Club International Foundation. (Docket 30.)

B. On May 13, 2008, this Court issued an order granting the "Motion to Shorten Time to Consider Concurrently Filed 'Motion for Amici Status' Under Local Rule 6.3" filed by Safari Club International, Safari Club International Foundation and the "Motion to Shorten Time to Consider Motion for Leave to File Motion for Reconsideration of Motion to Intervene" filed by Conservation Force. (Docket 69.)

C. On May 21, 2008, this Court issued an order granting a "Stipulation to Shorten Time and Waive Oral Argument on Defendants' Motion to Strike Plaintiffs' First Amended Complaint." (Docket 79.)

D. On June 11, 2008, this Court issued an order granting a "Stipulation to Extend Time for Defendants to Respond to Plaintiffs' First Amended Complaint." (Docket 103.)

E. On August 13, 2008, this Court issued an "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation," which *sua sponte* modified the briefing schedule in this case. (Docket 139.)

9. The time modification requested in this motion will not affect the briefing and oral argument schedule that is currently in place for the parties' dispositive motions. Indeed, this motion to shorten time is brought in aid of maintaining the existing dispositive motions schedule.

10. Pursuant to LR 6-3(a)(4)(ii), the underlying motion seeks leave to file a motion for reconsideration addressing this Court's Order granting in part and denying in part AOGA's intervention. The Order denies AOGA intervention on the merits of Plaintiffs' NEPA and stand

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

DECLARATION OF JEFFREY
W. LEPPO – LR 6-3(a)     -4-     08-1339 CW

Seattle-3441774.1 0010627-00013

1  alone APA claims. The Order further limits AOGA's intervention in Plaintiffs' ESA claims to
2  exclude AOGA from the merits of Plaintiffs' contentions regarding the portion of the Interim 4(d)
3  Rule that limits application of Section 9 of the ESA outside of Alaska, and the portion of the
4  Interim 4(d) Rule that determines ESA Section 7 consultation regarding polar bears need not
5  encompass greenhouse gas emissions because of the lack of a causal nexus. Finally, the Order
6  imposes page limitations on AOGA's briefing of the merits that are one-half the page limit
7  established by local rule, and one-third of the enlarged page limits allowed the original parties.
8  These matters were all raised and resolved *sua sponte* by the Court. AOGA sought intervention
9  as of right as to all of Plaintiffs' claims except the merits of its NEPA claim. In addition and in
10 the alternative, AOGA sought permissive intervention on the merits of Plaintiffs' NEPA claim,
11 and on all of Plaintiffs' other claims. Plaintiffs expressly consented to AOGA's intervention on
12 the merits. The Federal Parties did not respond to AOGA's motion for intervention. No party
13 addressed the page limits applicable to merits briefing, except that prior to AOGA being granted
14 intervention the original parties stipulated among themselves to increase their merits page limits
15 to 45 pages, and this Court granted the request.

16     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United
17 States of America that the foregoing is true and correct to the best of my knowledge and belief.

18     DATED this 21st day August, 2008, in Seattle, Washington.

*[signature]*

Jeffrey W. Leppo

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

**DECLARATION OF JEFFREY W. LEPPO – LR 6-3(a)**    -5-    08-1339 CW

Seattle-3441774.1 0010627-00013

# EXHIBIT 1

## Leppo, Jeffrey W.

| | |
|---|---|
| **From:** | Leppo, Jeffrey W. |
| **Sent:** | Wednesday, August 20, 2008 2:29 PM |
| **To:** | 'bcummings@biologicaldiversity.org'; 'ksiegel@biologicaldiversity.org'; 'miyoko@biologicaldiversity.org'; 'awetzler@nrdc.org'; 'Floom, Kristen (ENRD)'; 'jean.williams@usdoj.gov' |
| **Cc:** | 'cuddy@frozenlaw.com'; 'feldman@frozenlaw.com'; 'renetatro@ttsmlaw.com'; 'jmarkowitz@ttsmlaw.com'; 'ahawley@defenders.org'; 'bsegee@defenders.org'; Steen, Ryan P. |
| **Subject:** | CBD v. Kempthorne (Polar Bear 4(d) Litigation) |

Counsel -

The Alaska Oil and Gas Association (AOGA) intends to file a motion seeking leave to file a motion for reconsideration regarding the Court's August 13th intervention order. The motion for reconsideration requests that: (1) AOGA be granted permissive intervention as to the merits of CBD's NEPA claim; (2) that AOGA be granted intervention as of right or permissive intervention as to the merits of CBD's stand alone APA claim; (3) that, as supported by supplemental declaration, AOGA be granted intervention as of right in the greenhouse gas and Section 7 consultation issues raised in CBD's ESA claim; and (4) that the court rescind the page limitation it placed on AOGA's merits briefing. None of these matters are issues argued by plaintiffs or the Federal Defendants in response to AOGA's motion for intervention.

In addition, AOGA intends to file a motion to shorten time with respect to both its motion for leave and the related motion for reconsideration. By local rule, we must confer with counsel for the parties and seek a stipulation to shorten time frames. See LR 6-3.

As to expediting the motion for leave to file a motion for reconsideration we are asking the court to rule "as soon as practicable." Pursuant to LR 7-9(c), responses to motions for leave to file a motion for reconsideration are not authorized, nor will a hearing be held. Accordingly, asking the court to determine the motion "as soon as practicable" should not have adverse implications for any party. Please advise if you are able to stipulate consent to this request.

As to expediting the motion for reconsideration, LR 7-9(c) also provides that the court will establish a briefing schedule and hearing date, if any, should it determine to grant leave to file such a motion. We intend to suggest to the court that it set a one-week deadline for responses and a two-day deadline thereafter for a reply, followed by a hearing as soon thereafter as the may be practicable for the court. Inasmuch as none of the issues addressed in our motion for reconsideration were raised by the parties (and, indeed, in as much as intervention on the merits was not opposed), we are hopeful that an advanced schedule has no adverse implications for any party. Please advise if you are able to stipulate consent to this request.

Thank you for your attention to this matter.

Jeff

**Ex. 1 pg. 1 of 1**