René P. Tatro (SBN 78383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, California 90071
Telephone:   (213) 225-7171
Facsimile:    (213) 225-7151
E-mail:       renetatro@ttsmlaw.com
              jmarkowitz@ttsmlaw.com

Jeffrey M. Feldman (AK Bar #7605029)
Kevin M. Cuddy (MA Bar #647799)
*Admitted pro hac vice*
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
              cuddy@frozenlaw.com

*Attorneys for Intervenor-Defendant
Arctic Slope Regional Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | Case No. C-08-1339-CW <br><br> **NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT ARCTIC SLOPE REGIONAL CORPORATION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF AUGUST 13, 2008 ORDER ON INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Honorable Claudia Wilkin |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT intervenor-defendant Arctic Slope Regional Corporation ("ASRC"), by and through the undersigned attorney and pursuant to Local Rule 7-9, moves this Court for leave to file an expedited motion for reconsideration of this Court's August 13, 2008 "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation" ("Order"), Docket # 139.

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION**

**I. INTRODUCTION**

ASRC seeks leave to file a motion for reconsideration of the Order to address (1) an important aspect of its original motion that the Court did not resolve, and (2) other matters not addressed in the parties' briefing, but raised and resolved by the Court *sua sponte* in the Order. *See* Local Rule 7-9(b)(1), (3). A copy of the motion for reconsideration that ASRC seeks to file is attached as Exhibit to this motion.

**II. POINTS AND AUTHORITIES**

As more fully explained in Exhibit 1, ASRC seeks leave to file a motion for reconsideration to address the following:

1. On ASRC's motion to intervene, no party sought to limit ASRC's full participation in the merits briefing. ASRC had no reason, therefore, to address that issue and thus did not do so. ASRC had presumed to abide by the local rules which provide page limits for dispositive motions briefing as modified by any order to extend those page limits. Nonetheless, the Court *sua sponte* limited ASRC to a 15-page opening brief and a 10-page reply brief. As noted, ASRC has not had an opportunity to address the Court on this issue, and now seeks leave to do so. The matter is of sufficient importance that leave for reconsideration should be granted. The page limits under which ASRC will labor are significantly less than the page limits provided by local rule and one-third of the page limits to which the original parties have sought to stipulate. ASRC seeks leave to address this issue, which was not raised in the parties' briefing, because the imposed page limits unreasonably restrict ASRC's ability to participate fully in this case.

2. ASRC's original motion sought two forms of relief. The Order addressed only one of them, and in so doing, significantly truncated ASRC's participation in all aspects of the case. ASRC sought intervention as of right in Plaintiffs' non-National Environmental Policy Act ("NEPA") claims and in the remedy phase of Plaintiffs' NEPA claim under Rule 24(a). However, both in addition and in the alternative, ASRC sought permissive intervention under Rule 24(b) in all claims, including the merits of Plaintiffs' NEPA claim. *See* Docket # 117 at §§ III.A (intervention as of right), III.B (permissive intervention). The Order does not address ASRC's request for permissive intervention. ASRC seeks reconsideration so that the Court may consider ASRC's Rule 24(b) grounds for permissive intervention.

3. As with the page limit issue, no party opposed ASRC's intervention on the merits of any claim, so ASRC had no reason to – and did not – address any argument to that question. Nonetheless, the Court *sua sponte* denied ASRC intervention on the merits of Plaintiffs' Administrative Procedure Act ("APA") claim. In doing so, the Court erroneously extended application of Ninth Circuit case law that is *only* applicable to NEPA claims. The Order is contrary to controlling Ninth Circuit authority, and is therefore a clear error of law, justifying reconsideration. While ASRC's reply brief does present legal authority dispositive of the issue, the specific action taken in the Order was not proposed by the other parties or directly addressed by ASRC. ASRC seeks reconsideration to address this issue.

