1  Samuel R. Miller (SBN 66871)
   srmiller@sidley.com
2  Andrew Amerson
   aamerson@sidley.com
3  Paul L. Yanosy (SBN 233014)
   pyanosy@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street
5  San Francisco, California  94104
   Telephone:      (415) 772-1200
6  Facsimile:      (415) 772-7400

7  Roger R. Martella (*pro hac vice* pending)
   rmartella@sidley.com
8  SIDLEY AUSTIN LLP
   1501 K Street, N.W.
9  Washington, D.C. 20005
   Telephone:      (202) 736-8000
10 Facsimile:      (202) 736-8711

11 **Attorneys For Proposed Intervenor-Defendant**
   **NATIONAL PETROCHEMICAL & REFINERS**
12 **ASSOCIATION**

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                         OAKLAND DIVISION

16

17 CENTER FOR BIOLOGICAL            )  Case No. 08-CV-1339-CW
18 DIVERSITY, *et al.*,             )
                                    )  Assigned to: Hon. Claudia Wilken
19         Plaintiffs,              )
                                    )  **NOTICE OF MOTION AND MOTION OF**
20     vs.                          )  **NATIONAL PETROCHEMICAL AND**
                                    )  **REFINERS ASSOCIATION TO**
21 DIRK KEMPTHORNE, *et al*.,       )  **INTERVENE; MEMORANDUM OF**
                                    )  **POINTS AND AUTHORITIES IN SUPPORT**
22         Defendants               )  **THEREOF**
                                    )
23                                  )  [Proposed] Order Filed Concurrently Herewith
                                    )
24                                  )  Date:      October 2, 2008
25                                  )  Time:      2:00 p.m.
26 _____   )  Place:     Courtroom 2, 4th Floor

27

28

SF1 1510171v.2

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that, on October 2, 2008, at 2:00 p.m. or as soon thereafter

3    as it may be heard, in Courtroom 2 of the above-entitled Court located at 1301 Clay Street, Oakland,

4    California, before the Honorable Claudia Wilken, proposed intervenor-defendant National

5    Petrochemical and Refiners Association ("NPRA") will and hereby does move this Court, pursuant

6    to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene as a defendant in the

7    above-captioned matter.  For reasons set forth in the attached Memorandum of Points and

8    Authorities and the accompanying Declaration of Gregory M. Scott ("Scott Decl."), NPRA and its

9    members have a direct interest in the "Interim 4(d) Rule" promulgated by the Department of Interior

10   on May 15, 2008, and now challenged by Plaintiffs in their pending Complaint, entitling it to

11   intervention of right under FRCP Rule 24(a).  Accordingly, NPRA moves for an order granting it

12   status as an intervenor-defendant to protect that interest.  Alternately, NPRA moves for an order

13   granting it permissive intervention under FRCP 24(b).  Additionally, NPRA requests that it be

14   granted permissive intervention on the merits of the NEPA claim, also under FRCP 24(b).

15                                **INTRODUCTION**

16   The National Petrochemical and Refiners Association ("NPRA") is a private, not-for-profit

17   trade association representing over 450 companies in the petrochemical and refining industries.  Its

18   member companies include virtually all U.S. refiners and petrochemical manufacturers.  It brings

19   this motion to intervene on the same legal basis as those previously brought before –and granted by–

20   this Court to the Alaska Oil and Gas Association ("AOGA") and the Arctic Slope Regional

21   Corporation ("ASRC").  NPRA represents interests distinct from those of AOGA and ASRC, and

22   seeks intervention to represent those specific interests from which this Court has precluded AOGA

23   and ASRC.

24   This Court has found AOGA and ASRC represent interests located chiefly in Alaska;

25   accordingly, this Court held that while they may intervene on certain issues on which they have a

26   "concrete interest," they "may not defend the portion of the section 4(d) rule that exempts all

27   activities outside Alaska from the ESA's take prohibitions or the portion of the rule that exempts

28

1

SF1 1510171v.2

greenhouse gas emissions from section 7 of the ESA." Order Granting in Part Motions for Leave to Intervene by Alaska Oil and Gas Association and Arctic Slope Regional Corporation, August 13, 2008 ("August 13, 2008 Order"), Docket No. 139. By contrast, these issues are of concrete interest to NPRA, whose membership lies largely <u>outside</u> Alaska. The interests represented by the NPRA are therefore not duplicative but complementary to those represented by the AOGA and ASRC, and participation by appropriate parties to represent these interests here was effectively anticipated by this Court its August 13, 2008 Order.

Plaintiffs filed their initial complaint on March 10, 2008, claiming the Department of Interior and other defendants ("Interior") had failed to comply with the Endangered Species Act's ("ESA") deadline for issuing a determination whether a polar bear should be listed as a threatened species. Pursuant to this Court's order, on May 15, 2008, Interior issued a final rule listing the polar bear (*ursus maritimus*) as a "threatened" species under the ESA. 73 Fed. Reg. 28211-28303 (May 15, 2008). Pursuant to Section 4(d) of the ESA, the Interior Department issued a companion Interim 4(d) Rule permitting the Fish and Wildlife Service to tailor prohibitions and authorizations to address the specific conservation needs of the polar bear. 73 Fed. Reg. 28305-28318 (May 15, 2008). The Interim Rule also clarified ESA Section 7 consultation provisions are not triggered by the mere emissions of greenhouse gases anywhere in the United States, and the ESA Section 9 "take" provisions do not apply outside Alaska in the context of the polar bear. Importantly, this "4(d) Rule" is an interim rule only, for which Interior sought public comment in advance of a final 4(d) Rule, which is yet to be promulgated.

On May 16, 2008, Plaintiffs filed an amended complaint challenging the manner in which Interior had adopted the Interim 4(d) Rule in view of the Administrative Procedures Act ("APA") and the National Environmental Policy Act ("NEPA"). On July 16, 2008, Plaintiffs amended their complaint further to add claims alleging violations of the ESA and the Marine Mammals Protection Act ("MMPA").

On June 6, 2008, the AOGA moved to intervene as a defendant in this action under FRCP Rule 24. Shortly after, the ASRC filed a similar motion to intervene on July 3, 2008. The motions

1   were unopposed and, on August 13, 2008, this Court granted both AOGA and ASRC motions to

2   intervene.  Specifically, this Court held AOGA and ASRC could intervene as a matter of right in

3   connection with claims under the ESA and MMPA, and during the remedies phase only (but not on

4   the merits) for the NEPA or APA claims.  August 13, 2008 Order.[1]

5       In its order, this Court made clear that, while ASRC and AOGA could address the issues

6   identified, "[n]either AOGA nor ASRC has demonstrated that it has a significantly protectable

7   interest in the portion of the section 4(d) rule that exempts all activities outside Alaska from the

8   ESA's take prohibitions, nor in the portion of the rule that exempts greenhouse gas emissions from

9   section 7 of the ESA.  Accordingly, AOGA and ASRC may not defend these aspects of the section

10  4(d) rule."  *Id.* at 8.

