Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone:  (760) 366-2232; Facsimile: (760) 366-2669
Email:  bcummings@biologicaldiversity.org
        ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Melissa Thrailkill (CA Bar No. 256674)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email: miyoko@biologicaldiversity.org
        mthrailkill@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
101 N. Wacker Drive, Suite 609
Chicago, IL 60606
Phone:  (312) 780-7429; Facsimile: (312) 663-9920
Email:  awetzler@nrdc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, NATURAL RESOURCES DEFENSE COUNCIL, a non-profit corporation, and GREENPEACE, INC., a non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, United States Secretary of the Interior and UNITED STATES FISH AND WILDLIFE SERVICE;<br><br>Defendants. | CASE NO.:  C-08-1339-CW<br><br>**PLAINTIFFS' RESPONSE TO ALASKA OIL AND GAS ASSOCIATION'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF AUGUST 13, 2008 ORDER ON INTERVENTION** |

On August 13, 2008 this Court issued an order granting in part and denying in part the Alaska Oil and Gas Association's ("AOGA") motion for intervention. Dkt. # 139. On August 21, 2008 AOGA filed a Motion for Leave to File a Motion for Reconsideration of the Court's intervention order along with an accompanying Motion to Shorten Time. Dkt. ## 140-142.[1] While under Local Rule 7-9(d) no response is required to a motion for leave to file a motion for reconsideration, the Court in granting AOGA's unopposed Motion to Shorten Time indicated that Plaintiffs could file such a response. See Dkt. # 144 at 2. Plaintiffs believe that the Court need not consider AOGA's Motion for Reconsideration, as AOGA does not meet the standards under either the Local Rules or Ninth Circuit precedent for reconsideration. Accordingly, as briefly set forth below, the Court should deny AOGA's Motion for Leave to File a Motion for Reconsideration.[2]

**I.     Background**

On May 15, 2008, pursuant to this Court's order, the United States Fish and Wildlife Service ("FWS") issued a final rule listing the polar bear as a "threatened" species under the Endangered Species Act ("ESA"). Determination of Threatened Status for the Polar Bear (Ursus maritimus) Throughout Its Range, 73 Fed. Reg. 28211-28303 (May 15, 2008). At the same time, the FWS also issued an interim final rule pursuant to Section 4(d) of the ESA. Special Rule for the Polar Bear, 73 Fed. Reg. 28306-28318 (May 15, 2008). This 4(d) Rule permits certain activities that would otherwise be prohibited under the ESA and its associated regulations.

On May 16, 2008, Plaintiffs filed their First Amended Complaint, challenging the 4(d) Rule based on the FWS's violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. and the National Environmental Protection Act ("NEPA"), 42 U.S.C. § 4321 et seq. On July 16, 2008, pursuant to this Court's June 17, 2008 scheduling order (Dkt. # 111), Plaintiffs filed their Second

---

[1] The Court's August 13, 2008 Order also addressed the motion to intervene filed by the Arctic Slope Regional Corporation ("ASRC"). On August 26, 2008 ASRC also filed a Motion for Leave to File a Motion for Reconsideration. See Dkt. # 145. However, ASRC has neither noticed their motion for a specific hearing date nor filed a motion to shorten time. As such, Plaintiffs here respond only to AOGA's motion.

[2] In the event the Court grants AOGA's Motion for Leave to File a Motion for Reconsideration, Plaintiffs will file a full response to AOGA's lodged Motion for Reconsideration according to the schedule set by the Court.

1  Amended Complaint, challenging, <u>inter alia,</u> the 4(d) Rule on the additional grounds that it does not
2  provide for the conservation of the polar bear as required by the ESA.

3  On June 6, 2008, AOGA moved to intervene as a defendant to defend the legality of the 4(d)
4  Rule. Dkt. # 96. Plaintiffs timely responded to AOGA's motion. Dkt. # 114.

