RECEIVED
SEP - 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

C-08-1339-CW

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Polar Bear Endangered Species Act Listing and § 4(d) Litigation | MDL Docket No. _____ |

MOTION FOR TRANSFER OF ACTIONS
TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

The Alaska Oil and Gas Association ("AOGA") respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel") for an order, pursuant to 28 U.S.C. § 1407, transferring the multiple pending actions concerning the listing and regulation of the polar bear species under the federal Endangered Species Act ("ESA"), as well as any actions that may be subsequently filed asserting related or similar claims, to the United States District Court for the District of Columbia for coordinated or consolidated pretrial proceedings. The pending actions subject to AOGA's motion are identified in the accompanying Schedule of Actions.

In support of this motion, AOGA states:

1. <u>Existence of Multiple Litigation.</u> As explained in detail in the accompanying brief supporting this motion, since the May 15, 2008 decision by the United States Fish and Wildlife Service's ("Service") listing of the polar bear (*Ursus maritimus*) as a "threatened" species under the ESA ("Listing Decision"), 16 U.S.C. § 1531 *et seq.*, and the Service's companion Special Interim 4(d) Rule ("Interim 4(d) Rule"), four separate district court actions

1

have been filed in two different jurisdictions that challenge the Service's Listing Decision, the Service's Interim 4(d) Rule, or both. At least one additional action concerning the same decisions of the Service is expected to be filed soon by the Pacific Legal Foundation in a third jurisdiction.

2.  Existence of Common Questions of Fact. Common questions of fact (as well as common pretrial procedural issues, common issues of law, and common parties) predominate in the pending polar bear lawsuits:

   a.  The disposition of all of the pending claims will require examination and consideration of a single very large administrative record relating to (i) the Listing Decision and (ii) the 4(d) Rule.

   b.  The pending polar bear Listing Decision and Interim 4(d) Rule lawsuits assert claims under a common set of federal statutes: the (i) ESA; (ii) Marine Mammal Protection Act, 16 U.S.C. § 1361 et seq.; (iii) Administrative Procedure Act, 5 U.S.C. § 551 et seq.; and (iv) National Environmental Policy Act, 42 U.S.C. § 4321 et seq.

   c.  Necessarily, the pending claims raise common questions of fact and science relating to (i) the Service's issuance of a final rule on May 15, 2008 listing the polar bear as a "threatened" species under the ESA, see 73 Fed. Reg. 28211-28303 (May 15, 2008), and/or (ii) the Service's issuance of a regulation regarding polar bears under § 4(d) of the ESA, 16 U.S.C. § 1533(d). See 73 Fed. Reg. 28305-28318 (May 15, 2008).

3.  Benefits of Consolidation. Consolidation of these actions for pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions for at least the following reasons:

      a.     The claims, issues, and questions of fact regarding the Service's listing of the polar bear under the ESA, and of the Service's companion Interim 4(d) Rule, are substantially identical in each of the actions.

      b.     The Service's decision regarding its listing of the polar bear under the ESA, and its decision to adopt the Interim 4(d) Rule, took place in Washington, D.C., and the administrative record is housed there. That single voluminous administrative record forms the basis of all of the pending claims.

      c.     These actions will be decided on pretrial motion; no trial will occur. Moreover, common issues regarding discovery, if any, the completeness of the administrative record, and supplementation of the record, if any, will arise in each of the pending lawsuits.

      d.     Transfer to a single district will not inconvenience any party. The parties already are currently litigating or have litigated in the past in the District of Columbia. The decision makers and the defendants in these actions (United States Secretary of the Interior Dirk Kempthorne, the Service, and the Service's Director, H. Dale Hall) are located in the District of Columbia. Other parties (intervenors and parties with pending motions for intervention ("movants")) either are located in or have offices in the District of Columbia, or are represented there.

      e.     Transfer of these actions for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 will ensure uniform rulings on issues of law and fact that have widespread consequences both in Alaska and on a national scale.

      f.     Transfer also will eliminate the very substantial potential for inconsistent pretrial decisions regarding the administrative record, intervention, preliminary injunctive relief,

and summary judgment. In addition, transfer will eliminate the very substantial likelihood of multiple appeals in different Courts of Appeal, leading to inconsistent results.

4.     <u>Potential Detriment if Transfer is Not Granted.</u>  If transfer is not granted and separate actions are maintained, there is great potential for conflicting adjudications regarding, *inter alia*, the scope and content of the administrative record, intervention, preliminary injunctive relief, the appropriateness of listing of the polar bear under the ESA, and the appropriateness of the Interim 4(d) Rule.  Inconsistent decisions necessarily create the likelihood of multiple appeals, in multiple jurisdictions, regarding the issues raised in these actions.

5.     <u>Choice of Forum and Judge.</u>  The United States District Court for the District of Columbia is the most appropriate forum for the pretrial proceedings because:

a.     The District of Columbia has the resources and judicial expertise to properly conduct these actions.

b.     Three of the four actions are currently pending in the District of Columbia before the Honorable Emmet G. Sullivan and Judge Sullivan is not currently presiding over any other multidistrict litigation.

c.     As of the date of this motion, none of the pending actions has progressed beyond the early pretrial stages (i.e., motions for intervention remain pending; answers to most claims by most parties have yet to be filed; no administrative record has been produced; no merits briefing has occurred).

d.     The only loci of operative facts regarding the pending lawsuits and claims are Washington, D.C. (where the decisions were made and the decision-makers are located) and Alaska (the only location of polar bears and polar bear habitat in the United States).  There is no

factual nexus between Oakland, California (e.g., the Northern District of California) and polar bears, polar bear habitat, the Service or the Service's polar bear decisions.

      e.    Because Alaska is the only other loci of operative facts regarding the pending actions, and because of substantial expertise of the court in addressing similar polar bear issues, the United States District Court for the District of Alaska would be an appropriate alternate transferee forum.

      6.    <u>Procedures Followed.</u> Pursuant to the accompanying Certificate of Service, a copy of this motion and the attached Schedule of Actions, and the accompanying brief in support of this motion, have been served on the clerk of each district court identified in the Schedule of Actions and on counsel for all parties listed in the Schedule of Actions.

DATED: August 29, 2008        STOEL RIVES LLP

                                            Jeffrey W. Leppo (D.C. Bar # 493482)
                                            600 University Street, Suite 3600
                                            Seattle, WA 98101
                                            (206) 624-0900

                                            *Attorneys for JPML Movant*
                                            *Alaska Oil and Gas Association*

Seattle-3442358.1 0010627-00013