IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; and GREENPEACE, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br>    Defendants. <br> _____/ | No. C 08-1339 CW <br><br> ORDER DENYING INTERVENORS' MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION |

   Intervenors Alaska Oil and Gas Association (AOGA) and Arctic Slope Regional Corporation (ASRC) each move separately for leave to file a motion for reconsideration of the Court's order granting in part their motions for leave to intervene. They object to four aspects of the order: 1) the Court's decision not to permit them to defend the portions of the Fish and Wildlife Service's section 4(d) rule that (a) exempt greenhouse gas emissions from section 7 of the Endangered Species Act (ESA); and (b) exempt all activities outside of Alaska from the ESA's take prohibitions; 2) the Court's decision that they are not entitled to intervene as a matter of right in

connection with the merits phase of Plaintiffs' stand-alone Administrative Procedure Act (APA) claim; 3) the Court's failure to discuss explicitly whether it would permit them to intervene in connection with those issues and claims where it denied leave to intervene as a matter of right; 4) the Court's decision to impose what they consider to be unreasonable limitations on the length of their summary judgment briefs.

Civil Local Rule 7-9(a) provides, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Intervenors rely on the first and third bases for permitting a motion for reconsideration.

In ruling on the motions for leave to intervene, the Court found that AOGA and ASRC have a "significantly protectable interest" in ensuring that the section 4(d) rule survives judicial review because their activities in Alaska bring them into occasional contact with polar bears. According to Intervenors, that contact may result in the incidental take of polar bears,

2

which would not be permitted in the absence of the rule.  To the extent Intervenors have an interest in the protections afforded by the rule to activities outside of Alaska or to the emission of greenhouse gases, their interest cannot be differentiated from that of any number of entities in the United States.  The Court discussed and considered the involvement of AOGA's and ASRC's involvement in oil and gas activity in ruling on the motion for leave to intervene, and there is no basis under Local Rule 7-9(b)(1) or (3) to permit a motion for reconsideration.

There is similarly no basis under the local rule to permit a motion for reconsideration of the Court's decision not to allow AOGA or ASRC to intervene in connection with the merits phase of Plaintiffs' stand-alone APA claim, which simply challenges Defendants' failure to provide notice and accept comments prior to promulgating the section 4(d) rule.  Contrary to Intervenors' assertion, the Court's decision does not conflict with controlling Ninth Circuit authority.  The only such authority argued by Intervenors is Idaho Farm Bureau Federation v. Babbitt, 58 F.3d 1392 (9th Cir. 1995).  That case, which was considered and cited in the Court's order, involved an APA claim that challenged both the procedure and the substance of an agency rule.  In finding that two environmental groups could intervene as defendants in the action as a matter of right, the Ninth Circuit noted that the groups "were not seeking intervention in a case challenging only agency procedure."  Id. at 1398 n.3.  Rather, the action challenged "both the substantive listing rule and the procedures [the Fish and Wildlife Service] followed."  Id.  Thus, as it explicitly stated,

3

the court left open the question of whether intervention may be had as a matter of right in an APA action challenging only an agency's compliance with procedural requirements.  Id.

Idaho Farm Bureau therefore stands only for the proposition that, when an action challenges both substantive and procedural aspects of a rule, as does the present case, a party with a demonstrable interest in the validity of the rule may intervene as a defendant in the action.  Consistent with Idaho Farm Bureau, AOGA and ASRC have been granted leave to intervene in this action. Idaho Farm Bureau does not, however, address whether the intervenors have a right to defend every aspect of an APA challenge to an agency rule, without regard to whether the challenge is procedural or substantive in nature.  As discussed in the Court's earlier order, Ninth Circuit case law relating to procedural challenges under the National Environmental Policy Act suggests that there is no third-party right to intervene as a defendant in the merits phase of a purely procedural challenge under the APA. See, e.g., Wetlands Action Network v. Babbitt, 222 F.3d 1105, 1113-14 (9th Cir. 2000).  Idaho Farm Bureau itself left open the possibility that no such right to intervene exists.  In addition, the Ninth Circuit has approved of decisions allowing an intervenor to participate in some claims but not others.  See Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1495-96 (9th Cir. 1995)  While Intervenors may disagree with the Court's interpretation of Ninth Circuit precedent, this does not provide a basis for permitting them to file a motion for reconsideration.

Concerning permissive intervention, the Court stated in its

4

order that it had the discretion to permit intervention, even where intervention may not be had as a matter of right, by anyone who has a claim or defense that shares with the main action a common question of law or fact.  Intervenors correctly note, however, that the Court did not explicitly decline to exercise its discretion to permit them to intervene in connection with those claims and issues in which the Court found that they lacked a significantly protectable interest.  The Court now clarifies that it will not permit intervention in those areas.  There is no reason to believe that Defendants will not fully defend their decision or thoroughly address the issues relating to greenhouse gas emissions and activities outside of Alaska.  Accordingly, permissive intervention is not warranted.

As for the limitations on the length of Intervenors' briefs, although Intervenors believe they are unfair, the Court considered the complexity of the issues before making its decision.  Because Intervenors will file their briefs after Plaintiffs and Defendants have completed the first round of briefing on the cross-motions for summary judgment, and because Intervenors are not permitted to repeat the arguments made by other parties, the page limits should be adequate.  If, after Defendants have filed their brief in opposition to Plaintiffs' motion for summary judgment and in support of their cross-motion for summary judgment, Intervenors believe they will require additional pages, they may file an administrative motion pursuant to the Local Rules seeking such relief.

For the foregoing reasons, Intervenors' motions for leave to

5

file motions for reconsideration (Docket Nos. 140 and 145) are DENIED.

IT IS SO ORDERED.

Dated: 10/2/08



CLAUDIA WILKEN
United States District Judge

6