# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | |
| Plaintiffs, | Civ. No. 08-1339 CW |
| v. | **ORDER GRANTING STIPULATED PARTIAL SETTLEMENT AGREEMENT** |
| DIRK KEMPTHORNE, Secretary of the Interior, et al., | |
| Defendants, | |
| and | |
| ALASKA OIL AND GAS ASSOCIATION, | |
| Defendant-Intervenors, | |
| and | |
| ARCTIC SLOPE REGIONAL CORP., | |
| Defendant-Intervenors. | |

This Stipulated Partial Settlement Agreement ("Agreement") is made between Plaintiffs Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace, Inc. (collectively "Plaintiffs"); Defendants Dirk Kempthorne, Secretary of the Interior, and the United States Fish and Wildlife Service ("Service") (collectively "Federal Defendants"); Defendant-Intervenor Alaska Oil and Gas Association; and Defendant-Intervenor Arctic Slope Regional Corporation.

WHEREAS, on May 15, 2008, the Service issued a final rule listing the polar bear as a threatened species throughout its range, 73 Fed. Reg. 28,212 (May 15, 2008) ("Final Rule");

Stip. Partial Sett. Agrmt.
Case No. 08-1339 CW

WHEREAS, pursuant to Section 4(a)(3)(A) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a)(3)(A), the Service must, to the maximum extent prudent and determinable, designate critical habitat concurrently with making a determination that a species is threatened or endangered;

WHEREAS, the Service concluded in the Final Rule that critical habitat was not determinable as of the date the Final Rule was issued;

WHEREAS, on May 15, 2008, the Service also issued a special rule under Section 4(d) of the ESA related to the polar bear, 73 Fed. Reg. 28,306 (May 15, 2008) ("4(d) Rule");

WHEREAS, on July 16, 2008 Plaintiffs filed a Second Amended Complaint alleging that the Final Rule violates the ESA, 16 U.S.C. §§ 1531 et seq.;

WHEREAS, Plaintiffs also allege that the Service violated the ESA, the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and the National Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA") in promulgating the 4(d) Rule;

WHEREAS, Plaintiffs further allege that the Service violated the ESA by failing to designate critical habitat for the polar bear concurrently with the final listing rule;

WHEREAS, Plaintiffs also allege that the Service is in violation of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1361 et seq., because it has not published in the Federal Register a list of guidelines for use in safely deterring marine mammals or promulgated specific measures which may be used to nonlethally deter polar bears pursuant to 16 U.S.C. § 1371(a)(4)(B);

WHEREAS, on September 25, 2008, the Court entered an order approving the parties' Stipulation and Proposed Order to Extend Deadline for Administrative Record and Modify Briefing Schedule, extending the deadline for filing the administrative records for the Final Rule and the 4(d) Rule until November 17, 2008;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the claims set forth in Plaintiffs' Third Claim for Relief (Failure to Designate Critical Habitat for the Polar Bear) and Seventh Claim for Relief (Failure to Promulgate List of Measures for Nonlethal Deterrence of Polar Bears), and the parties agree that settlement of these claims is in the public interest;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      The Service shall submit for publication in the <u>Federal Register</u> a final critical habitat determination by June 30, 2010.

2.      The Service shall submit for publication in the <u>Federal Register</u>, pursuant to 16 U.S.C. § 1371(a)(4)(B), final guidelines for use in safely deterring polar bears, including specific measures which may be used to nonlethally deter polar bears, by March 31, 2010.

3.      The Service shall issue a proposed critical habitat determination and proposed deterrence guidelines in sufficient time to comply with the requirements of the ESA, MMPA, and APA.

4.      Upon approval of this Agreement by the Court, Count Three of the Second Amended Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).  Count Seven of the Second Amended Complaint shall be dismissed with prejudice with respect to any claims regarding deterrence guidelines for the polar bear, but without prejudice to Plaintiffs' right to raise in a separate action any such claim regarding other species.

5.      Notwithstanding the dismissal of these claims, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).  However, Federal Defendants assert that, in the event this case is transferred to another district, the transferee court should have jurisdiction over this Agreement.  Any challenge to a critical habitat rule or MMPA guidelines completed in accordance with this Agreement shall be raised in a new lawsuit.

6.      Any party may seek to modify the deadline for any actions specified in Paragraphs 1 or 2 for good cause shown.  In that event, or in the event that a party believes that any other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 7.