4. The Order acknowledges that the Ninth Circuit interprets Rule 24(a) broadly in favor of intervention and that all well-pleaded allegations in the motion are required to be taken as true. Further, ASRC established its concrete interest in the purported exemption of non-Alaska activities from the Endangered Species Act's take prohibitions and of greenhouse gas emissions. Nonetheless, the Court concluded that ASRC had not demonstrated that it has a significantly protectable interest in that portion of the 4(d) Rule. However, nothing appears in the record to counterpoint the well-pleaded allegations set forth in ASRC's moving papers – which are, in all events, required to be taken as true – with respect to that portion of the 4(d) Rule. To the extent that the Court deems this record deficient, ASRC seeks leave to supplement the record to further demonstrate that it has a significantly protectable interest in

NOTICE OF MOTION AND MOTION OF
INTERVENOR-DEFENDANT ARCTIC SLOPE
REGIONAL CORPORATION FOR LEAVE TO
FILE A MOTION FOR RECONSIDERATION

2

C-08-1339-CW

the § 7 consultation as to polar bears and greenhouse gas emissions, and application of Rule 4(d) outside of Alaska.

The above constitute allowable grounds for reconsideration pursuant to Local Rule 7-9(b)(1) and (b)(3). As to permissive intervention, the Court has not addressed a material issue raised in ASRC's original motion. All the other issues addressed by this motion were either raised *sua sponte* in the Order for the first time, contrary to the non-opposition of both Plaintiffs and Defendants, or reflect a failure to consider facts and dispositive legal argument contained in ASRC's moving papers.

### III. CONCLUSION

For the foregoing reasons, ASRC respectfully requests leave to file its motion for reconsideration (Exhibit 1), as well as a related proposed form of order.

DATED this 26th day of August, 2008.

<div style="margin-left: 3em;">

Respectfully submitted,
TATRO TEKOSKY SADWICK LLP

By:    /s/ *René P. Tatro*
        René P. Tatro
        Attorneys for Intervenor Defendant
        Arctic Slope Regional Corporation


FELDMAN ORLANSKY & SANDERS

By:    /s/ *Jeffrey M. Feldman*
        Jeffrey M. Feldman
        *Admitted pro hac vice*
        Attorneys for Intervenor Defendant
        Arctic Slope Regional Corporation

</div>

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles and my business address is 333 S. Grand Avenue, Suite 4270, Los Angeles, CA 90071.

On August 26, 2008, I electronically served a copy of the foregoing:

**NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT ARCTIC SLOPE REGIONAL CORPORATION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF AUGUST 13, 2008 ORDER ON INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 26, 2008, at Los Angeles, California.

By: */s/ Karen L. Roberts*
      Karen L. Roberts

René P. Tatro (SBN 78383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, California 90071
Telephone:   (213) 225-7171
Facsimile:    (213) 225-7151
E-mail:        renetatro@ttsmlaw.com
                    jmarkowitz@ttsmlaw.com

Jeffrey M. Feldman (AK Bar #7605029)
Kevin M. Cuddy (MA Bar #647799)
*Admitted pro hac vice*
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:         feldman@frozenlaw.com
                    cuddy@frozenlaw.com

*Attorneys for Intervenor-Defendant
Arctic Slope Regional Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>DIRK KEMPTHORNE, et al.,<br><br>　　　　　　Defendants. | Case No. C-08-1339-CW<br><br>**[PROPOSED] NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT ARCTIC SLOPE REGIONAL CORPORATION FOR RECONSIDERATION OF AUGUST 13, 2008 ORDER ON INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable Claudia Wilkin |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on _____, at _____, before the Honorable Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, in Courtroom 2 on the 4th Floor, Intervenor-Defendant Arctic Slope Regional Corporation ("ASRC"), will move and hereby does move this Court for reconsideration of this Court's August 13, 2008 "Order Granting In Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation" (the "Order"), Docket # 139.