11      Because NPRA's interests are specifically not represented by AOGA or ASRC, or any other

12  party, and in view of this Court's order of August 13, 2008, NPRA now moves to intervene as a

13  matter of right or, in the alternative, for permissive intervention under FRCP Rule 24, to protect the

14  direct, significant and protectable interests of its members.  Specifically, and as NPRA has made

15  clear in its comments on the Interim Rule, the Interim 4(d) Rule correctly provided that ESA Section

16  7 consultation provisions should not be triggered by the mere emissions of greenhouse gases

17  anywhere in the United States, and ESA Section 9 "take" provisions should not apply outside Alaska

18  in the context of the polar bear.[2]

19      Though NPRA is aware that at issue here is only an Interim Rule, given Plaintiff's decision

20  to challenge the Interim Rule, the importance of this matter to NPRA members, the specificity of this

21

22  [1]     AOGA subsequently filed a motion for leave to file a motion for reconsideration of the August 13, 2008 order,
    which is presently pending.  NPRA requests any additional relief provided by this Court based on that motion be
23  extended to NPRA as well, should it go beyond the relief provided by this Court's August 13, 2008 order.
    [2]     While NPRA generally supports the Interim 4(d) Rule, in the public comment period it did request the Interior
24  Department reconsider one element of the Interim 4(d) Rule.  As stated above, the Interim 4(d) Rule excludes from
    potential liability under ESA Section 9 any activities outside of Alaska.  In its comments on the Interim 4(d) Rule,
25  NPRA requested the Interior Department extend this provision to similarly exclude liability for greenhouse gas
    emissions in Alaska.  NPRA reasoned that there is no distinction between greenhouse gas emissions in Alaska and
26  anywhere else in the United States or the world, and thus it is rational to similarly exclude greenhouse gas emitting
    activities in Alaska.  Because the Interior Department has yet to take any action on this request, through its intervention
27  in this action NPRA does not seek to challenge this aspect of the Interim 4(d) Rule at this time, but instead seeks to
    defend aspects of the Interim 4(d) Rule challenged by Plaintiffs.

28

SF1 1510171v.2

1  Court's August 13, 2008 order on interests on which AOGA and ASRC may speak, and the

2  importance of timeliness, NPRA brings this motion now.  NPRA is not seeking to disrupt or delay

3  this or any litigation, will comply with all scheduling orders of this Court, and will endeavor to avoid

4  duplication of issues.  NPRA seeks only to represent the direct, significant and protectable interests

5  of its members, pursuant to FRCP Rule 24.  Accordingly, NPRA respectfully asks its motion be

6  granted.

**BACKGROUND**

7

8  **A.    Polar Bear ESA Listing and 4(d) Rule**

9        On May 15, 2008, in conjunction with the listing of the polar bear as a threatened species,

10  USFWS issued an Interim 4(d) Rule pertaining to the take of polar bears. 73 Fed. Reg. 28305-28318.

11  Under this rule, and first, no separate take authorization is required under the ESA for the narrow

12  classes of take authorized or exempted under the MMPA or CITES.  *Id.* at 28306.  Second, all

13  activities outside Alaska are exempt from the ESA's take prohibition under Section 9.  Third, the

14  rule clarifies the ESA's Section 7 consultation provisions are not triggered merely by the emission of

15  greenhouse gases.  Interior requested public comment in the Interim 4(d) Rule over the next 60 days.

16  **B.    The National Petrochemical and Refiners Association Interest**

17        The NPRA is a private, non-profit trade association whose over 450 member companies

18  include virtually all refiners and petrochemical manufacturers in the United States.  The activities of

19  its members across the United States—both in the "lower 49" and in Alaska—release greenhouse

20  gas emissions.  NPRA has therefore been an active participant in the public comment process

21  associated with polar bear related decisions by Interior.  *See* Scott Decl. ¶ 4.  It has also filed public

22  comment in support of Interior's Interim 4(d) Rule for the polar bear.  *Id.*  Specifically, NPRA

23  supports the Interim Rule's conclusions that:  (1) the ESA's Section 7 consultation provision should

24  not be triggered by the mere emissions of greenhouse gases anywhere in the United States, and (2)

25  the ESA's Section 9 "take" provisions should not apply outside Alaska in the context of the polar

26  bear.  *Id.*  NPRA also commented that because there is no distinction between the impact of

27  greenhouse gas emissions in Alaska and elsewhere on the polar bear, activities in Alaska that release

28

4

1    greenhouse gases also should be exempt from Section 9's take provisions.

2    **C.    This Court's August 13, 2008 Order**

3    On August 13, 2008, this Court granted both the AOGA and the ASRC motions to intervene

4    as defendants in this action.  Docket No. 139.  Specifically, this Court held AOGA and ASRC could

5    intervene as a matter of right in connection with claims under the ESA and MMPA, and during the

6    remedies phase only (but not on the merits) for the NEPA or APA claims.  This Court made clear

7    that, while ASRC and AOGA represented interests located chiefly in Alaska and so could address

8    these issues, "[n]either AOGA nor ASRC has demonstrated that it has a significantly protectable

9    interest in the portion of the section 4(d) rule that exempts all activities <u>outside</u> Alaska from the

10   ESA's take prohibitions, nor in the portion of the rule that exempts greenhouse gas emissions from

11   section 7 of the ESA.  Accordingly, AOGA and ASRC <u>may not defend</u> these aspects of the section

12   4(d) rule."  *Id.* at 8 (emphasis added).

13   Accordingly, and because its interests specifically will not be represented by AOGA or

14   ASRC, NPRA now moves to intervene as a matter of right or, in the alternative, for permissive

15   intervention under FRCP Rule 24.  NPRA and its members have a concrete and immediate interest

16   in the polar bear Interim 4(d) Rule and such interests should be represented in any adjudication of

17   the Interim 4(d) Rule.  *See* Scott Decl. ¶¶ 4-10.  Because NPRA's members engage in activities that

18   release greenhouse gases outside Alaska, the effects of the polar bear listing decision and the Interim

19   4(d) Rule –and the implications of litigation challenging these decisions– are direct, immediate,

20   unique and long-term.

21   NPRA respects the Court's desire in its August 13, 2008 Order to avoid the duplication of

22   issues and will endeavor in good faith to both avoid duplication and comply with the deadlines set

23   by this Court.