5  On August 13, 2008, the Court, after taking the intervention matters under consideration based
6  on the papers submitted by the parties, entered its order granting in part AOGA's Motion for Leave to
7  Intervene. Dkt. # 139. Under the order, AOGA may participate as intervenor-defendants only in
8  connection with Plaintiffs' ESA and MMPA claims as those claims pertain to its concrete interests. As
9  such, AOGA may not defend that portion of the 4(d) rule exempting all activities outside of Alaska
10 from the ESA's take prohibitions or the part of the rule that exempts greenhouse gas emissions from
11 Section 7 of the ESA. The Court also limited AOGA's intervention in Plaintiffs' NEPA and APA
12 claims to the remedial phase consistent with Ninth Circuit precedent. <u>See</u>, <u>e.g.</u> <u>Forest Conservation</u>
13 <u>Council</u>, 66 F.3d at 1499 n.11. Finally, for case management purposes, the Court set page limits for
14 AOGA's briefs. Dkt. # 139 at 9.

15 Now, AOGA asks the Court for leave to file a motion for reconsideration of the August 13,
16 2008 order. Dkt. ## 140-142.

17 **II.     Standards for Reconsideration**

18 Under Local Rule 7-9(b), the moving party requesting leave to file a motion for reconsideration
19 must show:

20 (1) That at the time for motion to leave, a material difference in fact or law exists from
    that which was presented to the Court before entry of the interlocutory order for which
21  reconsideration is sought. The party must also show that in exercising its reasonable
    diligence it did not know that such fact or law existed at the time of the order; or (2) The
22  emergence of new material facts or a change in law occurring after the time of such
    order; or (3) A manifest failure by the Court to consider material facts or dispositive legal
23  arguments which were presented to the Court before such interlocutory order.

24 Local Rule 7-9(b)(1)-(3).

25 Ninth Circuit case law employs a similar test. Under its test, reconsideration is warranted only
26 if the district court: (1) "is presented with newly discovered evidence; (2) committed clear error or the
27 initial decision was manifestly unjust;" or (3) "if there is an intervening change in controlling law."
28 <u>Sch. Dist. No. 1J, Multnomah County v. ACANDS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>see</u> <u>also</u>

1  Willenberg v. United States, 1999 U.S. Dist. LEXIS 10400, at * 1 (E.D. Cal. July 17, 1995) (extending the Ninth Circuit test to a motion for reconsideration of an order denying intervention).

AOGA simply cannot meet these standards. AOGA cannot point to any changes in the law or emergence any new material facts since the Court's August 13, 2008 order. Nor is there anything in the Court's order which suggests that the Court failed to consider material facts or dispositive legal arguments that were before it. In making its ruling the Court considered all the papers filed regarding AOGA's motion to intervene and reached its decision based on its interpretation of the law as applied to the facts and arguments before it. No more is required. While AOGA may wish the Court to have explicitly responded point-by-point to each sub-heading in its intervention brief, the concise nature of the August 13, 2008 order does not translate into a clear error of judgment on the Court's part dictating the need for reconsideration. Finally, the Court's exercise of its inherent power to ensure the efficient conduct of the proceedings in setting page limits and limiting AOGA's to briefing issues for which it has put forth evidence of a concrete interest does not create grounds for reconsideration.[3]

### III. CONCLUSION

For all of the foregoing reasons, AOGA's Motion for Leave to File a Motion for Reconsideration should be denied and the Court's August 13, 2008 order should stand.

DATE: August 28, 2008

Respectfully Submitted,

By: /s/ Brendan Cummings

Brendan Cummings (CA Bar No. 193952)
Kassia Siegel (CA Bar No. 209497)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Phone: (760) 366-2232; Facsimile: (760) 366-2669
Email: bcummings@biologicaldiversity.org

---

[3] AOGA now asserts that it does in fact have a concrete interest in the regulation of greenhouse gas emissions and the reach of the 4(d) Rule outside of Alaska. That AOGA *now* wishes to assert such interests does not make up for the fact that AOGA put forth no evidence of such interests as the time it sought intervention. It cannot use a motion for reconsideration to put forward evidence that it failed to demonstrate in the first instance.

ksiegel@biologicaldiversity.org

Miyoko Sakashita (CA Bar No. 239639)
Melissa Thrailkill (CA Bar No. 256674)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682; Facsimile: (415) 436-9683
Email: miyoko@biologicaldiversity.org
 mthrailkill@biologicaldiversity.org

Andrew E. Wetzler (CA Bar No. 202299)
Natural Resources Defense Council
101 N. Wacker Drive, Suite 609
Chicago, IL 60606
Phone: (312) 780-7429; Facsimile: (312) 663-9920
Email: awetzler@nrdc.org

 Attorneys for Plaintiffs