7.      The Order entering this Agreement may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that any party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraphs 1 or 2, or in the event of a dispute arising out of or relating to this Agreement, or in

the event that any party believes that another party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other parties with written notice of the proposed modification.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time after receipt of the written notice in a good-faith effort to resolve the claim before bringing any matter to the Court.

8.      No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for a designation of critical habitat or deterrence guidelines in any other proceeding regarding the Service's implementation of the ESA or MMPA.

9.      Plaintiffs intend to seek from Federal Defendants reimbursement of attorneys' fees and costs incurred in connection with their Third and Seventh Claims for Relief.  Federal Defendants agree that Plaintiffs are the prevailing parties with respect to their Third and Seventh Claims for Relief, and agree to pay Plaintiffs their costs of litigation, including reasonable attorneys' fees, with respect to these claims.  Costs incurred in connection with the Third Claim for Relief will be paid pursuant to Section 11(g)(4) of the ESA, 16 U.S.C. § 1540(g)(4).  Costs incurred in connection with the Seventh Claim will be paid pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  Plaintiffs and Federal Defendants agree to attempt to resolve Plaintiffs' claim for fees and costs expeditiously and without the need for Court intervention.  The Court shall retain jurisdiction over the Third and Seventh Claims for the purpose of resolving any dispute between the parties regarding Plaintiffs' claim for an award of fees and costs.  However, Federal Defendants assert that, in the event this case is transferred to another district, the transferee court should have jurisdiction over any disputed claim for fees and

costs.  By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs, including the hourly rate, in any continuation of the present action or any future litigation.

10.     Plaintiffs recognize that Federal Defendants assert that no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Federal Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.  Federal Defendants recognize that Plaintiffs assert that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), because the subjects of this Agreement are required in non-discretionary terms by the ESA and MMPA; and (b) the Anti-Deficiency Act would not excuse compliance with a pre-existing, court-approved Agreement.  Plaintiffs intend to assert this position if Federal Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations.  Federal Defendants reserve all legal and equitable defenses to such a claim.

11.     No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Federal Defendants take action in contravention of the ESA, the MMPA, the APA, or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Federal Defendants by the ESA, the MMPA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determinations.

12.     Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid.  If any provision of this Agreement is prohibited by or invalid

Stip. Partial Sett. Agrmt.
Case No. 08-1339 CW                        - 6 -

under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions hereof.  However, in the event the Court does not accept any part of this Agreement, each party reserves the right to withdraw from the Agreement and proceed with the existing litigation.

13.    The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense.

14.    The terms of this Agreement constitute the entire agreement of the parties, and no statement, agreement or understanding, oral or written, which is not contained herein shall be recognized or enforced.

15.    The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16.    The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

Respectfully submitted,

Dated: October 6, 2008                    /s/ Brendan Cummings (by KBF with permission)
                                          Brendan Cummings
                                          Center for Biological Diversity
                                          P.O. Box 549
                                          Joshua Tree, CA  92252
                                          Telephone:  760-366-2232
                                          Facsimile:  760-366-2669

                                          Counsel for Plaintiffs

Stip. Partial Sett. Agrmt.
Case No. 08-1339 CW                       - 7 -

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief

Dated: October 6, 2008      /s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM, Trial Attorney
DC Bar No. 469615
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Federal Defendants

Dated: October 6, 2008      /s/ Jeffrey W. Leppo (by KBF with permission)
JEFFREY W. LEPPO (*pro hac vice*)
SETH D. HILTON (SB # 181899)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

Attorneys for Intervenor-Defendant Alaska Oil and
Gas Association

Dated: October 6, 2008      /s/ Kevin M. Cuddy (by KBF with permission)
JEFFREY M. FELDMAN (*pro hac vice*)
KEVIN M. CUDDY (*pro hac vice*)
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 272-3538
Facsimile: (907) 274-0819
Email: feldman@frozenlaw.com
          cuddy@frozenlaw.com

Attorneys for Intervenor-Defendant Arctic Slope
Regional Corporation

1

**ORDER**

2

3   **IT IS SO ORDERED.**

4                    **7th**                  **October,**
5   **DATED this_____day of _____ 2008**

6

7   _____

8   **Honorable Claudia Wilken**
    **United States District Court Judge**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Stip. Partial Sett. Agrmt.
     Case No. 08-1339 CW
28                              - 9 -