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

### I. INTRODUCTION

ASRC is mindful of – and agrees with – the Court's desire to avoid duplicative briefing on issues in this case. Accordingly, ASRC incorporates and adopts the arguments raised by intervenor-defendant Alaska Oil and Gas Association ("AOGA") in its motion for reconsideration insofar as those arguments apply with equal weight to ASRC. *See* Docket # 140. As the Court properly held, however, ASRC's interests are disparate both from AOGA and from the government, and Alaska Natives' interests are not likely to be adequately protected by any other party. *See* Order at 7. Accordingly, ASRC submits this short motion seeking reconsideration of four parts of the Order as it relates to ASRC's specific interests.

- First, ASRC will be unable to protect its shareholders' interests or participate meaningfully in this case unless the Court withdraws the restriction limiting ASRC to one-third of the pages sought in the recent stipulation by the original defendants.

- Second, ASRC has a significantly protectable interest in the challenge to the 4(d) Rule and Endangered Species Act § 7 consultation process concerning greenhouse gas emissions and non-Alaska activities. ASRC should be allowed to brief those issues.

- Third, ASRC is entitled to intervention as of right for the Administrative Procedure Act ("APA") claim.

- Fourth, ASRC should be granted permissive intervention on the merits as to the National Environmental Policy Act claim or, alternatively, all claims.

The Court should reconsider these aspects of the Order in order to ensure that Alaska Natives are given a fair opportunity to present their perspective on issues that directly, profoundly, and uniquely affect them. The Court has already held that ASRC has "a direct stake in the litigation" and is entitled to intervene "to the extent they have a concrete interest in the issues being adjudicated." Order at 7. As explained below, ASRC's concrete interests in these issues require that it be given a full and fair opportunity to participate in the resolution of issues that affect them.

## II.   ARGUMENT

### A.   The *Sua Sponte* Page Limitations Should Be Withdrawn.

The *sua sponte* page limitations imposed by the Court will preclude ASRC's meaningful participation in this matter. This case presents enormously complicated issues, six multi-faceted claims (with more possibly on the way, if Defenders of Wildlife is allowed to intervene), and consideration of technical administrative rules that are more than 100 pages long. ASRC does not yet know the scope of the administrative record, but it is apparently so voluminous that the federal government required a two-week extension just to compile it. *See* Docket # 138. As the original parties to the case reported to the Court, "[d]ue to the complexity of the case and the volume of the administrative record, the parties *do not believe that they can adequately support their cross-motions for summary judgment within the page limits set forth in Civ. L.R. 7-4(b)*." *Id.* (emphasis added). The Order's limitations unfairly leave ASRC with just fifteen pages for its opening brief – half of what the parties stated was plainly inadequate to brief their positions. There is too much here to cover in just fifteen pages.

As the Court correctly held, ASRC has significant interests in this case and it is unlikely that any other party will adequately protect them. *See* Order at 7. Alaska Natives' only voice in this litigation is ASRC, and that voice will be effectively silenced if ASRC is only allowed a small fraction of the pages allotted to the original parties. As ASRC established in its moving papers, which Plaintiffs did not dispute, ASRC's shareholders are the people most directly

affected by Defendants' recent determination that polar bears are a "threatened" species. ASRC alone can present first-hand the Iñupiat experience with polar bears, their cultural importance, and the economic hardships that ASRC's shareholders would face if the 4(d) Rule is vacated or altered. Many of Plaintiffs' claims concretely impact ASRC's shareholders living on the Arctic Slope, including: oil and gas exploration issues on the Beaufort and Chukchi Seas (off the Alaska coast, but considered to be "outside of Alaska" because it is more than three miles offshore); non-lethal deterrence of polar bears for protection of property; subsistence hunting; the use of polar bears for cultural handicrafts; and greenhouse gas emissions both from operations in Alaska and ASRC's operations in the Lower 48. Given ASRC's "direct stake" in this litigation, Order at 7, it follows that ASRC must be given a fair opportunity to be heard on these fundamental issues. *See United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) ("A liberal policy in favor of intervention services both efficient resolution of issues *and broad access to the courts.*") (internal quotation omitted) (emphasis added). One of the chief values an intervenor contributes to a case is the added perspective and "necessary elements [it brings] to the proceeding that other parties would neglect." *Id.* at 398. The page limitations imposed *sua sponte* will make it impossible for ASRC to present Alaska Natives' perspective and experience, necessary elements that the other parties will neglect.