24   **ARGUMENT**

25   **A.    The NPRA Is Entitled to Intervention of Right**

26   Under FRCP Rule 24(a), the NPRA is entitled to intervention as of right to defend its direct

27   interests in the polar bear Interim 4(d) Rule. In addition, the NPRA is entitled to intervention as of

28

1   right in the remedy phase of CBD's NEPA claim.[3]

2       The Ninth Circuit has adopted a four-part test to assess whether a party should be permitted

3   to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly

4   protectable" interest relating to the property or transaction which is the subject of the action; (3) the

5   movant must be so situated that the disposition of the action may, as a practical matter, impair or

6   impede the movant's ability to protect that interest; and (4) the movant's interest must not be

7   adequately represented by the existing parties to the action.  *Forest Conservation Council v. U.S.*

8   *Forest Service*, 66 F. 3d 1489, 1493 (9th Cir. 1995); *Sierra Club v. EPA*, 99 F. 2d 1478, 1481 (9th

9   Cir. 1993).  *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) ("'A liberal

10  policy in favor of intervention services both efficient resolution of issues and broad access to the

11  courts.'") (citations omitted).  This Court found all of these factors satisfied only weeks ago with the

12  AOGA and ASRC petitions, and they are plainly satisfied here.

13      First, NPRA's motion is timely.  Timeliness requires assessing: (1) the stage of the

14  proceedings; (2) the prejudice to the other parties; and (3) the reasons for and length of the delay, if

15  any. *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 2007).  A

16  motion to intervene may still be timely where the "litigation has entered a new stage, where the

17  would-be intervenor's rights would be jeopardized."  *See Natural Resources Defense Council v.*

18  *Gutierrez*, 2007 WL 1518359, 14 (N.D.Cal. 2007) (citing *United States v. Oregon*, 745 F.2d 550,

19  552 (9th Cir.1984)).  Here, the action is still in its preliminary stages, with Plaintiffs only recently

20  filing a Second Amended Complaint, and neither an administrative record nor an answer from the

21  federal defendants yet on file.  This Court only recently permitted intervention by two defendants

22  representing similar (but non-overlapping) interests to the NPRA.  Moreover, in its August 13, 2008

23

24  _____
    [3]    While respectfully disagreeing with this Circuit's reasoning, NPRA acknowledges the Ninth Circuit has limited
25  intervention as of right in NEPA actions to the remedy or injunctive phase and seeks only this relief at present.  *See, e.g.,*
    *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (stating Ninth Circuit rule); *Kleissler v. US.*
26  *Forest Service*, 157 F.3d 964, 971-72 (3d Cir. 1998) (rejecting Ninth Circuit rule on the grounds that it "contravenes a
    major premise of intervention—the protection of third parties affected by pending litigation" and acknowledging that
27  NEPA actions often have immediate and deleterious effects on entities and individuals other than the plaintiffs).  Should
    this Court grant greater relief to other intervening defendants with respect to the merits phase of NEPA actions, NPRA
28  requests coextensive relief.

1    order granting intervention, this Court specifically carved out the interests of concern to – and now

2    sought to be represented by – the NPRA.  As well, NPRA has submitted a proposed answer to the

3    amended complaint along with this motion to avoid any possible delay.  NPRA also will comply

4    with the court's scheduling order and endeavor to avoid the duplication of issues with other parties.

5    Accordingly, no prejudice will result.  More, at bottom, there is no delay.  The motion is timely.

6         Second, NPRA has a significant protectable interest in the challenged agency decisions.

7    Whether the moving party demonstrates sufficient interest to intervene is a "practical, threshold

8    inquiry" for which "[n]o specific legal or equitable interest need be established." *Greene v. United*

9    *States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd by Greene v. Babbitt*, 64 F.3d 1266 (9th Cir. 1995).

10   As noted by the court in *City of Los Angeles*,

11              [a] liberal policy in favor of intervention serves both efficient
             resolution of issues and broad access to the courts. By allowing parties
12            with a *practical* interest in the outcome of a particular case to
             intervene, we often prevent or simplify future litigation involving
13            related issues; at the same time we allow an additional interested party
             to express its views before the court.
14

15   288 F.3d at 397-98 (internal quotations and citations omitted).  Consequently, the interest

16   requirement is "primarily a practical guide to disposing of lawsuits by involving as many apparently

17   concerned persons as is compatible with efficiency and due process." *Id.* at 398; *Nuesse v. Camp*,

18   385 F.2d 694, 700 (D.C. Cir. 1967).  Here, NPRA's interests in the polar bear Interim 4(d) Rule are

19   evident.  NPRA members are protected by the Interim 4(d) Rule's conclusion that the mere

20   emissions of greenhouse gases anywhere in the United States does not trigger the ESA's Section 7

21   consultation provision, as well as excluding under the Interim 4(d) Rule the "take" provisions

22   outside Alaska in the context of the polar bear.  *See* Scott Decl. ¶¶ 4-10.

23        A protectable interest sufficient to support intervention exists where the interest asserted is

24   protectable under some law, and where there is a relationship between the protected interest and the

25   claims at issue. *City of Los Angeles,* 288 F.3d at 398 (relationship requirement is met where

26   "'resolution of plaintiffs claim actually will affect the applicant'"); *Southwest Center for Biological*

27   *Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (determination of interest is a "'practical,

28

threshold inquiry. No specific legal or equitable interest need be established'"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim). NPRA's members—comprised of organizations that release greenhouse gases from their operations—clearly have a protectable interest in the polar bear Interim 4(d) Rule because they are among the classes of persons to which the Interim 4(d) Rule applies.

Third, disposition of the case in Plaintiffs' favor would harm NPRA's interest. Intervention as of right is particularly appropriate where, as here, the relief sought is injunctive. *See City of Los Angeles*, 288 F.3d at 399; *Sagebrush Rebellion*, 713 F.2d at 528 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, the party satisfies the "interest" test), *aff'd by Sagebrush Rebellion, Inc. v. Hodel*, 790 F.2d 760 (9th Cir. 1986). Here, the purpose of Plaintiffs' amended claims is to invalidate the Interim 4(d) Rule, which provides that emissions of greenhouse gases anywhere in the United States, of itself, does not trigger the ESA Section 7 consultation provisions, and that the ESA Section 9 "take" provisions do not apply outside Alaska in the context of the polar bear. *See, e.g.,* Second Amended Complaint at pages 38-40 (Prayer for Relief). Thus, the Interim 4(d) Rule pertains directly and uniquely to the lawful activities of NPRA's members. If CBD is successful in its claims, the existing statutory and regulatory scheme under which NPRA members now operate would be invalidated with substantial resulting uncertainty and prejudice. *See* Scott Decl. ¶ 10.

Fourth, and finally, NPRA's interests are sufficiently different from those of Interior, or any other interested party, to warrant intervention. The burden of demonstrating inadequate representation is minimal; NPRA need only show that its interests are sufficiently different from the existing parties such that their representation "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Berg*, 268 F.3d at 823; *Nuesse*, 385 F.2d at 703. The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements

8

to the proceedings that other parties would neglect.