Lastly, ASRC submits that the page limitations should be withdrawn because they serve only to truncate ASRC's participatory rights, and have nothing to do with the efficiency of the proceeding (which was Plaintiffs' sole stated concern). Plaintiffs wanted to ensure the "prompt resolution of their claims" and requested that the Court "condition [ASRC's] intervention so as to avoid any prejudice or delay." *See* Docket # 127, at 5. ASRC immediately agreed to abide by any schedules or case management orders entered by the Court. *See* Docket # 137, at 2. Plaintiffs did not seek to impose any page limitations or express any concern whatsoever that ASRC might "over-brief" issues. ASRC's full participation, including the ability to brief fully the issues that uniquely affect its shareholders, would not delay this case. Page limits do not affect the briefing schedule or otherwise reduce efficiency of the case. The limitations do, however, severely prejudice ASRC's ability to protect its otherwise unprotected interests.

1  "While the efficient administration of justice is always an important consideration, fundamental fairness to every litigant is an even greater concern." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 470 (4th Cir. 1992) (reversing district court's conditions on intervenor's participation). "Due process mandates that a judicial proceeding give all parties an opportunity to be heard on the critical and decisive allegations which go to the core of the parties' claim or defense and to present evidence on the contested facts." *Id.* (citation omitted). ASRC requests that it be given a full opportunity to address the critical and decisive issues in this case on behalf of the Alaska Natives who are most directly impacted by these regulations.

**B.    ASRC Is Entitled To Intervene With Respect To Briefing On Greenhouse Gas Emissions And Non-Alaska Activities.**

The Court properly acknowledges that Rule 24(a)(2) is interpreted broadly in favor of intervention. Further, "a district court is required to take all well-pleaded, nonconclusory allegations in the motion . . . as true absent sham, frivolity or other objections." Order at 5 (internal quotation omitted). In its moving papers, ASRC explained that it "has substantial non-Alaska operations and numerous shareholders living outside of Alaska that would be impacted if non-Alaska activities and greenhouse gas emissions were suddenly subjected to ESA permitting requirements due to any decision rendered in this litigation." *See* Docket # 137, at 6 n.5. ASRC also identified its oil refining subsidiary, *see id.* at 4 n.4, and its heavy reliance upon, and extensive involvement in, oil and gas exploration, development, and production. *See* Docket # 117, at 3; Docket #117-2, ¶¶ 9, 10 ("ASRC and its subsidiary companies have been active in almost every aspect of North Slope oil exploration, development, production and transportation since 1971."); *id.* at 12 (noting that a decision vacating the 4(d) Rule could result in "lost production of oil and gas from ASRC's lands"); *see also* Docket # 117, at 7 (noting that any new permitting requirements under ESA could result in the loss of "contracting opportunities, jobs for its shareholders, and essential gas- and oil-related revenues"). In addition, Plaintiffs noted that ASRC is "the largest oil services corporation based in Alaska." Docket # 127, at 4 n.1.

Despite these well-pleaded allegations in ASRC's moving papers, the Court concluded that ASRC had not "demonstrated a significantly protectable interest in the portion of the section 4(d) rule that exempts all activities outside of Alaska from the ESA's take prohibitions, nor in the portion of the rule that exempts greenhouse gas emissions from section 7 of the ESA." Order at 8. The Court failed to consider the material facts cited above, all of which the Court was required to take as true. As ASRC explained, it has "substantial non-Alaska operations and numerous shareholders living outside of Alaska" that would be directly impacted if the 4(d) Rule were altered because their conduct would suddenly be subject to this new regulatory regime. Likewise, ASRC has an obvious interest in portion of the 4(d) Rule relating to greenhouse gas emissions because it is the largest oil services corporation based in Alaska and the economy of the Arctic Slope is heavily dependent upon oil and gas activity, all of which necessarily involves greenhouse gas emissions. Whether ASRC has a sufficient interest to intervene is a "practical, threshold inquiry[.]" *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd by Greene v. Babbitt*, 64 F.3d 1266 (9th Cir. 1995). ASRC has a practical interest in the outcome of these issues, as confirmed by its well-pleaded factual allegations.