*City of Los Angeles*, 288 F.3d at 398 (internal citation omitted).  Here, the interests of NPRA and its members as private parties with a direct stake in this controversy are very different from the interests of Interior as the federal regulatory and decision agency. When parties, such as NPRA, have private interests, as opposed to the government's "public" interests, this difference is sufficient to justify intervention. *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th 1980); *National Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).[4]  Similarly, NPRA's interests are distinct from those of AOGA and ASRC, which were granted permission to intervene as a matter of right in connection with Plaintiffs' ESA and MMPA claims to the extent they have concrete interests, but not to address the portion of the Interim 4(d) Rule exempting all activities outside Alaska from the ESA's taking prohibitions, or the portion exempting greenhouse gas emissions from Section 7 of the ESA.  Additionally and for the same reasons, there is no other present party capable of advancing the same private interest and arguments; in fact this Court has precluded other parties from advancing the arguments on key interests of NPRA and its members.

Finally, in view of this Court's August 13, 2008 Order, NPRA will present necessary elements to this proceeding which other private parties will be restricted from addressing absent NPRA participation.  Even if the other private parties represented interests outside Alaska or regarding the greenhouse gas provisions in the Interim 4(d) Rule in this action –which this Court has prohibited them from doing– NPRA represents a broad range of interests among its 450 members who operate in multiple sectors of the economy and who have interests distinct from the other intervenors which these other intervenors may neglect.  For all of these reasons, NPRA is entitled to intervention as of right.

---

[4]     Similarly, NPRA's interests are entirely distinct from those of Intervenor Conservation Force or *amicus* Safari Club International. These groups represent persons engaged or interested in the import of sport-hunted polar bear "trophies." *See, e.g.,* Dkt. No. 65 (Order granting Conservation Force intervention only for the "limited purpose of resolving the issue of whether provision may he made under the Endangered Species Act for the import of trophies from bears that were killed and for which an import permit application had already been filed"). This issue is entirely distinct from NPRA's interests in the Interim 4(d) Rule, which relates in contrast to when consultations and take liability are triggered due to greenhouse gas emissions.

SF1 1510171v.2

**B.    NPRA Should Be Granted Permissive Intervention**

Even were NPRA not entitled to intervention as a matter of right, which it is, this Court may alternatively grant permissive intervention pursuant to FRCP Rule 24(b).  As with intervention as of right, motions for permissive intervention are construed liberally in favor of the moving party. Permissive intervention should be allowed under FRCP Rule 24(b) as long as the applicant seeking intervention establishes that: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *See Donnelly v. Glickman*, 159 F.3d 405, 411-12 (9th Cir. 1998).  Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action need be shown.  *Kootenai*, 313 F.3d at 1108.  Because NPRA seeks to uphold the polar bear Interim 4(d) Rule challenged here, NPRA's interests present issues of law or fact common to the main action.  As discussed above, the motion is timely, and jurisdiction is not in question. Accordingly, permissive intervention is appropriate.

Additionally, while the Ninth Circuit has held third parties are not entitled to intervention as of right on the merits of NEPA claims, district courts may still grant permissive intervention under FRCP Rule 24(b).  *See id.*; *see also supra.* at n. 1, 3.  NPRA meets the requirements for permissive intervention here.  Because NPRA seeks to uphold the polar bear Interim 4(d) Rule challenged by Plaintiffs, NPRA's interests present issues of law or fact common to the main action.  NPRA's members have a strong interest in ensuring the protections afforded by the Interim 4(d) Rule continue, and an invalidation of this challenged rule would upset the existing statutory and regulatory scheme under which NPRA members now operate, with substantial resulting uncertainty, unpredictability and prejudice.  Scott Decl. ¶ 10.  Moreover, NPRA members have significant knowledge and technical expertise regarding the protections afforded by the present Interim 4(d) Rule, and NPRA intervention would aid this Court in clarifying the issues raised in the lawsuit. Finally, as discussed already, NPRA's application for intervention is timely and without prejudice to any existing party.  Accordingly, permissive intervention on the merits of the NEPA claim should also be granted.  *See generally, e.g., Sierra Club v. EPA*, 995 F. 2d 1478, 1483 (9th Cir. 1993)

SF1 1510171v.2

1   (granting third party intervention as "[o]ur adversary process requires that we hear from both sides

2   before the interests of one side are impaired by a judgment").

3                                                **CONCLUSION**

4           NPRA intervention is consistent with the efficiency and justice goals of this Court.  "'A

5   liberal policy in favor of intervention services both efficient resolution of issues and broad access to

6   the courts.'"  *City of Los Angeles*, 288 F.3d at 397-98.  NPRA intends to comply with all scheduling

7   orders of this Court, and will endeavor to avoid duplication of issues.  Accordingly, and for all the

8   foregoing reasons, NPRA respectfully requests that this Court grant it leave to intervene as of right

9   pursuant to FRCP Rule 24(a), or, in the alternative, that it be granted permissive intervention under

10  FRCP Rule 24(b).  NPRA also respectfully requests permissive intervention on the merits of the

11  NEPA claim.

12

13  Dated:  August 27, 2008                    Respectfully submitted,

14                                             SIDLEY AUSTIN LLP

15

16                                             By:  _____/s/ Paul L. Yanosy_____
                                                         Paul L. Yanosy
17
                                               Attorneys for Proposed Intervenor-Defendant
18                                             NATIONAL PETROCHEMICAL &
                                               REFINERS ASSOCIATION
19

20

21

22

23

24

25

26

27

28

                                                   11

SF1 1510171v.2

Samuel R. Miller (SBN 66871)
srmiller@sidley.com
Andrew Amerson
aamerson@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California  94104
Telephone:       (415) 772-1200
Facsimile:       (415) 772-7400

Roger R. Martella (*pro hac vice* pending)
rmartella@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:       (202) 736-8000
Facsimile:       (202) 736-8711

**Attorneys For Proposed Intervenor-Defendant**
**NATIONAL PETROCHEMICAL & REFINERS**
**ASSOCIATION**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DIRK KEMPTHORNE, *et al.*,<br><br>        Defendants | Case No. 08-CV-1339-CW<br><br>Assigned to: Hon. Claudia Wilken<br><br>**[PROPOSED] ANSWER OF NATIONAL PETROCHEMICAL AND REFINERS ASSOCIATION TO THE SECOND AMENDED COMPLAINT**<br><br>Date:      October 2, 2008<br>Time:     2:00 p.m.<br>Place:    Courtroom 2, 4th Floor |

SF1 1510064v.2

**[PROPOSED] ANSWER**

Applicant for Intervention, National Petrochemical and Refiners Association ("NPRA")

answers plaintiffs' Second Amended Complaint as follows:

## I. INTRODUCTION

1.      This paragraph states plaintiffs' characterization of their lawsuit and, therefore, does

not require a response.