**C.     ASRC Is Entitled To Intervene As Of Right With Respect To The APA Claim.**

The Court improperly held that ASRC had no protectable interest relating to the merits of Plaintiffs' stand-alone APA claim because it challenges the government's failure to adhere to a statutory procedural requirement. *See* Order at 7. The only authority cited for this holding is *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 n.11 (9th Cir. 1995). It appears that the Court mistakenly relied upon an identical misstatement of the law in Plaintiffs' brief. *See* Docket # 127, at 4 (citing *Forest Conservation Council*, including the very same footnote, and asserting that ASRC may not claim any protectable interest in the federal government's violation of the APA). As ASRC explained in its reply brief, *Forest Conservation Council* addresses a claim under the National Forest Management Act – it does

not even address the APA. *See* Docket # 137, at 5.[1]  ASRC also identified authority in the Ninth Circuit confirming that intervention of right was permitted as to APA challenges. *See id.* (citing *Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397-98 (9th Cir. 1995) (upholding grant of intervention as of right as a defendant in ESA and APA challenge to listing decision under ESA § 4); *South Yuba River Citizens League & Friends of the River v. Nat'l Marine Fisheries Svc.*, 2007 WL 3034887, at *11-15 (E.D. Cal. Oct. 16, 2007) (permitting intervention as of right, not limited to remedy phase, as a defendant in ESA and APA claims)).  The Court failed to consider this dispositive legal argument.

### D. ASRC Should Be Permitted To Intervene On The Merits Of The NEPA Claim And, Alternatively, With Respect To All Claims.

The Court failed to address ASRC's request that, pursuant to Fed. R. Civ. P. 24(b), ASRC be permitted to intervene with respect to the merits of the NEPA claim and, to the extent that intervention as of right was not allowed, with respect to all other claims.  *See* Docket # 117, § III.B.  For the reasons and on the authorities previously addressed in ASRC opening and reply briefs, permissive intervention is appropriate here.  ASRC otherwise adopts the arguments raised by AOGA on this point.  *See* Docket #140-3, at 4-5.

### III. CONCLUSION

For the foregoing reasons, ASRC respectfully requests that the Court reconsider the above four aspects of its August 13, 2008 Order.  ASRC requests that the Court set reasonable briefing page limits that will enable ASRC to effectively participate in this case to the same extent as any other full party.  ASRC further requests that the Court remove any limitations with respect to ASRC's ability to protect its shareholders and to participate fully with respect to all of the issues in this case.

---

[1] The cited footnote reads as follows: "Appellants cannot claim any interest that relates to the issue of the Forest Service's liability under NEPA and NFMA.  In that respect, we agree with *Sierra Club*'s statement that 'in a lawsuit [only] to compel compliance with NEPA, no one but the federal government can be a defendant.' *Sierra Club,* 995 F.2d at 1485."  The APA is simply not at issue.

1   DATED this 26th day of August, 2008.

2

3                                       Respectfully submitted,
                                        TATRO TEKOSKY SADWICK LLP
4
                                        By:   /s/ *René P. Tatro*
5                                             René P. Tatro
                                              Attorneys for Intervenor Defendant
6                                             Arctic Slope Regional Corporation

7

8                                       FELDMAN ORLANSKY & SANDERS

9                                       By:   /s/ *Jeffrey M. Feldman*
                                              Jeffrey M. Feldman
10                                            *Admitted pro hac vice*
                                              Attorneys for Intervenor Defendant
11                                            Arctic Slope Regional Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**[PROPOSED] NOTICE OF MOTION AND MOTION**     7                          **C-08-1339-CW**
**OF ASRC FOR RECONSIDERATION**

# PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles and my business address is 333 S. Grand Avenue, Suite 4270, Los Angeles, CA 90071.