2.      NPRA denies the allegations stated in paragraph 2 of plaintiffs' Second Amended

Complaint.

3.      NPRA denies the allegations stated in paragraph 3 of plaintiffs' Second Amended

Complaint.

4.      NPRA denies the allegations stated in paragraph 4 of plaintiffs' Second Amended

Complaint.

5.      NPRA denies the allegations stated in paragraph 5 of plaintiffs' Second Amended

Complaint.

6.      NPRA admits the allegations stated in paragraph 6 of plaintiffs' Second Amended

Complaint.

7.      NPRA admits the allegations stated in paragraph 7 of plaintiffs' Second Amended

Complaint.

8.      NPRA admits the allegations stated in paragraph 8 of the plaintiffs' Second Amended

Complaint.

9.      In response to paragraph 9, NPRA admits that in conjunction with issuance of a final

listing rule on the polar bear, the Secretary of Interior issued separate regulations, pursuant to

Section 4(d) of the ESA, that were published on May 15, 2008 at 73 Fed. Reg. 28305-38318.  NPRA

denies the remaining allegations stated in paragraph 9 of plaintiffs' Second Amended Complaint.

10.      NPRA denies the allegations stated in paragraph 10 of plaintiffs' Second Amended

Complaint.

11.      NPRA admits the Secretary listed the polar bear as a "threatened" species, but denies

the remaining allegations stated in paragraph 11 of plaintiffs' Second Amended Complaint.

12.     NPRA denies the allegations stated in paragraph 12 of plaintiffs' Second Amended Complaint.

13.     NPRA denies the allegations stated in paragraph 13 of plaintiffs' Second Amended Complaint.

14.     The first sentence of paragraph 14 states plaintiffs' characterization of its intentions in petitioning to have the polar bear species listed under the ESA as a threatened species and, therefore, no response is required.  NPRA denies the remaining allegations stated in paragraph 14 of plaintiffs' Second Amended Complaint.

15.     Paragraph 15 characterizes the relief plaintiffs seek in this litigation and, therefore, no response is required.  Nevertheless, NPRA denies that plaintiffs are entitled to any of the relief they seek.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

16.     In response to paragraph 16, NPRA states that the Court's jurisdiction is a matter of law that does not require a response, and further states that the cited federal laws speak for themselves.

17.     In response to paragraph 17, NPRA states that venue is a matter of law that does not require a response, and further states that the cited federal laws speak for themselves.

18.     In response to paragraph 18, NPRA states that assignment of this case is a matter of Local Rules that does not require a response, and further states that the cited Local Rules speak for themselves.

19.     NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies the same.

20.     NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies the same.

21.     NPRA denies the allegations contained in paragraph 21 of plaintiffs' Second Amended Complaint.

SF1 1510064v.2

1    22.    NPRA denies the allegations contained in paragraph 22 of plaintiffs' Second

2    Amended Complaint.

3    23.    In response to paragraph 23, NPRA states that the application of sovereign immunity

4    is a matter of law that does not require a response, and further states that the cited laws speak for

5    themselves.

6    **III. PARTIES**

7    24.    NPRA is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations contained in paragraph 24 and, therefore, denies the same.

9    25.    NPRA is without knowledge or information sufficient to form a belief as to the truth

10    of the allegations contained in paragraph 25 and, therefore, denies the same.

11    26.    NPRA is without knowledge or information sufficient to form a belief as to the truth

12    of the allegations contained in paragraph 26 and, therefore, denies the same.

13    27.    NPRA is without knowledge or information sufficient to form a belief as to the truth

14    of the allegations contained in paragraph 27 and, therefore, denies the same.

15    28.    In response to paragraph 28, NPRA admits that Dirk Kempthorne is the Secretary of

16    the United States Department of Interior.  NPRA is without knowledge or information sufficient to

17    form a belief as to the truth of the remaining allegations contained in paragraph 28 and, therefore,

18    denies the same.

19    29.    NPRA admits that the United States Fish & Wildlife Service is a federal agency

20    within the U.S. Department of Interior.  In response to the remaining allegations in paragraph 29,

21    NPRA states that the United States Fish & Wildlife Service's mandate and its authority are matters

22    of law that do not require a response, and further states that the federal laws and regulations

23    regarding the United States Fish & Wildlife Service speak for themselves.

24    **IV. LEGAL BACKGROUND**

25    30.    Paragraph 30 contains plaintiffs' characterization of the law, which does not require a

26    response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

27    inconsistent with the law cited, NPRA denies the same.

28

3

SF1 1510064v.2

31.     Paragraph 31 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

32.     Paragraph 32 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

33.     Paragraph 33 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

34.     Paragraph 34 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

35.     Paragraph 35 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

36.     Paragraph 36 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

37.     Paragraph 37 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

38.     Paragraph 38 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

39.     Paragraph 39 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

SF1 1510064v.2

40.      Paragraph 40 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

41.      Paragraph 41 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

42.      Paragraph 42 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

43.      Paragraph 43 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

44.      Paragraph 44 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

45.      Paragraph 45 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

46.      Paragraph 46 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

47.      Paragraph 47 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

48.      Paragraph 48 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

SF1 1510064v.2

49.     Paragraph 49 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

50.     Paragraph 50 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

51.     Paragraph 51 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

52.     Paragraph 52 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

53.     Paragraph 53 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

54.     Paragraph 54 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

55.     Paragraph 55 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

56.     Paragraph 56 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

57.     Paragraph 57 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

SF1 1510064v.2

58.    Paragraph 58 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

59.    Paragraph 59 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

60.    Paragraph 60 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

61.    Paragraph 61 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

62.    Paragraph 62 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

63.    Paragraph 63 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

64.    Paragraph 64 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

65.    Paragraph 65 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

66.    Paragraph 66 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

7

67.     Paragraph 67 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

68.     Paragraph 68 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

69.     Paragraph 69 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

70.     Paragraph 70 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

71.     Paragraph 71 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

72.     Paragraph 72 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

73.     Paragraph 73 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

74.     Paragraph 74 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

75.     Paragraph 75 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

SF1 1510064v.2

76.     Paragraph 76 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

77.     Paragraph 77 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

78.     Paragraph 78 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

## V. FACTUAL BACKGROUND

79.     Paragraph 79 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the same.

80.     Paragraph 80 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the same.

81.     Paragraph 81 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the same.

82.     Paragraph 82 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations

1   speak for themselves.  Answering further, however, NPRA is without knowledge or information

2   sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore,

3   denies the same.

4          83.     Paragraph 83 contains plaintiffs' characterization of the Rules and Regulations of the

5   Department of the Interior, which does not require a response because the rules and regulations

6   speak for themselves.  Answering further, however, NPRA is without knowledge or information

7   sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore,

8   denies the same.