On August 26, 2008, I electronically served a copy of the foregoing:

**[PROPOSED] NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT ARCTIC SLOPE REGIONAL CORPORATION FOR RECONSIDERATION OF AUGUST 13, 2008 ORDER ON INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 26, 2008, at Los Angeles, California.

By: /s/ *Karen L. Roberts*
Karen L. Roberts

1  René P. Tatro (SBN 78383)
   Juliet A. Markowitz (SBN 164038)
2  TATRO TEKOSKY SADWICK LLP
   333 S. Grand Avenue, Suite 4270
3  Los Angeles, California 90071
   Telephone:   (213) 225-7171
4  Facsimile:   (213) 225-7151
   E-mail:      renetatro@ttsmlaw.com
5               jmarkowitz@ttsmlaw.com

6  Jeffrey M. Feldman (AK Bar #7605029)
7  Kevin M. Cuddy (MA Bar #647799)
   *Admitted pro hac vice*
8  FELDMAN ORLANSKY & SANDERS
   500 L Street, Suite 400
9  Anchorage, Alaska 99501
10 Telephone:   (907) 272-3538
   Facsimile:   (907) 274-0819
11 Email:       feldman@frozenlaw.com
12              cuddy@frozenlaw.com

13 *Attorneys for Intervenor-Defendant*
14 *Arctic Slope Regional Corporation*

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                          OAKLAND DIVISION
18

19 CENTER FOR BIOLOGICAL            )  Case No._C-08-1339-CW _____
20 DIVERSITY, et al.,               )
                                    )
21                                  )
           Plaintiffs,              )  **[PROPOSED] ORDER GRANTING**
22                                  )  **ARCTIC SLOPE REGIONAL**
       v.                           )  **CORPORATION'S MOTION FOR**
23                                  )  **LEAVE TO FILE MOTION FOR**
   DIRK KEMPTHORNE, et al.,         )  **RECONSIDERATION**
24                                  )
                                    )
25                                  )  ___
           Defendants.              )  Honorable Claudia Wilkin _____
26 _____ )

27

28

---
– 1 –
[PROPOSED] ORDER GRANTING MOTION FOR LEAVE
C-08-1339-CW

1  Having considered the motion for leave to file a motion for reconsideration and
2  supporting papers filed by Inervenor-Defendant Arctic Slope Regional CorporatIon
3  ("ASRC"), and any responses and replies thereto, it is hereby ordered that the motion is
4  GRANTED.
5  ASRC is hereby granted leave to file its motion for reconsideration of this Court's
6  August 13, 2008 "Order Granting in Part Motions for Leave to Intervene by Arctic Slope
7  Regional Corporation and Alaska Oil and Gas Association."
8  In addition, the following schedule is established regarding the motion for
9  reconsideration: responses to the motion for reconsideration must be filed no later than
10  seven (7) days from the date of this order; ASRC may file a reply brief no later than nine (9)
11  days from the date of this order; a hearing on ASRC's motion will be held on the _____ day
12  of _____, 2008, at _____a.m./p.m., Courtroom 2 on the 4th Floor, 1301
13  Clay Street, Oakland, California.
14  IT IS SO ORDERED.
15  DATED this _____ day of _____, 2008.

_____
Honorable Claudia Wilken
United States District Judge

Presented by:

TATRO TEKOSKY SADWICK LLP

/s/ René P. Tatro

Jeffrey M. Feldman, *admitted pro hac vice*
René P. Tatro (SBN 78383)
Attorneys for Intervenor Defendant
Arctic Slope Regional Corporation

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles and my business address is 333 S. Grand Avenue, Suite 4270, Los Angeles, CA 90071.

On August 26, 2008, I electronically served a copy of the foregoing:

**[PROPOSED] ORDER GRANTING ARCTIC SLOPE REGIONAL CORPORATION'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 26, 2008, at Los Angeles, California.

By: /s/ *Karen L. Roberts*
Karen L. Roberts