9          84.     Paragraph 84 contains plaintiffs' characterization of the Rules and Regulations of the

10  Department of the Interior, which does not require a response because the rules and regulations

11  speak for themselves.  Answering further, however, NPRA is without knowledge or information

12  sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore,

13  denies the same.

14         85.     Paragraph 85 contains plaintiffs' characterization of the Rules and Regulations of the

15  Department of the Interior, which does not require a response because the rules and regulations

16  speak for themselves.  Answering further, however, NPRA is without knowledge or information

17  sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore,

18  denies the same.

19         86.     Paragraph 86 contains plaintiffs' characterization of the Rules and Regulations of the

20  Department of the Interior, which does not require a response because the rules and regulations

21  speak for themselves.  Answering further, however, NPRA is without knowledge or information

22  sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore,

23  denies the same.

24         87.     Paragraph 87 contains plaintiffs' characterization of the Rules and Regulations of the

25  Department of the Interior, which does not require a response because the rules and regulations

26  speak for themselves.  Answering further, however, NPRA is without knowledge or information

27  sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore,

28

SF1 1510064v.2

1   denies the same.

2        88.     Paragraph 88 contains plaintiffs' characterization of the Rules and Regulations of the

3   Department of the Interior, which does not require a response because the rules and regulations

4   speak for themselves.  Answering further, however, NPRA is without knowledge or information

5   sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore,

6   denies the same.

7        89.     Paragraph 89 contains plaintiffs' characterization of the Rules and Regulations of the

8   Department of the Interior, which does not require a response because the rules and regulations

9   speak for themselves.  Answering further, however, NPRA is without knowledge or information

10  sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore,

11  denies the same.

12       90.     Paragraph 90 contains plaintiffs' characterization of the Rules and Regulations of the

13  Department of the Interior, which does not require a response because the rules and regulations

14  speak for themselves.  Answering further, however, NPRA is without knowledge or information

15  sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore,

16  denies the same.

17       91.     Paragraph 91 contains plaintiffs' characterization of the Rules and Regulations of the

18  Department of the Interior, which does not require a response because the rules and regulations

19  speak for themselves.  Answering further, however, NPRA is without knowledge or information

20  sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore,

21  denies the same.

22       92.     NPRA is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations contained in paragraph 92 and, therefore, denies the same.

24       93.     Paragraph 93 contains plaintiffs' characterization of the Rules and Regulations of the

25  Department of the Interior, which does not require a response because the rules and regulations

26  speak for themselves.  Answering further, however, NPRA is without knowledge or information

27  sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore,

28

11

SF1 1510064v.2

denies the same.

94.     Paragraph 94 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the same.

95.     Paragraph 95 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the same.

96.     Paragraph 96 contains plaintiffs' characterization of the Rules and Regulations of the Department of the Interior, which does not require a response because the rules and regulations speak for themselves.  Answering further, however, NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the same.

97.     NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 97 and, therefore, denies the same. The remaining allegations of paragraph 97 contains plaintiffs' characterization of its polar bear listing petition, which is a document the content of which speaks for itself.  NPRA denies that plaintiffs' allegations contained in paragraph 97 fully, fairly or accurately summarize or characterize the listing petition.

98.     Paragraph 98 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

99.     NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and, therefore, denies the same.

SF1 1510064v.2

100.    NPRA admits the allegations contained in paragraph 100 of plaintiffs' Second Amended Complaint.

101.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and, therefore, denies the same.

102.    NPRA admits the allegations contained in paragraph 102 of plaintiffs' Second Amended Complaint.

103.    NPRA admits the allegations contained in paragraph 103 of plaintiffs' Second Amended Complaint.

104.    NPRA admits the allegations contained in paragraph 104 of plaintiffs' Second Amended Complaint.

105.    NPRA admits the allegations contained in paragraph 105 of plaintiffs' Second Amended Complaint.

106.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and, therefore, denies the same.

107.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and, therefore, denies the same.

108.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and, therefore, denies the same.

109.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and, therefore, denies the same.

110.    The first sentence of paragraph 110 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.  With respect to the remaining allegations contained in paragraph 110, NPRA is without knowledge or information sufficient to form a belief as to their truth and, therefore, denies the same.

111.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and, therefore, denies the same.

SF1 1510064v.2

112.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and, therefore, denies the same.

113.    Paragraph 113 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

114.    In response to paragraph 114, NPRA admits that the Secretary of Interior issued an interim final regulation under Section 4(d) of the ESA, and published the rule at 73 Fed. Reg. 28306-28318. Other than as expressly admitted, paragraph 114 contains plaintiffs' characterization of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself, and federal regulations, the content of which also speak for themselves.  NPRA denies that plaintiffs' allegations contained in paragraph 114 fully, fairly or accurately summarize or characterize the interim final 4(d) rule or federal regulations.

115.    Paragraph 115 contains plaintiffs' characterizations of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself.  NPRA denies that plaintiffs' allegations contained in paragraph 115 fully, fairly or accurately summarize or characterize the interim final 4(d) rule.

116.    Paragraph 116 contains plaintiffs' characterizations of the polar bear interim final 4(d) rule, which is a document the content of which speaks for itself.  NPRA denies that plaintiffs' allegations contained in paragraph 116 fully, fairly or accurately summarize or characterize the interim final 4(d) rule.

117.    Paragraph 117 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

118.    Paragraph 118 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

119.    The first sentence of paragraph 119 contains plaintiffs' characterization of the law,

1    which does not require a response because the law cited speaks for itself.  To the extent plaintiffs'

2    characterization is inconsistent with the law cited, NPRA denies the same.  With respect to the

3    remaining allegations contained in paragraph 119, NPRA is without knowledge or information

4    sufficient to form a belief as to their truth and, therefore, denies the same.

5        120.    The first sentence of paragraph 120 contains plaintiffs' characterization of the Rules

6    and Regulations of the Department of the Interior, which does not require a response because the

7    rules and regulations speak for themselves.  Answering further, however, NPRA is without

8    knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

9    first sentence of paragraph 120 and, therefore, denies the same.  The remaining allegations of

10    paragraph 120 contain plaintiffs' characterization of the law, which does not require a response

11    because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with

12    the law cited, NPRA denies the same.

13        121.    NPRA is without knowledge or information sufficient to form a belief as to the truth

14    of the allegations contained in the first two sentences of paragraph 121 and, therefore, denies the

15    same.  The final sentence of paragraph 121 contains plaintiffs' characterization of the law, which

16    does not require a response because the law cited speaks for itself.  To the extent plaintiffs'

17    characterization is inconsistent with the law cited, NPRA denies the same.

18        122.    Paragraph 122 contains plaintiffs' characterization of the law, which does not require

19    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

20    inconsistent with the law cited, NPRA denies the same.

21        123.    Paragraph 123 contains plaintiffs' characterization of the law, which does not require

22    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

23    inconsistent with the law cited, NPRA denies the same.

24        124.    Paragraph 124 contains plaintiffs' characterization of the law, which does not require

25    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

26    inconsistent with the law cited, NPRA denies the same.

27        125.    Paragraph 125 contains plaintiffs' characterization of the law, which does not require

28

1    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

2    inconsistent with the law cited, NPRA denies the same.

3         126.    Paragraph 126 contains plaintiffs' characterization of the law, which does not require

4    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

5    inconsistent with the law cited, NPRA denies the same.

6         127.    Paragraph 127 contains plaintiffs' characterization of the law, which does not require

7    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

8    inconsistent with the law cited, NPRA denies the same.

9         128.    Paragraph 128 contains plaintiffs' characterization of the law, which does not require

10   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

11   inconsistent with the law cited, NPRA denies the same.

12        129.    Paragraph 129 contains plaintiffs' characterization of the law, which does not require

13   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

14   inconsistent with the law cited, NPRA denies the same.

15        130.    Paragraph 130 contains plaintiffs' characterization of the law, which does not require

16   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

17   inconsistent with the law cited, NPRA denies the same.

18        131.    Paragraph 131 contains plaintiffs' characterization of the law, which does not require

19   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

20   inconsistent with the law cited, NPRA denies the same.

21        132.    Paragraph 132 contains plaintiffs' characterization of the law, which does not require

22   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

23   inconsistent with the law cited, NPRA denies the same.

24        133.    NPRA is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations contained in paragraph 133 and, therefore, denies the same.

26        134.    NPRA is without knowledge or information sufficient to form a belief as to the truth

27   of the allegations contained in paragraph 134 and, therefore, denies the same.

28

135.    Paragraph 135 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

136.    Paragraph 136 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

137.    Paragraph 137 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

138.    Paragraph 138 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

139.    Paragraph 139 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

140.    Paragraph 140 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

141.    Paragraph 141 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

142.    NPRA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 and, therefore, denies the same.

143.    NPRA denies the allegations stated in paragraph 143 of plaintiffs' Second Amended Complaint.

SF1 1510064v.2

**VI. CLAIMS FOR RELIEF**

**First Claim**

144.    NPRA realleges and incorporates by reference paragraphs 1 through 143 of this Answer.

145.    In response to the allegations contained in paragraph 145, NPRA observes that a final listing determination for the polar bear was made by the Secretary of Interior on or about May 15, 2008.  Accordingly, NPRA denies the allegations contained in paragraph 145 of the Second Amended Complaint.

**Second Claim**

146.    NPRA realleges and incorporates by reference paragraphs 1 through 145 of this Answer.

147.    Paragraph 147 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

148.    NPRA admits the allegations stated in paragraph 148 of plaintiffs' Second Amended Complaint.

149.    NPRA denies the allegations contained in paragraph 149 of plaintiffs' Second Amended Complaint.

150.    NPRA denies the allegations contained in paragraph 150 of plaintiffs' Second Amended Complaint.

151.    NPRA denies the allegations contained in paragraph 151 of plaintiffs' Second Amended Complaint.

152.    NPRA denies the allegations contained in paragraph 152 of plaintiffs' Second Amended Complaint.

153.    NPRA denies the allegations contained in paragraph 153 of plaintiffs' Second Amended Complaint.

154.    NPRA denies the allegations contained in the first sentence of  paragraph 154 of

SF1 1510064v.2

1    plaintiffs' Second Amended Complaint.  The second sentence of paragraph 154 contains plaintiffs'

2    characterization of the law, which does not require a response because the law cited speaks for itself.

3    To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

4                                         **Third Claim**

5           155.    NPRA realleges and incorporates by reference paragraphs 1 through 154 of this

6    Answer.

7           156.    NPRA admits the allegations stated in paragraph 156 of plaintiffs' Second Amended

8    Complaint.

9           157.    Paragraph 157 contains plaintiffs' characterization of the law, which does not require

10   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

11   inconsistent with the law cited, NPRA denies the same.

12          158.    NPRA admits the allegations stated in paragraph 158 of plaintiffs' Second Amended

13   Complaint.

14          159.    NPRA admits the allegations stated in paragraph 159 of plaintiffs' Second Amended

15   Complaint.

16          160.    NPRA denies the allegations contained in the first sentence of paragraph 160 of

17   plaintiffs' Second Amended Complaint.  The remaining allegations of paragraph 160 contain

18   plaintiffs' characterization of the law, which does not require a response because the law cited

19   speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA

20   denies the same.

21                                         **Fourth Claim**

22          161.    NPRA realleges and incorporates by reference paragraphs 1 through 160 of this

23   Answer.

24          162.    NPRA denies the allegations stated in paragraph 162 of plaintiffs' Second Amended

25   Complaint.

26          163.    NPRA denies the allegations stated in paragraph 163 of plaintiffs' Second Amended

27   Complaint.

28
                                             19

SF1 1510064v.2

164.     NPRA denies the allegations stated in paragraph 164 of plaintiffs' Second Amended Complaint.

165.     NPRA denies the allegations stated in paragraph 165 of plaintiffs' Second Amended Complaint.

166.     NPRA denies the allegations stated in paragraph 166 of plaintiffs' Second Amended Complaint.

167.     NPRA denies the allegations stated in paragraph 167 of plaintiffs' Second Amended Complaint.

168.     NPRA denies the allegations stated in paragraph 168 of plaintiffs' Second Amended Complaint.

169.     NPRA denies the allegations contained in the first sentence of  paragraph 169 of plaintiffs' Second Amended Complaint.  The second sentence of paragraph 169 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself. To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

**Fifth Claim**

170.     NPRA realleges and incorporates by reference paragraphs 1 through 169 of this Answer.

171.     Paragraph 171 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

172.     Paragraph 172 contains plaintiffs' characterization of the law, which does not require a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

173.     NPRA denies that the Secretary's determination that advanced publication of a proposed 4(d)  Rule and providing the public with an opportunity to participate in the rulemaking process was either impracticable, unnecessary, or contrary to the public interest was arbitrary, capricious, and not in accordance with the law.  The remaining allegations of paragraph 173 contain

SF1 1510064v.2

1    plaintiffs' characterization of the law, which does not require a response because the law cited

2    speaks for itself.  To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA

3    denies the same.

4                                              **Sixth Claim**

5           174.    NPRA realleges and incorporates by reference paragraphs 1 through 173 of this

6    Answer.

7           175.    NPRA denies the allegations stated in paragraph 175 of plaintiffs' Second Amended

8    Complaint.

9           176.    NPRA denies the allegations stated in paragraph 176 of plaintiffs' Second Amended

10   Complaint.

11          177.    NPRA denies that the Secretary's failure to prepare an EA or an EIS for the

12   promulgation of the 4(d) Rule is arbitrary, capricious, and not in accordance with the law.  The

13   remaining allegations of paragraph 177 contain plaintiffs' characterization of the law, which does

14   not require a response because the law cited speaks for itself.  To the extent plaintiffs'

15   characterization is inconsistent with the law cited, NPRA denies the same.

16          178.    NPRA denies that the Secretary's failure to prepare an EA or an EIS for the

17   promulgation of the 4(d) Rule constitutes agency action that is unreasonably delayed and/or

18   unlawfully withheld.  The remaining allegations of paragraph 178 contain plaintiffs' characterization

19   of the law, which does not require a response because the law cited speaks for itself.  To the extent

20   plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

21                                            **Seventh Claim**

22          179.    NPRA realleges and incorporates by reference paragraphs 1 through 178 of this

23   Answer.

24          180.    Paragraph 180 contains plaintiffs' characterization of the law, which does not require

25   a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

26   inconsistent with the law cited, NPRA denies the same.

27          181.    Paragraph 181 contains plaintiffs' characterization of the law, which does not require

28

1    a response because the law cited speaks for itself.  To the extent plaintiffs' characterization is

2    inconsistent with the law cited, NPRA denies the same.

3        182.    NPRA is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations contained in paragraph 182 and, therefore, denies the same.

5        183.    NPRA denies the allegations stated in paragraph 183 of plaintiffs' Second Amended

6    Complaint.

7        184.    NPRA denies that the Secretary's failure to publish in the Federal Register a list of

8    guidelines for use in safely deterring marine mammals and to recommend specific measures which

9    may be used to nonlethally deter polar bears is arbitrary, capricious, and not in accordance with the

10    law.  The remaining allegations of paragraph 184 contain plaintiffs' characterization of the law,

11    which does not require a response because the law cited speaks for itself.  To the extent plaintiffs'

12    characterization is inconsistent with the law cited, NPRA denies the same.

13        185.    NPRA denies that the Secretary's failure to publish in the Federal Register a list of

14    guidelines for use in safely deterring marine mammals and to recommend specific measures which

15    may be used to nonlethally deter polar bears constitutues agency action that is unreasonably delayed

16    and/or unlawfully withheld.  The remaining allegations of paragraph 185 contain plaintiffs'

17    characterization of the law, which does not require a response because the law cited speaks for itself.

18    To the extent plaintiffs' characterization is inconsistent with the law cited, NPRA denies the same.

19                              **VII. PRAYER FOR RELIEF**

20        Paragraphs 1 through 13 of the Prayer for Relief characterize plaintiffs' requests for relief

21    should it prevail on its claims. To the extent a response is required, NPRA denies that plaintiffs are

22    legally or equitably entitled to any of the relief they seek.

23                              **VIII. AFFIRMATIVE DEFENSES**

24        NPRA further answers the Second Amended Complaint by asserting the following defenses:

25        1.    Plaintiffs have failed to state a claim for which relief may be granted.

26        2.    Plaintiffs lack standing to bring their claims.

27        3.    Venue is improper and/or inconvenient.

28

1      4.      Some or all of Plaintiffs' claims are barred by the doctrines of ripeness, primary

2   jurisdiction and exhaustion of administrative remedies.

3      5.      NPRA reserves the right to amend and/or supplement these affirmative defenses as

4   appropriate.

5                          **IX. PRAYER FOR RELIEF**

6      WHEREFORE, applicant for intervention NPRA, having fully answered the allegations

7   contained in the Second Amended Complaint, requests judgment granting the following relief:

8      1.      judgment dismissing the Second Amended Complaint with prejudice;

9      2.      judgment awarding such other and further relief as the Court deems just and proper

10  under the circumstances.

11

12  Dated:  August 27, 2008                         Respectfully submitted,

13                                                   SIDLEY AUSTIN LLP

14

15                                                   By:   ____/s/  Paul L. Yanosy_____
                                                           Paul L. Yanosy
16
                                                     Attorneys for Proposed Intervenor-Defendant
17                                                   NATIONAL PETROCHEMICAL &
                                                     REFINERS ASSOCIATION
18

19

20

21

22

23

24

25

26

27

28

SF1 1510064v.2

1  Samuel R. Miller (SBN 66871)
   srmiller@sidley.com
2  Andrew Amerson
   aamerson@sidley.com
3  Paul L. Yanosy (SBN 233014)
   pyanosy@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street
5  San Francisco, California 94104
   Telephone:      (415) 772-1200
6  Facsimile:      (415) 772-7400

7  Roger R. Martella (*pro hac vice* pending)
   rmartella@sidley.com
8  SIDLEY AUSTIN LLP
   1501 K Street, N.W.
9  Washington, D.C. 20005
   Telephone:      (202) 736-8000
10 Facsimile:      (202) 736-8711

11 **Attorneys For Proposed Intervenor-Defendant**
   **NATIONAL PETROCHEMICAL & REFINERS**
12 **ASSOCIATION**

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    OAKLAND DIVISION

16

17 CENTER FOR BIOLOGICAL              )  Case No. 08-CV-1339-CW
18 DIVERSITY, *et al.*,                )
                                      )  Assigned to: Hon. Claudia Wilken
19          Plaintiffs,               )
                                      )  **[PROPOSED] ORDER**
20      vs.                           )
                                      )
21                                    )
   DIRK KEMPTHORNE, *et al.*,          )
22                                    )  Date:      October 2, 2008
          Defendants                  )  Time:      2:00 p.m.
23                                    )  Place:     Courtroom 2, 4th Floor
                                      )
24                                    )
                                      )
25                                    )
                                      )
26 _____)

27

28

SF1 1510175v.2

1        After considering the Motion for Leave to Intervene and supporting papers filed by applicant

2   for intervention the National Petrochemical and Refiners Association ("NPRA") and any responses

3   and replies thereto, it is hereby ordered that the Motion is GRANTED.

4        Pursuant to FRCP Rule 24(a), NPRA is hereby granted leave to intervene as of right in all

5   claims challenging the May 15, 2008 regulations issued by the defendants and in any remedy phase

6   of Plaintiffs' National Environmental Policy Act claims.  Pursuant to FRCP Rule 24(b), NPRA is

7   further granted permissive intervention with respect to the merits of Plaintiffs' National

8   Environmental Policy Act claims.

9        NPRA's [Proposed] Answer shall be filed in the form as attached to NPRA's moving papers

10  as Exhibit A.

11       **IT IS SO ORDERED.**

12

13  Dated: _____                    _____

14                                                The Honorable Claudia Wilken
                                                  United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF1 1510175v.2